Case MDL No. 2424 Document 187 Filed 02/06/13 Page 1 of 4

FILED
CLERK, U.S. DISTRICT COURT

02/06/13

CENTRAL DISTRICT OF CALIFORNIA
BY: sb            DEPUTY

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: HYUNDAI AND KIA FUEL
ECONOMY LITIGATION

MDL No. 2424

# MASTER
# TRANSFER ORDER

    **Before the Panel:** Pursuant to 28 U.S.C. § 1407, plaintiff in the Central District of California *Krauth* action seeks centralization of the actions listed on Schedule A in the Central District of California. The plaintiff's motion encompasses twelve actions pending in five districts.[1]

    This litigation concerns the marketing, sale and advertising of the mileage estimates of Hyundai and Kia vehicles. Defendants Hyundai Motor America (Hyundai) and Kia Motors America, Inc. (Kia), as well as plaintiffs in the Central District of California *Graewingholt* action and the Central District of California *Olson* potential tag-along action support the motion.

    Plaintiffs in the Central District of California *Wilton* action support centralization in the Central District of California but suggest that the Panel order the transferee court to establish a separate motion and discovery track for Kia-only cases. Alternatively, these plaintiffs request exclusion of Kia-only cases from this MDL or creation of a separate Kia-only MDL.

    Several parties offer limited opposition to centralization. Plaintiffs in the Central District of California *Hunter* and *Brady* actions, the Southern District of Ohio *Sanders* action and the Central District of California *Thomas* and the Southern District of Florida *Gordon* potential tag-along actions[2] support plaintiffs' motion but request that the Panel exclude from the MDL the Central District of California *Espinosa* action, as well as any other cases filed before defendants' November 2, 2012, announcement that they were restating the mileage estimates for numerous models. Plaintiffs in the *Espinosa* action oppose centralization of their action and, alternatively, suggest that the actions be centralized in the Central District of California.

---

  [1] The Panel has been notified of 22 additional related actions pending in twelve districts. These actions and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

  [2] Plaintiffs in the Southern District of Florida *Gordon* potential tag-along action initially supported centralization of all actions, but at oral argument changed their position to support exclusion of pre-announcement cases. The *Gordon* plaintiffs alternatively suggest centralization in the Southern District of Florida. Additionally, counsel for plaintiffs in *Hunter* and *Brady* took no position at oral argument on the inclusion of *Espinosa* in the centralized proceedings.

- 2 -

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the Central District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These twelve putative nationwide class actions share factual questions arising from defendants' alleged false or misleading advertising regarding the mileage estimates for Kia and Hyundai vehicles. Plaintiffs contend that defendants marketed the vehicles as having certain EPA mileage estimates, but those estimates were either flawed in terms of (1) the calculation of the estimates as admitted by defendants (at issue in most post-announcement cases) or (2) the adequacy of the disclosures in the advertising (at issue most prominently in the pre-announcement cases). Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

Whether to include the relatively procedurally advanced Central District of California *Espinosa* action is a close call but, on balance, we are of the opinion that including it in the MDL will be of benefit to both the action and to the litigation as a whole. There is significant factual overlap between the pre- and post-announcement cases regarding the advertising of vehicle mileage estimates.[3] Relatedly, the *Espinosa* plaintiffs also have reportedly sought discovery regarding Hyundai's calculation of its EPA estimates. Finally, *Espinosa* appears to be not so far advanced as to preclude it benefitting from centralization. While class certification has been argued, supplemental briefing is still underway, and discovery into the merits of the Hyundai advertising at issue reportedly has not yet been conducted.

The transferee judge (who already presides over *Espinosa*) is in the best position to incorporate the slightly advanced *Espinosa* action in a manner that accommodates the progress already made in that action while also addressing the issues raised in the more recently filed actions. It may be advisable to establish a separate track of proceedings to address any common pre-announcement case issues, such as discovery and motion practice; however, the degree of consolidation or coordination among the pre- and post-announcement cases is a matter soundly dedicated to the discretion of the transferee judge.

We will deny the request for an order establishing separate tracks for Kia-only classes. Similarly, we will decline the invitation to create a separate MDL proceeding for cases solely against Kia. We do so for several reasons. Both Hyundai and Kia defendants share a common parent, Hyundai Motor Group, and both defendants support centralization. The alleged testing errors occurred at the same alleged facility in Korea, and the November 2, 2012, announcement of the procedural errors in the mileage estimates and launch of the related mileage reimbursement programs were made on behalf of both defendants. Further, several actions are brought against both Hyundai and Kia. If the transferee judge views establishing separate tracks for the different companies appropriate, then he can do so, but that is also a matter dedicated to his discretion.

---

[3] For instance, the *Espinosa* complaint contains a claim under California's Unfair Competition Law, asserting in part that defendant's "compliance with the EPA testing standard itself is questionable" which will necessarily be explored in all post-announcement cases.

- 3 -

We are of the opinion that the Central District of California is an appropriate transferee district for this litigation. Indeed, all responding parties support centralization in this district, where defendants are based and the majority of the actions have been filed. Judge George H. Wu is an experienced transferee judge who presides over numerous actions pending in this district, including the first-filed and most procedurally advanced *Espinosa* action. By presiding over *Espinosa* for over a year, Judge Wu has become familiar with the contours of this litigation and is uniquely situated to steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Central District of California are transferred to the Central District of California and, with the consent of that court, assigned to the Honorable George H. Wu for centralized pretrial proceedings with the actions listed on Schedule A and pending in that district.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Kathryn H. Vratil | W. Royal Furgeson, Jr. |
| Paul J. Barbadoro | Marjorie O. Rendell |
| Charles R. Breyer | Lewis A. Kaplan |

I hereby attest and certify on _02/06/13_
that the foregoing document is full, true
and correct copy of the original on file in
my office, and in my legal custody.

**CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**
_____
**DEPUTY CLERK**

**IN RE: HYUNDAI AND KIA FUEL
ECONOMY LITIGATION**                                                              MDL No. 2424


## SCHEDULE A


    <u>Middle District of Alabama</u>

Alex Maturani v. Hyundai Motor America, Inc., C.A. No. 2:12-00998   2:13-CV-813

    <u>Central District of California</u>

Kehlie R. Espinosa, et al. v. Hyundai Motor America, C.A. No. 2:12-00800
Nicole Marie Hunter, et al. v. Hyundai Motor America, et al., C.A. No. 8:12-01909
Jeremy Wilton v. Kia Motors America, Inc., et al., C.A. No. 8:12-01917
Kaylene P. Brady, et al. v. Hyundai Motor America, et al., C.A. No. 8:12-01930
Gunther Krauth v. Hyundai Motor America, C.A. No. 8:12-01935
Eric Graewingholt, et al. v. Hyundai Motor America, Inc., et al., C.A. No. 8:12-01963
Reece Thomson, et al. v. Hyundai Motor America, et al., C.A. No. 8:12-01981

    <u>Northern District of Illinois</u>

Nilufar Rezai v. Hyundai Motor America, C.A. No. 1:12-09124   2:13-CV-814
Jack Rottner v. Hyundai Motor America, C.A. No.1:12-09196   2:13-CV-815

    <u>District of New Jersey</u>

Lydia Kievit, et al. v. Hyundai Motor America, C.A. No. 2:12-06999   2:13-CV-816

    <u>Southern District of Ohio</u>

Rebecca Sanders, et al. v. Hyundai Motor Company, et al., C.A. No.1:12-00853   2:13-CV-817