1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
    Shon Morgan (Bar No. 187736)
2    shonmorgan@quinnemanuel.com
    Joseph R. Ashby (Bar No. 248579)
3    josephashby@quinnemanuel.com
   865 South Figueroa Street, 10th Floor
4  Los Angeles, California  90017-2543
   Telephone:   (213) 443-3000
5  Facsimile:   (213) 443-3100

6    Karin Kramer (Bar No. 87346)
      karinkramer@quinnemanuel.com
7  50 California Street, 22nd Floor
   San Francisco, California 94111
8  Telephone:   (415) 875-6600
   Facsimile:   (415) 875-6700

9
   Attorneys for Defendant Hyundai Motor
10 America and Hyundai Motor Company

11 DYKEMA GOSSETT PLLC
     James P. Feeney (219045)
12   *jfeeney@dykema.com*
     Benjamin W. Jeffers (P57161)
13   *bjeffers@dykema.com*
     Dommond E. Lonnie (142662)
14   *dlonnie@dykema.com*
   333 S. Grand Avenue, Suite 2100
15 Los Angeles, California 90071
   Telephone:   (213) 487-1800
16 Facsimile:   (213) 487-1850

17 Attorneys for Defendant Kia Motors
   America, Inc.

18

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| In Re: | No. MDL 13-02424-GW (FFMx) |
| HYUNDAI AND KIA FUEL ECONOMY LITIGATION | **DEFENDANTS' MOTION TO STRIKE NON-SETTLING PLAINTIFFS' SUPPLEMENTAL BRIEFING** |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | [DECLARATION OF JOSEPH R. ASHBY FILED CONCURRENTLY, PROPOSED ORDER SUBMITTED CONCURRENTLY.] |
| | Date:    December 9, 2013<br>Time:    9:30 a.m.<br>Courtroom:  10 |
| | Hon. George H. Wu |

Case No. 2:13-ml-02424-GW (FFMx)
DEFENDANTS' MOTION TO STRIKE NON-SETTLING PLAINTIFFS' SUPPLEMENTAL BRIEFING

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on December 9, 2013, at 9:30 a.m. or as soon thereafter as the matter may be heard, defendants Hyundai Motor America ("HMA"), Kia Motors America, Inc. ("KMA"), and Hyundai Motor Company ("HKMC") (collectively, "defendants") will and hereby do move the above-entitled Court to strike non-settling plaintiffs' supplemental briefs because they collective exceed the 5-page limit established by Local Rule 37-2.3.  This motion is made on the grounds that non-settling plaintiffs' supplemental briefs are in violation of the Local Rules of the Central District of California and this Court's October 7, 2013 order.  This motion is made pursuant to the Court's inherent authority, following the telephonic conference of counsel on November 19, 2013 and exchange of meet-and-confer email correspondence on November 20, November 22, and November 23, 2013.

This motion is based upon this Notion of Motion and Motion, the concurrently-filed Declaration of Joseph R. Ashby, all pleadings and papers on file in this action, such other evidence or arguments as may be presented to the Court, and such other matters of which this Court may take judicial notice.

DATED:  December 2, 2013               Respectfully submitted,

                                       QUINN EMANUEL URQUHART &
                                       SULLIVAN, LLP

                                       By  /s/ Shon Morgan
                                           Shon Morgan
                                           Attorneys for Defendants Hyundai
                                           Motor America and Hyundai Motor
                                           Company

| | | |
|---|---|---|
| 1 | DATED:  December 2, 2013 | DYKEMA GOSSETT PLLC |
| 2 | | By  /s/ James P. Feeney |
| 3 | |       James P. Feeney |
| 4 | |       Attorneys for Defendant Kia Motors America, Inc. |

**Preliminary Statement**

Defendants respectfully move to strike non-settling plaintiffs' supplemental briefing regarding the joint discovery stipulation. The reason for this motion is that non-settling plaintiffs' submission violates Local Rule 37-2.3 and this Court's Order of October 7, 2013, which contemplate a single brief not to exceed five pages. On November 25, 2013, non-settling plaintiffs instead filed four supplemental briefs, which together total 13 pages (excluding caption pages). Non-settling plaintiffs' submission is an improper manipulation of the parties' agreement, the Court's Order, and the local rules, and the Court therefore should strike the entire submission.

**Argument**

The Court has under consideration the parties' joint discovery stipulation ("Stipulation"), filed on November 21, 2013. (Dkt. No. 154). The Stipulation was filed pursuant to this Court's Order of October 7, 2013 ("Order"). (Dkt. No. 147). The Order provides for a two party submission: "Non-Settling Plaintiffs" and "Defendants."

The Stipulation conforms to the two-party approach. Non-settling plaintiffs submitted a single joint stipulation with a single introductory statement on behalf of all non-settling plaintiffs (Stipulation at p. 1). Likewise, defendants submitted a single joint stipulation with a single introductory statement on behalf of defendants (Stipulation at p. 2-3).

The two-party approach is also reflected by the meet-and-confer process that led to the Stipulation. Each side acted collectively, not individually. For example, on October 16, 2013, liaison counsel sent defendants one letter on behalf of all non-settling plaintiffs identifying the various areas where "Non-Settling Plaintiffs believe additional information is necessary to evaluate the proposed settlement." (Dkt. No. 154-1 (Grzenczyk Decl., Exh. K at 86)). Similarly, on October 28, 2013, liaison counsel sent a letter to HMA outlining non-settling plaintiffs' cumulative

request with respect to HMA's privilege log. (*See* Dkt. No. 154-1 (Grzenczyk Decl., Exh. J at 81) ("Non-Settling Plaintiffs' responses . . . are set forth below. . . . Non-Settling Plaintiffs' requests are reasonably calculated to assist plaintiffs and the Court with their assessment of the settlement.")).

The Order continues the two-party approach for the supplemental brief:

> "No later than November 22, 2013: Parties file separate supplemental briefs."

(Order at 1). Again, the only "parties" referred to in the Order are "Non-Settling Plaintiffs" and "Defendants."

Local Rule 37 governs joint discovery stipulations. It contemplates a two-party filing. It refers to the "moving party" (singular) and "opposing party" (singular) and "both counsel." *See, e.g.*, L.R. 37-1, 37-2.1, 37-2.2. It clearly specifies a single five-page supplemental brief per side:

> After the Joint Stipulation is filed, **each party** may file a supplemental memorandum of law not later than fourteen (14) days prior to the hearing date. Unless otherwise ordered by the Court, a supplemental memorandum shall not exceed five (5) pages in length. No other separate memorandum of points and authorities shall be filed by **either party** in connection with the motion.

L.R. 37-2.3 (emphasis added).

Non-settling plaintiffs made no mention of their intention to divide into separate parties for the supplemental briefing until after defendants provided their portion of the Stipulation. They took the position that because five counsel groups representing five plaintiff groups authored different sections of the Stipulation, they were entitled to a supplemental brief for each, for a total of 25 pages. (*See* Declaration of Joseph R. Ashby, ¶ 2). Defendants objected and pointed out that the Order and local rule are to the contrary. (*Id.*, Exh. 1).

Non-settling plaintiffs' new and sudden interpretation of the rule is at odds with its plain language and, as in this case, creates inequities where there are many more parties on one side than the other.  Had non-settling plaintiffs wished to alter the rule to permit them additional pages for the supplement, the time to do that was when the parties negotiated the Stipulation and before the Court entered its Order.  They may not do so by fiat now.

DATED:  December 2, 2013　　　　　　QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ Shon Morgan*
Shon Morgan
Attorneys for Defendants Hyundai Motor America and Hyundai Motor Company

DATED:  December 2, 2013　　　　　　DYKEMA GOSSETT PLLC

By  */s/ James P. Feeney*
James P. Feeney
Attorneys for Defendant Kia Motors America, Inc.

**C.D. Cal. L. R. 5-4.3.4(a)(2)(i) Attestation**

Pursuant to Local Rule 5-4.3.4(a)(2), I attest that the e-signature of James P. Feeney was added with authorization conveyed by email from his co-counsel, Benjamin W. Jeffers., and KMA concurs in the filing's content and has authorized the filing.

DATED:  December 2, 2013

By:  */s/ Shon Morgan*
Shon Morgan