# EXHIBIT 2

EXHIBIT 2 - PAGE 128

Elaine T. Byszewski (SBN 222304)
*elaine@hbsslaw.com*
Hagens Berman Sobol Shapiro LLP
301 North Lake Avenue, Suite 203
Pasadena, CA  91101
Tel. (213) 330-7150
Fax (213) 330-7152

Robert B. Carey
*rob@hbsslaw.com*
Hagens Berman Sobol Shapiro LLP
11 West Jefferson Street, Suite 1000
Phoenix, AZ  85003
Tel. (602) 840-5900
Fax (602) 840-3012

Steve W. Berman
*steve@hbsslaw.com*
Hagens Berman Sobol Shapiro LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Tel. (206) 623-7292
Fax. (206) 623-0594

*Attorneys for Plaintiff Kaylene P. Brady, et al. and Nicole Marie Hunter, et al.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| IN RE:  HYUNDAI AND KIA FUEL ECONOMY LTIGATION | MDL Case No. 2:13-ml-2424-GW-FFM<br><br>**DECLARATION OF ROBERT B. CAREY IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT** |

I, Robert B. Carey, declare:

1. I am a partner at the law firm of Hagens Berman Sobol Shapiro, LLP, counsel of record for Nicole Marie Hunter ("Hunter"), and Kaylene P. Brady, Travis Brissey, Ronald J. Burkard, Adam Cloutier, Steven Craig, John J. Dixson, Erin L. Fanthorpe, Eric Hadesh, Michael P. Keeth, John Kirk Macdonald, Michael Mandahl, Nicholas McDaniel, Mary J. Moran-Spicuzza, Gary Pincas, Brandon Potter, Thomas Purdy, Rocco Renghini, Michelle Singleton, Ken Smiley, Roman Starno, Gayle A. Stephenson, Andres Villicana, and Richard Williams (the "Brady Plaintiffs"). I am submitting this declaration in support of Plaintiffs' Motion for Preliminary Approval of Class Settlement. I have personal knowledge of the matters in this declaration and if necessary, could testify thereto.

2. I am a partner of Hagens Berman Sobol Shapiro LLP, residing in the Arizona office. I have more than twenty years of litigation experience, and specialize in prosecuting class-action lawsuits against a variety of organizations and companies. I was the immediate past Chair of the Arizona State Bar Class Actions and Derivative Suits Committee and co-authored the Arizona section of the American Bar Association's 2010 survey of class-action law. In addition, I recently chaired, at the request of the State Bar of Arizona, a CLE entitled "Arizona Class Action Basics," and I have served as an adjunct faculty member for graduate and undergraduate law-related courses, including most recently at the Arizona State University Sandra Day O'Connor College of Law for the Class Actions course. My firm specializes in complex litigation and class actions and has been approved by

courts to serve as class counsel in hundreds of class actions, including cases in this District.

3. On November 2, 2012, after undertaking an investigation, Hagens Berman Sobol Shapiro LLP ("Hagens Berman") filed an action in the Central District of California on behalf of Hunter against Hyundai Motor America ("HMA") and Kia Motors America, Inc. ("KMA"), asserting claims for violation of the California Unfair Competition Law, violation of the California False Advertising Law, violation of the California Consumer Legal Remedies Act, breach of express warranty, fraud, negligent misrepresentation, and unjust enrichment/common law claim for restitution.[1] This suit alleged flawed EPA testing conducted by HMA and KMA in establishing MPG estimates for many of their vehicles. On November 6, 2012, Hagens Berman filed another action in the Central District of California on behalf of the Brady Plaintiffs against HMA and KMA on the same basis and alleging the same causes of action as those in Hunter's Complaint. The Brady Plaintiffs, however, included more information regarding Defendants' fuel-efficiency reimbursement program, and how a successful class action would seek to pay the Class members their damages in a lump-sum payment now to account for the time value of money and to alleviate the Class members' burden of proving their losses,

---

[1] The plaintiffs in *Espinosa et al. v. Hyundai Motor America* (the "Espinosa Plaintiffs") filed a class-action complaint against HMA on January 6, 2012, in the Central District of California, which was amended on August 2, 2012, alleging that HMA disseminated false and misleading advertisements regarding fuel economy for a number of Hyundai models, including alleging that the Hyundai Elantra was falsely and misleadingly advertised as achieving 40 mpg.

- 3 –

MDL Case No.: 2:13-ml-2424-GW-FFM   DECLARATION OF ROBERT B. CAREY IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APROVAL OF CLASS SETTLEMENT

EXHIBIT 2 - PAGE 131

driving to the dealership, and having to fill out paperwork every time reimbursement is requested.

4. In total, there were fifty-two putative class-action complaints filed in Federal court (and one filed in state court) against HMA, KMA, Hyundai Motors Corporation ("HMC"), and/or Kia Motors Corporation ("KMC") regarding the MPG overstatement. Based on the February 5, 2013 Transfer Order from the Judicial Panel on Multidistrict Litigation ("JPML"), many of those cases were transferred and consolidated in this Court as *In re: Hyundai and Kia Fuel Economy Litigation*, MDL No. 2424. During the months after the Hunter and Brady Plaintiffs filed their complaints, the Espinosa, Hunter, and Brady Plaintiffs (together, the "Settling Plaintiffs" or "Plaintiffs") reached an agreement in principle on settlement terms with HMA, and extended the same terms to KMA. Liaison settlement counsel was designated for the non-settling plaintiffs, and KMA subsequently agreed to the proposed Settlement terms.

5. With the Court's guidance in establishing a discovery schedule, and with ongoing input from liaison settlement counsel, the parties conducted interviews of integral employees of HMA, KMA, and HKMC, and propounded requests for production and interrogatories on Defendants. The confirmatory discovery process lasted almost seven months, the results of were routinely provided to the non-settling plaintiffs through liaison counsel.

6. Based on my experience with similar consumer class actions, I believe that settlement of this action is appropriate and in the best interests of current and

- 4 –

MDL Case No.: 2:13-ml-2424-GW-FFM

DECLARATION OF ROBERT B. CAREY IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APROVAL OF CLASS SETTLEMENT

EXHIBIT 2 - PAGE 132

former Hyundai and Kia vehicle owners and lessees, as they will receive substantial benefits and avoid the risks, uncertainty, and delay that is inherent in any litigation. I also believe that the terms of the proposed Settlement are fair, adequate, and reasonable. I base these conclusions on what I have learned regarding the strengths and weaknesses of the parties' respective claims, defenses, and evidence in the course of this action.

7. Plaintiffs have obtained information sufficient to allow them to evaluate and enter into a settlement. Besides independent investigations conducted by my firm, the parties have engaged in formal discovery. Among other things, Defendants have provided information regarding the scope of the flawed coastdown testing in different Hyundai and Kia models and model years, the corresponding MPG overstatement of those vehicles, and the complaints received regarding the fuel efficiency of those vehicles. Additionally, Plaintiffs' counsel has taken eleven interviews of key personnel with HMA, KMA, HMC, and KMC.

8. Based on my firm's investigation and the information I obtained from Defendants, I have concluded that further litigation will be protracted and expensive for all parties. While I believe that Plaintiffs have valid claims, I recognize that there is always an element of risk in any litigation.

9. The Settlement is fair, reasonable, and adequate because it is the product of months of arm's-length negotiations between counsel and informed by the Court's rulings. Plaintiffs and Defendants have engaged in a series of confidential settlement communications in person, telephonically, and in writing over a number

of months, and they have engaged in multiple negotiation sessions with the assistance of the Honorable Stephen J. Sundvold (Ret.). I have negotiated other settlements with HMA and its counsel, all of which were deemed fair, reasonable, and adequate.

10. Plaintiffs' counsel met with Hyundai representatives in person to discuss claims and settlement possibilities on November 14, 2012, and December 14, 2012. Two mediation sessions followed with Hyundai on January 16, 2013 and February 12, 2013, and a third occurred that also included claims against Kia on March 21, 2013. Negotiators for both sides were in frequent contact by phone and email during this time to discuss substantive settlement issues and ongoing discovery efforts. The negotiations involved the evaluation of the documents received and of the information garnered from interviews taken during the settlement-discovery phase. The parties demonstrated that they were fully prepared to litigate this case through final judgment; in fact, the *Espinosa* Plaintiffs have engaged a full round of briefing on the merits of motions to dismiss and have briefed their motion for class certification.

11. This proposed Settlement was made possible by a concerted effort to identify and limit the scope of the Settlement to those vehicles that were affected by the flawed EPA testing performed by Defendants, resulting in an overstatement of fuel efficiency of those vehicles. We were successful, in our opinion, in identifying the Hyundai and Kia models and model years that were subject to the flawed testing and MPG overstatement, and for those people we expanded the reimbursement

program offered Defendants and brought additional benefits to them. None of the owners or lessees of the models excluded are required to release or waive any rights, and they are able to pursue such claims on their own.

12. These negotiations and the terms of the Settlement do not create or reflect any conflict of interest. The parties did not negotiate fees and costs, and instead deferred that negotiation until after they had agreed on the terms of the Settlement. Any fees, costs, or incentive awards ultimately approved by this Court will be paid by Defendants and will not diminish the settlement value available to Class members. In addition, because the Settlement provides additional benefits for owners and lessees who are eligible to or who did participate in the reimbursement program, I believe that the named plaintiffs have no interests that are adverse or antagonistic to the interests of the putative class.

13. Throughout the course of this litigation, Plaintiffs have been available for multiple communications and provided information for various pleadings.

14. On April 19, 2013, as part of the confirmatory discovery process in this litigation, counsel for Plaintiffs conducted an in-person, tape-recorded interview of Michael Sprague. Relevant excerpts of the transcript of this tape-recorded interview, with the transcriber's declaration, are attached hereto as Exhibit A.

15. On June 4, 2013, and June 5, 2013, as part of the confirmatory discovery process in this litigation, counsel for Plaintiffs conducted an in-person, tape-recorded interview of Michelle Cameron. Relevant excerpts of the transcript of

this tape-recorded interview, with the transcriber's declaration, are attached hereto as Exhibit B.

16. On June 5, 2013, as part of the confirmatory discovery process in this litigation, counsel for Plaintiffs conducted an in-person, tape-recorded interview of Orth Hedrick. Relevant excerpts of the transcript of this tape-recorded interview, with the transcriber's declaration, are attached hereto as Exhibit C.

17. On August 29, 2013, as part of the confirmatory discovery process in this litigation, counsel for Plaintiffs conducted an in-person, tape-recorded interview of Scott Margason. Relevant excerpts of the transcript of this tape-recorded interview, with the transcriber's declaration, are attached hereto as Exhibit D.

18. On August 29, 2013, as part of the confirmatory discovery process in this litigation, counsel for Plaintiffs conducted an in-person, tape-recorded interview of William Reedy III. Relevant excerpts of the transcript of this tape-recorded interview, with the transcriber's declaration, are attached hereto as Exhibit E.

19. On August 30, 2013, as part of the confirmatory discovery process in this litigation, counsel for Plaintiffs conducted an in-person, tape-recorded interview of John Krafcik. Relevant excerpts of the transcript of this tape-recorded interview, with the transcriber's declaration, are attached hereto as Exhibit F.

20. On September 12, 2013, as part of the confirmatory discovery process in this litigation, counsel for Plaintiffs conducted an in-person, tape-recorded interview of Kwang-Yeon Kim. Relevant excerpts of the transcript of this tape-

- 8 –

MDL Case No.: 2:13-ml-2424-GW-FFM     DECLARATION OF ROBERT B. CAREY IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APROVAL OF CLASS SETTLEMENT

EXHIBIT 2 - PAGE 136

recorded interview, with the transcriber's declaration, are attached hereto as Exhibit G.

22. On September 13, 2013, as part of the confirmatory discovery process in this litigation, counsel for Plaintiffs conducted an in-person, tape-recorded interview of Chong Ah Kwon. Relevant excerpts of the transcript of this tape-recorded interview, with the transcriber's declaration, are attached hereto as Exhibit H.

22. On September 13, 2013, as part of the confirmatory discovery process in this litigation, counsel for Plaintiffs conducted an in-person, tape-recorded interview of Joon-Ho Lee. Relevant excerpts of the transcript of this tape-recorded interview, with the transcriber's declaration, are attached hereto as Exhibit I.

23. Documents bearing Bates numbers HKMCST0008209 to HKMCST0008230 were produced by Defendants to Plaintiffs as part of the confirmatory discovery process in this litigation. A true and correct copy of these documents are attached hereto as Exhibit J.

24. Documents bearing Bates numbers HKMCST0008395 to HKMCST0008412 were produced by Defendants to Plaintiffs as part of the confirmatory discovery process in this litigation. A true and correct copy of these documents are attached hereto as Exhibit K.

25. Documents bearing Bates numbers HMAST0084964 to HMAST0085049 were produced by Defendants to Plaintiffs as part of the

1  confirmatory discovery process in this litigation. A true and correct copy of these documents are attached hereto as Exhibit L.

26. Documents bearing Bates numbers HMAST0085142 to HMAST0085215 were produced by Defendants to Plaintiffs as part of the confirmatory discovery process in this litigation. A true and correct copy of these documents are attached hereto as Exhibit M.

27. Documents bearing Bates numbers HMAST2004793 to HMAST2004885 were produced by Defendants to Plaintiffs as part of the confirmatory discovery process in this litigation. A true and correct copy of these documents are attached hereto as Exhibit N.

28. Documents bearing Bates numbers HMAST2032646 to HMAST2032675 were produced by Defendants to Plaintiffs as part of the confirmatory discovery process in this litigation. A true and correct copy of these documents are attached hereto as Exhibit O.

29. Documents bearing Bates numbers KMAST0006155 to KMAST0006184 were produced by Defendants to Plaintiffs as part of the confirmatory discovery process in this litigation. A true and correct copy of these documents are attached hereto as Exhibit P.

30. Documents bearing Bates numbers KMAST0006206 to KMAST0006231 were produced by Defendants to Plaintiffs as part of the confirmatory discovery process in this litigation. A true and correct copy of these documents are attached hereto as Exhibit Q.

- 10 –
MDL Case No.: 2:13-ml-2424-GW-FFM    DECLARATION OF ROBERT B. CAREY IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APROVAL OF CLASS SETTLEMENT

EXHIBIT 2 - PAGE 138

31. Documents bearing Bates numbers KMAST0016052 to KMAST0016056 were produced by Defendants to Plaintiffs as part of the confirmatory discovery process in this litigation. A true and correct copy of these documents are attached hereto as Exhibit R.

32. Document bearing Bates number KMAST0016717 was produced by Defendants to Plaintiffs as part of the confirmatory discovery process in this litigation. A true and correct copy of this document is attached hereto as Exhibit S.

33. Documents bearing Bates numbers KMAST0026768 to KMAST0026809 were produced by Defendants to Plaintiffs as part of the confirmatory discovery process in this litigation. A true and correct copy of these documents are attached hereto as Exhibit T.

34. Documents bearing Bates numbers KMAST0027439 to KMAST0027447 were produced by Defendants to Plaintiffs as part of the confirmatory discovery process in this litigation. A true and correct copy of these documents are attached hereto as Exhibit U.

35. Documents bearing Bates numbers KMAST0030692 to KMAST00327447 were produced by Defendants to Plaintiffs as part of the confirmatory discovery process in this litigation. A true and correct copy of these documents are attached hereto as Exhibit V.

36. Documents bearing Bates numbers HMAST0085497 to HMAST0085576 were produced by Defendants to Plaintiffs as part of the

confirmatory discovery process in this litigation.  A true and correct copy of these documents are attached hereto as Exhibit W.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 23rd day of December, 2013 in Phoenix, Arizona.

Robert B. Carey