# EXHIBIT 3

EXHIBIT 3 - PAGE 778

1   Elaine T. Byszewski (SBN 222304)
    *elaine@hbsslaw.com*
2   Hagens Berman Sobol Shapiro LLP
    301 North Lake Avenue, Suite 203
3   Pasadena, CA  91101
    Tel. (213) 330-7150
4   Fax (213) 330-7152
5
6   Robert B. Carey
    *rob@hbsslaw.com*
7   Hagens Berman Sobol Shapiro LLP
    11 West Jefferson Street, Suite 1000
8   Phoenix, AZ  85003
    Tel. (602) 840-5900
9   Fax (602) 840-3012
10
11  Steve W. Berman
    *steve@hbsslaw.com*
12  Hagens Berman Sobol Shapiro LLP
    1918 Eighth Avenue, Suite 3300
13  Seattle, WA 98101
    Tel. (206) 623-7292
14  Fax. (206) 623-0594
15
    *Attorneys for Plaintiff Kaylene P. Brady, et al. and*
16  *Nicole Marie Hunter, et al.*

17                  UNITED STATES DISTRICT COURT

18                  CENTRAL DISTRICT OF CALIFORNIA

19                        WESTERN DIVISION

20  IN RE:  HYUNDAI AND KIA FUEL          MDL Case No. 2:13-ml-2424-GW-FFM
    ECONOMY LITIGATION
21  _____      **DECLARATION OF RICHARD**
                                          **McCUNE IN SUPPORT OF**
22                                        **PLAINTIFFS' MOTION FOR**
                                          **PRELIMINARY APPROVAL OF**
23                                        **CLASS SETTLEMENT**

24

25                                        Date:
                                          Time:
26                                        Judge:  Hon. George Wu; Courtroom:  10

27

28
    MDL Case No.: 2:13-ml-2424-GW-FFM            DECLARATION OF RICHARD D. McCUNE IN SUPPORT
                                                 OF JOINT MOTION FOR PRELIMINARY APPROVAL
                                                 OF CLASS SETTLEMENT

EXHIBIT 3 - PAGE 779

I, Richard McCune, declare:

1.    I am a partner at the law firm of McCune Wright, LLP, counsel of record for Thomas Ganim, and Lillian Levoff, (the "Espinosa Plaintiffs"),

2.    I am submitting this declaration in support of Plaintiffs' Motion for Preliminary Approval of Class Settlement.  I have personal knowledge of the matters in this declaration and if necessary, could testify thereto.

3.    I am the senior partner of McCune Wright, LLP ("McCune Wright"). My firm represents plaintiffs in consumer fraud class actions, product liability and other complex class action litigations in California and across the United States.  I obtained my J.D. from the University of Southern California in June of 1987 and became a member of the California Bar in November of 1987.  I have more than twenty-five years of litigation experience. Over the last decade, I have focused my practice on representing consumers in class action litigation.   Prior to that, I represented plaintiffs in a variety of product liability actions, including many against major vehicle manufacturers.

4.    I have been appointed class counsel in numerous state and federal class actions.  In particular, in 2010, I served as class counsel, and co-trial counsel in a consumer fraud class action against Wells Fargo Bank, N.A., on behalf of over one million customers, in a case resulting in a $203 million dollar trial verdict.  In 2011, my firm and I served as trial class counsel in a consumer class action trial that resulted in a Plaintiffs' verdict on behalf of a class of California Correct Craft, Inc. boat owners.  My firm and I have been appointed class counsel in certified class actions in a number of other consumer fraud class actions, including cases against Gateway Computers, Kaiser Steel Retirees Benefit Trust, Bank of America, N.A., Hewlett-Packard, American Honda Motor Co., Mazda Motors of America, Inc., and JP Morgan Chase Bank, N.A.

EXHIBIT 3 - PAGE 780

5.      My firm's attorneys have extensive experience in litigation against most of the major vehicle manufacturers including Ford Motor Company, General Motors, Hyundai, Mazda, Toyota, Chrysler, Honda and Nissan. This experience includes litigating to conclusion a jury trial against Ford Motor Company.

6.      My firm has significant experience in MDL consumer class actions against vehicle manufacturers in a variety of contexts.  McCune Wright filed the first consumer class action case against Toyota arising from unintended sudden acceleration. I was appointed by Judge James V. Selna to the Plaintiffs Personal Injury and Wrongful Death Committee *In re: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation*.  In addition, I was also appointed to the Plaintiffs' Executive Committee *In re: Ford Fusion and C-Max Fuel Economy Litigation* by Judge Kenneth M. Karas.

7.      My firm filed the first class action against HMA alleging that the Company inflated the fuel economy of certain of its model vehicles. Specifically, on January 6, 2012, after undertaking an investigation, McCune Wright filed a class action complaint, in Superior Court in Los Angeles, styled *Espinosa et al. v. Hyundai Motor America,* alleging that HMA disseminated false advertisements regarding the expected gas mileage of certain of its vehicles.  This complaint, which was removed to the Central District of California, asserted claims for violation of the Unfair Business Practices Act (Cal. Bus. & Prof. Code §§ 17200, et seq.), violation of False Advertising Laws (Cal. Bus. & Prof. Code §§ 17500, et seq.), violation of California's Consumer Legal Remedies Act (Cal. Civ. Code §§ 1750, et seq.), fraud, negligent misrepresentation, and deceit (Cal. Civ. Code § 1710).  The *Espinosa* Plaintiffs filed their First Amended Complaint on February 23, 2012, asserting the same causes of action and additionally: (1) providing various consumer complaints regarding overstated MPGs; (2) alleging that HMA may have inflated EPA numbers and may not have followed appropriate EPA protocols; (3) providing more details

DECLARATION OF RICHARD D. McCUNE IN SUPPORT
OF JOINT MOTION FOR PRELIMINARY APPROVAL
OF CLASS SETTLEMENT

EXHIBIT 3 - PAGE 781

1    regarding HMA's violations of the Unfair Business Practices Act; and (4) noting that

2    HMA failed to respond to their Notice of Intent to Bring an Action for Damages

3    Under the Consumer Legal Remedies Act.

4            8.    On March 12, 2012, Defendant HMA filed a motion to dismiss the First

5    Amended Complaint.  After oral argument on April 23, 2012, the Court denied

6    Defendant's motion to dismiss.  Thereafter, the parties began substantive discovery,

7    pursuant to which plaintiffs reviewed more than thirty thousand documents.

8    Plaintiffs filed a Second Amended Complaint on August 2, 2012, again alleging that

9    HMA disseminated misleading advertising, claiming that a number of its models,

10    including the Elantra would achieve 40 mpg when in fact this was not true.

11            9.    Plaintiffs filed a motion for class certification on September 14, 2012.

12    In their brief in support of class certification, among other things, plaintiffs alleged

13    that HMA's "4 x 40" advertising campaign which claimed that Elantra, Accent,

14    Veloster, and Sonata Hybrid "got" 40 MPG was misleading.

15            10.    In the context of the class certification briefing, the parties submitted

16    expert reports and deposed each other's experts.  Defendants also deposed plaintiffs'

17    proposed class representatives.

18            11.    On November 19, 2012, a MDL transfer motion was filed seeking to

19    include the Espinosa action in an MDL action with actions filed after Hyundai's

20    November 2, 2012 announcement that it was restating the MPG of certain Hyundai

21    and Kia vehicles.

22            12.    Oral argument on plaintiffs' motion for class certification was held on

23    November 29, 2012, after which the Court declined to rule on the motion, requesting

24    supplemental briefing.  HMA filed its supplemental brief on December 13, 2012, and

25    plaintiffs filed their supplemental brief on December 21, 2012.  On December 28,

26    2012, the Court again requested further briefing on the class certification motion.

27    Specifically. The Court requested that plaintiffs inform the Court whether they

28

MDL Case No.: 2:13-ml-2424-GW-FFM      - 3 -      DECLARATION OF RICHARD D. McCUNE IN SUPPORT
OF JOINT MOTION FOR PRELIMINARY APPROVAL
OF CLASS SETTLEMENT

EXHIBIT 3 - PAGE 782

1    intended to amend their complaint to include allegations that Hyundai had provided
2    erroneous testing data to the EPA, and seeking additional briefing on primary
3    jurisdiction and reliance issues.

4         13.    Prior to the filing the second round of supplemental class certification
5    briefs, the parties for the first time discussed the possibility of a settlement.
6    Thereafter, on January 8, 2013, the Espinosa Plaintiffs and HMA filed a joint
7    stipulation to continue the briefing schedule for the second supplemental briefs on
8    class certification, notifying the court that the parties had agreed to engage in formal
9    settlement negotiations which, if successful, would moot the need for further
10   briefing.

11        14.    On January 9, 2013, the Court issued an order extending the briefing
12   schedule on the class certification motion until February 21, 2013.

13        15.    I participated in face to face settlement negotiations with HMA,
14   beginning on January 16, 2012.

15        16.    On February 5, 2013, the Judicial Panel on Multidistrict Litigation
16   ("JPML"), consolidated the Espinosa action in this Court with a number of other
17   actions against Hyundai and Kia, the majority of which were filed after November 2,
18   2012, *as In re: Hyundai and Kia Fuel Economy Litigation*, MDL No. 2424.

19        17.    Settlement negotiations continued after the January 16, 2013 meeting
20   and thereafter, I participated in an all day mediation before the Honorable Judge
21   Stephen J. Sunvold (retired) on February 12, 2013, following which the Espinosa
22   plaintiffs, Hunter, and Brady Plaintiffs (together, the "Settling Plaintiffs" or
23   "Plaintiffs") reached an agreement in principle with HMA which was contingent
24   upon confirmatory discovery.  The parties informed the Court that a tentative
25   settlement had been reached on February 14, 2013.

26
27
28

EXHIBIT 3 - PAGE 783

18.     Thereafter, I participated in confirmatory discovery which consisted of review of thousands of additional documents and interviews of with key employees of HMA, KMA, and HKMC, in the U.S. and in Korea.

19.     Through confirmatory discovery, Defendants provided evidence that demonstrated that HMA did not conduct the testing from which the 40 MPG figure was derived.  This discovery demonstrated that the 40 MPG figure was provided to HMA by HKMC, and that HMA employees were not advised that the testing was flawed until sometime in 2012.

20.     Having litigated the *Espinosa* action for nearly two years, and having conducted extensive discovery in that action as well as participating in the confirmatory discovery described above, I believe that settlement of this action is appropriate and in the best interests of current and former Hyundai and Kia vehicle owners and lessees, as they will receive substantial benefits and avoid the risks, uncertainty, and delay that is inherent in any litigation.  I also believe that the terms of the proposed Settlement are fair, adequate, and reasonable.  I base these conclusions on what I have learned regarding the strengths and weaknesses of the parties' respective claims, defenses, and evidence in the course of this action.

21.     Based on my firm's investigation and the information I obtained from Defendants, I have concluded that further litigation will be protracted and expensive for all parties.  While I believe that Plaintiffs have valid claims, I recognize that there is always an element of risk in any litigation.

22.     The settlement negotiations were conducted without any negotiation of attorney fees or costs, as the parties agreed to defer that negotiation until after the Settlement was negotiated.  The amount of any fees, costs, or incentive awards which may be approved by this Court will have no impact on the value of the settlement for class members, as any such amounts will be paid by defendants separately. Throughout the course of this litigation, the *Espinosa* Plaintiffs have been

DECLARATION OF RICHARD D. McCUNE IN SUPPORT
OF JOINT MOTION FOR PRELIMINARY APPROVAL
OF CLASS SETTLEMENT

EXHIBIT 3 - PAGE 784

1  deposed, submitted declarations and have been involved in multiple discussions

2  regarding the litigation.

3      I declare under penalty of perjury under the laws of the United States that the

4  foregoing is true and correct.

5      Executed this 23rd day of December, 2013 in Redlands, California.

6

7                            Richard D. McCune

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 3 - PAGE 785