# EXHIBIT 21

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Settlement Agreement" or "Agreement") is made and entered into as of this 30th day of January, 2014, by and among:

(1) (a) Stephanie Grieve, individually and as representative of an Ontario Hyundai Class as defined below; and (b) Loys Vallée, individually and as a representative of a Quebec Hyundai Class as defined below; and

(2) Hyundai Auto Canada Corp. ("HAC");

and by and among

(3) (a) Joseph Gansevles individually and as representative of an Ontario KIA Class as defined below; and (b) Yannick Berthelet, individually and as a representative of a Quebec KIA Class as defined below; and

(4) Kia Canada Inc. ("KCI")

(collectively, the "Parties").

WHEREAS, HAC or its authorized dealers sell motor vehicles under the brand name "Hyundai" in Canada, and KCI or its authorized dealers sell motor vehicles under the brand Name "KIA" in Canada.

WHEREAS, on November 2, 2012, HAC and KCI each issued a statement informing the public that it was voluntarily adjusting the fuel economy ratings for certain 2011-2013 model year vehicles.  Both HAC and KCI simultaneously announced that each company was instituting a reimbursement program to compensate affected vehicle owners and lessees for the additional fuel costs associated with the adjusted fuel ratings.

WHEREAS, on November 2, 2012, plaintiff Amy Brauen, individually and on behalf of a putative class of "all people in Canada (excluding Quebec) who purchased or leased one or more of the Defendants' Vehicles [defined as the following Hyundai automobiles, model year 2010 – 2013, Elantra, Elantra Coupe, Elantra GT, Santa Fe, Tucson, Genesis, Sonata Hybrid, Veloster, and Accent]", issued a statement of claim against HAC and Hyundai Motor America, Inc. (c.o.b.

**Exhibit 21**
**Page 17**

-2-

as "Hyundai Auto Canada") ("HMA") in the Ontario Superior Court of Justice, alleging that, prior to November 2, 2012, the advertised fuel economy on various Hyundai vehicles misstated the vehicle's fuel economy (the "Ontario Hyundai Proceeding").  The complaint in the Ontario Hyundai Proceeding asserted claims under various laws and alleged that, as a result of the purported misrepresentation, the plaintiff and putative class members paid more for fuel than anticipated, and paid more for the vehicles than they would have otherwise paid.

WHEREAS, on December 15, 2013, the Ontario Hyundai Proceeding was amended to substitute Stephanie Grieve for Amy Brauen as named plaintiff and proposed representative plaintiff.

WHEREAS, on November 5, 2012, petitioner Nicole Brière, individually and on behalf of a putative class of "[a]ll persons and all people in Quebec who purchased or leased one or more of the Defendant's Vehicles model year 2010-2013, namely: [Hyundai] Accent, Elantra, Elantra Touring, Equus, Genesis Coupe, Genesis R SPEC, Sonata, Sonata Hybrid, Veloster, Santa FE, Santa FE 4WD, Tucson, Tucson 4WD, Veracruz, Veracruz 4WD, and who are not precluded from participating in a class action by virtue of Article 999 of the Quebec *Code of Civil Procedure*, RSQ, c C-25", brought a motion to authorize the bringing of a class action against HAC and to obtain the status of representative in the Superior Court of Quebec, making allegations and asserting claims similar to the Ontario Hyundai Proceeding (the "Quebec Hyundai Proceeding").

WHEREAS, Quebec Class Counsel intends to amend the Quebec Hyundai Proceeding as soon as practicable to substitute Loys Vallée for Nicole Brière as named petitioner and proposed representative plaintiff.

WHEREAS, additional lawsuits making similar allegations and asserting similar claims were commenced in the Supreme Court of British Columbia by plaintiff Larry Closs on November 7, 2012 and in the Saskatchewan Court of Queen's Bench on December 6, 2012 by plaintiff Thomas W. Taylor (the "Related Hyundai Litigation").

**Exhibit 21**
**Page 18**

WHEREAS, HMA denies that it is in any way involved with the adjusting of the fuel economy ratings for certain 2011-2013 model year Hyundai vehicles or any other representation at issue in the Ontario Hyundai Proceeding, the Quebec Hyundai Proceeding or the Related Hyundai Litigation, and does not attorn to the jurisdiction of any Canadian court in respect of such proceedings.

WHEREAS, on November 2, 2012, plaintiff Adrienne Anne Taylor, individually and on behalf of a putative class of "all people in Canada (excluding Quebec) who purchased or leased one or more of the Defendants' Vehicles [defined as the following KIA automobiles, model year 2010 – 2013, Rio, Sportage, Sorento, Soul, Soul ECO and Optima HEV]", issued a statement of claim against KCI in the Ontario Superior Court of Justice, alleging that, prior to November 2, 2012, the advertised fuel economy on various KIA vehicles misstated the vehicle's fuel economy (the "Ontario KIA Proceeding").  The complaint in the Ontario KIA Proceeding asserted claims under various laws and alleged that, as a result of the purported misrepresentation, the plaintiff and putative class members paid more for fuel than anticipated, and paid more for the vehicles than they would have otherwise paid.

WHEREAS, on December 11, 2013, the Ontario KIA Proceeding was amended to substitute Joseph Gansevles for Adrienne Anne Taylor as named plaintiff and proposed representative plaintiff.

WHEREAS, on November 5, 2012, petitioner Yannick Berthelet, individually and on behalf of a putative class of "[a]ll persons and all people in Quebec who purchased or leased one or more of the Defendant's Vehicles, namely: the 2012-2013 [KIA] Rio, the 2012-2013 [KIA] Sorento, the 2012-2013 [KIA] Sorento AWD, the 2012-2013 [KIA] Soul, the 2012-2013 [KIA] Sportage, the 2012-2013 [KIA] Sportage AWD; and the 2011-2012 [KIA] Optima Hybrid Accent, Elantra, Elantra Touring, Equus, Genesis Coupe, Genesis R SPEC, Sonata, Sonata Hybrid, Veloster, Santa FE, Santa FE 4WD, Tucson, Tucson 4WD, Veracruz, Veracruz 4WD, and who are not precluded from participating in a class action by virtue of Article 999 of the Quebec *Code of Civil Procedure*, RSQ, c C-25", brought a motion to authorize the bringing of a

**Exhibit 21
Page 19**

class action against KCI and to obtain the status of representative in the Superior Court of Quebec, making allegations and asserting claims similar to the Ontario KIA Proceeding (the "Quebec KIA Proceeding").

WHEREAS, additional lawsuits making similar allegations and asserting similar claims against KCI were commenced in the Supreme Court of British Columbia by plaintiff Reginald Ahern on November 6, 2012 and in the Saskatchewan Court of Queen's Bench on November 6, 2012 by plaintiff Lisa Liesh (the "Related KIA Litigation"). Specifically, the plaintiff Reginald Ahern, individually and on behalf of a putative class of "all people in British Columbia who purchased or leased one or more of the Defendants' Vehicles [defined as the following KIA automobiles, model year 2010 – 2013, Rio, Sportage, Sorento, Soul, Soul ECO and Optima HEV]" issued a notice of civil claim against KCI in the Supreme Court of British Columbia, alleging that, prior to November 2, 2012, the advertised fuel economy on various KIA vehicles misstated the vehicles's fuel economy (the "BC KIA Proceeding").  The notice of civil claim in the BC KIA Proceeding asserted claims under various laws and alleged that, as a result of the purported misrepresentation, the plaintiff and putative class members paid more for fuel than anticipated, and paid more for the vehicles than they would have otherwise paid.  As well, the plaintiff Lisa Liesh, individually and on behalf of a putative class of "all people in Canada (excluding Quebec) who purchased or leased one of more of the Defendants' Vehicles [defined as the following Kia automobiles, modely year 2010-2013 Rio, Sportage, Sorento, Soul ECO and Optima HEV]  issued a notice of civil claim against KCI in the Saskatchewan Court of Queen's Bench, alleging that prior to November 2, 2012, the advertised fuel economy on various KIA vehicles misstated the vehicles fuel economy (the "Saskatchewan KIA Proceeding").   Similarly, the notice of civil claim in the Saskatchewan KIA Proceeding asserted claims under various laws and alleged that, as a result of the purported misrepresentation, the plaintiff and putative class members paid more for fuel than anticipated, and paid more for the vehicles than they would have otherwise paid

**Exhibit 21**
**Page 20**

WHEREAS, Class Counsel and the Class Representatives (defined below) have conducted an investigation into the facts and the law regarding the Ontario Hyundai Proceeding, the Quebec Hyundai Proceeding, the Ontario KIA Proceeding and the Quebec KIA Proceeding (collectively, the "Canadian Proceedings"), and have concluded that a settlement with HAC and KCI according to the terms set forth below is in the best interests of the Settlement Classes (defined below).

WHEREAS, as part of the confirmatory discovery process made available by HAC and KCI, Class Counsel has interviewed Michael Ricciuto, National Manager, Product & Strategic Direction of HAC, and Gabriel Axanté, National Manager of Quality Assurance for KCI.

WHEREAS, despite their denial of any liability or culpability and their belief that they have meritorious defenses to the claims alleged, HAC and KCI nevertheless have decided to enter into this Agreement without admission of liability to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation.

NOW, THEREFORE, in consideration of the covenants, agreements and releases set forth herein and for other good and valuable consideration, and intending to be legally bound, it is agreed by and among the undersigned that the all of the Canadian Proceedings be settled, compromised, and dismissed with prejudice on the terms and conditions set forth below.

1.   <u>Definitions</u>.

    1.1   "Agreement" means this Settlement Agreement, including any schedules or exhibits hereto.

    1.2   "Class Counsel" means Ontario Class Counsel in respect of the Ontario Proceedings, and Quebec Class Counsel in respect of the Quebec Proceedings.

    1.3   "Class Representatives" means the Ontario Hyundai Class Representative(s) in respect of the Ontario Hyundai Proceeding, the Ontario KIA Class Representative(s) in respect of the Ontario KIA Proceeding, the Quebec Hyundai

**Exhibit 21**
**Page 21**

Class Representative(s) in respect of the Quebec Hyundai Proceeding, and the Quebec KIA Class Representative(s) in respect of the Quebec KIA Proceeding.

1.4    "Class Vehicle" means any vehicle identified in Exhibit A.

1.5    "Courts" means the Ontario Court and the Quebec Court, and "Court" means one of the foregoing, as applicable.

1.6    "Current Fleet Owner" means a governmental entity or a corporation or other commercial entity (i) that purchased, on or before November 2, 2012, one or more Fleet Class Vehicles as new vehicles, provided that HAC or HMA (in the case of a Hyundai Class Vehicle) or KCI (in the case of a KIA Class Vehicle) did not agree to repurchase such Fleet Class Vehicles at a later date and (ii) that remains the owner of such Fleet Class Vehicles on the date of this Settlement Agreement.

1.7    "Current Lessee" means a Person (i) who leased, on or before November 2, 2012, a Class Vehicle; and (ii) who remains the lessee of such Class Vehicle on the date of this Agreement.

1.8    "Current Non-Original Owner" means a Person (i) who purchased a Class Vehicle, on or before November 2, 2012, that was previously owned or leased by another Person; (ii) who remains the owner of such Class Vehicle on the date of this Agreement; and (iii) who is not a Fleet Owner of such Class Vehicle.

1.9    "Current Original Owner" means a Person (i) who purchased a Class Vehicle, on or before November 2, 2012, as a new vehicle; (ii) who remains the owner of such Class Vehicle on the date of this Agreement; and (iii) who is not a Fleet Owner of such Class Vehicle.

1.10   "Daily Rental Fleet Owners" means a Fleet Owner or Former Fleet Owner which rents the Class Vehicles on a short-term or daily basis.

1.11   "Effective Date" shall have the meaning given to it in Section 17 below.

**Exhibit 21**
**Page 22**

1.12   "First Notice" means the form or forms of notice applicable to the Ontario
Proceedings and/or the Quebec Proceedings as approved by the applicable Court
in the Notice Approval Orders.

1.13   "Fleet Class Vehicle" means a Class Vehicle purchased by a governmental entity
or a corporation or another commercial entity that negotiated the purchase terms
with HAC or HMA (in the case of a Hyundai Class Vehicle) or KCI (in the case
of a KIA Class Vehicle), as opposed to one of their authorized dealers.

1.14   "Fleet Owner" means a governmental entity or a corporation or other commercial
entity that purchased one or more Fleet Class Vehicles, on or before November 2,
2012, as new vehicles, provided that HAC or HMA (in the case of a Hyundai
Class Vehicle) or KCI (in the case of a KIA Class Vehicle) did not agree to
repurchase such Fleet Class Vehicles at a later date.

1.15   "Former Fleet Owner" means a governmental entity or a corporation or other
commercial entity (i) that purchased one or more Fleet Class Vehicles, on or
before November 2, 2012, as new vehicles, provided that HAC or HMA (in the
case of a Hyundai Class Vehicle) or KCI (in the case of a KIA Class Vehicle) did
not agree to repurchase such Fleet Class Vehicles at a later date and (ii) that does
not own such Fleet Class Vehicles as of the date of this Agreement.

1.16   "Former Lessee" means a Person (i) who leased a Class Vehicle as a new on or
before November 2, 2012 and (ii) who does not lease or own such Class Vehicle
as of the date of this Agreement.

1.17   "Former Owner" means a Person (i) who purchased a Class Vehicle on or before
November 2, 2012; (ii) who does not own such Class Vehicle as of the date of this
Agreement; and (iii) who was not a Fleet Owner of such Class Vehicle.

1.18   "Hyundai Class Member" means any Ontario Hyundai Class Member or Quebec
Hyundai Class Member.

1.19   "Hyundai Class" means all Hyundai Class Members collectively.

**Exhibit 21
Page 23**

-8-

1.20    "Hyundai Proceedings" means the Ontario Hyundai Proceeding and the Quebec Hyundai Proceeding.

1.21    "Hyundai Settlement Class Member" means any member of the Ontario Hyundai Settlement Class or the Quebec Hyundai Settlement Class.

1.22    "KIA Class Member" means any Ontario KIA Class Member or Quebec KIA Class Member.

1.23    "KIA Class" means all KIA Class Members collectively.

1.24    "KIA Proceedings" means the Ontario KIA Proceeding and the Quebec KIA Proceeding.

1.25    "KIA Settlement Class Member" means any member of the Ontario KIA Settlement Class or the Quebec KIA Settlement Class.

1.26    "Named Plaintiffs" means Stephanie Grieve, Loys Vallée, Joseph Gansevles, and Yannick Berthelet.

1.27    "Notice Approval Orders" means the orders specified in Section 9.1 of this Agreement.

1.28    "Ontario Class Counsel" means Siskinds LLP.

1.29    "Ontario Court" means the Ontario Superior Court of Justice.

1.30    "Ontario Hyundai Class Member" means any current or former owner or lessee of a Hyundai Class Vehicle (i) who was the owner or lessee, on or before November 2, 2012, of such Class Vehicle that was registered in a Province or Territory of Canada and (ii) who resides in a Province or Territory of Canada other than the Province of Quebec, except that the following are excluded:  (a) Daily Rental Fleet Owners; (b) government entities, except to the extent that a government entity is the owner or lessee of a Fleet Class Vehicle (in which case such government entity is not excluded from the Class); and (c) persons who have

**Exhibit 21**
**Page 24**

previously executed a release of HAC or HMA that includes a claim concerning the fuel economy of such Class Vehicle.

1.31   "Ontario Hyundai Class Representative" means Stephanie Grieve, or such other representative or representatives as the Ontario Court may appoint or substitute.

1.32   "Ontario Hyundai Class" means all Ontario Hyundai Class Members collectively.

1.33   "Ontario Hyundai Settlement Class" means all Ontario Hyundai Class Members collectively, exclusive of Persons who validly opt-out of the Settlement by the timely submission of an Opt-Out Form as provided for herein.

1.34   "Ontario KIA Class Member" means any current or former owner or lessee of a KIA Class Vehicle (i) who was the owner or lessee, on or before November 2, 2012, of such Class Vehicle that was registered in a Province or Territory of Canada and (ii) who resides in a Province or Territory of Canada other than the Province of Quebec, except that the following are excluded:  (a) Daily Rental Fleet Owners; (b) government entities, except to the extent that a government entity is the owner or lessee of a Fleet Class Vehicle (in which case such government entity is not excluded from the Class); and (c) persons who have previously executed a release of KCI that includes a claim concerning the fuel economy of such Class Vehicle.

1.35   "Ontario KIA Class Representative" means Joseph Gansevles, or such other representative or representatives as the Ontario Court may appoint or substitute.

1.36   "Ontario KIA Class" means all Ontario KIA Class Members collectively.

1.37   "Ontario KIA Settlement Class" means all Ontario KIA Class Members collectively, exclusive of Persons who validly opt-out of the Settlement by the timely submission of an Opt-Out Form as provided for herein.

1.38   "Ontario Proceedings" means the Ontario Hyundai Proceeding and the Ontario KIA Proceeding.

**Exhibit 21**
**Page 25**

1.39    "Opt-Out Form" means the form substantially in the same form as that attached as Exhibit K to this Agreement.

1.40    "Opt-Out Period" means for each of the Ontario Proceedings and the Quebec Proceedings separately, a period of thirty (30) days after the last date permitted by the Courts for mailing of the Second Notice, or such other period that has been agreed upon by the Parties and ordered by the Courts.

1.41    "Party" means a Named Plaintiff, HAC or KCI, and "Parties" means the Named Plaintiffs, HAC and KCI.

1.42    "Person" means any individual or entity.

1.43    "Quebec Class Counsel" means Siskinds Desmeules S.E.N.C.R.L.

1.44    "Quebec Court" means the Superior Court of Quebec.

1.45    "Quebec Hyundai Class Member" means any natural person or legal person who is a current or former owner or lessee of a Class Vehicle (i) who was the owner or lessee, on or before November 2, 2012, of such Class Vehicle that was registered in a Province or Territory of Canada and (ii) who resides in the Province of Quebec, except that the following are excluded:  (a) Daily Rental Fleet Owners; (b) government entities, except to the extent that a government entity is the owner or lessee of a Fleet Class Vehicle (in which case such government entity is not excluded from the Class); and (c) persons who have previously executed a release of HAC or HMA that includes a claim concerning the fuel economy of such Class Vehicle.

1.46    "Quebec Hyundai Class Representative" means Loys Vallée, or such other representative or representatives as the Quebec Court may appoint or substitute.

1.47    "Quebec Hyundai Class" means all Quebec Hyundai Class Members collectively.

**Exhibit 21**
**Page 26**

-11-

1.48    "Quebec Hyundai Settlement Class" means all Quebec Hyundai Class Members collectively, exclusive of Persons who validly opt-out of the Settlement by the timely submission of an Opt-Out Form as provided for herein.

1.49    "Quebec KIA Class Member" means any natural person or legal person who is a current or former owner or lessee of a KIA Class Vehicle (i) who was the owner or lessee, on or before November 2, 2012, of such Class Vehicle that was registered in a Province or Territory of Canada and (ii) who resides in the Province of Quebec, except that the following are excluded:  (a) Daily Rental Fleet Owners; (b) government entities, except to the extent that a government entity is the owner or lessee of a Fleet Class Vehicle (in which case such government entity is not excluded from the Class); and (c) persons who have previously executed a release of KCI that includes a claim concerning the fuel economy of such Class Vehicle.

1.50    "Quebec KIA Class Representative" means Yannick Berthelet, or such other representative or representatives as the Quebec Court may appoint or substitute.

1.51    "Quebec KIA Class" means all Quebec KIA Class Members collectively.

1.52    "Quebec KIA Settlement Class" means all Quebec KIA Class Members collectively, exclusive of Persons who validly opt-out of the Settlement by the timely submission of an Opt-Out Form as provided for herein.

1.53    "Quebec Proceedings" means the Quebec Hyundai Proceeding and the Quebec KIA Proceeding.

1.54    "Reimbursement Program(s)" means the compensation programs HAC and KCI announced on November 2, 2012 to compensate owners of Class Vehicles for estimated additional fuel expenses incurred as a result of restated fuel economy ratings, as detailed on the websites https://hyundaifuelconsumption.ca and https://kiafuelconsumption.ca.

Exhibit 21
Page 27

1.55   "Related Litigation" means the Related Hyundai Litigation and the Related KIA Litigation, as those terms are defined in the recitals to this Agreement.

1.56   "Releasees" shall refer jointly and severally, individually and collectively to: (a) in the case of the Hyundai Proceedings, entities that marketed the Hyundai Class Vehicles, entities that designed, developed, and/or disseminated advertisements for the Hyundai Class Vehicles, HAC, HMA, Hyundai America Technical Center, Inc. (also doing business as Hyundai-Kia America Technical Center), Hyundai Motor Company, and all affiliates of the Hyundai Motor Group; or (b) in the case of the KIA Proceedings, entities that marketed the KIA Class Vehicles, entities that designed, developed, and/or disseminated advertisements for the KIA Class Vehicles, KCI, Hyundai America Technical Center, Inc. (also doing business as Hyundai-Kia America Technical Center), and Kia Motors Corporation; and in each of the Hyundai Proceedings and the KIA Proceedings, for each of the entities indentified in clause (a) or (b), as applicable, each of their respective future, present, and former direct and indirect parents, subsidiaries, affiliates, divisions, predecessors, successors, assigns, dealers, distributors, agents, principals, suppliers, vendors, issuers, licensees, and joint ventures, and their respective future, present, and former officers, directors, employees, partners, general partners, limited partners, members, managers, agents, shareholders (in their capacity as shareholders), and legal representatives, and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing. As used in this paragraph, "affiliates" means entities controlling, controlled by or under common control with a Releasee.

1.57   "Releasors" shall refer jointly and severally, individually and collectively to (a) in the case of the Hyundai Proceedings, the Hyundai Class Representatives and the Hyundai Settlement Class Members; or (b) in the case of the KIA Proceedings, the KIA Class Representatives and the KIA Settlement Class Members; and in each of the Hyundai Proceedings and the KIA Proceedings, for each of the entities indentified in clause (a) or (b), as applicable, their future, present, and their former direct and indirect parents, subsidiaries, affiliates, divisions, predecessors,

Exhibit 21
Page 28

successors, and assigns, and their respective future, present, and former officers, directors, employees, partners, general partners, limited partners, members, managers, agents, shareholders (in their capacity as shareholders) and legal representatives, and the predecessors, successors, heirs, executors, administrators and assigns of each of the foregoing.  As used in this paragraph, "affiliates" means entities controlling, controlled by or under common control with a Releasor.

1.58    "Second Notice" means the form or forms of notice applicable to the Ontario Proceedings and/or the Quebec Proceedings substantially in the form of Exhibit L to this Agreement or as agreed by the Parties and approved by the applicable Court.

1.59    "Settlement Approval Orders" means the orders specified in Section 11.1 of this Agreement.

1.60    "Settlement Class" means one of the Ontario Hyundai Settlement Class, the Ontario KIA Settlement Class, the Quebec Hyundai Settlement Class or the Quebec KIA Settlement Class, as applicable, and "Settlement Classes" means all of the foregoing.

1.61    "Settlement" means the settlement provided for in this Agreement.

2.    <u>Consideration for Settlement</u>.

2.1    As consideration for the Settlement, HAC will provide to Hyundai Settlement Class Members and KCI will provide to KIA Settlement Class Members the following benefits (for the purposes of Section 2.2, the quantum of benefits provided for in the following Sections 2.1.1 to 2.1.7 shall constitute the "Base Quantum"):

2.1.1    <u>Current Original Owner Compensation</u>.  The compensation for a Current Original Owner shall be the amount set forth in Exhibit B (for Hyundai

**Exhibit 21
Page 29**

Class Vehicles) and Exhibit C (for KIA Class Vehicles) in accordance with the specific Class Vehicle(s) the Current Original Owner owns.

2.1.2   <u>Current Non-Original Owner Compensation</u>.  The compensation for a Current Non-Original Owner shall be one half (50 percent) of the amount set forth in Exhibit B (for Hyundai Class Vehicles) and Exhibit C (for KIA Class Vehicles) for Current Original Owners, with respect to the specific Class Vehicle(s) the Current Non-Original Owner owns.

2.1.3   <u>Former Owner Compensation</u>.  The compensation for a Former Owner shall be the amount that the Former Owner is qualified to receive pursuant to the Reimbursement Program.

2.1.4   <u>Current Lessee Compensation</u>.  The compensation for a Current Lessee shall be the amount set forth in Exhibit B (for Hyundai Class Vehicles) and Exhibit C (for KIA Class Vehicles) in accordance with the specific Class Vehicle the Current Lessee leases.

2.1.5   <u>Former Lessee Compensation</u>.  The compensation for a Former Lessee shall be the amount that the Former Lessee is qualified to receive pursuant to the Reimbursement Program.

2.1.6   <u>Current Fleet Owner Compensation</u>.  The compensation for a Current Fleet Owner shall be the amount set forth in Exhibit B (for Hyundai Class Vehicles) and Exhibit C (for KIA Class Vehicles) in accordance with the specific Class Vehicles the Current Fleet Owner owns.

2.1.7   <u>Former Fleet Owner Compensation</u>.  The compensation for a Former Fleet Owner shall be the amount that the Former Fleet Owner is qualified to receive pursuant to the Reimbursement Program.

2.2   <u>Alternative Forms of Compensation</u>.  Compensation under the provisions of Sections 2.1.1 through 2.1.7 shall be in one of the following forms, at the Settlement Class Member's election.

**Exhibit 21
Page 30**

2.2.1   A Settlement Class Member may elect to receive his or her Base Quantum of compensation in the form of a debit card that may be used like a credit card or used at an Automatic Teller Machine. There shall be no restrictions, imposed by the issuer, that would prevent a Settlement Class Member from transferring the entire balance of the debit card to a chequing or other bank account. The cash debit card shall be non-transferrable and shall expire one year after it is issued. There shall be no issuer fees imposed on the recipient of a cash debit card.

2.2.2   A Settlement Class Member may elect to receive his or her compensation in the form of a dealer service debit card valued at 150% of the Base Quantum.  The dealer service debit card may only be used at any authorized Hyundai dealer (for Hyundai Class Vehicles) or any authorized KIA dealer (for KIA Class Vehicles) in payment towards any merchandise, parts or service.  The dealer service debit card shall be non-transferrable and shall expire two years after it is issued. There shall be no issuer fees imposed on the recipient of a dealer service debit card.

2.2.3   A Settlement Class Member may elect to receive his or her compensation in the form of a new car rebate certificate valued at 200% of the Base Quantum.  The new car rebate certificate may only be used toward the purchase of a new Hyundai vehicle (for Hyundai Settlement Class Members) or a new KIA vehicle (for KIA Settlement Class Members). The new car rebate certificate shall be non-transferrable, except that it may be transferred to a family member (child, parent, or sibling), and shall expire three years after it is issued. There shall be no issuer fees imposed on the recipient of a new car rebate certificate.

2.2.4   The value of any debit card, dealer service debit card, and new car rebate certificate shall remain the property of the issuer, HAC or KCI, unless and until it is expended by the Settlement Class Member.  Upon expiration of any debit card, dealer service debit card, or new car rebate certificate, any

Exhibit 21
Page 31

unexpended funds shall become the permanent property of the issuer (HAC or KCI).

3.    Claim Process.

3.1    HAC and KCI, or their agents, shall administer the claim process under the Settlement. Class Counsel shall provide reasonable supervision of the claim process. Class Counsel shall audit the claim process and provide periodic reports to the Courts on the progress or status of the claim process, and HAC and KCI shall provide Class Counsel with all reasonably required access and assistance with respect to such audit or reports to the Courts.

3.2    The Parties hereby agree that the Claim Form for the Settlement shall be materially the same as Exhibit D to this Agreement. HAC shall mail the Second Notice and the Claim Form to each known Hyundai Class Member who is a present or former owner or lessee of a Class Vehicle sold by HAC. KCI shall mail the Second Notice and the Claim Form to each known KIA Class Member who is a present or former owner or lessee of a Class Vehicle sold by KCI.

3.3    In order for a Hyundai Class Member or a KIA Class Member to receive compensation pursuant to Section 2, the Claim Form must be properly completed, signed, and mailed to the appropriate addressee identified on the Claim Form with a postmark dated within nine (9) months of the last date permitted by the Courts for mailing of the Second Notice.

3.4    Any dispute with respect to a claim submitted under the Settlement shall be subject to the ongoing supervision of the Courts if the Parties' counsel are unable to resolve such dispute by negotiation.

4.    Election of Remedies.

4.1    Except as set forth in Section 4.2 of this Agreement, each Hyundai Settlement Class Member or KIA Settlement Class Member (in this Section 4, a "Claimant") who elects to submit a Claim Form to receive a form of compensation under this

Exhibit 21
Page 32

Agreement shall no longer be entitled to receive any further compensation pursuant to the Reimbursement Program.

4.2     To the extent that a Claimant previously received benefits pursuant to the Reimbursement Program and subsequently elects to receive a form of compensation pursuant to this Agreement, the amount of any previously received benefits shall be deducted from the amount of any compensation provided pursuant to Section 2.2 of this Agreement, provided that any such deduction shall be reduced to the extent that the Claimant elects to re-pay previously received benefits by submitting payment in the form of a check or money order at the time that the Claimant submits the Claim Form.  In determining the amount of compensation due to any Claimant pursuant to Section 2.2.2 or Section 2.2.3 of this Agreement, the benefit shall be calculated after considering any setoff for compensation previously received and any re-payment of benefits, i.e., the 150% and 200% values set forth in Sections 2.2.2 and Sections 2.2.3 of this Agreement shall be calculated on the basis of the net benefit payable to the Claimant after making any reduction for benefits previously received and any addition for re-payment of benefits.

4.3     If the applicable amount of compensation selected under Section 2.2.1, 2.2.2, or 2.2.3 (after considering any reductions for benefits previously received or increases for any re-payments, pursuant to Section 4.2) is less than the amount already paid to the Claimant pursuant to the Reimbursement Program, such Claimant shall remain in the Reimbursement Program.

5.     <u>Communications with Dealers</u>.

5.1     The Parties acknowledge that each authorized Hyundai dealer and each authorized KIA dealer is owned and operated independently from HAC and KCI, respectively, and that neither HAC nor KCI has authority to direct any authorized Hyundai or KIA dealer to take any action pursuant to this Agreement; however, (a) HAC will require that authorized Hyundai dealers honour any Hyundai dealer service debit card or new car rebate certificate provided for under Sections 2.2.2

**Exhibit 21**
**Page 33**

-18-

and 2.2.3 of this Agreement; and (b) KCI will require that authorized KIA dealers honour any KIA dealer service debit card or new car rebate certificate provided for under Sections 2.2.2 and 2.2.3 of this Agreement.

5.2     Promptly after the Effective Date of this Agreement (defined in Section 17), HAC and KCI shall each request, in good faith, that their authorized dealers assist Settlement Class Members who visit the dealer for the purpose of requesting a mileage check pursuant to the Reimbursement Program, by providing such Settlement Class Members who have not submitted a Claim Form with a flyer containing information regarding the Settlement in a form to be agreed by the Parties. HAC and KCI shall each request that their authorized dealers provide such assistance until the deadline for the submission of Claim Forms.

6.     <u>Settlement Administration</u>. HAC and KCI shall bear the costs of settlement administration.

7.     <u>Confirmatory Discovery</u>. The Parties hereby agree that confirmatory discovery has been completed. The Class Representatives hereby agree that HAC and KCI have provided confirmatory discovery that is more than adequate to satisfy the Class Representatives.

8.     <u>Discontinuance of the Related Litigation</u>.

8.1     Upon full execution of this Agreement, Class Counsel shall take all necessary steps to discontinue the Related Litigation for the purpose of obtaining court approval of the Settlement in the Ontario Court and Quebec Court only. The parties stipulate and agree that the discontinuance of the Related Litigation, and court approval of same if such approval is required, is a condition of the Agreement.

9.     <u>First Notice Motion</u>.

9.1     Upon full execution of this Agreement, the Parties shall request that the Courts enter orders substantially in the form of Exhibit F hereto in the case of the Ontario

Exhibit 21
Page 34

-19-

Proceedings and substantially in the form of Exhibit G hereto in the case of the Quebec Proceedings that:

9.1.1   set a date for a hearing of the Named Plaintiffs' Approval Motions described in Section 11.1;

9.1.2   approve the form and means by which the First Notice will be disseminated, in accordance with this Agreement; and

9.1.3   establish how the Hyundai Class Members or the KIA Class Members, as applicable, may comment on or object to approval of the Settlement and/or to the lawyers' fees and costs for which Class Counsel will petition the Court.

(the "Notice Approval Orders").

9.2   The Parties shall consent to the orders granting the relief specified in Section 9.1 in respect of the motions.

9.3   Subject to communications covered by solicitor-client privilege, Class Counsel will promptly provide HAC and KCI with copies of any comments or objections received in response to the First Notice.

10.   <u>First Notice</u>.

10.1   Following receipt of the Notice Approval Orders, the First Notice shall be distributed as follows:

10.1.1   Class Counsel shall at its own expense, cause the First Notice to be published on the website www.classaction.ca

10.1.2   A copy of the First Notice shall be mailed to every Class Member who is reasonably ascertainable from the customer databases maintained by HAC or KCI. Such mailing shall be completed, at the sole expense of HAC and

**Exhibit 21**
**Page 35**

KCI, not less than thirty (30) days prior to the date set for the Approval Motions in the Notice Approval Orders.

10.1.3   HAC and KCI shall each at their own expense establish and maintain a website in English and French dedicated to the Settlement ("Settlement Website") and a toll-free customer service number that Class Members may call.  Each of the First Notice and the Second Notice shall include the address (URL) of the Settlement Website and the toll-free number. HAC and KCI shall maintain the Settlement Website and toll-free number at least until 30 days following the deadline for the submission of Claim Forms, after which time HAC and KCI may direct Class Members to a different website and/or toll-free customer service number.

11.   <u>Approval Process</u>.

11.1   At a time mutually agreed to by the Parties, the Representative Parties shall bring motions before the Courts for orders substantially in the form of Exhibit I in respect of the Ontario Proceedings and substantially in the form of Exhibit J in respect of the Quebec Proceedings that:

11.1.1   approve this Settlement;

11.1.2   approve the form and means by which the Second Notice will be disseminated, in accordance with this Agreement;

11.1.3   approve the Opt-Out Form and the means by which Hyundai Class Members or KIA Class Members, as applicable, may opt-out of the Settlement;

11.1.4   retain jurisdiction to resolve any future disputes arising out of the terms and conditions of this Agreement and the Settlement; and

11.1.5   conditional upon the occurrence of the Effective Date, dismiss the claims of the applicable Hyundai Settlement Class Members and KIA Settlement Class Members with prejudice

**Exhibit 21
Page 36**

(the "Settlement Approval Orders").

11.2    The Settlement Approval Orders shall provide that, as of the Effective Date of this
Agreement, the Releasors (as defined in Section 1) shall be deemed to hereby
fully and irrevocably release, waive, and discharge the Releasees (as defined in
Section 1), whether or not specifically named herein, from any and all past,
present, and future liabilities, claims, causes of action (whether in contract, tort or
otherwise, including statutory, common law, civil law, property, and equitable
claims), damages, costs, lawyers' fees, losses, or demands, whether known or
unknown, existing or potential, or suspected or unsuspected, that (a) were asserted
in the Canadian Proceedings or (b) relate to (i) the fuel economy of one or more
Class Vehicles (including, but not limited to, miles-per-gallon of fuel, or litres of
fuel per 100 kilometres, obtained or achieved in a Class Vehicle); or (ii) the
marketing or advertising of the fuel economy of such Class Vehicles and any
related disclosures or alleged non-disclosures; or (iii) the disclosures, regulatory
filings, transactions, actions, conduct or events that are the subject of the
Canadian Proceedings regarding the Class Vehicles ("Released Claims");
provided that the Released Claims shall include any unknown claims that a
Settlement Class Member does not know to exist against any of the Releasees
which, if known, might have affected his or her decision regarding the settlement
of the Canadian Proceedings; provided further that the Class Representatives
acknowledge that they and the other Settlement Class Members may hereafter
discover facts in addition to or different from those that they now know or believe
to be true concerning the subject matter of this release but the Released Claims
shall nonetheless be deemed to include any and all Released Claims without
regard to the existence of such different or additional facts concerning each of the
Releasees.  Notwithstanding the foregoing, no claims are released hereunder for:
(i) personal injury; (ii) damage to tangible property other than a Class Vehicle; or
(iii) any and all claims that does not pertain to the Class Vehicles.

**Exhibit 21
Page 37**

12.   <u>Second Notice</u>.

12.1   Following receipt of the Settlement Approval Orders, the Second Notice shall be distributed as follows:

12.1.1  Class Counsel shall, at its own expense, cause the Second Notice to be published on the website www.classaction.ca.

12.1.2  A copy of the Second Notice along with the Claim Form shall be mailed to every recipient of the First Notice mailed in accordance with Section 10.1.2, along with Class Members known to HAC or KCI by means of registration on the Settlement Websites or through the toll-free number provided for in Section 10.1.3. Such mailing shall be completed, at the sole expense of HAC and KCI, by the deadline specified in the Notice Approval Orders.

12.1.3  In addition, the Second Notice (Short Form) shall be published once in the national edition of the Globe and Mail and in one newspaper in each Canadian province. In the province of Quebec, the Second Notice (Short Form) shall be published both in English in a primarily English newspaper and in French in a primarily French newspaper.

12.1.4  The Settlement Website shall enable Class Members to access and download the Second Notice, the Opt-Out Form or the Claim Form and will provide answers to frequently asked questions (FAQs).

12.1.5  The toll-free number provided for in Section 10.1.3 shall allow Class Members to request copies of the Second Notice, Opt-Out Form or the Claim Form by mail, provide updated address information, locate an authorized dealer, and ask questions concerning the proposed settlement and the process for obtaining the relief available to them pursuant to this Agreement.  HAC and KCI shall provide its customer service personnel with appropriate information to assist Class Members.

**Exhibit 21**
**Page 38**

13.    Press Releases.

13.1    The Class Representatives and HAC agree to a joint press release in the form of
Exhibit M to be issued forthwith after the hearing of the motions seeking the
Notice Approval Orders. The Class Representatives and KCI agree to a joint press
release in the form of Exhibit N to be issued forthwith after the hearing of the
motions seeking the Notice Approval Orders. Excepting Exhibits M and N,
neither the Parties nor their counsel shall issue (or cause any other Person to
issue) any press release concerning this Agreement or the Settlement, unless
otherwise agreed to in writing, and none of the Parties nor their counsel shall
make (or cause any other Person to make) any statements of any kind to the press
concerning this Agreement or the Settlement, except that a Party or a Party's
counsel may respond to an inquiry from a member of the press by (a) directing the
member of the press to a public resource to review or obtain a copy of this
Agreement or the applicable First Notice or Second Notice or (b) by supplying
additional information to the member of the press, provided that the responding
Party will provide such additional information to the other Parties as promptly as
practicable. A Party or a Party's counsel shall provide notice to the other Parties
before responding to a press inquiry whenever reasonably possible. If such notice
cannot reasonably be provided before responding to a press inquiry, the
responding Party or Party's counsel shall notify the other Parties promptly after
responding to the press inquiry. Class Counsel shall have the right to provide a
link to the Settlement Website(s) on its firm website.

14.    Opting Out.

14.1    A Person may opt-out of the Settlement by sending an Opt-Out Form, signed by
the Person and providing all of the required information by pre-paid mail or
courier to Class Counsel at an address to be identified in the Approval Orders.

14.2    A fully completed Opt-Out Form will only be effective if it is received by Class
Counsel and is post-marked on or before the expiry of the Opt-Out Period.

Exhibit 21
Page 39

-24-

14.3    Within fifteen (15) calendar days after the expiry of the Opt-Out Period, Class Counsel shall provide HAC and KCI, to the extent such information is known by Class Counsel, with a report that sets out the names of any Persons who have opted out of the Settlement, along with any other information received from such Persons pursuant to Section 14.1.

15.    <u>Withdrawal from Settlement</u>.

15.1    If any of the conditions set forth below occurs and either (a) all Class Representatives (b) HAC or (c) KCI gives notice that such party wishes to withdraw from this Agreement, then this Agreement shall terminate and be null and void except for those provisions of this Agreement which are explicitly stated to survive termination:

15.1.1  any of the Notice Approval Orders or the Settlement Approval Orders, in any of the Canadian Proceedings, is not approved by the applicable Courts substantially in the form agreed upon by the Parties;

15.1.2  any objections to the Settlement are sustained, in any of the Canadian Proceedings, which results in changes to the Settlement that the withdrawing Party deems in good faith to be material (e.g., because it increases the cost of settlement or deprives the withdrawing Party of a benefit of the settlement);

15.1.3  any of the Related Litigation is not discontinued prior to the expiry of the Opt-Out period;

15.1.4  any Attorney General or other Person is allowed to intervene in any of the Canadian Proceedings and such intervention results in changes to the Settlement that the withdrawing Party deems in good faith to be material (e.g., because it increases the cost of settlement or deprives the withdrawing Party of a benefit of the settlement);

**Exhibit 21**
**Page 40**

15.1.5  the final approval of the Settlement by any Court in any of the Canadian Proceedings results in changes that the withdrawing Party did not agree to and that the withdrawing Party deems in good faith to be material (e.g., because it increases the cost of settlement or deprives the withdrawing Party of a benefit of the settlement);

15.1.6  more than 3% of the Hyundai Class Members or KIA Class Members opt-out of the Settlement; or

15.1.7  the final approval of the settlement described in this Agreement is (i) substantially modified by an appellate court in any of the Canadian Proceedings and the withdrawing Party deems any such modification in good faith to be material (e.g., because it increases the cost of settlement or deprives the withdrawing Party of a benefit of the settlement) or (ii) reversed by an appellate court.

15.2    If this Agreement is terminated in accordance with Section 15.1, the Parties shall take all measures and make all representations necessary to ensure that each of the Parties is returned to the same position in the Canadian Proceedings as if this Agreement had not been negotiated, made or filed with the Courts. This Section 15.2 shall survive termination of this Agreement.

16.     <u>Lawyers' Fees and Expenses</u>.

16.1    Subject to court approval of the fees and expenses sought, HAC and KCI hereby agree to pay the Named Plaintiffs' reasonable lawyers' fees and expenses, in an amount to be negotiated and agreed upon separately. If the parties are unable to agree on the quantum of lawyers' fees and expenses to be paid by HAC and KCI in accordance with this Section, such fees and expenses shall be fixed by the Court(s).

16.2    The Parties have not begun negotiations regarding the amount of lawyers' fees and expenses requested by Class Counsel. After Class Counsel discloses the amount of fees and expenses sought, the Settlement Website referenced in Section

**Exhibit 21**
**Page 41**

10.1.3 shall set forth such amounts and shall be updated promptly to reflect any subsequent changes in such amount.

16.3    Payment of lawyers' fees and expenses is subject to HAC and KCI's receipt of Class Counsel's complete wiring instructions.

16.4    The payment by HAC and KCI of the lawyers' fees and expenses is separate from and in addition to the other relief afforded the Hyundai Settlement Class Members or KIA Settlement Class Members in this Agreement. Thus, the Parties shall request that the Courts consider the procedure for and the grant or denial or allowance or disallowance by the applicable Court of the award of lawyers' fees and expenses separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement, although any such separate consideration may be part of the settlement approval hearing; and any order or proceedings relating to the award of lawyers' fees and expenses, or any appeal from any order related thereto or reversal or modification thereof, shall not operate to terminate this Agreement or affect or delay the finality of any judgment approving the Settlement.

16.5    Except as provided in Sections 16.1 through 16.4, neither HAC nor KCI shall be liable for any fees or expenses of Class Counsel, the Class Representatives, any Hyundai Settlement Class Member or any KIA Settlement Class Member in connection with the Canadian Proceedings. For the avoidance of doubt, the Parties acknowledge that neither HAC nor KCI has agreed to pay any fees or expenses of any plaintiffs' counsel or any class representative, other than Class Counsel (as defined in Section 1.2) and the Named Plaintiffs (as defined in Section 1.26).

17.    <u>Effective Date of the Agreement</u>.

17.1    The Effective Date of this Agreement shall be the first day after which all of the following events and conditions of this Agreement have been met or have occurred:

Exhibit 21
Page 42

17.1.1  The Parties' representatives listed below have all executed this
Agreement;

17.1.2  The Related Litigation has been discontinued, with approval of the
applicable court(s) if such approval is required;

17.1.3  Each of the Courts has approved the Settlement and issued the applicable
Settlement Approval Orders in each of the Hyundai Proceedings and the
KIA Proceedings; and

17.1.4  Each of the Settlement Approval Orders has become final in that the time
for appeal has expired or, if an appeal is taken and the applicable order is
affirmed, the time period for further petition for hearing, appeal or to seek
leave to appeal has expired. If any of the Approval Orders is set aside,
materially modified, or overturned by the trial court or on appeal, and is
not fully reinstated on further appeal, the applicable order shall not be
considered "final."

18.    <u>No Admission of Liability</u>.

18.1    The Parties understand and acknowledge that this Agreement constitutes a
compromise and settlement of disputed claims.  No action taken by the Parties
either previously or in connection with the negotiations or proceedings connected
with their agreement shall be deemed or construed to be an admission of the truth
or falsity of any claims or defences heretofore made or an acknowledgment or
admission by any Party of any fault, liability, or wrongdoing of any kind
whatsoever to any other Party or Person.

18.2    This Agreement, acts performed in furtherance of the Agreement or the
Settlement, and documents executed in furtherance of the Agreement or the
Settlement, may not be deemed or used as evidence of an admission or other
statement supporting:  (a) the validity of any claim made by the Class
Representatives, Settlement Class Members or Class Counsel; (b) any

**Exhibit 21
Page 43**

wrongdoing or liability of the Releasees; or (c) any fault or omission of the Releasees in any court, administrative agency or other proceeding.

18.3    This Agreement shall not be offered or be admissible in evidence against HAC, HMA, KCI or any of their respective affiliates, or cited or referred to in any action or proceeding, except in an action or proceeding that is in furtherance of its terms or brought to enforce its terms.

18.4    If this Agreement is terminated or otherwise becomes null and void, the enforceability of this Section 18 shall survive such event.

19.    Fonds D'Aide Aux Recours Collectifs (Class Action Fund in Québec)

19.1    The Parties agree that the settlement in respect of the Quebec Proceedings will be subject to the *Regulation respecting the percentage withheld by the Fonds d'aide aux recours collectifs* (R.S.Q., c. R-2.1, r. 2), the *Act respecting the class action* (R.S.Q., c. R-2.1) and the *Code of Civil Procedure* (R.S.Q., c. C-25).

19.2    Accordingly, for the purposes of section 42 of the *Act respecting the class action*, the percentage withheld by the Fonds d'aide aux recours collectifs from a liquidated claim shall be as follows:

on any other liquidated claim under article 1028 of the *Code of Civil Procedure*:

*(a)*    2% from any liquidated claim less than $2,000;

*(b)*    5% from any liquidated claim exceeding $2,000 but less than $5,000;

*(c)*    10% from any liquidated claim exceeding $5,000.

19.3    The parties agree that a liquidated claim under this section will solely be the compensation provided at Section 2.2.1 (cash debit card) to members of the Quebec Hyundai Settlement Class or the Quebec KIA Settlement Class, and that

**Exhibit 21
Page 44**

the compensation provided at Sections 2.2.2 (dealer service card) and 2.2.3 (new car rebate certificate) do not entitle the Fonds d'aide aux recours collectifs to withhold any percentage in accordance with Québec regulations.

20.   <u>Miscellaneous Provisions</u>.

20.1   The Named Plaintiffs, individually and as representatives of the classes defined above, expressly waive and disclaim any claim of unconscionability relating to any provision of this Agreement, specifically including, but not limited to, Section 2.2.

20.2   This Agreement constitutes a single, integrated written contract expressing the entire agreement of the Parties relative to the subject matter hereof.  This Agreement supersedes all prior representations, agreements, understandings, both written and oral, among the Parties, or any of them, with respect to the subject matter of this Agreement.  No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any Party hereto, except as provided for herein, and no Party is relying on any prior oral or written representations, agreements, understandings or undertakings with respect to the subject matter of this Agreement.

20.3   This Agreement shall be construed in accordance with, and be governed by, the laws of the Province of Ontario.

20.4   Nothing in this agreement shall waive the Parties' duties under applicable covenants of good faith and fair dealing, which are expressly acknowledged and agreed to by both parties.

20.5   As used in this Agreement, the masculine, feminine or neuter gender, and the singular or plural number, shall each be deemed to include the others whenever the context so indicates.

20.6   Each Person executing this Agreement in a representative capacity represents and warrants that he or she is empowered to do so.

**Exhibit 21**
**Page 45**

20.7    This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument, even though all Parties do not sign the same counterparts.  A scanned, photocopied or facsimile signature shall be deemed an original for purposes of executing this Agreement.

20.8    The Parties to this Agreement agree to prepare and execute all documents, to seek court approvals, defend court approvals, and to do all things reasonably necessary to complete the Settlement, provided that nothing in this Agreement should be interpreted to require a Class Representative to support the Settlement unless such Class Representative concludes that the Settlement is fair, reasonable and adequate.

20.9    In any construction to be made of this Agreement, this Agreement shall not be construed as having been drafted solely by one or another of the Parties.

20.10   This Agreement is reproduced in the French language for convenience only. In the event of any inconsistency between the terms of the English version and the French version, the text of the English version shall govern.

20.11   Upon the request of any of the Parties, the Parties agree to promptly provide each other with copies of objections, requests for exclusion, or other filings received as a result of the First Notice.

20.12   Once approved by the Courts, this Agreement may be amended or modified only by a written instrument signed by the Parties' counsel and approved by each of the Courts.

20.13   This Agreement shall be binding upon and inure to the benefit of the Parties and their representatives, heirs, successors, and assigns.

For Defendant Hyundai Auto Canada Corp.

Dated:                                 By:

Exhibit 21
Page 46

-31-

_____

For Defendant Kia Canada Inc.

Dated:                                    By:

_____              _____

Stephanie Grieve, on behalf of herself and the Ontario Hyundai Settlement Class

Dated:                                    By:

_____              _____

Siskinds LLP

Joseph Gansevles, on behalf of himself and the Ontario KIA Settlement Class

Dated:                                    By:

_____              _____

Siskinds LLP

Loys Vallée, on behalf of herself and the Quebec Hyundai Settlement Class

Dated:                                    By:

_____              _____

Siskinds Desmeules S.E.N.C.R.L.

Yannick Berthelet, on behalf of himself and the Quebec KIA Settlement Class

Dated:                                    By:

_____              _____

**Exhibit 21**
**Page 47**

Siskinds Desmeules S.E.N.C.R.L.

**Exhibit 21**
**Page 48**

-33-

## <u>LIST OF EXHIBITS</u>

<u>Exhibit A</u>:  List Identifying Class Vehicles

<u>Exhibit B</u>:  Schedule with Compensation Amounts for Current Hyundai Owners

<u>Exhibit C</u>:  Schedule with Compensation Amounts for Current Kia Owners

<u>Exhibit D</u>:  Claim Form

<u>Exhibit E</u>:  Intentionally Removed

<u>Exhibit F</u>:  Proposed Ontario Notice Approval Order

<u>Exhibit G</u>:  Proposed Quebec Notice Approval Order

<u>Exhibit H</u>:  First Notice (Long and Short Forms)

<u>Exhibit I</u>:  Proposed Ontario Settlement Approval Order

<u>Exhibit J</u>:  Proposed Quebec Settlement Approval Order

<u>Exhibit K</u>:  Opt-Out Form

<u>Exhibit L</u>:  Second Notice (Long and Short Forms)

<u>Exhibit M</u>:  Joint Press Release Issued by Class Representatives and HAC

<u>Exhibit N</u>:  Joint Press Release Issued by Class Representatives and KCI

**Exhibit 21**
**Page 49**

## EXHIBIT A
## LIST IDENTIFYING CLASS VEHICLES

### Affected Hyundai Models List

| Model Year | Model | Vehicle Specifications | |
| --- | --- | --- | --- |
| | | Engine | Transmission |
| 2013 | ACCENT | 1.6 | MT |
| 2013 | ACCENT | 1.6 | AT |
| 2013 | ELANTRA | 1.8 | MT |
| 2013 | ELANTRA | 1.8 | AT |
| 2013 | ELANTRA GT | 1.8 | MT |
| 2013 | ELANTRA GT | 1.8 | AT |
| 2013 | ELANTRA COUPE | 1.8 | MT |
| 2013 | ELANTRA COUPE | 1.8 | AT |
| 2013 | VELOSTER | 1.6 | MT |
| 2013 | VELOSTER | 1.6 | DCT |
| 2013 | VELOSTER | 1.6 T | MT |
| 2013 | VELOSTER | 1.6 T | AT |
| 2013 | GENESIS | 3.8 | AT |
| 2013 | GENESIS | 5.0 | AT |
| 2013 | TUCSON | 2.0 | MT |
| 2013 | TUCSON | 2.0 | AT |
| 2013 | TUCSON | 2.4 | AT |
| 2013 | TUCSON 4WD | 2.4 | AT |
| 2013 | SANTA FE Sport | 2.4 FWD | AT |
| 2013 | SANTA FE Sport | 2.4 AWD | AT |
| 2013 | SANTA FE Sport | 2.0 T FWD | AT |
| 2013 | SANTA FE Sport | 2.0 T AWD | AT |
| 2012 | ACCENT | 1.6 | MT |
| 2012 | ACCENT | 1.6 | AT |
| 2012 | ELANTRA | 1.8 | MT |
| 2012 | ELANTRA | 1.8 | AT |
| 2012 | GENESIS | 3.8 | AT |
| 2012 | GENESIS | 5.0 | AT |
| 2012 | SONATA HYBRID | 2.4/Elec | AT |
| 2012 | TUCSON | 2.0 | MT |
| 2012 | TUCSON | 2.0 | AT |
| 2012 | TUCSON | 2.4 | AT |
| 2012 | TUCSON 4WD | 2.4 | AT |

**Exhibit 21**
**Page 50**

| 2012 | VELOSTER | 1.6 | MT |
| 2012 | VELOSTER | 1.6 | DCT |
| 2011 | ELANTRA | 1.8 | MT |
| 2011 | ELANTRA | 1.8 | AT |
| 2011 | SONATA HYBRID | 2.4/Elec | AT |

### Affected KIA Models List

| | | Vehicle Specifications | |
| Model Year | Model | Engine | Transmission |
| --- | --- | --- | --- |
| 2013 | Rio | 1.6 | MT |
| 2013 | Rio | 1.6 | AT |
| 2013 | Rio | 1.6 | AT ISG |
| 2013 | Soul | 1.6 | MT |
| 2013 | Soul | 1.6 | AT |
| 2013 | Soul | 2.0 | MT |
| 2013 | Soul | 2.0 | AT |
| 2013 | Soul | 2.0 | AT ISG |
| 2013 | Sportage | 2.4 | MT |
| 2013 | Sportage | 2.4 | AT |
| 2013 | Sportage AWD | 2.4 | AT |
| 2013 | Sportage AWD | 2.0 | AT |
| 2013 | Sorento LX GDI | 2.4 | AT |
| 2013 | Sorento LX GDI AWD | 2.4 | AT |
| 2012 | Rio | 1.6 | MT |
| 2012 | Rio | 1.6 | AT |
| 2012 | Soul | 1.6 | MT |
| 2012 | Soul | 1.6 | AT |
| 2012 | Soul | 2.0 | MT |
| 2012 | Soul | 2.0 | AT |
| 2012 | Soul | 1.6 | AT ISG |
| 2012 | Sportage | 2.4 | MT |
| 2012 | Sportage | 2.4 | AT |
| 2012 | Sportage AWD | 2.4 | AT |
| 2012 | Sportage AWD | 2.0T | AT |
| 2012 | Sorento LX GDI | 2.4 | AT |
| 2012 | Sorento LX GDI AWD | 2.4 | AT |
| 2012 | Optima Hybrid | 2.4 | AT |
| 2011 | Optima Hybrid | 2.4 | AT |

**Exhibit 21**
**Page 51**

-36-

## EXHIBIT B
## SCHEDULE WITH COMPENSATION AMOUNTS FOR CURRENT HYUNDAI OWNERS

| Model Year | Model | Vehicle Specifications | | Compensation per Unit | | | |
| | | Engine | Transmission | Retail | Lease | Fleet (not Daily Rental) | Resold Daily Rental |
|---|---|---|---|---|---|---|---|
| 2013 | ACCENT | 1.6 | MT | $ 592 | $ 349 | $ 311 | $ 296 |
| 2013 | ACCENT | 1.6 | AT | $ 444 | $ 262 | $ 234 | $ 222 |
| 2013 | ELANTRA | 1.8 | MT | $ 444 | $ 262 | $ 234 | $ 222 |
| 2013 | ELANTRA | 1.8 | AT | $ 444 | $ 262 | $ 234 | $ 222 |
| 2013 | ELANTRA GT | 1.8 | MT | $ 740 | $ 436 | $ 389 | $ 371 |
| 2013 | ELANTRA GT | 1.8 | AT | $ 444 | $ 262 | $ 234 | $ 222 |
| 2013 | ELANTRA COUPE | 1.8 | MT | $ 444 | $ 262 | $ 234 | $ 222 |
| 2013 | ELANTRA COUPE | 1.8 | AT | $ 444 | $ 262 | $ 234 | $ 222 |
| 2013 | VELOSTER | 1.6 | MT | $ 444 | $ 262 | $ 234 | $ 222 |
| 2013 | VELOSTER | 1.6 | DCT | $ 296 | $ 174 | $ 156 | $ 148 |
| 2013 | VELOSTER | 1.6 T | MT | $ 592 | $ 349 | $ 311 | $ 296 |
| 2013 | VELOSTER | 1.6 T | AT | $ 740 | $ 436 | $ 389 | $ 371 |
| 2013 | GENESIS | 3.8 | AT | $ 459 | $ 270 | $ 241 | $ 230 |
| 2013 | GENESIS | 5.0 | AT | $ 592 | $ 349 | $ 311 | $ 296 |
| 2013 | TUCSON | 2.0 | MT | $ 444 | $ 262 | $ 234 | $ 222 |
| 2013 | TUCSON | 2.0 | AT | $ 444 | $ 262 | $ 234 | $ 222 |
| 2013 | TUCSON | 2.4 | AT | $ 444 | $ 262 | $ 234 | $ 222 |
| 2013 | TUCSON 4WD | 2.4 | AT | $ 296 | $ 174 | $ 156 | $ 148 |
| 2013 | SANTA FE Sport | 2.4 FWD | AT | $ 1,035 | $ 610 | $ 545 | $ 519 |
| 2013 | SANTA FE Sport | 2.4 AWD | AT | $ 740 | $ 436 | $ 389 | $ 371 |
| 2013 | SANTA FE Sport | 2.0 T FWD | AT | $ 1,183 | $ 698 | $ 623 | $ 593 |
| 2013 | SANTA FE Sport | 2.0 T AWD | AT | $ 1,035 | $ 610 | $ 545 | $ 519 |
| 2012 | ACCENT | 1.6 | MT | $ 482 | $ 284 | $ 253 | $ 241 |
| 2012 | ACCENT | 1.6 | AT | $ 241 | $ 142 | $ 127 | $ 121 |
| 2012 | ELANTRA | 1.8 | MT | $ 361 | $ 213 | $ 190 | $ 181 |
| 2012 | ELANTRA | 1.8 | AT | $ 361 | $ 213 | $ 190 | $ 181 |
| 2012 | GENESIS | 3.8 | AT | $ 361 | $ 213 | $ 190 | $ 181 |
| 2012 | GENESIS | 5.0 | AT | $ 482 | $ 284 | $ 253 | $ 241 |
| 2012 | SONATA HYBRID | 2.4/Elec | AT | $ 241 | $ 142 | $ 127 | $ 121 |
| 2012 | TUCSON | 2.0 | MT | $ 361 | $ 213 | $ 190 | $ 181 |
| 2012 | TUCSON | 2.0 | AT | $ 361 | $ 213 | $ 190 | $ 181 |
| 2012 | TUCSON | 2.4 | AT | $ 361 | $ 213 | $ 190 | $ 181 |

**Exhibit 21**
**Page 52**

| 2012 | TUCSON 4WD | 2.4 | AT | $ 241 | $ 142 | $ 127 | $ 121 |
|------|-------------|---------|-----|-------|-------|-------|-------|
| 2012 | VELOSTER | 1.6 | MT | $ 361 | $ 213 | $ 190 | $ 181 |
| 2012 | VELOSTER | 1.6 | DCT | $ 361 | $ 213 | $ 190 | $ 181 |
| 2011 | ELANTRA | 1.8 | MT | $ 361 | $ 213 | $ 190 | $ 181 |
| 2011 | ELANTRA | 1.8 | AT | $ 361 | $ 213 | $ 190 | $ 181 |
| 2011 | SONATA HYBRID | 2.4/Elec | AT | $ 241 | $ 142 | $ 127 | $ 121 |

**Exhibit 21**
**Page 53**

## EXHIBIT C
## SCHEDULE WITH COMPENSATION AMOUNTS FOR CURRENT KIA OWNERS

| | | Vehicle Specifications | | Compensation per Unit | | | |
|---|---|---|---|---|---|---|---|
| Model Year | Model | Engine | Transmission | Retail | Lease | Fleet (not Daily Rental) | Resold Daily Rental |
| 2013 | RIO | 1.6 | AT | $740 | $436 | $389 | $371 |
| 2013 | RIO | 1.6 | MT | $592 | $349 | $311 | $296 |
| 2013 | RIO | 1.6 | AT(ECO) | $740 | $436 | $389 | $371 |
| 2012 | RIO | 1.6 | AT | $602 | $355 | $317 | $302 |
| 2012 | RIO | 1.6 | MT | $482 | $284 | $253 | $241 |
| 2013 | SORENTO | 2.4 | AT(2WD) | $444 | $262 | $234 | $222 |
| 2013 | SORENTO | 2.4 | AT(4WD) | $296 | $174 | $156 | $148 |
| 2012 | SORENTO | 2.4 | AT(2WD) | $361 | $213 | $190 | $181 |
| 2012 | SORENTO | 2.4 | AT(4WD) | $241 | $142 | $127 | $121 |
| 2013 | SOUL | 1.6 | AT | $1,184 | $698 | $623 | $593 |
| 2013 | SOUL | 2.0 | AT | $1,479 | $872 | $779 | $741 |
| 2013 | SOUL | 1.6 | MT | $1,184 | $698 | $623 | $593 |
| 2013 | SOUL | 2.0 | MT | $1,036 | $611 | $545 | $519 |
| 2013 | SOUL | 1.6 | AT(ECO) | $1,184 | $698 | $623 | $593 |
| 2013 | SOUL | 2.0 | AT(ECO) | $1,480 | $872 | $779 | $741 |
| 2012 | SOUL | 1.6 | AT | $964 | $568 | $507 | $483 |
| 2012 | SOUL | 2.0 | AT | $1,205 | $710 | $634 | $604 |
| 2012 | SOUL | 1.6 | MT | $964 | $568 | $507 | $483 |
| 2012 | SOUL | 2.0 | MT | $843 | $497 | $444 | $423 |
| 2012 | SOUL | 1.6 | AT(ECO) | $964 | $568 | $507 | $483 |
| 2012 | SOUL | 2.0 | AT(ECO) | $1,205 | $710 | $634 | $604 |
| 2013 | SPORTAGE | 2.4 | AT(2WD) | $444 | $262 | $234 | $222 |
| 2013 | SPORTAGE | 2.4 | MT(2WD) | $444 | $262 | $234 | $223 |
| 2013 | SPORTAGE | 2.0 | AT(4WD) | $444 | $262 | $234 | $223 |
| 2013 | SPORTAGE | 2.4 | AT(4WD) | $444 | $262 | $234 | $223 |
| 2012 | SPORTAGE | 2.4 | AT(2WD) | $361 | $213 | $190 | $181 |
| 2012 | SPORTAGE | 2.4 | MT(2WD) | $362 | $213 | $190 | $181 |
| 2012 | SPORTAGE | 2.0 | AT(4WD) | $362 | $213 | $190 | $181 |
| 2012 | SPORTAGE | 2.4 | AT(4WD) | $362 | $213 | $190 | $181 |
| 2012 | OPTIMA HYBRID | 2.4 | AT | $241 | $142 | $127 | $121 |
| 2011 | OPTIMA HYBRID | 2.4 | AT | $241 | $142 | $127 | $121 |

**Exhibit 21**
**Page 54**

## EXHIBIT D
## CLAIM FORM

To make a claim in the HYUNDAI/KIA FUEL ECONOMY CLASS ACTION settlement, please complete and return this form by Canada Post, postmarked no later than [9 months after deadline for class notice mailing], to:

For <u>Hyundai Vehicles</u>, mail completed form to:        For <u>Kia Vehicles</u>, mail completed form to:

[CLAIMS ADDRESS]                                            [CLAIMS ADDRESS]


### IMPORTANT:  BEFORE FILLING OUT THIS FORM, READ THIS ENTIRE CLAIM FORM AND THE ACCOMPANYING CLASS NOTICE CAREFULLY.

### THE CLASS NOTICE CONTAINS ADDITIONAL INFORMATION REGARDING YOUR ELIGIBILITY FOR SETTLEMENT BENEFITS AND OTHER IMPORTANT INFORMATION.


**STEP 1:  Are you a current or former owner or lessee of a vehicle listed below?** ☐ YES __   ☐ NO __

If YES, check the box next to your vehicle model and go to STEP 2.  ("MY" in the list below stands for "Model Year.")

If you own more than one vehicle identified below, use a separate Claim Form for each vehicle.

If NO, you are not a class member and you are not eligible for Settlement Benefits.

### HYUNDAI VEHICLES

☐ 2013 MY Accent (automatic transmission; 1.6 litre engine)

☐ 2013 MY Accent (manual transmission; 1.6 litre engine)

☐ 2013 MY Elantra (automatic transmission; 1.8 litre engine)

☐ 2013 MY Elantra (manual transmission; 1.8 litre engine)

☐ 2013 MY Elantra Coupe (automatic transmission; 1.8 litre engine)

☐ 2013 MY Elantra Coupe (manual transmission; 1.8 litre engine)

☐ 2013 MY Elantra GT (automatic transmission; 1.8 litre engine)

☐ 2013 MY Elantra GT (manual transmission; 1.8 litre engine)

☐ 2013 MY Genesis (automatic transmission; 3.8 litre engine)

☐ 2013 MY Genesis (automatic transmission; 5.0 litre engine)

☐ 2013 MY Santa Fe Sport 2WD Turbo (automatic transmission; 2.0 litre engine)

☐ 2013 MY Santa Fe Sport 2WD (automatic transmission; 2.4 litre engine)

☐ 2013 MY Santa Fe Sport 4WD Turbo (automatic transmission; 2.0 litre engine)

☐ 2013 MY Santa Fe Sport 4WD (automatic transmission; 2.4 litre engine)

☐ 2013 MY Tucson 2WD (automatic transmission; 2.0

### KIA VEHICLES

☐ 2013 MY Rio 2WD (automatic transmission; 1.6 litre engine)

☐ 2013 MY Rio 2WD (manual transmission; 1.6 litre engine)

☐ 2013 MY Rio 2WD (automatic (Eco) transmission; 1.6 litre engine)

☐ 2013 MY Sorento 2WD (automatic transmission; 2.4 litre engine (GDI))

☐ 2013 MY Sorento 4WD (automatic transmission; 2.4 litre engine (GDI))

☐ 2013 MY Soul 2WD (automatic transmission; 1.6 litre engine)

☐ 2013 MY Soul 2WD (manual transmission; 1.6 litre engine)

☐ 2013 MY Soul 2WD (automatic transmission; 2.0 litre engine)

☐ 2013 MY Soul 2WD (manual transmission; 2.0 litre engine)

☐ 2013 MY Soul ECO 2WD (automatic transmission; 2.0 litre engine)

☐ 2013 MY Sportage 2WD (automatic transmission; 2.4 litre engine)

☐ 2013 MY Sportage 2WD (manual transmission; 2.4 litre engine)

☐ 2013 MY Sportage 4WD (automatic transmission; 2.0 litre engine)

☐ 2013 MY Sportage 4WD (automatic transmission; 2.4 litre engine)

☐ 2012 MY Rio 2WD (automatic transmission; 1.6 litre

**Exhibit 21**
**Page 55**

- □ 2013 MY Tucson 2WD (automatic transmission; 2.4 litre engine)
- □ 2013 MY Tucson 2WD (manual transmission; 2.0 litre engine)
- □ 2013 MY Tucson 4WD (automatic transmission; 2.4 litre engine)
- □ 2013 MY Veloster Turbo (automatic transmission; 1.6 litre engine)
- □ 2013 MY Veloster (automatic; 1.6 litre engine)
- □ 2013 MY Veloster (manual transmission; 1.6 litre engine)
- □ 2013 MY Veloster Turbo (manual transmission; 1.6 litre engine)
- □ 2012 MY Accent (automatic transmission; 1.6 litre engine)
- □ 2012 MY Accent (manual transmission; 1.6 litre engine)
- □ 2012 MY Elantra (automatic transmission; 1.8 litre engine)
- □ 2012 MY Elantra (manual transmission; 1.8 litre engine)
- □ 2012 MY Genesis (automatic transmission; 3.8 litre engine)
- □ 2012 MY Genesis (automatic transmission; 5.0 litre engine)
- □ 2012 MY Sonata Hybrid Electric Vehicle (automatic transmission; 2.4 litre engine)
- □ 2012 MY Tucson 2WD (automatic transmission; 2.0 litre engine)
- □ 2012 MY Tucson 2WD (automatic transmission; 2.4 litre engine)
- □ 2012 MY Tucson 2WD (manual transmission; 2.0 litre engine)
- □ 2012 MY Tucson 4WD (automatic transmission; 2.4 litre engine)
- □ 2012 MY Veloster (automatic transmission transmission; 1.6 litre engine)
- □ 2012 MY Veloster (manual transmission; 1.6 litre engine)
- □ 2011 MY Elantra (automatic transmission; 1.8 litre engine)
- □ 2011 MY Elantra (manual transmission 1.8 litre engine)
- □ 2011 MY Sonata Hybrid Electric Vehicle (automatic transmission; 2.4 litre engine)

- □ 2012 MY Rio 2WD (manual transmission; 1.6 litre engine)
- □ 2012 MY Sorento 2WD (automatic transmission; 2.4 litre engine (GDI))
- □ 2012 MY Sorento 4WD (automatic transmission; 2.4 litre engine (GDI))
- □ 2012 MY Soul 2WD (automatic transmission; 1.6 litre engine)
- □ 2012 MY Soul 2WD (manual transmission; 1.6 litre engine)
- □ 2012 MY Soul 2WD (automatic transmission; 2.0 litre engine)
- □ 2012 MY Soul 2WD (manual transmission; 2.0 litre engine)
- □ 2012 MY Soul ECO 2WD (automatic transmission; 1.6 litre engine)
- □ 2012 MY Sportage 2WD (automatic transmission; 2.4 litre engine)
- □ 2012 MY Sportage 2WD (manual transmission; 2.4 litre engine)
- □ 2012 MY Sportage 4WD (automatic transmission; 2.0 litre engine)
- □ 2012 MY Sportage 4WD (automatic transmission; 2.4 litre turbo engine)
- □ 2012 MY Optima HEV 2WD (automatic transmission; 2.4 litre engine)
- □ 2011 MY Optima HEV 2WD (automatic transmission; 2.4 litre engine)

**Exhibit 21**
**Page 56**

**STEP 2:  Did you purchase or lease the vehicle identified in STEP 1 on or before November 2, 2012?**

□ YES __   □ NO __  If YES, go to STEP 3.  If NO, you are not a class member and you are not eligible for Settlement Benefits.

**STEP 3:  Place an X on the line next to the category that describes you and go to STEP 4:**

□  You are the original purchaser of the vehicle identified in STEP 1 AND you still owned the vehicle on [date of settlement agreement].  You are considered a Current Original Owner.

□  You are the second or subsequent purchaser of the vehicle identified in STEP 1 AND you still owned the vehicle on [date of the settlement agreement].  You are considered a Current Non-Original Owner.

□  You are a former or current lessee of the vehicle identified in STEP 1 AND you still leased the vehicle on [date of settlement agreement].  You are considered a Current Lessee.

□  You are a former owner of the vehicle identified in STEP 1, and you no longer owned the vehicle on [date of settlement agreement].  You are considered a Former Owner.

□  You are a former lessee of the vehicle identified in STEP 1, and you no longer leased the vehicle on [date of settlement agreement].  You are considered a Former Lessee.

□  You are acting on behalf of a governmental entity or a corporation or other entity that is the current or former owner of the vehicle identified in STEP 1 and that negotiated the purchase terms directly with Hyundai Motor America or Kia Motors America, Inc., as opposed to one of their authorized dealers (hereinafter referred to as a "Fleet Vehicle") AND the purchase agreement does not contain a repurchase provision AND the vehicle is not available to be rented or leased.

If you checked the prior box, also check one of the two boxes below:

□  The Fleet Vehicle identified in STEP 1 was still owned on [date of settlement agreement] by the governmental entity or corporation or other entity that purchased them.  You are considered a Current Fleet Owner.

□  The Fleet Vehicle identified in STEP 1 was no longer owned on [date of settlement agreement] by the governmental entity or corporation or other entity that purchased it.  You are considered a Former Fleet Owner.

**STEP 4:**  Determine the maximum cash value of your Settlement Benefits.  For Current Original Owners, Current Fleet Owners and Current Lessees review Schedule A, at the end of the Class Notice:  Find your vehicle model as indicated in answer to STEP 1 on Schedule A, and fill in the number listed under the column corresponding to the category you checked in STEP 3 ("Retail" for Current Original Owners, "Fleet" for Current Fleet Owners, and "Lease" for Current Lessees).  For Current Non-Original Owners, the maximum cash value of Settlement Benefits shall be one half (50 percent) of the "Retail" value specified in Schedule A for the applicable vehicle model. Former owners and lessees: utilize the reimbursement calculator located at https://hyundaifuelconsumption.ca for Hyundai Class Vehicles or https://hyundaifuelconsumption.ca for Kia Class Vehicles.

Write the number here: _____ .  Go to STEP 5

**STEP 5:**  Have you previously registered to receive benefits under the Reimbursement Program?

□ YES __   □ NO __  If YES, go to STEP 6.  If NO, go to STEP 7.

**STEP 6:**  You may still choose to receive the up-front payment of lump-sum Settlement Benefits instead of future benefits under the Reimbursement Program.  If you choose to receive Settlement Benefits in STEP 7 and select the Debit Card option in STEP 8, you will receive the cash value of the Settlement Benefits less the amount of money you previously received under the Reimbursement Program, unless you select one of the alternative compensation benefits: 150% of that amount for a Dealer Service Debit Card, or 200% for a New Purchase Rebate Certificate).

If you are electing to receive either a lump-sum Dealer Service Debit Card or a New Purchase Rebate Certificate, you also may choose to enclose a check to repay the money you received under the Reimbursement Program, and credit that amount toward your Settlement Benefit, which will then be used to calculate the value of your Dealer Service Debit Card or New Purchase Rebate Certificate.  Are you enclosing a repayment check with your Claim Form?

**Exhibit 21**
**Page 57**

☐ YES __   ☐ NO __   If YES, please make the check payable to Hyundai Auto Canada Corp. (for Hyundai owners/lessees) or Kia Canada Inc. (for Kia owners/lessees) and write the amount of your enclosed check here: _____.

Go to STEP 7.

**STEP 7**: Make an election.  Do you want to receive lump-sum **Settlement Benefits** or do you want to remain in, or register for, the **Reimbursement Program**?  Lump-sum Settlement Benefits are calculated based upon several factors, including the extra fuel cost for the average time of vehicle ownership.  Lump-sum Settlement Benefits provide compensation in one payment, without the need for additional dealer visits or paperwork.  The Reimbursement Program allows you to make periodic requests for reimbursement of extra fuel costs at your Hyundai/Kia dealer for the time of your vehicle ownership.  In making your election, you should consider your own personal circumstances.  Details regarding the Settlement Benefits can be found at www.classaction.ca. Details regarding the Reimbursement Program can be found at https://hyundaifuelconsumption.ca for Hyundai Class Vehicles or https://hyundaifuelconsumption.ca for Kia Class Vehicles.  You may elect to receive either lump-sum Settlement Benefits or future benefits under the Reimbursement Program, but not both.

    ☐ **Settlement Benefits**        ☐ **Reimbursement Program**

Note:  if you have not already registered for the Reimbursement Program and wish to do so (and you have not checked the "Settlement Benefits" box above), registration information is available at at https://hyundaifuelconsumption.ca for Hyundai Class Vehicles or https://hyundaifuelconsumption.ca for Kia Class Vehicles.

    **If you selected Settlement Benefits, go to STEP 8.  If you selected Reimbursement Program, go to STEP 9.**

**STEP 8:**  Choose how you prefer to receive Settlement Benefits.  Check one of the boxes below and then go to STEP 9.

    ☐ **Debit Card**.  This debit card can be used like cash and will be pre-loaded with the value of the Settlement Benefits that corresponds to your vehicle (STEP 1) and the category you checked in STEP 3.  The balance of the card can be deposited to a checking or other bank account.  It will expire one year after it is issued.

    ☐ **Dealer Service Debit Card.**  The dealer service debit card can be used for goods and services at any authorized participating Hyundai dealership (for Hyundai owners/lessees) or Kia dealership (for Kia owners/lessees) and will be pre-loaded with a value that is 1.5 times (150%) the amount that would otherwise be loaded on a Debit Card for you.  It will expire two years after it is issued.

    ☐ **New Car Rebate Certificate**.  The new car rebate certificate can be applied toward the purchase of a new Hyundai vehicle (for Hyundai owners/lessees) or Kia vehicle (for Kia owners/lessees) and will be pre-loaded with a value that is **double** (200%) the amount that would otherwise be loaded on a Debit Card for you.  It will expire three years after it is issued.

**Exhibit 21**
**Page 58**

**STEP 9:  Please print your name and address and vehicle information below.  Please print neatly.**

You:                                                          Your vehicle:

    Name: _____       Brand (Hyundai or Kia): _____

    Address: _____       Model: _____

    City: _____        Model Year: _____

    Province: _____  Postal code:_____    VIN: _____

    Telephone: _____  E-mail: _____

    Go to STEP 11.

**STEP 10:  CERTIFICATION.  You must <u>date, sign, and mail this CLAIM FORM so that it is postmarked by [9 months after deadline for class notice mailing</u>] in order to make a valid claim.**

**You must also <u>provide proof</u> that you owned or leased the vehicle as of November 2, 2012, such as a copy of the most recent registration certificate (or the one in effect on November 2, 2012).  Please also include a copy of the purchase or lease contract.  If you are considered a Former owner or lessee, please also include evidence of the mileage when you bought and sold the vehicle (such as purchase and sale contract or related documents, odometer disclosure statements, smog certifications, repair orders or other documents demonstrating mileage at the time of purchase and/or sale/disposal).**

        **By signing and submitting this Claim Form, you certify that all of the foregoing information is true and correct.**

_____      _____
Date                            Signature

**PLEASE MAKE SURE YOU WRITE YOUR NAME AND VIN ON EACH PAGE OF THIS FORM.**

**PLEASE MAKE A COPY OF YOUR COMPLETED FORM AND ATTACHMENTS FOR YOUR RECORDS**

**Exhibit 21**
**Page 59**

<u>**EXHIBIT F**</u>

**PROPOSED ONTARIO NOTICE APPROVAL ORDER**

Court File No. _____

*ONTARIO*
**SUPERIOR COURT OF JUSTICE**

THE HONOURABLE ⟩ _____, THE _____
⟩
JUSTICE ⟩ DAY OF _____, 20__

B E T W E E N :

_____

Plaintiff

and

_____

Defendant(s)

Proceeding under the *Class Proceedings Act, 1992*

# ORDER

**THIS MOTION**, made by the Plaintiffs for an order, *inter alia*, approving the form of the notice that will advise class members of the hearing to approve the proposed settlement of this matter, as well as the manner of publication of such notice, was heard at the court house, 80 Dundas Street, London, Ontario.

**ON READING** the motion record of the Plaintiffs dated _____, 2013, and upon being advised that the Plaintiffs and the Defendants, by their counsel, have entered into a

**Exhibit 21**
**Page 60**

-45-

Settlement Agreement (the "Settlement Agreement"), and that the defendants have consented to the terms of this Order;

1.      **THIS COURT ORDERS** that the motion for settlement approval for this proceeding shall be heard on _____, 2013, at 10:00 a.m., at the court house, 80 Dundas Street, London, Ontario (the "Approval Hearing");

2.      **THIS COURT ORDERS** that the form and content of the First Notice, substantially in the form attached as Schedule "A" (Short Form) and Schedule "B" (Long Form), is approved;

3.      **THIS COURT ORDERS** that the proposed manner of distributing the First Notice as described in the Settlement Agreement is approved (the "Notice Plan");

4.      **THIS COURT DECLARES** that the First Notice and the Notice Plan constitute fair and reasonable notice to the class of the Approval Hearing and of the right of class members to object to the settlement, and satisfy the requirements of sections 19 and 29 of the *Class Proceedings Act, 1992*;

5.      **THIS COURT ORDERS** that the First Notice shall be distributed in the manner described in the Settlement Agreement as soon as practicable;

6.      **THIS COURT ORDERS** that Class members may submit to Class Counsel written objections to the approval of the Settlement Agreement before the deadline set out in the First Notice, and Class Counsel shall file all such submissions with the Court prior to the Approval Hearing. Class members (or their counsel) who do not properly and timely file a written objection and indicate that they (or their counsel) intend to appear at the Approval Hearing may

**Exhibit 21**
**Page 61**

-46-

not be entitled to appear and raise any objection at the Approval Hearing, at the Court's discretion; and

7.    **THIS COURT ORDERS** that Class Counsel shall provide copies of all timely filed objections received to counsel for the defendants no later than 5 days prior to the Approval Hearing.

_____

**Exhibit 21**
**Page 62**

-47-

Plaintiff

-and-

Defendant(s)

Court File No.

*ONTARIO*
**SUPERIOR COURT OF JUSTICE**

PROCEEDING COMMENCED AT
LONDON

Proceeding under the *Class Proceedings Act, 1992*

**ORDER**

**[Plaintiffs to insert firm details]**

**Exhibit 21**
**Page 63**

## EXHIBIT G

**PROPOSED QUEBEC NOTICE APPROVAL ORDER**

### (Class Action)
### SUPERIOR COURT

**CANADA**
**PROVINCE OF QUÉBEC**
**DISTRICT OF MONTREAL**

**Nᵒ** _____

_____

Petitioner

v.

_____

Defendant

## JUDGMENT

1.      The petitioner has filed a motion seeking approval of the form of the notice that will advise class members of the hearing to approve the proposed settlement of this matter, as well as the manner of publication of such notice.

2.      And on reading the materials filed, including the Affidavit of _____, and upon being advised that he Petitioner and the Defendant, by their counsel, have entered into a Settlement Agreement (the "Settlement Agreement"), and that the defendants have consented to the terms of this Order;

**Exhibit 21**
**Page 64**

-49-

3.      **THE COURT HEREBY:**

4.      **ORDERS** that the motion for settlement approval for this proceeding shall be heard on

_____, 2013, at 10:00 a.m., at the court house, _____, Montreal,

Québec (the "Approval Hearing");

5.      **APPROVES** the form and content of the notice of settlement approval hearing,

substantially in the form attached as Schedule "A" (Short Form) and Schedule "B" (Long Form)

(the "First Notice");

6.      **APPROVES** the proposed manner of distributing the First Notice as described in

Settlement Agreement (the "Notice Plan");

7.      **DECLARES** that the First Notice and the Notice Plan constitute fair and reasonable

notice to the class of the Approval Hearing and of the right of class members to object to the

settlement;

8.      **ORDERS** that the First Notice shall be distributed in the manner described in the

Settlement Agreement as soon as practicable;

9.      **ORDERS** that class members may submit to Class Counsel written objections to the

approval of the Settlement Agreement before the deadline set out in the First Notice, and Class

Counsel shall file all such submissions with the Court prior to the Approval Hearing. Class

members (or their counsel) who do not properly and timely file a written objection and indicate

that they (or their counsel) intend to appear at the Approval Hearing may not be entitled to

appear and raise any objection at the Approval Hearing, at the Court's discretion;

**Exhibit 21**
**Page 65**

-50-

10.   **ORDERS** that Class Counsel shall provide copies of all objections received to counsel

for the defendant no later than 5 days prior to the Approval Hearing; and

11.   **WITHOUT COSTS.**

_____

**Exhibit 21**
**Page 66**

# EXHIBIT H

## FIRST NOTICE

## LONG FORM NOTICE OF SETTLEMENT APPROVAL HEARING

---

### PLEASE READ THIS NOTICE CAREFULLY AS IT MAY AFFECT YOUR RIGHTS

| | |
|---|---|
| **TO ALL CLASS MEMBERS:** | This notice applies to all persons who owned or leased one of the following Hyundai or KIA vehicles on or before November 2, 2012 that was registered in Canada (a "Class Member"):<br><br>**Hyundai:** 2012-2013 Accent, 2011-2013 Elanta, 2013 Elantra Coupe, 2013 Elantra GT, 2012-2013 Veloster, 2012-2013 Genesis, 2012-2013 Tucson, 2013 Santa FE, or 2011-2012 Sonata Hybrid.<br><br>**KIA:** 2012-2013 Rio, 2012-2013 Sorento 4 cylinder GDI, 2012-2013 Soul, 2012-2013 Sportage or 2011-2012 Optima Hybrid.<br><br>(The "Class Vehicles".) |
| **PURPOSE OF THIS NOTICE** | Class proceeding lawsuits have been initiated in Ontario, Quebec, British Columbia and Saskatchewan in relation to the advertised fuel economy of the Class Vehicles.<br><br>The lawsuits allege that the Class Vehicles were advertised with incorrect fuel economy ratings. The defendants deny these allegations and deny any liability or wrongdoing. The court has not taken any position as to the truth or merits of the claims or defences by either side.<br><br>A settlement agreement has been reached that settles all litigation in Canada relating in any way to the represented or actual fuel economy characteristics of the Class Vehicles, subject to approval of the Ontario Superior Court of Justice and the Quebec Superior Court. The Defendants, while not admitting liability, will make lump sum settlement benefits available to Class Members as an alternative to the on-going compensation available under reimbursement programs announced by Hyundai and KIA on November 2, 2012. The value of the settlement benefit depends on the particular Class Vehicle, the circumstances of ownership or leasing of the Class Vehicle, and on the form of the benefit elected by the Class Member (a debit card with a cash balance, a Hyundai or KIA dealer service debit card, or a Hyundai or KIA new car rebate certificate).<br><br>If you purchased or leased a Class Vehicle on or before November 2, 2012, you may be entitled to benefits under the settlement. The following groups are excluded from entitlements under the settlement: (i) certain rental car fleet owners; (ii) government entities; (iii) persons who have previously executed a release of Hyundai Auto Canada Corp., Kia Canada Inc., Hyundai Motor America, Inc. or Kia Motors America, Inc.; and (iv) persons who validly opt out of the settlement by the timely submission of an opt-out form in accordance with the orders of the Ontario or Quebec court, as applicable. |
| **APPROVAL OF THE SETTLEMENT** | In order for the Settlement Agreement to become effective, it must be approved by the courts in Ontario and Quebec, and British Columbia and Saskatchewan |

**Exhibit 21**
**Page 67**

| **AGREEMENT** | actions must be discontinued. Motions to approve this Settlement Agreement will be heard by the Superior Court of Quebec (for residents of Quebec) and the Ontario Superior Court of Justice (for residents of any other Province or Territory of Canada) as follows: |

Quebec: _____ at 10:00 a.m. **at _____, Montreal, Quebec.**

Ontario: _____ at 10:00 a.m. **at 80 Dundas Street, London, Ontario.**

At these hearings, the courts will determine whether the Settlement Agreement is fair, reasonable and in the best interests of class members. All timely filed written submissions from class members will be considered at this time.

If you wish to comment or make an objection to the Settlement Agreement, you must deliver a written submission to class counsel at the applicable address listed below by _____. Class counsel will then forward such submissions to the court in that Province. If you support the settlement, you do not have to do anything at this time and further notice will be distributed following the settlement approval hearing. This further notice will contain details of the procedure to be followed by class members making claims for benefits.

Should the Settlement Agreement receive final approval, further notices will be mailed to known class members and published at www.classaction.ca (English and French). Copies of the notices may also be obtained by contacting class counsel as listed below.

| **DISTRIBUTION PROTOCOL** | If the Settlement Agreement is approved by the courts, Class Members will be required to submit proper claim documentation to Hyundai or KIA, as applicable, as provided for in the approval orders of the Ontario and Quebec courts in order to be eligible for settlement benefits. |

| **SUMMARY OF THE SETTLEMENT AGREEMENT** | • Qualifying class members will be entitled to receive a lump sum benefit as an alternative to the on-going compensation available under the reimbursement programs announced by Hyundai and KIA on November 2, 2012. The value of the settlement benefit will depend on the particular Class Vehicle, the circumstances of ownership or leasing of the Class Vehicle, and the Class Member's election of the form of settlement benefit from among the following options: |

    o Compensation provided by debit card that may be used like a credit card or used at an automated teller machine without issuer or other fees ("Base Compensation"). The debit card will be non-transferable and will expire one year after it is issued;

    o 150% of the Base Compensation in the form of a dealer service debit card that may be used at any authorized Hyundai or KiA dealership (as applicable) in payment towards any merchandise, parts or service. The dealer service debit card will be non-transferrable and will expire two years after it is issued; or

    o 200% of the Base Compensation in the form of a new car rebate certificate that may only be used toward the purchase of a new Hyundai or KIA vehicle (as applicable). The new car rebate will be non-transferable, except that it may be transferred to a family member (child, parent or sibling), and will expire three years after it is issued.

**[If necessary, insert a statement in the French Notice that benefits for**

**Exhibit 21
Page 68**

| | members of the Quebec classes are subject to deduction for payments to the Fonds] |
|---|---|
| | Further details regarding the Settlement Agreement may be viewed at www.classaction.ca (English and French), or by contacting class counsel as listed below. |
| LEGAL FEES | As part of the settlement, Hyundai and KIA have agreed to pay Class Counsel's reasonable lawyers' fees and expenses, in an amount to be negotiated and agreed upon separately. Payment of Class Counsel's fees will require court approval. However, the parties to the settlement have agreed to request such approval separately from the courts' consideration of the fairness, reasonableness and adequacy of the Settlement Agreement. |
| FURTHER INFORMATION | For further information please contact class counsel as follows: |
| | [Contact information to be inserted] |

**Publication of this notice has been authorized by the Ontario Superior Court of Justice and the Superior Court of Quebec**

**Exhibit 21**
**Page 69**

## SHORT FORM NOTICE OF SETTLEMENT APPROVAL HEARING

### DID YOU PURCHASE OR LEASE A 2011-2013 HYUNDAI OR KIA MOTOR VEHICLE?

IF YOU OWNED OR LEASED A 2011-2013 HYUNDAI OR KIA MOTOR VEHICLE ON OR BEFORE NOVEMBER 2, 2012, PLEASE READ THIS NOTICE CAREFULLY. IT MAY AFFECT YOUR LEGAL RIGHTS, AND YOU MAY BE ENTITLED TO BENEFITS FROM A NATIONAL SETTLEMENT.

Class proceeding lawsuits have been initiated in Ontario, Quebec , British Columbia and Saskatchewan in relation to the advertised fuel economy of the following motor vehicles (the "Class Vehicles"):

**Hyundai:** 2012-2013 Accent, 2011-2013 Elanta, 2013 Elantra Coupe, 2013 Elantra GT, 2012-2013 Veloster, 2012-2013 Genesis, 2012-2013 Tucson, 2013 Santa FE, or 2011-2012 Sonata Hybrid.

**KIA:** 2012-2013 Rio, 2012-2013 Sorento 4 cylinder GDI, 2012-2013 Soul, 2012-2013 Sportage or 2011-2012 Optima Hybrid.

The lawsuits allege that the Class Vehicles were advertised with incorrect fuel economy ratings. The defendants deny these allegations and deny any liability or wrongdoing. The court has not taken any position as to the truth or merits of the claims or defences by either side.

A settlement agreement has been reached that settles all litigation in Canada relating in any way to the represented or actual fuel economy characteristics of the Class Vehicles, subject to court approval. The Defendants, while not admitting liability, will make lump sum settlement benefits available to persons who owed or leased a Class Vehicle before November 2, 2012. Certain groups are excluded from the settlement, such as certain vehicle fleet owners and persons who have previously executed a release in favour of Hyundai Auto Canada Corp., Hyundai Motor America, Inc., Kia Canada Inc. and Kia Motors America, Inc.

If you purchased or leased a Class Vehicle you should immediately review the full legal notice in this matter to ensure you understand your legal rights. A copy of the full legal notice may be viewed at www.classaction.ca. It can also be obtained by contacting class counsel as listed below.

Settlement approval hearings have been scheduled for _____ at 10:00 a.m. in the City of Montreal, at _____, Montreal, Quebec (for residents of Quebec) and for _____ at 10:00 a.m. in the City of London, at 80 Dundas Street, London, Ontario, Ontario (for residents of any other Province or Territory of Canada). At these hearings, the courts will determine whether the settlement agreement is fair, reasonable and in the best interests of class members. If the settlements are approved, the British Columbia and Saskatchewan actions will be discontinued.

All written submissions received by class counsel listed below prior to _____ will be considered at the settlement approval hearing.

**Class counsel can be reached as follows:**

**[Contact information to be inserted]**

Publication of this notice has been authorized by the Ontario Superior Court of Justice and the Superior Court of Quebec.

**Exhibit 21**
**Page 70**

<u>**EXHIBIT I**</u>

**PROPOSED ONTARIO SETTLEMENT APPROVAL ORDER**

Court File No. _____

*ONTARIO*
**SUPERIOR COURT OF JUSTICE**

| | | |
|---|---|---|
| THE HONOURABLE | ) | _____, THE _____ |
| | ) | |
| JUSTICE | ) | DAY OF _____, 2014 |

B E T W E E N :

_____

Plaintiff

and

_____

Defendant(s)

Proceeding under the *Class Proceedings Act, 1992*

# ORDER

**THIS MOTION**, made by the Plaintiff for an order approving the settlement of this proceeding (the "Action") in accordance with a Settlement Agreement dated _____, 2013 attached to this Order as Schedule "A" (the "Settlement Agreement"), and dismissing the Action was heard this day at the court house, 80 Dundas Street, London, Ontario.

**ON READING** the materials filed, including the Settlement Agreement, and on hearing the submissions of counsel for the Plaintiffs and the Defendants,

**Exhibit 21**
**Page 71**

1.      **THIS COURT DECLARES** that for the purposes of this Order the definitions set out in the Settlement Agreement apply to and are incorporated into this Order;

2.      **THIS COURT ORDERS** that this Action is certified as a class proceeding, pursuant to the *Class Proceedings Act, 1992*, SO 1992 c 6 (the "*CPA*"), for the purposes of settlement only;

3.      **THIS COURT ORDERS** that the Class and Class Members are defined as:

> any current or former owner or lessee of a **[Hyundai or KIA, as applicable]** Class Vehicle (i) who was the owner or lessee, on or before November 2, 2012, of such Class Vehicle that was registered in a Province or Territory of Canada and (ii) who resides in a Province or Territory of Canada other than the Province of Quebec, except that the following are excluded:  (i) Daily Rental Fleet Owners; (ii) government entities; (iii) judges assigned to the Ontario Proceeding; and (iv) persons who have previously executed a release of **["HAC or HMA" or KCI, as applicable]** that includes a claim concerning fuel mileage; and (v) Persons who validly opt-out of the Settlement by the timely submission of an Opt-Out Form as provided for herein

4.      **THIS COURT ORDERS** that _____ be and is hereby appointed as representative plaintiff in the Action for the purpose of settlement only;

5.      **THIS COURT ORDERS** that the Action is certified for the purpose of settlement only on the basis of the following common issue:

> Did the defendants misrepresent that the **[Hyundai or KIA, as applicable]** Class Vehicles, or any of them, had fuel economy ratings that they do not have?

6.      **THIS COURT DECLARES** that the settlement as set forth in the Settlement Agreement is fair, reasonable and in the best interests of the Class Members;

**Exhibit 21**
**Page 72**

7.      **THIS COURT ORDERS** that the settlement of this Action on the terms set forth in the Settlement Agreement be and is hereby approved pursuant to section 29 of the *Class Proceedings Act, 1992*, SO 1992 c 6 (the "*CPA*");

8.      **THIS COURT ORDERS** that the Settlement Agreement in its entirety (including its preambles, recitals and schedules) forms part of this Order, and has the full force and effect of an order of this Court;

9.      **THIS COURT ORDERS** that the Settlement Agreement shall be implemented in accordance with its terms and is valid and binding on the Plaintiffs, class members and Defendants, including persons who are minors or under a disability, as defined in the *Rules of Civil Procedure* ("Rules");

10.     **THIS COURT ORDERS** that the need for service or notice of this or any further or subsequent steps in this Action on the Office of the Children's Lawyer or the Public Guardian and Trustee, as well as all other requirements in Rule 7 of the Rules, are hereby dispensed with;

11.     **THIS COURT ORDERS** that the form and content of the Second Notice, substantially in the form attached as Schedule "B" (Short Form) and Schedule "C" (Long Form) are approved;

12.     **THIS COURT ORDERS** that the proposed manner of distributing the Second Notice as described in the Settlement Agreement is approved (the "Notice Plan");

13.     **THIS COURT DECLARES** that the last date for mailing of the Second Notice in accordance with Section 12.1.2 of the Settlement Agreement is _____ .

**Exhibit 21**
**Page 73**

-58-

14.    **THIS COURT DECLARES** that the Second Notice and the Notice Plan constitute fair and reasonable notice to the class of the approval of the settlement, of the right of class members to opt-out of the settlement, and of procedures by which class members may make a claim for benefits under the settlement, and satisfy the requirements of sections 19 and 29 of the *Class Proceedings Act, 1992*;

15.    **THIS COURT ORDERS** that any person who wishes to exclude him, her or itself from this Action must do so by submitting to Class Counsel an Opt-Out Form, together with the information required by the Opt-Out Form, postmarked on or before the date that is thirty (30) days after the last date for mailing of the Second Notice as specified in paragraph 13 of this Order (the "Opt-Out Deadline");

16.    **THIS COURT ORDERS** that any person who validly excludes him, her or itself from this Action in accordance with paragraph 15 of this Order, is not bound by the Settlement Agreement and shall no longer participate or have the opportunity in the future to participate in the settlement of this Action;

17.    **THIS COURT ORDERS** that any person who is a member of the Class and who does not validly exclude him, her or itself from this Action in accordance with paragraph 15 of this Order on or prior to the Opt-Out Deadline will be bound by the Settlement Agreement, including the releases contained therein, and may not exclude him, her or itself from this Action in the future, whether or not a claim for benefits under the Settlement Agreement is submitted by that person.

18.    **THIS COURT ORDERS** that the form and content of the Opt-Out Form, substantially in the form attached as Schedule "D", is approved.

**Exhibit 21**
**Page 74**

19.     **THIS COURT ORDERS** that the Plaintiff, and all other Releasors (which includes any one or more of them), shall be deemed to have and does hereby release, waive and forever discharge each Releasee whether or not specifically named herein, from any and all past, present, and future liabilities, claims, causes of action (whether in contract, tort or otherwise, including statutory, common law, civil law, property, and equitable claims), damages, costs, lawyers' fees, losses, or demands, whether known or unknown, existing or potential, or suspected or unsuspected, that (a) were asserted in the Canadian Proceedings or (b) relate to (i) fuel economy ratings for one or more class vehicles; (ii) the marketing of such fuel economy ratings and any related disclosures or alleged nondisclosures; (iii) miles-per-gallon of fuel, or litres of fuel per 100 kilometres, obtained or achieved by a Class Vehicle or (iv) the transactions, actions, conduct or events that are the subject of the Canadian Proceedings regarding the Class Vehicles ("Released Claims"); provided that the Released Claims shall include any unknown claims that a Settlement Class Member does not know to exist against any of the Releasees which, if known, might have affected his or her decision regarding the settlement of the Canadian Proceedings; provided further that the Class Representatives acknowledge that they and the other Settlement Class Members may hereafter discover facts in addition to or different from those that they now know or believe to be true concerning the subject matter of this release but the Released Claims shall nonetheless be deemed to include any and all Released Claims without regard to the existence of such different or additional facts concerning each of the Releasees.  Notwithstanding the foregoing, no claims are released hereunder for:  (i) personal injury; (ii) damage to property other than a Class Vehicle; or (iii) any and all claims that do not pertain to the Class Vehicles;

20.     **THIS COURT ORDERS** that Releasors are forever barred and enjoined from directly or indirectly instituting, continuing, maintaining, asserting, either directly or indirectly, whether in

**Exhibit 21**
**Page 75**

Canada or elsewhere, on their own behalf or on behalf of any class or any other person, any manner of claim, demand, action, suit, Quebec civil law or other statutory liability, cause of action, or demand against any Releasee or any other person who may claim contribution or indemnity from any Releasee in respect of any Released Claim or any matter related thereto;

21.     **THIS COURT ORDERS** that HAC and KCI shall administer the settlement in accordance with the Settlement Agreement;

22.     **THIS COURT ORDERS** that HAC and KCI shall provide Class Counsel, who shall provide it to the Court, a report at the conclusion of the administration of the claims process, accounting for all monies it has administered under the settlement, and detailing all monies it proposes to distribute to Authorized Claimants;

23.     **THIS COURT ORDERS** that if the Settlement Agreement is terminated in accordance with its terms, then, without restricting the application of the provisions of the Settlement Agreement:

   (a)     this Order shall be set aside and be of no further force or effect; and

   (b)     all negotiations, statements and proceedings relating to the Settlement Agreement shall be deemed to be without prejudice to the rights of the Parties, and the Parties shall be deemed to be resorted to their respective positions existing immediately before the Settlement Agreement was executed.

24.     **THIS COURT ORDERS AND ADJUDGES** that, upon the occurrence of the Effective Date, this Action shall be and is hereby dismissed without costs and with prejudice.

**Exhibit 21
Page 76**

**Exhibit 21**
**Page 77**

Court File No.

Plaintiff

-and-

Defendant(s)

-62-

***ONTARIO***
**SUPERIOR COURT OF JUSTICE**

PROCEEDING COMMENCED AT
LONDON

Proceeding under the *Class Proceedings Act, 1992*

**ORDER**

**[Plaintiffs to insert firm details]**

**Exhibit 21**
**Page 78**

**EXHIBIT J**

**PROPOSED QUEBEC SETTLEMENT APPROVAL ORDER**

**(Class Action)**
**SUPERIOR COURT**

**CANADA**
**PROVINCE OF QUÉBEC**
**DISTRICT OF MONTREAL**

**Nº** _____

_____

Petitioner

v.

_____

Defendant

**JUDGMENT**

1.    The Petitioner has filed a motion seeking authorization of this proceeding as a class action and approval of the settlement of this proceeding in accordance with a Settlement Agreement dated _____, 2013 attached to this Judgment as Schedule "A" (the "Settlement Agreement").

2.    The settlement as set forth in the Settlement Agreement is fair, reasonable and in the best interests of Class members.

**Exhibit 21**
**Page 79**

3.      And on reading the materials filed, including the Settlement Agreement, the Affidavit of

_____, the Notice of Settlement Approval and the Notice Plan, and on hearing the

submissions of counsel for the Petitioner and the Defendant:

**FOR THESE REASONS, THE COURT:**

4.      **DECLARES** that for the purposes of this Judgment the definitions set out in the

Settlement Agreement apply to and are incorporated into this Judgment;

5.      **ORDERS** that this Action is authorized as a class proceeding, pursuant to Articles 999 *et*

*seq.* of the Quebec *Code of Civil Procedure*, RSQ, c C-25 (the "C.p.c."), for the purposes of

settlement only;

6.      **ORDERS** that the Class and Class Members are defined as:

> any natural or legal person who is a current or former owner or
> lessee of a **[Hyundai or KIA, as applicable]** Class Vehicle (i)
> who was the owner or lessee, on or before November 2, 2012, of
> such Class Vehicle that was registered in a Province or Territory of
> Canada and (ii) who resides in the Province of Quebec, except that
> the following are excluded:  (i) Daily Rental Fleet Owners; (ii)
> government entities; (iii) judges assigned to the Quebec
> Proceeding; (iv) persons who have previously executed a release of
> **["HAC or HMA" or KCI, as applicable]** that includes a claim
> concerning fuel mileage; and (v) Persons who validly opt-out of
> the Settlement by the timely submission of an Opt-Out Form as
> provided for herein.

7.      **ORDERS** that _____ be and is hereby appointed as representative

plaintiff in the Action for the purpose of settlement only;

8.      **ORDERS** that the common issue for authorization is as follows:

> Did the defendants misrepresent that the **[Hyundai or KIA, as
> applicable]** Class Vehicles, or any of them, had fuel economy
> ratings that they do not have?

**Exhibit 21
Page 80**

9.      **THIS COURT DECLARES** that the settlement as set forth in the Settlement Agreement is fair, reasonable and in the best interests of the Class Members;

10.     **APPROVES** the settlement of this Action on the terms set forth in the Settlement Agreement pursuant to §1025 of the C.p.c.;

11.     **ORDERS** that the Settlement Agreement in its entirety (including its preambles, recitals and schedules) forms part of this Judgment, and has the full force and effect of an order of this Court;

12.     **ORDERS** that the Settlement Agreement shall be implemented in accordance with its terms and is valid and binding on the Petitioner, class members and Defendants, including persons who are minors or are incapable or are under a disability;

13.     **APPROVES** the form and content of the Second Notice, substantially in the form attached as Schedule "B" (Short Form) and Schedule "C" (Long Form);

14.     **APPROVES** the proposed manner of distributing the Second Notice as described in the Settlement Agreement (the "Notice Plan");

15.     **DECLARES** that the last date for mailing of the Second Notice in accordance with Section 12.1.2  of the Settlement Agreement is _____ .

16.     **DECLARES** that the Second Notice and the Notice Plan constitute fair and reasonable notice to the class of the approval of the settlement, of the right of class members to opt-out of the settlement, and of procedures by which class members may make a claim for benefits under the settlement;

**Exhibit 21
Page 81**

17.     **ORDERS** that any person who wishes to exclude him, her or itself from this Action must do so by submitting to Class Counsel an Opt-Out Form, together with the information required by the Opt-Out Form, postmarked on or before the date that is thirty (30) days after the last date for mailing of the Second Notice as specified in paragraph 15 of this Order (the "Opt-Out Deadline");

18.     **ORDERS** that any person who validly excludes him, her or itself from this Action in accordance with paragraph 17 of this Order, is not bound by the Settlement Agreement and shall no longer participate or have the opportunity in the future to participate in the settlement of this Action;

19.     **ORDERS** that any person who is a member of the Class and who does not validly exclude him, her or itself from this Action in accordance with paragraph 17 of this Order on or prior to the Opt-Out Deadline will be bound by the Settlement Agreement, including the releases contained therein, and may not exclude him, her or itself from this Action in the future, whether or not a claim for benefits under the Settlement Agreement is submitted by that person.

20.     **APPROVES** the form and content of the Opt-Out Form, substantially in the form attached as Schedule "D";

21.     **ORDERS** that the Petitioner, and all other Releasors (which includes any one or more of them), shall be deemed to have and does hereby release, waive and forever discharge each Releasee whether or not specifically named herein, from any and all past, present, and future liabilities, claims, causes of action (whether in contract, tort or otherwise, including statutory, common law, civil law, property, and equitable claims), damages, costs, lawyers' fees, losses, or demands, whether known or unknown, existing or potential, or suspected or unsuspected, that (a)

**Exhibit 21**
**Page 82**

were asserted in the Canadian Proceedings or (b) relate to (i) fuel economy ratings for one or more class vehicles; (ii) the marketing of such fuel economy ratings and any related disclosures or alleged nondisclosures; (iii) miles-per-gallon of fuel, or litres of fuel per 100 kilometres, obtained or achieved by a Class Vehicle or (iv) the transactions, actions, conduct or events that are the subject of the Canadian Proceedings regarding the Class Vehicles ("Released Claims"); provided that the Released Claims shall include any unknown claims that a Settlement Class Member does not know to exist against any of the Releasees which, if known, might have affected his or her decision regarding the settlement of the Canadian Proceedings; provided further that the Class Representatives acknowledge that they and the other Settlement Class Members may hereafter discover facts in addition to or different from those that they now know or believe to be true concerning the subject matter of this release but the Released Claims shall nonetheless be deemed to include any and all Released Claims without regard to the existence of such different or additional facts concerning each of the Releasees.   Notwithstanding the foregoing, no claims are released hereunder for:  (i) personal injury; (ii) damage to property other than a Class Vehicle; or (iii) any and all claims that do not pertain to the Class Vehicles;

22.    **ORDERS** that Releasors are forever barred and enjoined from directly or indirectly instituting, continuing, maintaining, asserting, either directly or indirectly, whether in Canada or elsewhere, on their own behalf or on behalf of any class or any other person, any manner of claim, demand, action, suit, Quebec civil law or other statutory liability, cause of action, or demand against any Releasee or any other person who may claim contribution or indemnity from any Releasee in respect of any Released Claim or any matter related thereto;

23.    **ORDERS** that the HAC and KCI shall administer the settlement in accordance with the Settlement Agreement;

**Exhibit 21**
**Page 83**

-68-

24. **ORDERS** that HAC and KCI shall provide Class Counsel, who shall provide it to the Court, a report at the conclusion of the administration of the claims process, accounting for all monies it has administered under the settlement, and detailing all monies it proposes to distribute to Authorized Claimants;

25. **ORDERS** that if the Settlement Agreement is terminated in accordance with its terms, then, without restricting the application of the provisions of the Settlement Agreement:

    (a)    this Order shall be set aside and be of no further force or effect; and

    (b)    all negotiations, statements and proceedings relating to the Settlement Agreement shall be deemed to be without prejudice to the rights of the Parties, and the Parties shall be deemed to be resorted to their respective positions existing immediately before the Settlement Agreement was executed;

26. **ORDERS** that, upon the occurrence of the Effective Date, this Action shall be and is hereby dismissed with prejudice; and

27. **WITHOUT COSTS.**

_____

**Exhibit 21**
**Page 84**

-69-

# EXHIBIT K

## OPT OUT FORM

---

**HYUNDAI/KIA FUEL ECONOMY SETTLEMENT
OPT OUT FORM**

---

| **THIS IS NOT A REGISTRATION FORM OR A CLAIM FORM.**<br>**IT EXCLUDES YOU FROM THE SETTLEMENT CLASS.**<br>**DO NOT USE THIS FORM IF YOU WANT TO RECEIVE BENEFITS UNDER THE SETTLEMENT.** |
|---|

| Name: | | | | |
|---|---|---|---|---|
| | Mr. / Mrs. / Miss / Ms. | | | |
| Current Address: | | | | |
| | Apt/No/Street | City | Province | Postal Code |
| Telephone: | Home: (   ) | | Work: (   ) | |
| | Cell: (   ) | | Fax: (   ) | |
| Date of Birth | | | | |
| Vehicle Brand (Circle one) | Hyundai    KIA | | Model Year (Circle one) | 2011   2012   2013 |
| Vehicle Model | | | Vehicle ID # (VIN) | |

| **Identification of person signing this Opt Out Form:** |
|---|

| ☐ | I was the owner or lessee of the Hyundai or KIA motor vehicle identified above on or before November 2, 2012. I am signing this Form to **EXCLUDE** myself from entitlement to benefits under the Hyundai/KIA Fuel Economy Settlement. |
|---|---|

DATE: _____/_____/_____
      Year    Mo.    Day

_____
Name of Class Member

_____
Signature of Class Member

| **ALL OPT OUT FORMS MUST BE SUBMITTED BY** _____ **TO:** |
|---|
| **<Class Counsel contact info>** |

**Exhibit 21**
**Page 85**

## EXHIBIT L

## SECOND NOTICE

## LONG FORM NOTICE OF SETTLEMENT APPROVAL

### PLEASE READ THIS NOTICE CAREFULLY AS IT MAY AFFECT YOUR RIGHTS

**TO ALL CLASS MEMBERS:**

This notice applies to all persons who owned or leased one of the following Hyundai or KIA vehicles on or before November 2, 2012 that was registered in Canada (a "Class Member"):

**Hyundai:** 2012-2013 Accent, 2011-2013 Elanta, 2013 Elantra Coupe, 2013 Elantra GT, 2012-2013 Veloster, 2012-2013 Genesis, 2012-2013 Tucson, 2013 Santa FE, or 2011-2012 Sonata Hybrid.

**KIA:** 2012-2013 Rio, 2012-2013 Sorento 4 cylinder GDI, 2012-2013 Soul, 2012-2013 Sportage or 2011-2012 Optima Hybrid.

(The "Class Vehicles".)

Class proceeding lawsuits have been initiated in Ontario, Quebec, British Columbia and Saskatchewan in relation to the advertised fuel economy of the Class Vehicles.

The lawsuits allege that the Class Vehicles were advertised with incorrect fuel economy ratings. The defendants deny these allegations and deny any liability or wrongdoing. The court has not taken any position as to the truth or merits of the claims or defences by either side.

Please be advised that the Ontario Superior Court of Justice and the Superior Court of Quebec have approved a settlement agreement that settles all litigation in Canada relating in any way to the represented or actual fuel economy characteristics of the Class Vehicles, subject to the opt-out rights as described below in the section entitled "Opting Out". The settlement provides that the British Columbia and Saskatchewan class actions will be discontinued.

If you would like a copy of the Settlement Agreement, it is available in English and French at www.classaction.ca. It can also be obtained by contacting class counsel as listed below.

**To be entitled to receive benefits under the settlement, Class Members must file a claim with Hyundai or KIA by _____ in the manner described below.**

**SUMMARY OF THE SETTLEMENT AGREEMENT**

- Qualifying class members will be entitled to receive a lump sum benefit as an alternative to the on-going compensation available under the reimbursement programs announced by Hyundai and KIA on November 2, 2012. The value of the settlement benefit will depend on the particular Class Vehicle, the circumstances of ownership or leasing of the Class Vehicle, and the Class Member's election of the form of settlement benefit from among the following options:

  - Compensation provided by debit card that may be used like a

**Exhibit 21**
**Page 86**

credit card or used at an automated teller machine without issuer or other fees ("Base Compensation"). The debit card will be non-transferable and will expire one year after it is issued;

- o 150% of the Base Compensation in the form of a dealer service debit card that may be used at any authorized Hyundai or KIA dealership (as applicable) as payment towards any merchandise, parts or service. The dealer service debit card will be non-transferrable and will expire two years after it is issued; or

- o 200% of the Base Compensation in the form of a new car rebate certificate that may only be used toward the purchase of a new Hyundai or KIA (as applicable) vehicle. The new car rebate will be non-transferable, except that it may be transferred to a family member (child, parent or sibling), and will expire three years after it is issued.

- The defendants have the unilateral right to withdraw from the Settlement Agreement if more than 3% of class members opt out of the settlement.

- Further details regarding the Settlement Agreement may be obtained at www.classaction.ca (English and French), or by contacting class counsel listed below.

- **[If necessary, insert a statement in the French Notice that benefits for members of the Quebec classes are subject to deduction for payments to the Fonds.]**

**OPTING OUT**

All persons residing anywhere in Canada who come with the class definition are automatically included in the class unless they exclude themselves from the class ("opt out"). To opt out, a class member will have to complete, sign and return an "Opt-Out Form" to Class Counsel postmarked or deposited by courier by _____.

If a class member does not timely and properly opt out, he or she will be forever barred from instituting any action against the Defendants and/or any released parties (which are specified in the Settlement Agreement in the definition of "Releasees") relating to the represented fuel economy of the Class Vehicles – regardless of whether the class member files a claim under the settlement or receives any benefits.

A complete copy of the Settlement Agreement, and a detailed instruction package on how to obtain, complete and submit an Opt-Out Form, are available at www.classaction.ca, or by contacting class counsel as indicated below.

**MAKING A CLAIM**

In order to make a claim for benefits under the settlement, a class member must complete, sign and return a "Claim Form" to Hyundai or KIA (as applicable) with the supporting documentation specified therein postmarked or deposited by courier by _____. If a class member does not timely and properly make a claim under the Settlement Agreement, he or she will be forever barred from receiving any benefits under the settlement.

A detailed instruction package on how to obtain, complete and submit a Claim Form is available at www.classaction.ca, or by contacting Class Counsel as indicated below. _____.

**IMPORTANT DEADLINES**

_____ - Deadline to Opt Out of the Settlement Class.

_____ - Deadline to submit a Claim Form.

**Exhibit 21
Page 87**

| | Because of these deadlines you must act without delay. |
|---|---|
| **LEGAL FEES** | **[To be determined]** |
| **FURTHER INFORMATION** | For further information please contact class counsel as follows:<br><br>**[Insert contact information]** |

**Publication of this notice has been authorized by the Ontario Superior Court of Justice and the Superior Court of Quebec**

**Exhibit 21**
**Page 88**

## SHORT FORM NOTICE OF SETTLEMENT APPROVAL

# DID YOU PURCHASE OR LEASE A 2011-2013 HYUNDAI OR KIA MOTOR VEHICLE?

IF YOU OWNED OR LEASED A 2011-2013 HYUNDAI OR KIA MOTOR VEHICLE ON OR BEFORE NOVEMBER 2, 2012, PLEASE READ THIS NOTICE CAREFULLY. IT MAY AFFECT YOUR LEGAL RIGHTS, AND YOU MAY BE ENTITLED TO BENEFITS FROM A NATIONAL SETTLEMENT.

Class proceeding lawsuits have been initiated in Ontario, Quebec , British Columbia and Saskatchewan in relation to the advertised fuel economy of the following motor vehicles (the "Class Vehicles"):

**Hyundai:** 2012-2013 Accent, 2011-2013 Elanta, 2013 Elantra Coupe, 2013 Elantra GT, 2012-2013 Veloster, 2012-2013 Genesis, 2012-2013 Tucson, 2013 Santa FE, or 2011-2012 Sonata Hybrid.

**KIA:** 2012-2013 Rio, 2012-2013 Sorento 4 cylinder GDI, 2012-2013 Soul, 2012-2013 Sportage or 2011-2012 Optima Hybrid.

The lawsuits allege that the Class Vehicles were advertised with incorrect fuel economy ratings. The defendants deny these allegations and deny any liability or wrongdoing. The court has not taken any position as to the truth or merits of the claims or defences by either side.

A settlement agreement has been reached and approved by both of the Ontario Superior Court of Justice and the Quebec Superior Court that settles all litigation in Canada relating in any way to the represented or actual fuel economy characteristics of the Class Vehicles. The Defendants, while not admitting liability, will make lump sum settlement benefits available to persons who owned or leased a Class Vehicle before November 2, 2012. Certain groups are excluded from the settlement, such as certain vehicle fleet owners and persons who have previously executed a release in favour of Hyundai Auto Canada Corp., Hyundai Motor America, Inc., Kia Canada Inc. or Kia Motors America, Inc. The British Columbia and Saskatchewan actions will be discontinued.

If you purchased or leased a Class Vehicle you should immediately review the full legal notice in this matter to ensure you understand your legal rights. A copy of the full legal notice may be viewed at www.classaction.ca. It can also be obtained by contacting class counsel as listed below.

All persons residing anywhere in Canada who come within the class definition are automatically included in the settlement class unless they properly exclude themselves ("Opt Out"). All class members who do not Opt-Out will be forever barred from instituting individual actions in respect of the damages alleged in the class action.

Opt-Out Forms must be completed by _____.

Claims for benefits under the settlement must be completed by _____.

**Class counsel can be reached as follows:**

**[Insert contact information]**

Publication of this notice has been authorized by the Ontario Superior Court of Justice and the Superior Court of Quebec.

**Exhibit 21**
**Page 89**



Hyundai Auto Canada Corp.
75 Frontenac Drive, Markham, Ontario L3R 6H2
TEL: 905-477-0202    FAX: 905-477-3820
CORPORATE WEBSITE: hyundaicanada.com
MEDIA WEBSITE: hyundainews.ca

**PRESS RELEASE**
(to be issued after motion for notice approval, January 27, 2014)

## HYUNDAI REACHES AGREEMENT IN CANADIAN LITIGATION FOLLOWING RESTATEMENT OF FUEL ECONOMY RATINGS

*Auto Company Pleased to Secure an Agreement for Cases and Provide Affected Owners with Choice of Alternative "Lump Sum" Reimbursement*

**MARKHAM, Ontario (Date) –** Hyundai Auto Canada Corp. today announced that it has entered into an agreement with current and former owners and lessees of vehicles affected by the auto company's November 2012 restatement of fuel economy ratings. The adjustment affected approximately 130,000 Hyundai 2011-2013 model year vehicles, increasing their combined city/highway fuel consumption by 0.2-0.8 L/100km. While today's agreement is valued at up to $46.65 million in cash compensation plus other available options, that number is dependent on how many customers elect to participate in the settlement's one-time lump sum payment option or remain in the existing reimbursement program Hyundai introduced at the time of the restatement.

"We are pleased with the proposed settlement, which we believe once again demonstrates Hyundai's commitment to taking care of its customers," said Faithlyn Hemmings, Senior Legal Counsel at Hyundai Auto Canada Corp.

At the time of the restatement, Hyundai provided a reimbursement program to cover the additional fuel costs associated with the rating change – plus a 15 percent premium in acknowledgement of the inconvenience – to customers for as long as they owned or leased an affected vehicle. Affected owners and lessees are compensated based on their actual kilometers driven and the fuel costs for the region in which they live.

"While customers have responded favorably to the original reimbursement program, today's settlement is designed to provide them with an additional compensation option, again intended to make customers fully whole for Hyundai's fuel economy ratings restatement," said Hemmings.

"Hyundai should be commended for doing the right thing and resolving this issue with its customers. The fact that a class member is able to choose one of a variety of lump sum payments, or to remain in the reimbursement program, provides real benefits to this large class of customers," said Michael Peerless of Siskinds LLP, the lead plaintiff lawyer involved in the settlement.

Under the terms of the proposed settlement, a single lump sum payment will be provided as an option to the original reimbursement program. The lump sum payments will vary by type of vehicle, and will be reduced for any amounts already received through Hyundai's existing reimbursement program. For example, an individual owner who purchased a new 2012 Elantra would receive a lump sum payment of $361, minus any previous reimbursement payments. Affected Hyundai owners may elect the one-time lump sum cash payment or remain in the auto company's ongoing reimbursement program for as long as they lease or own the affected vehicle; the choice is theirs. Consumers can also elect other options,

**Exhibit 21**
**Page 90**

such as a dealership credit of 150 percent of the lump sum cash payment amount, or a credit of 200 percent of the cash amount toward the purchase of a new Hyundai vehicle.

Courts in Ontario and Quebec are expected to review the agreement for approval in early 2014. Assuming approval is granted, notices will then be provided to all affected customers.

**HYUNDAI AUTO CANADA CORP.**
Hyundai Auto Canada, established in 1983 and headquartered in Markham, Ontario, is a subsidiary of Hyundai Motor Company of Korea. Hyundai vehicles are distributed throughout Canada by Hyundai Auto Canada and are sold and serviced through 210 dealerships nationwide. Learn more at www.HyundaiCanada.com.

- 30 -

For interviews or additional information, please contact:

Chad Heard, Public Relations Manager, Hyundai Auto Canada Corp.
Office: (905) 948-6712, Mobile: (416) 559-9640, Email: cheard@hyundaicanada.com

Patrick Danielson, Public Relations Specialist, Hyundai Auto Canada Corp.
Office: (905) 948-6876, Mobile: (416) 518-5852, Email: pdanielson@hyundaicanada.com

**Exhibit 21**
**Page 91**

# EXHIBIT N

### KIA CANADA RESOLVES LITIGATION
### RELATING TO RESTATEMENT OF FUEL CONSUMPTION RATINGS

### *Automaker Pleased to Reach Agreement and Provide Affected Customers with Alternative Reimbursement Options Including a Lump Sum Cash Payment*

... – Kia Canada Inc. today announced that it has reached an agreement with current and former owners and lessees of vehicles affected by the automaker's November 2012 restatement of fuel consumption ratings.  The adjustment affected approximately 41,000 2011-13 model year Kia vehicles.  While today's proposed settlement agreement is valued at up to approximately $23 million, the final number will be determined by the actual number of customers that elect to participate in one of the settlement's lump-sum payment options, or instead to remain in the lifetime reimbursement program Kia Canada introduced at the time of the restatement, which reimburses based on actual fuel expenses.

"Kia Canada is pleased with the proposed agreement, which demonstrates Kia's ongoing goal of ensuring our customers are fairly compensated," said Kay Nguyen, Managing Legal Counsel Kia Canada Inc.  "Kia Canada is fully committed to customer satisfaction, and this proposed settlement provides flexibility for our customers by adding additional payment options to the existing reimbursement program that Kia previously introduced."

Kia Canada has already established a program that provides compensation to affected owners for added fuel costs as a result of the fuel consumption ratings adjustments at the time of the original restatement – plus an extra 15 percent for any inconvenience.  Affected owners and lessees are reimbursed based on their actual kilometers driven and the fuel costs for the region in which they live.


Under the terms of the proposed settlement, Kia Canada and the plaintiffs agreed to add lump-sum payment options.  The proposed cash lump-sum amount varies by vehicle and ownership type and accounts for previously received compensation and will be reduced by any amounts already received through Kia Canada's existing reimbursement program. Consumers can also elect other options such as a dealership credit of 150% of the lump sum cash payment amount, or a credit of 200% of the cash amount towards the purchase of a new Kia vehicle.

**Exhibit 21
Page 92**

"Today's agreement clearly articulates Kia's willingness to take care of its customers, and Kia should be commended for doing the right thing," said Michael Peerless of Siskinds LLP, the lead plaintiff lawyer involved in the settlement. "This settlement provides additional options for consumers by allowing them to choose from a number of lump sum payment options, which provides a real benefit to the class of consumers."

Courts in Ontario and Quebec are expected to review the agreement for preliminary approval in early 2014. Assuming approval is granted, notices will be sent to all affected class members.

**Exhibit 21**
**Page 93**