# EXHIBIT 22

<u>CITATION</u>: Grieve v. Hyundai, 2014, ONSC 1731
COURT FILE NO.: 8542/12 CP
DATE: 2014/03/19

# ONTARIO

## SUPERIOR COURT OF JUSTICE

| | |
|---|---|
| B E T W E E N: | ) |
| Stephanie Grieve | ) M. Peerless/M. Baer, for the plaintiff |
| Plaintiff | ) |
| - and - | ) |
| Hyundai Auto Canada Corp. and Hyundai Motor America, Inc. (c.o.b. as "Hyundai Auto Canada") | ) M. Eizenga/L. Theall, for the defendants |
| Defendants | ) |

COURT FILE NO.: 8550-12
DATE: 2014/03/19

# ONTARIO

## SUPERIOR COURT OF JUSTICE

| | |
|---|---|
| B E T W E E N: | ) |
| Joseph Gansevles | ) M. Peerless/M. Baer, for the plaintiff |
| Plaintiff | ) |
| - and - | ) |
| Kia Canada Inc. | ) S. F. Rosenhek, for the defendant |
| Defendant | ) |
| | ) HEARD: March 14, 2014 |

Exhibit 22
Page 94

## RADY J

[1]    These are proposed class proceedings in which it is alleged that the defendants misstated the fuel efficiency of certain Hyundai and Kia automobiles. On November 2, 2012, the defendants had announced that they were restating the fuel efficiency values for certain makes and model years of the vehicles by three percent less on average. Similar litigation was commenced in Quebec, Saskatchewan, British Columbia and in the United States.

[2]    Approximately 130,000 Hyundai vehicles and 42,000 Kia vehicles were affected by the restatement and had been sold in Canada as of that date.

[3]    The misstated fuel efficiency values are alleged to have been the result of certain procedural errors performed by the energy efficiency team at the defendants' research development facility in South Korea. Having been alerted to these errors, the defendants removed the offending information from its marketing and other print materials and replaced them with the corrected data.

[4]    Fuel efficiency values are one of the factors consumers consider when making purchasing and leasing decisions. To their credit, the defendants put in place a voluntary program in order to compensate affected consumers for additional fuel costs. The program requires affected consumers to visit their local dealership yearly in order to receive a prepaid credit card.

[5]    The proposed settlements are in addition to the existing voluntary program, which remains in place. The total cash value of the settlements is as much as $69.95 million and other settlement options might increase the total value to $139.3 million.

[6]    Four settlement options are available to both current and former owners of class vehicles. Those options are more fully described below:

Exhibit 22
Page 95

1. A lump payment (base quantum). Base quantum payments vary by make and model year and are based on the size of the fuel efficiency restatement as well as negotiated variables such as the average number of kilometres driven per year (being 24,140), the average years of vehicle ownership (being 4.7), and the average fuel price (being $1.29 per litre). Base quantum payments vary from a low of $241 to a high of $1,480. Base quantum amounts are paid in the form of a debit card that may be used like a credit card or used at an automatic teller machine. Class members have one year to use the balance on the debit card. There are no restrictions that would prevent class members from transferring the entire balance of the debit card to one of their bank accounts, and there are no fees associated with use of the debit card. Any compensation that class members have already received under the current reimbursement program would be deducted from the base quantum amount. This option is especially appealing to class members who do not wish to visit the dealership on a repeated basis throughout the course of their ownership of the vehicle, who want to get their total payment up front, who do not plan to keep their vehicle for long, and/or who drive less distance per year than the stated average;

2. Stay in/join the current annual reimbursement program where compensation is available based on actual kilometres driven for as long as they continue to own the vehicle. This option has more appeal to class members who drive significantly greater kilometres than the stated average and/or who plan to keep their vehicle significantly longer than the stated average. The previously voluntary program forms part of the settlement and will now be under the supervision of class counsel and the courts;

Exhibit 22
Page 96

3. 150% of the base quantum amount in the form of a dealer service debit card to be used at authorized Hyundai dealers (for Hyundai class vehicles) or authorized Kia dealers (for Kia class vehicles) in payment toward any merchandise, parts, or service for a period of two years. This option is attractive to those who service their vehicle at the dealership because it provides them with greater compensation toward future expenses they would have incurred in any event;

4. 200% of the base quantum amount in the form of a new car rebate certificate which can be used toward the purchase of a new Hyundai vehicle (for Hyundai settlement class members) or a new Kia vehicle (for Kia settlement class members). The new car rebate certificate can be transferred to a family member and is valid for three years after it is issued. This is appealing to class members who themselves, or a family member, are looking to purchase a new vehicle because it provides them with the highest level of compensation.

[7]     Current non-original owners are also eligible to participate in the settlement and they may choose one of the four options, although their compensation is reduced.

[8]     The administration of the settlement and its cost is being assumed by the defendants and none of the costs will reduce the benefits available to class members. A reasonably streamlined claims process is contemplated with periodic progress reports to the court.

[9]     Notice approval was previously given and the notice generated a considerable response. Mr. Peerless advised that the response received by his team was unprecedented in his (considerable) experience.

Exhibit 22
Page 97

Mar. 19. 2014  2:12PM                                                                  No. 2342   P. 6/8
Case 2:13-ml-02424-GW-FFM   Document 271-10   Filed 07/09/14   Page 6 of 8   Page ID #:4445

- 5 -

[10]  Two objections were received and several persons expressed dissatisfaction with the settlement but I am satisfied that they are far outnumbered by those who are content with the proposed resolution.

[11]  The case law respecting the criteria to be considered in assessing whether a settlement is fair, reasonable and in the best interests of the class as a whole is well established. The court may take into consideration such factors as:

- the presence of arm's-length bargaining and the absence of collusion;
- the proposed settlement terms and conditions;
- the number of objectors and nature of objections;
- the amount and nature of discovery, evidence or investigation;
- the likelihood of recovery or likelihood of success;
- the recommendations and experience of counsel;
- the future expense and likely duration of litigation;
- information conveying to the court the dynamics of, and the positions taken by the parties during the negotiations;
- the recommendation of neutral parties, if any; and
- the degree and nature of communications by counsel and the representative plaintiff with class members during the litigation.

[12]  See, for example, *Dabbs v. Sun Life Assurance Co. of Canada* (1998), 40 O.R. (3d) 429 (Gen.Div.); aff'd (1998), 41 O.R. (3d) 97 (C.A.); leave to appeal to S.C.C. dismissed.

[13]  Having considered the foregoing criteria, the value of the settlement, the range of options available to class members, the fact that the defendants are bearing the cost of administration, the generally positive response to the settlement and the risks associated

Exhibit 22
Page 98

- 6 -

with continued litigation, I am entirely satisfied with the proposed settlements I should also note that fees and disbursements remain to be negotiated and do not form part of this settlement package. In other words, legal fees and disbursements will not reduce the benefits available to class members.

[14]   The orders have been signed and are available for pick up.

_____
Justice H. A. Rady

Released:   March 19, 2014

Exhibit 22
Page 99

CITATION: Grieve v. Hyundai and Gansevles v. Kia, 2014, ONSC 1731
COURT FILE NO.: 8542/12 CP and 8550-12
DATE: 2014/03/19

## ONTARIO

### SUPERIOR COURT OF JUSTICE

BETWEEN:

Stephanie Grieve

Plaintiff

- and –

Hyundai Auto Canada Corp. and Hyundai Motor America, Inc. (c.o.b. as "Hyundai Auto Canada")

Defendants

- and –

Joseph Gansevles

Plaintiff

- and –

Kia Canada Inc.

Defendant

---

**REASONS FOR JUDGMENT**

Justice H. A. Rady

Released:  March 19, 2014

Exhibit 22
Page 100