HARVEY ROSENFIELD (SBN 123082)
harvey@consumerwatchdog.org
PAMELA PRESSLEY (SBN 180362)
pam@consumerwatchdog.org
LAURA ANTONINI (SBN 271658)
laura@consumerwatchdog.org
**CONSUMER WATCHDOG**
2701 Ocean Park Blvd., Suite 112
Santa Monica, CA 90405
Tel:  (310) 392-0522 / Fax:  (310) 392-8874

*Attorneys for the Krauth and Hasper, et al. Plaintiffs*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: HYUNDAI AND KIA FUEL ECONOMY LITIGATION | Case No. 2:13-ml-02424-GW-FFM |
| | **DECLARATION OF HARVEY ROSENFIELD IN SUPPORT OF *KRAUTH/HASPER* PLAINTIFFS' RESPONSE TO SETTLING PARTIES' SUPPLEMNTAL BRIEF IN SUPPORT OF PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS** |
| | Date:            July 24, 2014<br>Time:             9:30 a.m.<br>Judge:       Hon. George H. Wu<br>Courtroom:          10 |

I, Harvey Rosenfield, declare as follows:

1.      I am the founder of, and presently outside counsel to, Consumer Watchdog, and a member of the Bar of the State of California. I am one of the attorneys of record for Plaintiffs Gunther Krauth, Linda Hasper, Kelly Moffett, Evan Grogan, Carlos Medina, Alberto Dominguez, Catherine Bernard, Michael Breien, Laura Gill, Thomas Schille, Judith Stanton, Randy Rickert, and Bryan Zirkel ("*Krauth/Hasper* Plaintiffs") in this action.

2.      I am submitting this declaration in support of the *Krauth/Hasper* Plaintiffs' response, dated today, to arguments made by the Settling Parties in their Supplemental Brief in Support of Preliminary Approval of Class Settlement and Certification of Settlement Class, which was filed on July 9, 2014 (Dkt. No. 271), and in their Reply briefs in support of their Motion for Preliminary Approval, filed by the Defendants, Settling Plaintiffs and Liaison Counsel on June 13, 2014. (Dkt. Nos. 248 and 250.)  I have personal knowledge of the facts stated herein and, if called as a witness, I could and would competently testify to the truth thereof.

3.      Established in 1985, Consumer Watchdog is a non-profit, tax-exempt consumer research, education, litigation, and advocacy organization.  Consumer Watchdog's legal staff advocates on behalf of consumers before the courts, regulatory agencies, and the legislature. Consumer Watchdog utilizes a combination of litigation, advocacy and public education to effectuate its mission. The personnel of Consumer Watchdog include some of the nation's foremost consumer advocates and experts on consumer matters.  Over the course of nearly three decades, Consumer Watchdog's attorneys have represented consumers in numerous class actions, civil lawsuits, and administrative complaints challenging unfair business practices by errant corporations. Consumer Watchdog attorneys have also enforced state anti-corruption laws Consumer Watchdog attorneys have established precedential decisions in numerous landmark cases.  A copy of

Consumer Watchdog's Legal Project resume, describing the class actions and other litigation brought by the organization and its attorneys, is attached as Exhibit A.

4.     In the public policy arena, Consumer Watchdog's education and advocacy activities have long included defense of the civil justice system and the judicial branch against proposals to reduce consumers' access to the courts, restrict class actions or place limits on other forms of civil redress.

5.     As noted above, Consumer Watchdog attorneys have represented consumers/plaintiffs in many class actions like the present one, and in other forms of civil litigation. However, on three occasions, over the last three decades, where the interests of justice and the protection of consumers warranted, Consumer Watchdog and its attorneys have challenged settlements of class action lawsuits that were inadequate or unfair to consumers. Though rare, such challenges are consistent with Consumer Watchdog's mission of protecting and defending the ability of consumers to join together, through a class action, to remedy and prevent abusive practices.

6.     In "Defendant's Joinder and Reply in Support of Motion for Preliminary Approval of Class Settlement" ("Reply") dated June 13, 2014 (Dkt. No. 250), Hyundai and Kia state that "Consumer Watchdog has been recognized as a professional objector, with an established history of attempting to opportunistically interject itself into agreed-upon settlements." (Reply, p. 1, fn.3.) To support that self-evidently nonsensical assertion – as noted above, Consumer Watchdog attorneys principally *prosecute* class actions – Defendants cite to *Benjamin Fogel v. Farmer Group, Inc. et al.*, Los Angeles Superior Court Case No. BC300142.

7.     In *Fogel*, Consumer Watchdog (then known as the Foundation for Taxpayer and Consumer Rights) had filed a lengthy amicus brief before the

California Court of Appeal, explaining that the Superior Court had erred in the proper interpretation of provisions of the Insurance Code as amended by the voters through insurance reform Proposition 103,which I authored. Amicus Curiae Brief of the Foundation for Taxpayer and Consumer Rights, August 9, 2006, 2006 CA App. Ct. Briefs LEXIS 7455. The Court of Appeal reversed the trial court decision, adopting the analysis set forth by Consumer Watchdog. *Fogel v. Farmers Group Inc.* (2008) 160 Cal.App.4th 1403. Upon remand to the Los Angeles Superior Court, the parties announced a settlement that required class members to fill out a claim form; unclaimed funds reverted to entities under the control of the Defendant. Consumer Watchdog attorneys represented a class member who had contacted Consumer Watchdog after seeing media reports about the settlement. He intervened to oppose the proposed settlement. During that proceeding, Consumer Watchdog attorneys were unfortunately compelled to move to disqualify the judge for bias and prejudice. Defendants here attach several pages from a court transcript (Declaration of Joseph Ashby in Support of Motion for Preliminary Approval of Class Settlement, Dkt. No. 251-1, Ex. 1), without explaining that those pages come from the motion filed by Consumer Watchdog attorneys.  A complete copy of that motion is attached as Exhibit B to this Declaration. Consumer Watchdog did not seek or receive any fees in that proceeding. Moreover, Consumer Watchdog refused to accept a fee payment offered by the Court.

8.     The record here further belies the Defendants' disparagement of Consumer Watchdog's work.  Far from "undermining" this case, as the Defendants complain in their Reply (p. 1, fn.3), Consumer Watchdog's work on behalf of the *Krauth/Hasper* plaintiffs – and the 900,000 members of the putative class – has continuously led to improvements in the Proposed Settlement.

9.    In the present action, Counsel for the Defendants, the Settling Plaintiffs and Liaison Counsel all vigorously defend the requirement that Class Members fill out and file a claim form in order to obtain the compensation to which they are entitled under the Proposed Settlement. Seeking to validate their use of a claims form here – where Krauth and Hasper contend it is manifestly unnecessary – Liaison Counsel's "Response in Support of Proposed Settlement" (Docket No. 248) dated June 13, 2104, cites to a different consumer class action in which myself and another Consumer Watchdog attorney were among the co-counsel for the class. (*Id. at* 11-12.) That case, *Faigman v. AT&T Mobility* (Case No. C06-04622 MHP, 2011 WL 672648 (C.D. Cal. Feb. 16, 2011)), challenged Cingular's (now AT&T) practice of providing advertised cell phone "rebates" in the form of gift cards rather than cash.  Mr. Gibbs describes the settlement in *Faigman* as one that "offered $6 to AT&T customers through a claims-made process, even if the class member was a current AT&T customer." (*Id.* at 11.) Omitted from Mr. Gibbs' description is that the principal purpose of the suit, and the core feature of the approved settlement, was to require the Defendant to revise its advertising to clarify that cell phone rebates would be paid through gift cards, not cash. The financial compensation was an ancillary element of the settlement.

10.    Consumer Watchdog would welcome a discussion of its advocacy in these cases, if the Court has any questions.

11.    While as a matter of law the resolution of those class actions has no legal significance on the settlement at issue here, the positions advocated by Consumer Watchdog attorneys in *Fogel*, *Faigman* and this case are consistent: they reflect the organization's unwavering commitment to the protection of their clients' and class members' rights, to the preservation of the integrity of the class action process and to maintaining public confidence in the judicial branch.

1  I declare under penalty of perjury under the laws of the United States that

2  the foregoing is true and correct.  Executed this 18th day of July, 2014, at Santa

3  Monica, California.

4

5  By: _____

6  HARVEY ROSENFILED

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28