# **EXHIBIT A**

```
 1                    UNITED STATES DISTRICT COURT

 2          CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

 3                      HONORABLE GEORGE WU

 4              UNITED STATES DISTRICT JUDGE PRESIDING

 5                              - - -

 6
     In Re:                              )
 7   Hyundai and Kia Fuel Economy        )
     Litigation                          )
 8                                       )   NO. MDL 13-2424 GW
                                         )
 9                                       )
     _____)
10

11

12

13              REPORTER'S TRANSCRIPT OF PROCEEDINGS

14                    LOS ANGELES, CALIFORNIA

15                    THURSDAY, JUNE 26, 2014

16

17

18         _____

19            KATIE E. THIBODEAUX, CSR 9858
              U.S. Official Court Reporter
20            312 North Spring Street, #436
              Los Angeles, California 90012
21

22

23

24

25
```

1  answer to that comes to the next point which is that
2  these lump sum calculations don't arise in a vacuum.
3  They came out of an evolving process of litigation where
4  the defendants, under a lot of pressure, it implemented a
5  voluntary reimbursement program which ostensibly offered
6  full relief as to additional fuel costs for consumers who
7  participated.
8         THE COURT:  That, I generally would agree with,
9  but, again, even then I indicated in one of my footnotes
10 that I think I understood sort of how you got there, but
11 I am not sure if I have all the information necessary to
12 necessarily agree that that is what it is.
13        MR. DESTEFANO:  Well, the relief -- maybe another
14 way to look at it is the relief we are talking about is
15 not necessarily, you know, best to relate to the maximum
16 because the maximum is that every class member could
17 participate in the reimbursement program and show up and
18 get their reimbursements.  What we are offering is, you
19 know, additional capture, in effect, setting a new
20 compensation floor.
21        THE COURT:  Let me just stop you.  I think we are
22 talking about slightly difference things.  You know, I
23 need to get an estimate as to the total value, and when I
24 say total value, I am talking about total, if they want
25 everything, value of the plaintiff's case.

1          Obviously, that is not the real value of the
2  plaintiff's case because, you know, again, when you go
3  into settlement negotiations you don't say I want a
4  realistic figure.  You come up with and say this is what
5  I want, initially, I want everything I can possibly get.
6  I want to know what the total, you know, unencumbered,
7  unreduced, what do you call it, that the plaintiffs'
8  claims are worth.
9          And, obviously, sometimes, it may be difficult
10 to give an estimation.  For example, some people may say,
11 well, you know, there was a question as to, you know, if
12 plaintiffs were successful in establishing that because
13 of these misrepresentations with respect to fuel economy,
14 the value of their cars are less.
15         Well, not to say that in fact could be
16 established, but assuming that it could be established,
17 what would be the figure for that.  Things of that sort.
18 In other words, I want the overall figure so I can say,
19 well, okay, and even then, oft times it is said that you
20 can get a reasonable settlement for a very small
21 percentage, you know, miniscule percentage sometimes of
22 what the overall claim was composed of.  So that is what
23 I want.  I want you to give me those types of numbers so
24 I can think about them.
25         MR. DESTEFANO:  Understood.  Well, we are not

1  prepared to present a specific number today.
2         THE COURT:  I didn't think you would be.  There is
3  a number of reasons why, I can't finalize.  I am
4  indicating my tendencies here, but I can't finalize
5  anything because, again, for things like the fact the
6  notice stuff that was just produced or final versions of
7  the notice stuff was produced a couple of days ago and I
8  have major problems with those.
9         MR. DESTEFANO:  Understood.  Well, if we could get
10 an opportunity to present more along those lines toward
11 the final approval process.
12        THE COURT:  Not a problem.
13        MR. DESTEFANO:  Okay.  Well, again, I think the
14 same point runs through all of the issues that have been
15 raised as to the fairness of the settlement which is that
16 it is a complimentary settlement.  It is a settlement
17 that enhances options that were already available to
18 consumers and adds to them and, you know, to the extent
19 that people --
20        THE COURT:  You are kind of like trying to sell it
21 to me.  I have already indicated that I have no major
22 problems with it.  I just need to get the verifications
23 to make sure that what I think I understand it is, in
24 fact, it is.  And once I get that, then, you know, I will
25 hear from the -- well, obviously, allow at this point in

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

1 you do that, then I would say that pretty much would
2 cover it because I don't think, I didn't see any
3 reference or suggestion of being in magazines or stuff
4 like that.
5             But are you planning to do any of that as
6 well?
7         MR. MORGAN:  No.  The penetration would be fairly
8 comprehensive.
9         THE COURT:  I would probably agree.  And I don't
10 think anybody is claiming that we need advertisements,
11 stuff like that, if there is the mailing, if there is the
12 handouts and I would say if there is the e-mailing as
13 well.
14         MR. MORGAN:  I think the two concerns with the
15 e-mail notice were differential treatment of some class
16 members although I understand the court's point that it
17 is cumulative.
18         THE COURT:  Yes.
19         MR. MORGAN:  And, second, that because the
20 voluntary reimbursement program was done through e-mail
21 that perhaps the class members would understand this is
22 just another voluntary --
23         THE COURT:  If they are getting it by mail as
24 well.  In other words, because it is cumulative, and,
25 again, depending upon the language that is used, it could

```
 1  be made clear, very clear, to indicate in the e-mails
 2  that as it will be with the mailings that participation
 3  in the reimbursement program doesn't preclude further
 4  benefits under the settlement.
 5         MR. MORGAN:  I think that is fine, your Honor.
 6         THE COURT:  All right.  Yes.
 7         MR. MCCUNE:  Looks like Footnote 20 and 26, the
 8  court points out some deficits in the claims process.
 9         THE COURT:  And there is a lot more.  I just got
10  tired of writing it all.
11         MR. MCCUNE:  We will work to clean those up.
12         THE COURT:  All right.  Also, that box that you
13  have.  I didn't understand that box.  Who thought of that
14  one?  It is not necessarily bad, but it is like really
15  misleading.
16         MR. MCCUNE:  Which box is that, your Honor?
17         THE COURT:  The box on Exhibit 1, you know, well,
18  Page 1, the long form notice, but I think it is Exhibit
19  1, Page 3 of the thing that you gave me.
20         MR. MCCUNE:  We will take a look at that, your
21  Honor.
22         THE COURT:  In other words, it says do nothing.
23  If they did nothing, they would lose out.  So I don't
24  understand that one.
25         MR. MORGAN:  Just for the court's edification.  I
```

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

1   think the point there was that there is an extremely long
2   claims period here.  It is nine months, and that
3   theoretically they could wait to see if there was final
4   approval.
5           THE COURT:  No.  But the thing about --
6           MR. MORGAN:  It does say --
7           THE COURT:  The problem is that, in other words,
8   how are they supposed to know when there has been final
9   approval, though?  I presume they are getting notice once
10  I initially approve.  So if I have initially approved,
11  they have to do something starting at that point in time.
12  So if you tell them to do nothing and there isn't any
13  further communication that they get because when the
14  court finally approves the settlement, they are not going
15  to get any additional notice.
16          MR. MORGAN:  That part is correct, your Honor.
17  They would not be getting an additional notice.  To the
18  extent the court took that as suggesting a second notice
19  then clarification needs to be made.  I think the
20  point made was that all the dates would be given in the
21  notice but that immediately in response to the notice,
22  they didn't have to elect before final approval of the
23  settlement.
24          THE COURT:  It is going to change, but just
25  one last point on my part.  Then don't say do nothing.  I

1   would prefer doing something else, maybe delaying or
2   action should be taken by the state or something like
3   that, but don't say do nothing.
4          MR. MORGAN:  Sure.
5          THE COURT:  All right.  Okay.  So the notice and
6   the forms have to be changed, and once they are changed,
7   then I do want further responses from any of the other
8   parties to the MDLs if they have any further objections
9   on those.
10         Also, let me just ask, was there a class
11  action brought in Canada on this, and was it settled?  My
12  understanding -- I think I heard somewhere that there was
13  a Canadian class action.
14         MR. CAREY:  There was, your Honor.  There were --
15  Rob Carey, I believe there were three.  The one in
16  Ontario has been approved.  The one in Quebec has been
17  heard and the judge has a couple of changes, and the
18  other one is pending.
19         THE COURT:  I would also want to know what the
20  terms are to the extent that they are comparable.
21  Obviously, it is Canada.  It is a very peaceful
22  settlement.
23         MR. CAREY:  Those terms are what this was
24  initially, but they are being modified to really end up
25  where this court ends up.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

```
 1   of justice, and it is backed by, in this sense, it is
 2   backed by, I think, a sort of comment that was made by
 3   the defendants in opposition to our argument.  And the
 4   comment was, well, the reverter allows more claimants to
 5   be made fully whole.  And this, really, let me try to
 6   translate that into what I think it means.
 7             It means that the defendants are telling your
 8   Honor that they expect not to have to pay most of the
 9   claims that could be made.
10        THE COURT:  Not necessarily most.  They don't
11   necessarily have to pay all which is different than most.
12        MR. ROSENFIELD:  And -- yes.  And I am hoping that
13   as part of your instruction today to ask the defendants,
14   settling parties, to determine or set forth what they
15   expect the compensation would be.
16        THE COURT:  Let me stop you.  This gets to the
17   point of that -- one of the reasons why I want a ballpark
18   figure as to the net worth of all plaintiffs' claims,
19   then I can decide in terms of how much this is going to
20   cost the defendants potentially as to the reasonableness.
21             But, in and of itself, a reverter, I mean, you
22   know, what happens, for example, if they issue out a
23   debit card or whatever cards they are calling them and
24   then for one reason or another those cards are not used.
25   Does that mean that the money in that situation is --
```

```
 1  for themselves, but I am saying the point of we don't
 2  need a claims notice --
 3       THE COURT: Well, no.  He is conceding that there
 4  has to be some initial claims notice.  Everybody agrees
 5  it cannot be done without some initial claims notice
 6  because part of the settlement is choosing what you want
 7  of alternatives.  So there has to be that.
 8            All I am saying is that what he is saying is
 9  that it should be something where you don't really have
10  to fill out all that stuff other than perhaps indicating
11  your selection and being more transparent as to what you
12  are possibly going to get.
13       MR. CAREY: And I would say we have been
14  negotiating with liaison counsel with all the non
15  settling plaintiffs.  He has worked with them all.  I
16  called him the first day we filed, and I said I
17  understand it is a federal judicial center model that is
18  in there, we don't think that works well, we are going to
19  do something like Toyota did.  My understanding is
20  Consumer Watchdog got input, and our goal is to have the
21  best notice possible and we will do that.
22       THE COURT: All I am saying is that is the reason
23  why, again, I am indicating that insofar as the claims
24  and the notice, that has to be redone.  And I expect
25  everybody to be participating in that, and hopefully it
```

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

```
 1            THE COURT:  I understand that, but I have
 2   considered your arguments.
 3            Anything else you want to say?
 4            MR. ROSENFIELD:  No.  Thank you, your Honor.
 5            THE COURT:  No.
 6            THE COURT:  Anyone else?  For Ms. Wilson?
 7            MR. ADLER:  Yes.  Lewis Adler on behalf of
 8   Ms. Wilson.  The only issue I want to bring to the
 9   court's attention, and I think you have already addressed
10   it in part where you were looking for the total value of
11   the case which is I think it is important that before the
12   fairness hearing is heard and as part of the requirement
13   for this court is we know the participation rate because,
14   again, my concern is --
15            THE COURT:  Wait a second.  Let me stop you.  When
16   you say the fairness hearing, are you talking about the
17   final one?
18            MR. ADLER:  Correct.  The final one.
19            THE COURT:  I agree with you.  Maybe I
20   misunderstood when I read, at the time of the fairness
21   hearing, we will know participation levels, won't we?
22            MR. MORGAN:  As we anticipate the schedule, that
23   participation period would not be closed.  It would be
24   substantially closed, but I think we anticipated
25   nine months for them to make a claim.  And the final
```

```
 1   hearing would probably occur sometime before then.  So we
 2   have an indication but not a final number.
 3           THE COURT:  Let me put it this way, I don't mind
 4   that, but it would have to be toward the end of the
 5   nine month period.  And, also, if I find that there has
 6   not been a significant participation that cannot be
 7   explained by the fact that the other people who aren't
 8   participating are already in the reimbursement program
 9   so, therefore, that is why they are not participating, I
10   may find a problem of fairness or a problem of the
11   settlement because of the lack of participation.
12           MR. MORGAN:  And under the anticipated schedule,
13   we would be towards the end and I am sure that everybody
14   will make reports.
15           THE COURT:  That would be my understanding, and I
16   think that takes care of your concern.
17           MR. ADLER:  It does.  It goes to whether or not we
18   needed a claims process to go with, and I think we will
19   have empirical evidence by the fairness hearing to
20   determine whether or not we need that claim process or
21   not and it ended up being a stumbling block.  And that
22   was really the position we were taking.  I came all the
23   way from New Jersey to say that.  Thank you.
24           THE COURT:  It is always nice to have you here.
25   Is it humid there?
```

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA