1  Eric H. Gibbs (SBN 178658)
2  Scott Grzenczyk (SBN 279309)
   **GIRARD GIBBS LLP**
3  601 California Street, 14th Floor
   San Francisco, California 94108
4  Telephone: (415) 981-4800
   Facsimile: (415) 981-4846
5  ehg@girardgibbs.com
6  smg@girardgibbs.com

7
   *Liaison Counsel and Counsel*
8  *for Individual and Representative*
   *Plaintiffs Kamneel Maharaj, et al.*
9
10
   [Additional Counsel on Signature Page]
11

12             **UNITED STATES DISTRICT COURT**
13            **CENTRAL DISTRICT OF CALIFORNIA**

14

15 | IN RE: HYUNDAI AND KIA FUEL | Case No. 2:13-ml-02424-GW-FFM
   | ECONOMY LITIGATION |
16 | | **MEMORANDUM OF POINTS AND**
17 | | **AUTHORITIES IN SUPPORT OF**
   | | **CERTAIN NON-SETTLING**
18 | | **PLAINTIFFS' MOTION FOR**
   | | **ATTORNEYS' FEES AND**
19 | | **EXPENSES**
20 |
21 | | Hearing Date: February 26, 2014
22

23

24

25

26

27

28

---

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CERTAIN
NON-SETTLING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND
EXPENSES

# TABLE OF CONTENTS

I.    INTRODUCTION ............................................................................... 1

II.   FACTUAL BACKGROUND.................................................................. 5

    A.   Hyundai and Kia Announce Inaccurate Fuel Economy Ratings and Litigation Begins .............................................................................. 5

    B.   The Settling Parties Agree to an Early Settlement....................................... 5

    C.   Non-Settling Plaintiffs Participate in Discovery According to the Guidelines Established by the Court ........................................................... 8

    D.   Non-Settling Plaintiffs Object to and Materially Improve the Settlement ......................................................................... 12

        1.   Notice to Class Members.................................................. 12

        2.   Claims Process .................................................................. 13

        3.   Class Members Understanding of Settlement Options ..................... 13

        4.   Settlement Administration................................................. 14

        5.   Amounts Previously Paid Under Voluntary Reimbursement Program................................................................ 14

        6.   Use of Settlement Benefits in Conjunction with Other Offers........... 14

III.  ARGUMENT.................................................................... 14

    A.   The Settlement Likely Could Not Have Been Approved Without Non-Settling Plaintiffs' Efforts ........................................... 14

    B.   Non-Settling Plaintiffs are Entitled to Payment of Their Reasonable Attorneys' Fees and Expenses.................................... 15

i

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CERTAIN NON-SETTLING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES

     C.    California Law Prescribes a Lodestar Method of Calculating a Reasonable Fee ............................................................................. 17

IV.    CONCLUSION ................................................................................. 18

ii

# TABLE OF AUTHORITIES

**Cases**

*Dennis v. Kellogg Co.*
    697 F.3d 858 (9th Cir.2012) ...................................................................15

*Exxon Mobil Corp. v. Allapattah Services, Inc.*
    545 U.S. 546 (2005)............................................................................16

*Gezalyan v. BMW of North Am., LLC*
    697 F. Supp. 2d 1168 (C.D. Cal. 2010) .................................................16

*Hanlonv. Chrysler Corp.*
    150 F.3d 1011 (9th Cir. 1998) ...............................................................15

*In re Consumer Privacy Cases*
    175 Cal. App. 4th 545, 556-557 (2009)..................................................17

*In re Nasdaq Market-Makers Antitrust Litig.*
    2000 WL 37992 (S.D. N.Y. Jan. 18, 2000) ...........................................13

*Ketchum v. Moses*
    24 Cal. 4th 1122 (2001) ........................................................................17

*Mangold v. California Pub. Util. Comm'n*
    67 F.3d 1470 (9th Cir. 1995) .................................................................16

*Rodriguez v. Disner*
    688 F.3d 645 (9th Cir. 2012) .................................................................16

*Sprague v. Ticonic Nat'l Bank*
    307 U.S. 161 (1939)..............................................................................17

*Stanton v. Boeing Co.*
    327 F.3d 938 (9th Cir. 2003) .................................................................15

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CERTAIN NON-SETTLING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES

*Vincent v. Hughes Air West, Inc.*
    557 F.2d 759 (9th Cir. 1977) ...................................................................16

*Vizcaino v. Microsoft Corp.*
    290 F.3d 1043 (9th Cir. 2002) .................................................................16

**Rules**

Fed. R. of Civ. Proc. 23 .........................................................................5, 15

**Statutes**

28 U.S.C. § 1332(d) ....................................................................................15

Cal. Civ. Code § 1780(e) ............................................................................16

Cal. Code Civ. P. § 1021.5.........................................................................16

**Other Authorities**

Manual for Complex Litigation (Fourth)...........................................13, 14, 17

iv

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CERTAIN NON-SETTLING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES

## I.    <u>INTRODUCTION</u>

Before this MDL Transferee Court held its first status conference, plaintiffs in three cases in this multidistrict litigation – which includes fifty-two cases – agreed to a nationwide class settlement with Hyundai, which Kia later joined.  When they announced the proposed settlement at the first status conference, many plaintiffs' counsel immediately expressed skepticism of the proposed settlement and the process that led to the settlement.  As a general matter, the Ninth Circuit instructs that class settlements reached under such circumstances require heightened scrutiny and vigilant review by the District Court.

Not surprisingly, this Court quickly recognized that it was necessary for those who had not negotiated the settlement to provide an independent, adversarial component to the entire process.  In other words, under the circumstances, it would be difficult for the Court to approve the proposed settlement unless it had been vetted by, and ultimately achieved the support of, those plaintiffs in 49 cases who had not negotiated the agreement – i.e. the Non-Settling Plaintiffs.  An unstructured vetting process among so many firms, however, could prove overly expensive, inefficient, and duplicative for the Court and the parties.

The Court met those seemingly competing demands by involving the Non-Settling Plaintiffs in the confirmatory discovery process and appointing Liaison Counsel to help facilitate and coordinate the overall discovery and settlement-related activities between the Court, the Settling Parties and the Non-Settling Plaintiffs.  Doing so ensured independent and efficient scrutiny of the proposed settlement by way of the traditional adversarial process.  Non-Settling Plaintiffs' efforts enabled them to make an informed decision about the proposed settlement and, among other things, negotiate material improvements to the settlement that should significantly ease class members' ability to claim the settlement proceeds.  Absent those efforts, this Court would have had

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CERTAIN NON-SETTLING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES

difficulty ensuring that the settlement was fair, reasonable, adequate, and likely to receive court approval.

Liaison Counsel submits this memorandum on behalf of the following Non-Settling Plaintiffs' counsel[1] requesting the payment of attorneys' fees and expenses in this matter.

- Ahdoot & Wolfson, PC, counsel in *Sutta v. Hyundai Motor America,* Case No. 8:13-cv-417-GW-FFM

- Berman DeValerio and Bell Davis Pitt, counsel in *Dunst v. Hyundai Motor America*, Case No. 2:13-cv-1352-GW-FFM; *Patterson v. Kia Motors America*, Case No. 2:14-cv-327-GW-FFM

- Berger & Montague, P.C., counsel in *Kurash, et al. v. Hyundai Motor America, et al.*, Case No. 8:12-cv-2164-GW-FFM

- Bonsignore, PLLC, counsel in *Iocovozzi v. Kia Motors America*, Case No. 8:13-cv-159-GW-FFM; *Brown v. Kia Motors America*, Case No. 8:13-cv-441-GW-FFM; *Woodward v. Kia Motors America*, Case No. 8:13-cv-443-GW-FFM; *Cestaro v. Hyundai Motor America*, Case No. 8:13-cv-442-GW-FFM; *Terhost v. Kia Motors America*, Case No. 8:13-cv-476-GW-FFM; *Martyn v. Hyundai Motor America*, Case No. 8:13-cv-475-GW-FFM

- Cafferty Clobes Meriwether & Sprengel, LLP, counsel in *Figueroa v. Hyundai Motor America*, 8:13-cv-373-GW-FFM

- Crowley Norman LLP and Payne Mitchell Law Group, LLP, counsel in *Washburn v. Kia Motors Corporation, et al.*, Case No. 2:13-cv-1136-GW-FFM

- Davis & Norris LLP, counsel in *Maturani v. Hyundai Motor America*, Case No. 2:13-cv-813-GW-FFM

- Doyle Lowther LLP, counsel in *Wilton, et al. v. Kia Motors America*, Case No. 8:12-cv-1917-GW-FFM

---

[1] This memorandum's use of the term "Non-Settling Plaintiffs" refers generally to all plaintiffs other than those from the *Brady*, *Hunter*, and *Espinosa* actions who are represented by the McCune Wright and Hagens Berman firms.  The memorandum is, however, submitted only on behalf of the listed Non-Settling Plaintiffs and their counsel.

2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CERTAIN NON-SETTLING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES

- Edelman, Combs, Latturner & Goodwin, LLC, counsel in *Rottner v. Hyundai Motor America*, Case No. 2:13-cv-815-GW-FFM

- Finkelstein, Blankinship, Frei-Pearson & Garber LLP, counsel in *Graewingholt v. Hyundai Motor America*, Case No. 8:12-cv-1963-GW-FFM

- Girard Gibbs LLP, Liaison Counsel and counsel in *Maharaj, et al. v. Hyundai Motor America*, Case No. 8:13-cv-70-GW-FFM

- Glancy Binkow & Goldberg LLP, counsel in *Sutta v. Hyundai Motor America,* Case No. 8:13-cv-417-GW-FFM

- Goldenberg Schneider, LPA and Minnillo & Jenkins, LPA, counsel in *Sanders, et al. v. Hyundai Motor America*, Case No. 2:13-cv-817-GW-FFM

- Gustafson Gluek PLLC, counsel in *Weber, et al v. Hyundai Motor America*, Case No. 8:13-cv-27-GW-FFM

- John P. Nash, Attorney, Inc., counsel in *Graewingholt v. Hyundai Motor America*, Case No. 8:12-cv-1963-GW-FFM

- Hyde & Swigart, counsel in *Bayard v. Hyundai Motor America*, Case No. 8:13-cv-257-GW-FFM

- Kaplan Fox & Kilsheimer LLP, counsel in *Young v. Kia Motors America*, Case No. 2:13-cv-167-GW-FFM

- Kazerouni Law Group, APC, counsel in *Bayard v. Hyundai Motor America*, Case No. 8:13-cv-257-GW-FFM

- Law Offices of Todd M. Friedman, counsel in *Bayard v. Hyundai Motor America*, Case No. 8:13-cv-257-GW-FFM

- Mauriello Law Firm, APC, counsel in *Carullo v. Kia Motors America*, Case No. 8:12-cv-2174-GW-FFM

- Milstein Adelman, LLP, counsel in *Figueroa v. Hyundai Motor America*, Case No. 8:13-cv-373-GW-FFM

- MLG Automotive Law, APLC, counsel in *Young v. Kia Motors America*, Case No. 2:13-cv-167-GW-FFM

- Pomerantz, Grossman, Hufford, Dahlstrom and Gross LLP, counsel in *Gordon v. Hyundai Motor America*, Case No. 2:13-cv-1125-GW-FFM

- Shepherd, Finkelman, Miller & Shah, LLP, counsel in *Gordon v. Hyundai Motor America*, Case No. 2:13-cv-1125-GW-FFM

3

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CERTAIN
NON-SETTLING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND
EXPENSES

- Simmons Hanly Conroy and McCallum, Methvin & Terrell, P.C., counsel in *Gudgalis v. Hyundai Motor America*, Case No. 2:13-cv-1128-GW-FFM; *Quiroz v. Kia Motors America, Inc.*, Case No. 8:12-cv-2091-GW-FFM; *Woodruff v. Kia Motors America, Inc.*, Case No. 2:13-cv-1124-GW-FFM; *Armstrong v. Kia Motors America*, Case No. 2:13-cv-1122-GW-FFM; *Hoessler v. Kia Motors America*, Case No. 2:13-cv-1129-GW-FFM; *Leggett v. Kia Motors Corporation*, Case No. 2:13-cv-1134-GW-FFM; and *Hammond v. Hyundai Motor America*, Case No. 2:13-cv-1132-GW-FFM

- Tate Law Group, LLC; Savage & Turner, P.C.; and Law Office of Drew McElroy, counsel in *Iocovozzi v. Kia Motors America*, Case No. 8:13-cv-159-GW-FFM; *Setser v. Kia Motors America*¸ Case No. 8:13-cv-387-GW-FFM; *Fellers v. Kia Motors America*, Case No. 8:13-cv-384-GW-FFM; *Bonsignore v. Kia Motors America*, Case No. 8:13-cv-386-GW-FFM; *Brown v. Kia Motors America*, Case No. 8:13-cv-441-GW-FFM; *Woodward v. Kia Motors America*, Case No. 8:13-cv-443-GW-FFM; *Myers v. Hyundai Motor America*, Case No. 8:13-cv-444-GW-FFM; *Cestaro v. Hyundai Motor America*, Case No. 8:13-cv-442-GW-FFM; *Terhost v. Kia Motors America*, Case No. 8:13-cv-476-GW-FFM; *Martyn v. Hyundai Motor America*, Case No. 8:13-cv-475-GW-FFM; *Elliott v. Hyundai Motor America*, Case No. 8:13-cv-385-GW-FFM

- Whatley Kallas, LLP, counsel in *Wilton v. Kia Motors America*, Case No. 8:12-cv-1917-GW-FFM

The purpose of this joint memorandum is to avoid burdening the Court with multiple memoranda that make the same arguments regarding the factual background of the litigation, the role of Non-Settling Plaintiffs generally, and the legal bases for awarding attorneys' fees in this matter.

This joint memorandum is not intended to advocate for any particular Non-Settling Plaintiffs' request. Instead, each firm (or group of firms) requesting payment of attorneys' fees and expenses is submitting a declaration supporting its request and describing its efforts in the litigation, and may also submit any additional briefing it (or they) deem appropriate. For the Court's convenience, the individual requests are listed in the attached Appendix.

4

## II.   FACTUAL BACKGROUND

### A.   Hyundai and Kia Announce Inaccurate Fuel Economy Ratings and Litigation Begins

On November 2, 2012, Hyundai and Kia announced that, after discussions with the Environmental Protection Agency, the companies had voluntarily restated the fuel economy for approximately 900,000 model year 2011-2013 vehicles.  The companies stated that the fuel economy overstatements were the result of procedural errors at their Korean test facility, and that they were taking actions to correct their testing protocols. Hyundai and Kia also announced that they were implementing a voluntary reimbursement program to compensate affected customers.  The process for receiving compensation, however, appeared cumbersome such that consumers would be unlikely to take advantage of it.  Vehicle owners across the country brought lawsuits alleging, among other things, that Hyundai and Kia had misrepresented the vehicles' fuel economy and implemented a faulty reimbursement program.  Shortly thereafter, proceedings began before the Judicial Panel for Multidistrict Litigation to determine whether the related cases should transferred to a single judge for pretrial proceedings. On February 6, 2013, the JPML transferred the related cases to this Court.

### B.   The Settling Parties Agree to an Early Settlement

On February 8, 2013, the Court set a status conference for February 14, 2013, to discuss the JPML's decision and its effect on the litigation.  *See* Dkt. No. 3.  At the February 14th status conference, counsel for the *Brady*, *Hunter*, and *Espinosa* plaintiffs – the McCune and Hagens Berman firms – announced that they had reached a proposed nationwide settlement with Hyundai.

At this point, the Court had not had the opportunity to conduct *any* case management in the MDL.  No firm(s) had been appointed as interim class counsel pursuant to Federal Rule of Civil Procedure 23(g)(3).  Thus, the Court was left with over fifty independent class actions, with only counsel for three of those cases having

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CERTAIN NON-SETTLING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES

participated in negotiating the proposed settlement.  Counsel for a number of other proposed class actions who had not been involved in the settlement negotiations expressed dismay at the prospect of having their clients' claims – and the claims of the proposed classes they sought to represent – settled without the Court's involvement and objected to the appointment of the McCune and Hagens Berman firms to lead the litigation.  *See, e.g.* Plaintiffs' Joint Status Conference Brief, Dkt. No. 6 (objections of *Krauth, Hasper*, and *Young* plaintiffs); Objections to Proposed Leadership Structure, Dkt. No. 8 (objections of *Iocovozzi* plaintiffs).  They also expressed skepticism regarding a settlement that was reached without the benefit of any discovery or merits litigation and explained that additional information was necessary before they could evaluate the proposed settlement.  *See* Plaintiffs' Joint Status Conference Brief, Dkt. No. 6, at 4-8; February 28, 2013 Hearing Transcript, Dkt. No. 13, at 15:15-24.

In hearings on February 28, 2013, and March 28, 2013, the Court noted that because the McCune and Hagens Berman firms had not been appointed class counsel, they could not bind the other plaintiffs, who would need to agree to the proposed settlement:

> And so, therefore, if you have not -- if your case has not -- if you haven't participated in a proposed settlement that has been reached, what defense counsel needs to do and what the defendants need to do is go to you and basically try to convince you that the settlement that they have reached should be binding on your clients, because at that point there has been no settlement reached and the case simply goes forward as to you.

Feb. 28, 2013 Hearing Transcript, Dkt. No. 13, at 29:9-16.  Furthermore, the Court appeared to acknowledge that approval of the proposed settlement would hinge, in part, on the support it received (or did not receive) from the Non-Settling Plaintiffs:

> [I]f it comes time for the Court to approve some sort of nationwide settlement and, you know, of the 38 plaintiffs' counsel, you know, only two object significantly and the rest agree is different than if we have a situation where if we have 38 cases out there and 20 of the 38 strenuously disagree, not necessarily to say that they will win just simply on numbers, because it's

6

not a numbers game at that point in time, but it is -- you know, obviously, one of the things that the Court does consider is the extent to which there are objections to any settlement. So you might want to just consider that in terms of the discussions.

*Id.*, at 36:4-15; *see also* Aug. 15, 2013 Hearing Transcript, Dkt. No. 138, at 40:23-41:3 ("let me indicate to both . . . settling plaintiffs and the defendant, you know, again, this whole exercise is to see if we can get a majority, if not all, of the nonsettling plaintiffs to agree on the settlement that you guys are cobbling at this point in time; that's the whole point of this exercise"). The Court reiterated this understanding at the December 9, 2013, hearing. *See* Dec. 9, 2013 Hearing Transcript, Dkt. No. 198, at 46:8-18. The importance of reducing objections to the settlement from all (or nearly all) counsel was particularly important because of the risk that named plaintiffs representing overlapping classes – none of whose counsel had been appointed class counsel – would have divergent views on the settlement.

The Court also correctly recognized that for Non-Settling Plaintiffs to assess the proposed settlement – and foster the consensus needed for approval of the settlement (with any necessary revisions) – they would need to obtain discovery regarding the strengths and weaknesses of plaintiffs' claims:

I do agree with you in this sense. As I have indicated, and I indicated earlier on, the parties who have reached a settlement, in order for them to make that settlement, or to finalize that settlement, pretty much have to minimize objections from other plaintiffs and other plaintiffs' counsel.

And I do agree that insofar as informational materials are concerned, they cannot expect counsel in other cases to agree unless they have a specific basis to formulate an agreement or a disagreement.

Declaration of Scott Grzenczyk ("Grzenczyk Decl."), Ex. A, Mar. 28, 2013 Hearing Transcript, at 14:1-10. *See also id.*, at 23:15-20 ("And [Non-Settling Plaintiffs] are not going to be able to realize [whether the settlement is good] one way or the other until they get the documents"). The Court recognized that Non-Settling Plaintiffs obtaining

7

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CERTAIN NON-SETTLING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES

the discovery they needed and evaluating the proposed settlement is "a lengthy and time-consuming process, but it's a process that has to be done."   Feb. 28, 2013 Hearing Transcript, Dkt. No. 13, at 24:3-16.

### C.   Non-Settling Plaintiffs Participate in Discovery According to the Guidelines Established by the Court

Between March and December 2013, Settling Plaintiffs and Non-Settling Plaintiffs engaged in the necessary confirmatory discovery process contemplated and approved by the Court.  As Hyundai explained, "all parties worked together to design and carry out a process for all plaintiffs to obtain the discovery necessary to confirm that the proposed settlement is fair and reasonable." *In re Hyundai and Kia Fuel Economy Litigation*, MDL No. 2424 (J.P.M.L), Dkt No. 118 (Hyundai Motor America's Opposition to Motion to Vacate Conditional Transfer Order) ("Hyundai JPML Brief"), at 5.  For example, the parties worked together to set a discovery schedule and adjust it as appropriate. *See* Liaison Counsel's June 19, 2013 Status Report, Dkt. No. 120. Throughout confirmatory discovery, the Court was regularly apprised of the status of discovery and the actions being taken by Non-Settling Plaintiffs.  Non-Settling Plaintiffs' role in confirmatory discovery was also one of the primary topics of discussion at all status conferences.  The Court stressed the importance of Non-Settling Plaintiffs being able to request discovery, and not merely being a spectator to discovery being done by Settling Plaintiffs. *See, e.g.,* Grzenczyk Decl., Ex. B, Apr. 25, 2013 Hearing Transcript at 42:22-25 ("Although, again, I do want the nonsettling plaintiffs to be able to participate in the, I guess, whatever thing that we are referring to as discovery at this point is."); Apr. 11, 2013 Hearing Transcript, Dkt. No. 108, at 11:10-17.

In April 2013, Defendants began making rolling document productions.  Initially, Liaison Counsel reviewed the documents and distributed reports and document indices for Non-Settling Plaintiffs to review. *See* Liaison Counsel's April 23, 2013 Status Report, Dkt. No. 80, at 1; Liaison Counsel's May 7, 2013 Status Report, Dkt. No. 92, at

8

---

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CERTAIN NON-SETTLING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES

1. After initial document productions were complete, Settling Plaintiffs and Non-Settling Plaintiffs served joint discovery requests. The preparation of the requests involved multiple conference calls and the exchange of draft requests among Non-Settling Plaintiffs to coordinate serving a single set of requests. *See* Liaison Counsel's May 21, 2013 Status Report, Dkt. No. 99, at 2:13-5:10. This process also entailed review of certain of those documents outlined in the distributed reports and indices to fully inform each of the additional non-duplicative requests. Through this process, Non-Settling Plaintiffs sought to ensure that plaintiffs obtained the information necessary to evaluate the settlement while also reducing duplicative discovery efforts among plaintiffs. *See* Hyundai JPML Brief, at 14 ("The appointment of liaison counsel further streamlined the process by allowing discovery requests to be funneled through one channel, rather than allowing defendants to be bombarded with multiple duplicative demands.").

As the productions got larger in volume and more substantive it was imperative for Liaison Counsel to divide up the review among Non-Settling Plaintiffs. Liaison Counsel coordinated the document review and ensured that only one Non-Settling Plaintiff was responsible for reviewing each set of documents. The designated counsel coded the documents and assisted in the preparation of summaries of the document productions. They also participated in calls among Non-Settling Plaintiffs where the scope and contents of the productions were discussed at length. As discovery unfolded, Non-Settling Plaintiffs raised concerns with Defendants' productions and ensured that the process was genuinely at arm's length. For example, Non-Settling Plaintiffs challenged the ambiguous parameters pursuant to which Defendants were making their productions. *See* Liaison Counsel's June 5, 2013 Status Report, Dkt. No. 111, at 1-2. Throughout the confirmatory discovery process, the parties met and conferred regarding Defendants' responses to Plaintiffs' discovery requests. *See* Liaison Counsel's July 23, 2013 Status Report, Dkt. No. 124, at 1. These negotiations included numerous lengthy

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CERTAIN NON-SETTLING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES

1   meet and confer calls and the exchange of meet and confer letters, all of which required

2   discussion among the Non-Settling Plaintiffs.  *Id*.  Such efforts ultimately resulted in a

3   discovery process that mirrored typical Rule 34 discovery.  *See* Liaison Counsel's June

4   19, 2013 Status Report, Dkt. No. 120, at 1 (obtaining written responses to plaintiffs'

5   discovery requests).

6        Non-Settling Plaintiffs also participated in the confirmatory discovery interviews.

7   The Court envisioned a procedure whereby Liaison Counsel plus one or two other Non-

8   Settling Plaintiffs' counsel would be present at the interviews asking questions (in

9   addition to Settling Plaintiffs) and other Non-Settling Plaintiffs' counsel would be able

10  to follow and participate in the interviews on the phone.  *See* Grzenczyk Decl., Ex. C,

11  May 23, 2013 Hearing Transcript at 17:9-18:23.  This is precisely what the parties did.

12  A Non-Settling Plaintiff firm was designated to conduct each interview on behalf of

13  Non-Settling Plaintiffs.  *See* Liaison Counsel's June 5, 2013 Status Report, Dkt. No.

14  111, at 5:4-23; Liaison Counsel's July 23, 2013 Status Report, Skt. No. 124, at 1-2.  To

15  provide continuity and avoid unnecessary duplication, Liaison Counsel was also present

16  at each interview and, to ensure that all Non-Settling Plaintiffs could have input into the

17  questioning, operated a secure chatroom that Non-Settling Plaintiffs used to exchange

18  information and submit questions.

19       The Non-Settling Plaintiffs that conducted the document review shared their

20  knowledge with the counsel conducting the interviews.  Prior to and during the

21  interviews, counsel for Settling Plaintiffs and Non-Settling Plaintiffs conferred and

22  discussed strategy and exhibits for the interviews.  *See* Grzenczyk Decl., Ex. D, June 6,

23  2013 Hearing Transcript at 24:16-25:12 (Settling Plaintiff's counsel discussing

24  collaboration among Settling Plaintiffs and Non-Settling Plaintiffs, the participation of

25  20-25 Non-Settling Plaintiffs via chatroom, and noting that the "process really worked

26  quite well").  Those Non-Settling Plaintiffs who conducted the interviews thoroughly

27  prepared by reviewing those documents and exhibits provided by the document review

28

10

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CERTAIN
NON-SETTLING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND
EXPENSES

team.  Each interview was roughly divided in half, with Settling Plaintiffs asking questions during the first half and Non-Settling Plaintiffs asking questions during the remaining time.

After the confirmatory discovery interviews and substantially all document productions were complete, Liaison Counsel – with input from Non-Settling Plaintiffs that had conducted the document review and confirmatory discovery interviews – prepared summaries of the document productions and Defendants' responses to plaintiffs' document requests.  To the extent Non-Settling Plaintiffs identified deficiencies in Defendants' productions and responses, they engaged in further meet and confer efforts.  The parties were able to resolve many of their disputes through the meet and confer process.  On several issues, however, agreement could not be reached and several Non-Settling Plaintiffs sought to compel the production of certain documents in a 78-page joint discovery stipulation and supplemental memoranda.  Dkt. Nos. 154 & 157.  Settling Plaintiffs did not press any discovery issues with the Court.

During this period, Non-Settling Plaintiffs received regular reports apprising them of the status of discovery and participated in conference calls in which they provided input into both the mechanics and substance of discovery.  *See* Aug. 15, 2013 Hearing Transcript, Dkt. No. 138, at 6:23-7:13 (discussing Non-Settling Plaintiffs' review of discovery reports).  On the conference calls, Non-Settling Plaintiffs discussed, among other things, the status of discovery, the substantive information that was being obtained through discovery and the litigation in general.  Those discovery efforts culminated in a report that detailed how the discovery supported or weakened plaintiffs' claims.

As the Court had anticipated, confirmatory discovery was a significant undertaking.  "Scores of plaintiffs' lawyers have participated in a robust process that has included the production of over 300,000 pages of documents by defendants along with deposition-style under oath interviews by employees all the way up to the CEO of HMA, occurring on two continents."  Hyundai JPML Brief, at 2.  The confirmatory discovery

11

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CERTAIN NON-SETTLING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES

1  was necessary and ensured that the proposed settlement was fair, reasonable, and
2  adequate.  As Hyundai itself explained: "there are many [] plaintiffs' lawyers
3  participating [in the MDL proceeding] who have raised all kinds of issues, and the
4  putative classes have been well-protected as a result." *Id*., at 16.

5  ### D.    Non-Settling Plaintiffs Object to and Materially Improve the Settlement

6          On December 23, 2013, the Settling Plaintiffs filed a motion for preliminary
7  approval of the proposed settlement and a motion for certification of a settlement class.
8  *See* Dkt. Nos. 184 & 185.  During December 2013 and early January 2014, Non-Settling
9  Plaintiffs reviewed the terms of the proposed settlement and engaged in numerous
10 conference calls and discussions amongst themselves regarding the settlement's
11 strengths and weaknesses.  These discussions also included ways to improve on the
12 perceived weaknesses of the proposed settlement.  The Court then directed Non-Settling
13 Plaintiffs to provide the Court with their views on the proposed settlement via a
14 consolidated report prepared by Liaison Counsel that was filed on January 30, 2014.
15 Dkt. No. 211.

16         While Non-Settling Plaintiffs were generally satisfied with the compensation
17 offered to class members, they raised a number of objections to other components of the
18 proposed settlement.  Nearly all Non-Settling Plaintiffs that provided their views on the
19 proposed settlement pointed to problems with the settlement's notice and claims process
20 in particular.  Once these issues were resolved, Non-Settling Plaintiffs, with limited
21 exceptions, supported the proposed settlement.  *See* Liaison Counsel's Repost Listing
22 Non-Settling Plaintiffs Supporting or Not Objecting to the Proposed Settlement, Dkt.
23 No. 239.  The primary improvements to the settlement that Non-Settling Plaintiffs were
24 able to achieve are described below.

25 ### 1.    Notice to Class Members

26         Class members were originally to be provided with notice of the settlement via a
27 traditional long-form notice document.  Non-Settling Plaintiffs strenuously objected to

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CERTAIN
NON-SETTLING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND
EXPENSES

this process.  Defendants subsequently overhauled the notice procedure, which now utilizes an easy-to-understand postcard and email notification.  Non-Settling Plaintiffs also played an important role in perfecting the language used in the postcard and long form notice documents.

### 2.      Claims Process

The original claims process required each class member to fill out and submit a paper claim form.  No individualized class member information – such as vehicle model or available lump sum payment – was preprinted or otherwise provided on the claim forms.  Non-Settling Plaintiffs objected to this procedure as outdated and likely to produce a significant reduction in class member participation.  The Settling Parties adopted Non-Settling Plaintiffs' suggestion to automate the claims process using a simple, easy-to-complete online claim form that automatically populates class member information and available compensation options.  *See In re Nasdaq Market-Makers Antitrust Litig.*, Case No. 94 Civ. 3996 RWS, 2000 WL 37992, at *5 (S.D. N.Y. Jan. 18, 2000) ("innovative use of preprinted and electronic claims forms is likely to contribute to a far larger number of claims.").

### 3.      Class Members Understanding of Settlement Options

Under the original notice and claims process, the only way for class members to understand the various options available to them – which was not an easy task given the multifaceted settlement – was to read and analyze the long form notice.  There was not a centralized place where class members could estimate the amounts they might receive under the voluntary reimbursement program and compare that to the lump-sum amounts offered in the settlement.  *See* Manual for Complex Litigation (Fourth) ("Manual") § 21.312 (notice must provide information that will enable class members to determine their individual recoveries).  The revised online claims process for which Non-Settling Plaintiffs advocated gives class members this ability, ensuring that they will be able to understand the options available to them and select the best one.

---

13

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CERTAIN NON-SETTLING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES

### 4.    Settlement Administration

The original version of the settlement agreement provided no mechanism for resolving class member disputes and grievances regarding their claim.  The revised agreement includes a streamlined procedure for resolving disputes that protects class members' interests.

### 5.    Amounts Previously Paid Under Voluntary Reimbursement Program

If a class member wishes to convert his or her voluntary reimbursement cash payments into an alternative form of compensation (dealer services credits or new car rebates), the original settlement agreement required the class member to write Hyundai or Kia a check for amounts previously received.  Under the revised agreement, Hyundai or Kia will simply deduct those cash amounts from the dealer service or new car rebate amounts for which class members are eligible.  This change reduced an unnecessary step in the process for certain class members.

### 6.    Use of Settlement Benefits in Conjunction with Other Offers

The original settlement agreement was silent regarding whether settlement benefits could be used in conjunction with other promotional offers or discounts.  Non-Settling Plaintiffs pointed out this oversight, which was corrected in the revised settlement agreement.

## III.   ARGUMENT

### A.    The Settlement Likely Could Not Have Been Approved Without Non-Settling Plaintiffs' Efforts

When evaluating a proposed settlement, a court "must adopt the role of a skeptical client and critically examine the class certification elements, the proposed settlement terms, and procedures for implementation."  Manual, § 21.61.  Here, the Court stressed the importance of Non-Settling Plaintiffs fulfilling a similar role.  Non-Settling plaintiffs

14

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CERTAIN NON-SETTLING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES

"played a beneficial role by opening [the] proposed settlement to scrutiny and identifying areas that need[ed] improvement." *Id*, § 21.643.

The need for thorough, independent review of a proposed settlement is particularly acute when the parties have reached a settlement early in the litigation. *See Stanton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003) (discussing need to evaluate settlements reached before class certification). In such situations, settlement approval "requires a higher standard of fairness and a more probing inquiry than may normally be required under Rule 23(e)." *Dennis v. Kellogg Co.*, 697 F.3d 858, 864 (9th Cir.2012) (internal quotation marks omitted); *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998) ("[S]ettlement approval that takes place prior to formal class certification requires a higher standard of fairness.").

Given the circumstances, it was necessary for those who had not negotiated the settlement to provide an independent, adversarial component to the entire process. *See* Manual, § 21.61 (noting that settlement review is a demanding task because "the adversariness of litigation is often lost after agreement to settle"); *id*. at § 21.612 (noting that when settlement is reached without discovery, the court should provide an adequate opportunity for settlement opponents to be fully heard). There can be little doubt that the adversarial element that Non-Settling Plaintiffs brought to the confirmatory discovery process will facilitate the Court's ultimate decision as to whether to grant final approval to this settlement. Indeed, the "[Settling] Parties refrained from seeking Court approval of the settlement described herein until confirmatory discovery was substantially complete." Amended Settlement Agreement, Dkt. No. 354-1, at 3. The settlement expressly references the scope and role of confirmatory discovery. *Id.*

### B. Non-Settling Plaintiffs are Entitled to Payment of Their Reasonable Attorneys' Fees and Expenses

The Court's jurisdiction in this case arises under the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d), which means the Court is sitting in diversity. *See Exxon*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CERTAIN NON-SETTLING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES

*Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 571 (2005) ("CAFA confers federal diversity jurisdiction over class actions…").  "In diversity actions, federal courts look to state law in determining whether a party has a right to attorneys' fees and how to calculate those fees." *Gezalyan v. BMW of North Am., LLC,* 697 F. Supp. 2d 1168, 1169 (C.D. Cal. 2010) (citing *Mangold v. California Pub. Util. Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995)).

Settling Plaintiffs, and the majority of Non-Settling Plaintiffs, brought and settled claims under California state law, namely the California Consumers Legal Remedies Act (CLRA) and the California Unfair Competition Law.  As California state law underlies Plaintiffs' claims in this action, it also should apply to Plaintiffs' application for an award of attorney fees.  *See Vizcaino v. Microsoft Corp*., 290 F.3d 1043, 1047 (9th Cir. 2002) ("Because Washington law governed the claim, it also governs the award of fees.").  Under both the CLRA and the California Private Attorneys General Statute plaintiffs are entitled to an award their reasonable fees and expenses.  *See* Cal. Civ. Code § 1780(e); Cal. Code Civ. P. § 1021.5.

Non-Settling Plaintiffs are also entitled to an award of attorney's fee under the common fund doctrine.  Even when there is "no contractual or statutory basis to award attorneys' fees in a class action case, a court may rely on the 'common fund doctrine'" to award attorneys' fees. *Rodriguez v. Disner*, 688 F.3d 645, 653 (9th Cir. 2012) (quoting *Vincent v. Hughes Air West, Inc*., 557 F.2d 759, 770 (9th Cir. 1977)).  The settlement makes available several hundred million dollars to pay class member claims, in addition to providing other relief.  *See* Amended Settlement Agreement, Dkt. No. 354-1. "If all class members submit claims under the settlement, the class will recover $392M in cash before deductions for compensation already paid through the lifetime reimbursement program are made." Settling Parties' Supplemental Brief In Support of Preliminary Approval of Class Settlement and Certification of Settlement Class, Dkt. No. 271, at 15.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CERTAIN NON-SETTLING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES

The availability of common fund fees is not limited to class counsel.  A court has authority, for example "to award fees to an objector that assists the court in scrutinizing the settlements."  Manual, § 14.121; *see also Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161, 166–67 (1939) (noting that "formalities of the litigation" do not override "the power of equity in doing justice" by awarding fees to those helping to create a fund benefiting others).

## C.     California Law Prescribes a Lodestar Method of Calculating a Reasonable Fee

The primary method for establishing the amount of "reasonable" attorney fees under California's fee shifting statutes is the lodestar/multiplier method.  *See In re Consumer Privacy Cases,* 175 Cal. App. 4th 545, 556-557 (2009); *see also Ketchum v. Moses,* 24 Cal. 4th 1122, 1137 (2001) ("[T]he lodestar adjustment method, including discretion to award fee enhancements, is well established under California law."). California's lodestar/multiplier method is a two-step process under which a court first determines a lodestar value for the fees by multiplying the time reasonably spent by counsel on the case by a reasonable hourly rate.  *See In re Consumer Privacy Cases,* 175 Cal. App. 4th at 556-557.  The court may then enhance or reduce the lodestar by applying a multiplier to take into account the contingent nature and risk associated with the action, as well as other factors such as the degree of skill required and the ultimate success achieved.  *Id.*; *Ketchum v. Moses,* 24 Cal. 4th at 1130, 1137 (holding that Court of Appeals erred when it concluded that it lacked authority to enhance a prevailing party's lodestar). The value of the adjustment lies within the Court's sound discretion.

Given the unique posture of this case, the undersigned Non-Settling Plaintiffs believe that the lodestar method is also appropriate for evaluating their attorneys' fees requests.  The Court, however, should consider the fact that Non-Settling Plaintiffs' efforts were crucial to obtaining approval of a $392 million settlement, as well as material changes to the notice and claims procedures that will greatly increase class's

17

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CERTAIN NON-SETTLING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES

ability realize the full value of the settlement.  A percentage-of-the-fund "crosscheck" and the fact that attorneys' fees will be paid on top of the amounts distributed to the class support the payment of significant attorneys' fees in this matter.

Each Non-Settling Plaintiff has submitted a declaration detailing their counsels' lodestar and the work they performed in this litigation.  Under California law, Non-Settling Plaintiffs should be awarded their requested and reasonably incurred attorneys' fees and expenses without a downward adjustment.

## IV.  **CONCLUSION**

For the foregoing reasons and the reasons explained in the declarations submitted by each firm (or group of firms), the undersigned Non-Settling Plaintiffs request that the Court approve their requests for payment of attorneys' fees and expenses in the amounts listed on the attached Appendix.


DATED:  December 23, 2014                Respectfully submitted,

                                         **GIRARD GIBBS LLP**

                                         By:   _/s/ Eric H. Gibbs_____

                                         Eric H. Gibbs
                                         Scott Grzenczyk
                                         601 California Street, Suite 1400
                                         San Francisco, California 94104
                                         Telephone:  (415) 981-4800
                                         Facsimile:  (415) 981-4846
                                         ehg@girardgibbs.com

                                         *Liaison Counsel and Counsel for Individual*
                                         *and Representative Plaintiffs Kamneel*
                                         *Maharaj, et al.*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CERTAIN NON-SETTLING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES

  _/s/ Richard Norman_____
**CROWLEY NORMAN LLP**
3 Riverway, Suite 1775
Houston, Texas 77056
Telephone: (713) 651-1771
Facsimile: (713) 651-1775
mweber@crowleynorman.com

_Counsel for plaintiffs in Washburn v. Kia_
_Motors Corporation, et al._

  _/s/ John P. Nash_____
**JOHN P. NASH, ATTORNEY, INC.**
15034 Pintura Drive
Hacienda Heights, California 91745
Telephone: (562) 945-9743
Facsimile: (562) 693-6544
law.nash@gmail.com

_Counsel for plaintiffs in Graewingholt v._
_Hyundai Motor America_

  _/s/ Todd M. Friedman_____
**LAW OFFICES OF TODD M.**
**FRIEDMAN, P.C.**
324 S. Beverly Drive, #725
Beverly Hills, California 90212
Telephone: (877) 206-4741
Facsimile: (866) 633-0228
tfriedman@attorneysforconsumers.com

_Counsel for plaintiffs in Bayard v._
_Hyundai Motor America_

  _/s/ Jeffrey S. Goldenberg_____
**GOLDENBERG SCHNEIDER, LPA**
One West Fourth Street, 18th Floor
Cincinnati, Ohio 45202
Telephone: (513) 345-8291
Facsimile: (513) 345-8294
jgoldenberg@gs-legal.com

_Counsel for plaintiffs in Sanders, et al. v._
_Hyundai Motor America_

  _/s/ Jeremiah Frei-Pearson_____
**FINKELSTEIN, BLANKINSHIP,**
**FREI-PEARSON & GARBER LLP**
1311 Mamaroneck Avenue, Suite 220
White Plains, New York 10605
Telephone: (914) 298-3281
Facsimile: (914) 824-1561
Jfrei-pearson@fbfglaw.com

_Counsel for plaintiffs in Graewingholt v._
_Hyundai Motor America_

  _/s/ Robert Ahdoot_____
**AHDOOT & WOLFSON, PC**
1016 Palm Avenue
West Hollywood, California 90069
Telephone: (310) 474-9111
Facsimile: (310) 474-8585
rahdoot@ahdootwolfson.com

_Counsel for plaintiffs in Sutta v. Hyundai_
_Motor America_

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CERTAIN
NON-SETTLING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND
EXPENSES

 /s/ James R. Hail
**DOYLE LOWTHER LLP**
10200 Willow Creek Rd., Suite 150
San Diego, California 92131
Telephone: (858) 935-9960
Facsimile: (858) 939-1939
bill@doylelowther.com

*Counsel for plaintiffs in Wilton, et al. v. Kia Motors America*

 /s/ Thomas D. Mauriello
**MAURIELLO LAW FIRM, APC**
1181 Puerta Del Sol, Suite 120
San Clemente, California 92673
Telephone: (949) 542-3555
Facsimilie: (949) 606-9690
tomm@maurlaw.com

*Counsel for plaintiffs in Carullo v. Kia Motors America*

 /s/ Michael Dell'Angelo
**BERGER & MONTAGUE, P.C.**
1622 Locust Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
mdellangelo@bm.net

*Counsel for plaintiffs in Kurash, et al. v. Hyundai Motor America, et al.*

 /s/ Alan M. Mansfield
**WHATLEY KALLAS, LLP**
355 So. Grand Ave., Suite 2450
Los Angeles, California 90071
Telephone: (310) 684-2504
Facsimile: (888) 331-9633
amansfield@whatleykallas.com

*Counsel for plaintiffs in Wilton v. Kia Motors America*

 /s/ Bryan A. Wood
**BERMAN DEVALERIO**
One Liberty Square
Boston, Massachusetts 02109
Telephone: (617) 542-8300
Facsimile: (617) 542-1194
bwood@bermandevalerio.com

*Counsel for plaintiffs in Dunst v. Hyundai Motor America; Patterson v. Kia Motors America*

 /s/ Jason S. Kilene
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South Sixth Street #2600
Minneapolis, Minnesota 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
jkilene@gustafsongluek.com

*Counsel for plaintiffs in Weber, et al v. Hyundai Motor America*

20

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CERTAIN NON-SETTLING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES

 /s/ Laurence D. King
**KAPLAN FOX & KILSHEIMER LLP**
350 Sansome Street, Suite 400
San Francisco, California 94104
Telephone: (415) 772-4700
Facsimile: (415) 772-4707
lking@kaplanfox.com

*Counsel for plaintiffs in Young v. Kia Motors America*

 /s/ Robert J. Bonsignore
**BONSIGNORE, PLLC**
2513 Morocco Ave.
Las Vegas, Nevada 89031
Telephone: (781) 856-7650
Facsimile: (781) 391-9496
rbonsignore@classactions.us

*Counsel for plaintiffs in Iocovozzi v. Kia Motors America; Brown v. Kia Motors America; Woodward v. Kia Motors America; Cestaro v. Hyundai Motor America; Terhost v. Kia Motors America; Martyn v. Hyundai Motor America*

 /s/ Bryan L. Clobes
**CAFFERTY CLOBES MERIWETHER & SPRENGEL, LLP**
1101 Market Street, Suite 2650
Philadelphia, Pennsylvania 19107
Telephone: (215) 864-2800
Facsimile: (215) 864-2810
bclobes@caffertyclobes.com

*Counsel for plaintiffs in Figueroa v. Hyundai Motor America*

 /s/ Mark A. Tate
**TATE LAW GROUP, LLC**
2 East Bryan Street, Suite 600
Savannah, Georgia 31401
Telephone: (912) 234-3030
Facsimile: (912) 234-9700
marktate@tatelawgroup.com

*Counsel for plaintiffs in Iocovozzi v. Kia Motors America; Setser v. Kia Motors America; Fellers v. Kia Motors America; Bonsignore v. Kia Motors America; Brown v. Kia Motors America; Woodward v. Kia Motors America; Myers v. Hyundai Motor America; Cestaro v. Hyundai Motor America; Terhost v. Kia Motors America; Martyn v. Hyundai Motor America; Elliott v. Hyundai Motor America*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CERTAIN NON-SETTLING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES

 /s/ James C. Shah
**SHEPHERD, FINKELMAN, MILLER & SHAH, LLP**
35 E. State Street
Media, Pennsylvania 19063
Telephone: (610) 891-9880
Facsimile: (610) 891-9883
jshah@sfmslaw.com

*Counsel for plaintiffs in Gordon v. Hyundai Motor America*


 /s/ Wesley W. Barnett
**DAVIS & NORRIS LLP**
The Bradshaw House
2154 Highland Ave. S.
Birmingham, Alabama 35205
Telephone: (205) 930-9976
Facsimile: (205) 930-9989
wbarnett@davisnorris.com

*Counsel for plaintiffs in Maturani v. Hyundai Motor America*


 /s/ Jayne A. Goldstein
**POMERANTZ, GROSSMAN, HUFFORD, DAHLSTROM AND GROSS LLP**
1792 Bell Tower Lane, Suite 203
Weston, Florida 33326
Telephone: (954) 315-3454
Facsimile: (954) 315-3455
jagoldstein@pomlaw.com

*Counsel for plaintiffs in Gordon v. Hyundai Motor America*


 /s/ Francis R. Greene
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 South Clark St., Suite 1500
Chicago, Illinois 60603
Telephone: (312) 739-4200
Facsimile: (312) 419-0379
fgreene@edcombs.com

*Counsel for plaintiffs in Rottner v. Hyundai Motor America*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CERTAIN NON-SETTLING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES

 /s/ Derek Y. Brandt
**SIMMONS HANLY CONROY**
One Court Street
Alton, Illinois 62002
Telephone: (618) 259-2222
Facsimile: (618) 259-2251
dbrandt@simmonsfirm.com

*Counsel for plaintiffs in Gudgalis v. Hyundai Motor America*; *Quiroz v. Kia Motors America, Inc.*; *Woodruff v. Kia Motors America, Inc.*; *Armstrong v. Kia Motors America*; *Hoessler v. Kia Motors America*; *Leggett v. Kia Motors Corporation*; and *Hammond v. Hyundai Motor America*

 /s/ Gillian L. Wade
**MILSTEIN ADELMAN, LLP**
2800 Donald Douglas Loop North
Santa Monica, California 90405
Telephone: (310) 396-9600
Facsimile: (310) 396-9635
gwade@milsteinadelman.com

*Counsel for plaintiffs in Figueroa v. Hyundai Motor America*

 /s/ Abbas Kazerounian
**KAZEROUNI LAW GROUP, APC**
245 Fischer Ave., Unit D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523
ak@kazlg.com

*Counsel for plaintiffs in Bayard v. Hyundai Motor America*

 /s/ Marc L. Godino
**GLANCY BINKOW & GOLDBERG LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90025
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
mgodino@glancylaw.com

*Counsel for plaintiffs in Sutta v. Hyundai Motor America*

 /s/ Joshua B. Swigart
**HYDE & SWIGART**
2221 Camino Del Rio South, Suite 101
San Diego, California 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022
josh@westcoastlitigation.com

*Counsel for plaintiff in Bayard v. Hyundai Motor America*

 /s/ Jonathan A. Michaels
**MLG AUTOMOTIVE LAW, APLC**
2801 W. Coast Highway, Suite 370
Newport Beach, California 92663
Telephone: (949) 581-6900
Facsimile: (949) 581-6908
jmichaels@mlgautomotivelaw.com

*Counsel for plaintiffs in Young v. Kia Motors America*

23

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CERTAIN NON-SETTLING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES

## **ATTESTATION STATEMENT**

Pursuant to Local Rule 5-4.3.4(a)(2), I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED:  December 23, 2014          Respectfully submitted,

By:   */s/ Eric H. Gibbs*

Eric H. Gibbs
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, CA 94108
Telephone:  (415) 981-4800
Facsimile:  (415) 981-4846
ehg@girardgibbs.com

*Liaison Counsel and Counsel for Individual and Representative Plaintiffs Kamneel Maharaj, et al.*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CERTAIN NON-SETTLING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES

## APPENDIX

| Firms(s) | Case(s) Represented | Fee Request |
|---|---|---|
| Ahdoot & Wolfson, PC | *Sutta v. Hyundai Motor America,* Case No. 8:13-cv-417-GW-FFM | $5,000 |
| Berger & Montague, P.C. | *Kurash, et al. v. Hyundai Motor America, et al.*, Case No. 8:12-cv-2164-GW-FFM | Fees: $26,397.00 Expenses: $2,252.09 |
| Berman DeValerio and Bell Davis Pitt | *Dunst v. Hyundai Motor America*, Case No. 2:13-cv-1352-GW-FFM; *Patterson v. Kia Motors America*, Case No. 2:14-cv-327-GW-FFM | Fees: $205,000.00 Expenses: $5,534.34 |
| Bonsignore, PLLC | *Iocovozzi v. Kia Motors America*, Case No. 8:13-cv-159-GW-FFM; *Brown v. Kia Motors America*, Case No. 8:13-cv-441-GW-FFM; *Woodward v. Kia Motors America*, Case No. 8:13-cv-443-GW-FFM; *Cestaro v. Hyundai Motor America*, Case No. 8:13-cv-442-GW-FFM; *Terhost v. Kia Motors America*, Case No. 8:13-cv-476-GW-FFM; *Martyn v. Hyundai Motor America*, Case No. 8:13-cv-475-GW-FFM | Fees: $357,485.00 Expenses: $2,707.35 |
| Cafferty Clobes Meriwether & Sprengel, LLP | *Figueroa v. Hyundai Motor America*, Case No. 8:13-cv-373-GW-FFM | Fees: $250,000.00 Expenses: $4,623.56 |

| Firms(s) | Case(s) Represented | Fee Request |
|---|---|---|
| Crowley Norman LLP and Payne Mitchell Law Group, LLP; Doyle Lowther LLP; Mauriello Law Firm, APC; and Whatley Kallas, LLP | *Washburn v. Kia Motors Corporation, et al.,* Case No. 2:13-cv-1136-GW-FFM; *Wilton, et al. v. Kia Motors America,* Case No. 8:12-cv-1917-GW-FFM; *Carullo v. Kia Motors America*, Case No. 8:12-cv-2174-GW-FFM | Combined request for all firms: Fees: $346,000.00 Expenses: $3,773.57 |
| Davis & Norris LLP | *Maturani v. Hyundai Motor America*, Case No. 2:13-cv-813-GW-FFM | Fees: $138.305.00 Expenses: $1,768.91 |
| Edelman, Combs, Latturner & Goodwin, LLC | *Rottner v. Hyundai Motor America*, Case No. 2:13-cv-815-GW-FFM | Fees: $7,000 Expenses: $507.66 |
| Finkelstein, Blankinship, Frei-Pearson & Garber LLP | *Graewingholt v. Hyundai Motor America*, Case No. 8:12-cv-1963-GW-FFM | Fees: $44,944.77 Expenses: $1,005.11 |
| Girard Gibbs LLP | *Maharaj, et al. v. Hyundai Motor America, et al.*, Case No. 8:13-cv-70-GW-FFM | Fees: $1,257,000.00 Expenses: $66,000 |
| Glancy Binkow & Goldberg LLP | *Sutta v. Hyundai Motor America,* Case No. 8:13-cv-417-GW-FFM | $5,000 |
| Goldenberg Schneider, LPA and Minnillo & Jenkins, LPA | *Sanders, et al. v. Hyundai Motor America*, Case No. 2:13-cv-817-GW-FFM | Fees: $97,209.40 Expenses: $3,420.36 |
| Gustafson Gluek PLLC | *Weber, et al v. Hyundai Motor America*, Case No. 8:13-cv-27-GW-FFM | Fees: $33,884.00 Expenses: $607.55 |

| Firms(s) | Case(s) Represented | Fee Request |
|---|---|---|
| Hyde & Swigart | *Bayard v. Hyundai Motor America*, Case No. 8:13-cv-257-GW-FFM | Fees: $8,120.50 |
| John P. Nash, Attorney, Inc. | *Graewingholt v. Hyundai Motor America*, Case No. 8:12-cv-1963-GW-FFM | Fees: $7,500<br>Expenses: $806 |
| Kaplan Fox & Kilsheimer LLP | *Young v. Kia Motors America*, Case No. 2:13-cv-167-GW-FFM | Fees: $134,930.00<br>Expenses: $8,318.84 |
| Kazerouni Law Group, APC | *Bayard v. Hyundai Motor America*, Case No. 8:13-cv-257-GW-FFM | Fees: $7,612.50 |
| Law Offices of Todd M. Friedman | *Bayard v. Hyundai Motor America*, Case No. 8:13-cv-257-GW-FFM | Fees: $14,041.00<br>Expenses: $1,000.00 |
| Milstein Adelman, LLP | *Figueroa v. Hyundai Motor America*, Case No. 8:13-cv-373-GW-FFM | Fees: $28,600<br>Expenses: $739 |
| MLG Automotive Law, APLC | *Young v. Kia Motors America*, Case No. 2:13-cv-167-GW-FFM | $2,500 |
| Pomerantz, Grossman, Hufford, Dahlstrom and Gross LLP | *Gordon v. Hyundai Motor America*, Case No. 2:13-cv-1125-GW-FFM | Fees: $33,440.00 |
| Shepherd, Finkelman, Miller & Shah, LLP | *Gordon v. Hyundai Motor America*, Case No. 2:13-cv-1125-GW-FFM | Fees: $192,670.00<br>Expenses: $3,001.92 |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CERTAIN NON-SETTLING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES

| Firms(s) | Case(s) Represented | Fee Request |
|---|---|---|
| Simmons Hanly Conroy and McCallum, Methvin & Terrell, P.C. | *Gudgalis v. Hyundai Motor America*, Case No. 2:13-cv-1128-GW-FFM; *Quiroz v. Kia Motors America, Inc.*, Case No. 8:12-cv-2091-GW-FFM; *Woodruff v. Kia Motors America, Inc.*, Case No. 2:13-cv-1124-GW-FFM; *Armstrong v. Kia Motors America*, Case No. 2:13-cv-1122-GW-FFM; *Hoessler v. Kia Motors America*, Case No. 2:13-cv-1129-GW-FFM; *Leggett v. Kia Motors Corporation*, Case No. 2:13-cv-1134-GW-FFM; and *Hammond v. Hyundai Motor America*, Case No. 2:13-cv-1132-GW-FFM | Fees: $189,691.00 Expenses: $13,021.33 |
| Tate Law Group, LLC; Savage & Turner, P.C.; and Law Office of Drew McElroy | *Iocovozzi v. Kia Motors America*, Case No. 8:13-cv-159-GW-FFM; *Setser v. Kia Motors America*¸ Case No. 8:13-cv-387-GW-FFM; *Fellers v. Kia Motors America*, Case No. 8:13-cv-384-GW-FFM; *Bonsignore v. Kia Motors America*, Case No. 8:13-cv-386-GW-FFM; *Brown v. Kia Motors America*, Case No. 8:13-cv-441-GW-FFM; *Woodward v. Kia Motors America*, 8:13-cv-443-GW-FFM; *Myers v. Hyundai Motor America*, Case No. 8:13-cv-444-GW-FFM; *Cestaro v. Hyundai Motor America*, Case No. 8:13-cv-442-GW-FFM; *Terhost v. Kia Motors America*, Case No. 8:13-cv-476-GW-FFM; *Martyn v. Hyundai Motor America*, Case No. 8:13-cv-475-GW-FFM; *Elliott v. Hyundai Motor America*, Case No. 8:13-cv-385-GW-FFM | Fees: $115,282.50 Expenses: $3,999.21 |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CERTAIN NON-SETTLING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES

## <u>CERTIFICATE OF SERVICE</u>

I, Eric H. Gibbs, hereby certify that on December 23, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will serve notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List. Counsel of record are required by the Court to be registered e-filers, and as such are automatically e-served with a copy of the document upon confirmation of e-filing.

*/s/Eric H. Gibbs*
Eric H. Gibbs

Certificate of Service

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CERTAIN NON-SETTLING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES