QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Shon Morgan (Bar No. 187736)
  shonmorgan@quinnemanuel.com
  Joseph R. Ashby (Bar No. 248579)
  josephashby@quinnemanuel.com
  John Lee (Bar No. 272229)
  johnlee@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

  Karin Kramer (Bar No. 87346)
  karinkramer@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Attorneys for Defendants Hyundai Motor
America and Hyundai Motor Company

[LIST OF COUNSEL CONTINUED ON NEXT PAGE]

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| IN RE: HYUNDAI AND KIA FUEL ECONOMY LITIGATION | CASE NO. 2:13-ML-02424-GW(FFMx) |
| | **DEFENDANTS' OPPOSITION TO FEE APPLICATIONS OF CERTAIN NON-SETTLING PARTIES REPRESENTED BY BONSIGNORE LLC AND INCENTIVE AWARD REQUESTED BY PLAINTIFF IN *GORDON V. HMA*** |
| | (Bonsignore LLC) |
| | [Declarations of Joseph R. Ashby and Gary Greenfield filed concurrently] |
| | Date: March 19, 2015<br>Time: 8:30 a.m. |
| | Courtroom: 10<br>Hon. George H. Wu |

DYKEMA GOSSETT PLLC
  James P. Feeney (Bar No. 219045)
  jfeeney@dykema.com
  Benjamin W. Jeffers (*pro hac vice*)
  bjeffers@dykema.com
  Dommond E. Lonnie (Bar No. 142662)
  dlonnie@dykema.com
333 S. Grand Avenue, Suite 2100
Los Angeles, CA 90071
Telephone: (213) 487-1800
Facsimile: (213) 487-1850

Attorneys for Defendant Kia Motors
America, Inc.

HOGAN LOVELLS US LLP
  Dean Hansell (Bar No. 93831)
  dean.hansell@hoganlovells.com
1999 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 785-4665
Facsimile: (310) 785-4601

  Michael L. Kidney (*pro hac vice*)
  michael.kidney@hoganlovells.com
555 Thirteenth St., NW
Washington, DC 20004
Telephone: (202) 637-5883
Facsimile: (202) 637-5910

Attorneys for Defendants Hyundai Motor
America and Hyundai Motor Company

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ....................................................................... 1

LEGAL PRINCIPLES ..................................................................................... 3

    A.    The Starting Point For A Lodestar Analysis Is The Value Of The Benefit Conferred, Not The Claimed Lodestar ........................................ 3

    B.    Duplicative, Excessive, Or Unnecessary Work Should Not Be Compensated ........................................................................................ 3

    C.    A Fee Submission Requires More Than A Summary Of Hours ........... 4

    D.    A Fee Applicant Bears The Burden To Establish That His or Her Fees Reflect Prevailing Rates For Comparable Work ........................... 5

    E.    The Lodestar Should Reflect Work By Attorneys At An Appropriate Level ............................................................................... 5

ARGUMENT ................................................................................................... 6

I.    THE BONSIGNORE FIRM'S FEE REQUEST SHOULD BE DENIED ................................................................................................... 6

II.    THE *GORDON* PLAINTIFF IS NOT ENTITLED TO AN INCENTIVE AWARD .............................................................................. 9

CONCLUSION ............................................................................................. 10

<u>**TABLE OF AUTHORITIES**</u>

**Page**

<u>**Cases**</u>

*In re Bluetooth Headset Prods. Liab. Litig.*,
654 F.3d 935 (9th Cir. 2011) ................................................................. 4

*Blum v. Stenson*,
465 U.S. 886 (1984) ............................................................................ 5

*Camacho v. Bridgeport Fin., Inc.*,
523 F.3d 973 (9th Cir. 2008) ................................................................. 5

*In re Consumer Privacy Cases*,
96 Cal. Rptr. 3d 127 (2009) .................................................................. 3

*Carson v. Billings Police Dep't*,
470 F.3d 889 (9th Cir. 2006) ................................................................. 5

*Ent. Research Grp., Inc. v. Genesis Creative Grp., Inc.*,
122 F.3d 1211 (9th Cir. 1997) ............................................................... 4

*Gracie v. Gracie*,
217 F.3d 1060 (9th Cir. 2000) ............................................................... 4

*Hensley v. Eckerhart*,
461 U.S. 424 (1983) ............................................................................ 4

*Intel Corp. v. Terabyte Int'l, Inc.*,
6 F.3d 614 (9th Cir. 1993) .................................................................... 4

*Signature Flight Support Corp. v. Landow Aviation Ltd. P'ship*,
730 F. Supp. 2d 513 (E.D. Va. 2010) ...................................................... 6

*Stewart v. Gates*,
987 F.2d 1450 (9th Cir. 1993) ............................................................... 4

*Swaayze v. Phila. Hous. Auth.*,
1992 WL 81598 (E.D. Pa. Apr. 16, 1992) ................................................. 5

*Thayer v. Wells Fargo Bank, N.A.*,
92 Cal. App. 4th 819 (2001) .................................................................. 4

*In re Toys R Us-Delaware, Inc.*,
295 F.R.D. 438 (C.D. Cal. 2014) ............................................................ 9

*Triumph Constr. Corp. v. N.Y.C. Council of Carpenters Pension Fund*,
2014 WL 6879851 (S.D.N.Y. Dec. 8, 2014) .............................................. 6

*Ursic v. Bethlehem Mines*,
719 F.2d 670, 677 (3d Cir. 1983) ........................................................... 6

Case No. 2:13-ML-02424-GW(FFMx)
DEFENDANTS' OPPOSITION TO FEE APPLICATIONS OF CERTAIN NON-SETTLING PARTIES

*In re Vitamin Cases,*
    2 Cal. Rptr. 3d 358 (2003) ..................................................................... 4

*Vizcaino v. Microsoft Corp.,*
    290 F.3d 1043 (9th Cir. 2002) ................................................................ 3

**Preliminary Statement**

The vast majority of counsel for Non-Settling Plaintiffs ("NSPs") in this MDL recognize their limited role, if any, in achieving the settlement that has been preliminarily approved.  As a result, these counsel agreed to relatively modest fee payments that reflect their lack of risk or role in the settlement.  In all instances, these agreed-upon fees represented substantial reductions, accepting reductions of 27% to 80% off their alleged lodestars.  Attached to this brief is an appendix setting forth the amounts plaintiffs agreed to accept and defendants agreed not to oppose.

Counsel for one group of NSPs addressed in this opposition, Bonsignore LLC, have not been reasonable, and seek 100% of their claimed lodestar.[1]  They make this demand even though they filed all six of their cases after defendants publicly announced a program to compensate customers for diminished fuel economy and five of them after defendants already had entered into an agreement-in-principle to settle claims on behalf of a nationwide class of consumers.  With compensation to the class assured, the Bonsignore firm merely found plaintiffs, filed largely copycat complaints, and became part of the MDL.  Other than participating in some discovery, the firm provided no benefit to the class or the settlement.  It appears they accumulated lodestar hours by staffing multiple lawyers on the matter, then deploying them to passively participate in group telephone conferences, hearings, and constant review of emails and pleadings from others.

Actual benefit to the class, not mere activity, is the touchstone for a fee award.  No presumption should be made that the Bonsignore firm is entitled to payment in the absence of a showing of contributing material benefit to the class.  After that, counsel still must provide evidence supporting their lodestar with

---

[1]  Defendants have filed separate briefs addressing the fee requests of other NSPs, including the Virginia plaintiffs and the *Krauth/Hasper* group.

appropriate detail.  They have not done so here.  Accordingly, the Bonsignore firm's fee request should be denied.

For similar reasons, the request for the *Gordon* plaintiff for an incentive award should be denied.  No showing has made that Mr. Gordon did anything to warrant an award.  The mere fact of being a plaintiff in a copycat case where relief is all but assured is not the standard for receiving an incentive award, nor should it be.[2]

### The Settlement:  Before And After Participation By NSPs

The Bonsignore firm effected no demonstrable changes to the settlement:

- The structure of the compensation program never changed after the settlement was first announced.  There were only some minor adjustments to amounts.

- An addendum was added for the 4 x 40 compensation, but the original agreement provided for the addendum because 4 x 40 compensation was a contemplated part of the original agreement.  The addendum was filed just three weeks after the original agreement.  (Original agreement filed Dec. 23, 2013; addendum filed Jan. 16, 2014.)

- The long-form notice was changed to postcard notice.

- A web-based process was added, but that suggestion came from liaison counsel, not counsel for any of the NSPs.

---

[2]   Defendants' opposition to the Bonsignore firm's motion for attorneys' fees is supported by the declaration of Gary Greenfield.  (Greenfield Decl., ¶¶ 13-28, 92-101).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>Legal Principles</u>**[3]

A.      **<u>The Starting Point For A Lodestar Analysis Is The Value Of The Benefit Conferred, Not The Claimed Lodestar</u>**

The Bonsignore firm presumes its lawyers are entitled to fees because they brought cases to the MDL.  Counsel cite no case for the proposition that mere participation in class litigation entitles them to be paid.  If counsel were correct, 10,000 firms could bring 10,000 duplicative cases and all could recover fees based on nothing more than reading emails and reviewing the same documents reviewed by 9,999 other firms.

As addressed more fully in the opposition to the *Krauth/Hasper* plaintiffs' fee motion, that is not the law, nor should it be.  The lodestar concept remains rooted in the Court's "objective determination of the value of the attorney's services."  *See, e.g.*, *In re Consumer Privacy Cases*, 96 Cal. Rptr. 3d 127, 136 (2009) (NSP Mem. of Points & Authorities at 17:10-11 (Dkt. No. 378-1)); Greenfield Decl., ¶ 13 ("In a class action, before counsel is entitled to any portion of their lodestar, they must first show that they provided a benefit to the class.").

B.      **<u>Duplicative, Excessive, Or Unnecessary Work Should Not Be Compensated</u>**

A lodestar does not necessarily represent fair and efficient billing; as a result, it serves merely as a starting point to assess an appropriate fee award.  The Ninth Circuit recognizes the excesses inherent in the lodestar method:  "[I]t is widely recognized that the lodestar method creates incentives for counsel to expend more hours than may be necessary on litigating a case so as to recover a reasonable fee . . . ."  *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1050 n.5 (9th Cir. 2002).

---

[3]   Defendants incorporate herein by reference the legal discussions from their briefs addressing the fee applications of counsel for *Espinosa* and counsel for *Krauth/Hasper.*

1    The lodestar calculation should include only those hours that were
2    "reasonably expended on the litigation."  *In re Bluetooth Headset Prods. Liab.*
3    *Litig.*, 654 F.3d 935, 941 (9th Cir. 2011).  The lodestar should not include hours that
4    were "excessive, redundant, or otherwise unnecessary."  *Stewart v. Gates*, 987 F.2d
5    1450, 1452 (9th Cir. 1993) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983)).
6    The Supreme Court "has instructed district courts to [] 'award only that amount of
7    fees that is reasonable in relation to the results obtained.'"  *In re Bluetooth*, 654 F.3d
8    at 942 (quoting *Hensley*, 461 U.S. at 436).  Duplicative work provides no value to
9    the class and should not be included in a fee award.  *See Thayer v. Wells Fargo*
10   *Bank, N.A.*, 92 Cal. App. 4th 819, 841 (2001) (reversing an award of attorney's fees
11   where there was "unnecessary duplication of work by plaintiffs' numerous
12   counsel"); *In re Vitamin Cases*, 2 Cal. Rptr. 3d 358, 367-69 (2003) (same).

13       In addition to adjustments for duplicative and excessive work, the lodestar
14   must also be adjusted to account for certain "reasonableness factors."  These include
15   "the quality of representation, the benefit obtained for the class, the complexity and
16   novelty of the issues presented, and the risk of nonpayment."  *In re Bluetooth*, 654
17   F.3d at 941-42 (citation omitted).  "Foremost among these considerations [] is the
18   benefit obtained for the class."  *Id.*

19       **C.    A Fee Submission Requires More Than A Summary Of Hours**

20       The Ninth Circuit has held repeatedly that a mere summary of hours is
21   inadequate to support a fee request, and it is error to base a fee award on a summary.
22   *See Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 623 (9th Cir. 1993) (summary of
23   hours not adequate to support fee award as it cannot be determined if hours spent
24   were reasonable); *Gracie v. Gracie*, 217 F.3d 1060, 1070-71 (9th Cir. 2000)
25   (summary of hours without underlying supporting material prevents assessment of
26   adequacy of fee award); *Ent. Research Grp., Inc. v. Genesis Creative Grp., Inc.*, 122
27   F.3d 1211, 1230-31 (9th Cir. 1997) (district court abused its discretion by basing fee
28   award on summary of hours).

### D.    A Fee Applicant Bears The Burden To Establish That His or Her Fees Reflect Prevailing Rates For Comparable Work

A fee applicant has the burden to prove the requested billing rate is "in line with the prevailing market rate of the relevant community." *Carson v. Billings Police Dep't*, 470 F.3d 889, 891 (9th Cir. 2006) (internal quotation marks omitted). The rate must be consistent with fees charged "for similar services by lawyers of reasonably comparable skill, experience and reputation." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)).

The applicant's burden is not met by an affidavit from counsel containing conclusory statements that his or her rates reflect comparables in the community. *Blum*, 465 U.S. at 895 n.11 (fee applicant must submit "satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation"). In *Carson*, the Ninth Circuit found insufficient "an affidavit stating what [counsel's] rate was, and demonstrating that he was an experienced and knowledgeable attorney in this area of law." 470 F.3d at 891. The court held that a plaintiff's failure to submit evidence concerning the prevailing market rate for attorneys' fees justified a reduction of the requested rate. *Id*. at 891-93.

### E.    The Lodestar Should Reflect Work By Attorneys At An Appropriate Level

Counsel may not increase their lodestar by having senior attorneys perform work more appropriately handled by junior lawyers or non-lawyer staff. Courts recognize it is inefficient and excessive to have senior attorneys perform "more mundane tasks . . . requiring less skill and judgment" that could be "performed by junior attorneys, law clerks or paralegals," and fee awards should be reduced accordingly. *See Swaayze v. Phila. Hous. Auth.*, 1992 WL 81598, at *2 (E.D. Pa.

Apr. 16, 1992) (reducing a fee award where senior attorneys performed work that could have been done by junior attorneys) (citing *Ursic v. Bethlehem Mines*, 719 F.2d 670, 677 (3d Cir. 1983)); *Triumph Constr. Corp. v. N.Y.C. Council of Carpenters Pension Fund*, 2014 WL 6879851, at \*7 (S.D.N.Y. Dec. 8, 2014) (same); *Signature Flight Support Corp. v. Landow Aviation Ltd. P'ship*, 730 F. Supp. 2d 513, 523 (E.D. Va. 2010) (same).

<u>**Argument**</u>

## I.   THE BONSIGNORE FIRM'S FEE REQUEST SHOULD BE DENIED

The Bonsignore firm requests fees in the amount of $360,192.35 and expenses in the amount of $ 2,707.35.  (Bonsignore Decl., Exh. 1 at 7:7-21 (Dkt. No. 379-4)).  They have not provided the detail necessary to justify an award of any fees.

The six cases the Bonsignore firm filed do not reflect any original work or risk.  The firm filed all but one of its six cases after the settling parties announced the settlement-in-principle on February 14, 2013, thereby avoiding risk.[4]  The complaints were derivative of the many other complaints already filed in the MDL, thereby also avoiding any significant original work.  Even though the advanced status of this case when they filed made substantial litigation efforts unlikely, the Bonsignore firm staffed the case with six people—including five for whom Bonsignore has  provided no information about their background and experience or even whether they are lawyers—*and* partnered with the Tate Law Group, LLC, which added another eight lawyers to the group for a total of fourteen.[5]  Since there

---

[4]   *Brown* Compl. (filed on March 15, 2013) (Case No. 13-cv-00441, Dkt. No. 1); *TerHost* Compl. (filed on March 26, 2013) (Case No. 13-cv-00476, Dkt. No. 1); *Cestaro* Compl. (filed on March 15, 2013) (Case No. 13-cv-00442, Dkt. No. 1); *Martyn* Compl. (filed on March 26, 2013) (Case No. 13-cv-00475, Dkt. No. 1); *Woodward* Compl. (filed on March 15, 2013) (Case No. 13-cv-00443, Dkt No. 1).
[5]   Tate has since settled its fees.

were scores of other lawyers already working on this case who spent time bringing the settlement to fruition, no justification can be made, or has been made, for such excessive staffing.  The Bonsignore firm's fee application exemplifies the Ninth Circuit's caution about the potential for an unbridled lodestar.

The Bonsignore firm's fee application violates every principle of law applicable to their motion.  First, the firm fails to take on, let alone satisfy, their burden to justify their rates.  Mr. Bonsignore's declaration also fails to identify any benefit the class purportedly received from work performed by the many lawyers he staffed on this matter.  And because the background and experience of Echavarria, Kirchner, Sleboda, Whitaker, and Lent are unaddressed in their motion, it is impossible to assess the appropriateness of their rates.  (*See* Greenfield Decl., ¶ 100 (failure to provide any support for their rates precludes inclusion in the lodestar calculation).  Mr. Bonsignore himself submits that his rate is comparable to that of class counsel, but he does not show that he has a comparable level of expertise with consumer fraud class actions or other complex class action litigation, nor that the rates he submits for consideration here are consistent with the rates in his legal community.  (Bonsignore Decl., Exh. 1 at 6-7 (Dkt. No. 379-4) (Bonsignore LLC billed the majority of its work at $650 per hour).  His co-counsel, Mark Tate, claimed an hourly rate of $500.  (Tate Decl., at 2 (Dkt. No. 379-28)).  Moreover, while Mr. Bonsignore is currently in Las Vegas, he performed the vast majority of his work in New Hampshire, where the lawyers' rates are undoubtedly different than in his current locale.  (*See* Notice of Appearance at 1-2 (Dkt. No. 91) (identifying firm location in New Hampshire); Notice of Firm Change at 1 (Dkt. No. 368) (notifying court of new Las Vegas office in December 2014)).  Mr. Bonsignore has not fulfilled his burden to demonstrate his rates are commensurate with the rates in New Hampshire.  (*See* 10/6/14 Tr. 13:18-22 (Ashby Decl., Exh. 1)).

Second, the Bonsignore firm relies on a summary of hours only; they do not submit the detail necessary to analyze the reasonableness of their claimed lodestar.

It is impossible to determine the extent to which lawyers in the firm duplicated each others' work, and the extent to which the firm duplicated the work of co-counsel, the Tate firm, or of other firms working on the matter. (*See* Greenfield Decl., ¶ 95 (failure to submit adequate documentation precludes assessment of reasonability of fee request)). And although Mr. Bonsignore states that his firm attempted to limit their work to that assigned by liaison counsel (*see* Bonsignore Decl., at 2:12-17 (Dkt. No. 379-4)), not only is that a conclusory statement that cannot be credited, but the firm's hours appear to be disproportionate to its role. The majority of the firm's 660 hours—453.4—were spent on discovery, which is the equivalent of one person working full time on discovery for three months. (*Id.* at 3:20-4:14; *id.*, Exh. 1 at 6:3-7:21). The firm was not responsible for conducting interviews of Hyundai or Kia personnel, so that level of effort is not justified. (*Id.* at 3:22-23).

Third, Mr. Bonsignore, who presents himself as a senior and accomplished litigator, claims responsibility for most of the discovery hours (252.20 out of 453.40), a task generally reserved for less experienced lawyers. He provides no explanation of why document review, for example, should have been his domain. If he did indeed perform the document review himself, he should not be permitted to charge senior lawyer rates for it. (*See* Bonsignore Decl., Exh. 1 at 6:23 (Dkt. No. 379-4); Greenfield Decl., ¶¶ 97, 101 (improper to claim senior rates for document review).

In sum, the Bonsignore firm has not provided documentation sufficient to judge its submission, nor evidence of the rates prevailing in their community. And the firm fails to satisfy the signature requirement for a fee award: benefit to the class. If the Court decides to award fees to the firm, the evidence strongly supports substantially reducing their lodestar. This evidence includes that they joined a case that already was all but settled, overstaffed it, copied the work of previous counsel, and had no involvement other than low-level discovery work.

## II.     THE *GORDON* PLAINTIFF IS NOT ENTITLED TO AN INCENTIVE AWARD

The Pomerantz firm requests an incentive award for their client, the plaintiff in *Gordon v. HMA*, based only on the following:  "Mr. Gordon filed the *Gordon* Action prior to the announcement of the Adjustment Program which clearly benefited the Class by placing enhanced pressure on Defendants to come forward and enact the Adjustment Program."  (Goldstein Decl., at 2:16-18 (Dkt. No. 379-25)).  This conclusory and unsupported allegation does not begin to satisfy the requirements for an incentive award.

First, the factual predicate of the request is wrong.  *Gordon* was based on a different legal theory, false advertising, as opposed to the testing errors that led defendants to announce their voluntary reimbursement program.  (*See* Defendants' Opp. to *Krauth/Hasper* Pltfs.'Mot. for Attorneys' Fees, at 4-5).  There is no logical or factual basis to conclude that the struggling false advertising theory had any impact on defendants' decision to compensate their customers.

Second, the cursory submission attempting to justify an award to Mr. Gordon does not meet any of the requirements for incentive awards.  It does not show he spent any time, incurred any expense, or was involved in the action at all, let alone that he "remained fully involved and expended considerable time and energy during the course of the litigation."  *See In re Toys R Us-Delaware, Inc.*, 295 F.R.D. 438, 471 (C.D. Cal. 2014).  (For a full discussion of the law related to incentive awards, *see* Defendants' Opp. to *Krauth/Hasper* Pltfs.' Mot. for Attorneys' Fees at 23-25).

Having failed to provide an adequate evidentiary, factual, or legal basis for an incentive award, the request on behalf of Mr. Gordon should be denied.  There is no indication he provided any value to the MDL or expended any effort in conjunction with it.

## Conclusion

The law clearly provides what counsel in this type of case must do to collect fees, and the Bonsignore firm has not done it. Other than proffering conclusory statements, they have not satisfied the foundational requirement of demonstrating they conferred a benefit on the class. They do not bother to support their requests for fees with adequate documentation or evidence that their rate is reasonable.

The unusual posture of this case, with its combination of scores of cases, an early and valuable settlement, and minimal litigation needed to bring the settlement home, should not be a fee bonanza for lawyers who did not substantially contribute to the result. Most of the lawyers in the case have been reasonable about their fee requests and have acknowledged the inherent overbilling this kind of proceeding spawns, by accepting fees below their lodestars. The Bonsignore firm has not pointed to—nor can they point to—any real benefit they provided to the settlement class. The firm's fee requests should be denied in their entirety, as should the request for an incentive award for Mr. Gordon.

DATED: February 5, 2015            QUINN EMANUEL URQUHART &
                                   SULLIVAN, LLP


                                   By  /s/ Shon Morgan
                                       Shon Morgan
                                       Attorneys for Defendant Hyundai Motor
                                       America

DEFENDANTS' OPPOSITION TO FEE APPLICATIONS OF CERTAIN NON-SETTLING PARTIES

DATED:  February 5, 2015            DYKEMMA GOSSETT PLLC


By  /s/ James P. Feeney
    James P. Feeney
    Attorneys for Defendant Kia Motors
    America, Inc.


**C.D. Cal. L. R. 5-4.3.4(a)(2) Attestation**

Pursuant to Local Rule 5-4.3.4(a)(2), I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

/s/ Shon Morgan

**Appendix:  Agreed-Upon Attorneys' Fees and Expenses for Non-Settling Plaintiffs' Counsel**

| Firms(s) | Case(s) Represented | Alleged Lodestar Total Fees | Agreed-Upon Attorneys' Fees | Agreed-Upon Expenses |
|---|---|---|---|---|
| Ahdoot & Wolfson, PC | *Sutta v. Hyundai Motor America*, No. 8:13-cv-417-GW-FFM | $22,644.50 | **$5,000.00** | **$0.00** |
| Berger & Montague, P.C. | *Kurash v. Hyundai Motor America*, No. 8:12-cv-2164-GW-FFM | $87,070.75 | **$26,397.00** | **$2,252.09** |
| Berman DeValerio; Bell Davis Pitt | *Dunst v. Hyundai Motor America*, No. 2:13-cv-1352-GW-FFM; *Patterson v. Kia Motors America*, No. 2:14-cv-327-GW-FFM | $407,040.00 | **$205,000.00** | **$5,534.34** |
| Bonsignore PLLC | Iocovozzi v. Kia Motors America, No. 8:13-cv-159-GW-FFM; Brown v. Kia Motors America, No. 8:13-cv-441-GW-FFM; Woodward v. Kia Motors America, No. 8:13-cv-443-GW-FFM; Cestaro v. Hyundai Motor America, No. 8:13-cv-442-GW-FFM; Terhost v. Kia Motors America, No. 8:13-cv-476-GW-FFM; Martyn v. Hyundai Motor America, No. 8:13-cv-475-GW-FFM | $357,485.00 | **No Agreement** | **No Agreement** |
| Cafferty Clobes Meriwether & Sprengel, LLP | *Figueroa v. Hyundai Motor America*, No. 8:13-cv-373-GW-FFM | $408,689.00 | **$250,000.00** | **$4,623.56** |
| Crowley Norman LLP and Payne Mitchell Law Group, LLP; Doyle Lowther LLP; Mauriello Law Firm, APC; Whatley Kallas, LLP | *Washburn v. Kia Motors Corporation*, No. 2:13-cv-1136-GW-FFM; *Wilton v. Kia Motors America*, No. 8:12-cv-1917-GW-FFM; *Carullo v. Kia Motors America*, No. 8:12-cv-2174-GW-FFM | $627,386.00 | **$346,000.00** | **$3,773.57** |
| Davis & Norris LLP | *Maturani v. Hyundai Motor America*, No. 2:13-cv-813-GW-FFM | $189,458.75 | **$138,305.00** | **$1,768.91** |
| Edelman, Combs, Latturner & Goodwin, LLC | *Rottner v. Hyundai Motor America*, No. 2:13-cv-815-GW-FFM | $28,396.00 | **$7,000.00** | **$507.66** |
| Finkelstein, Blankinship, Frei-Pearson & Garber LLP | *Graewingholt v. Hyundai Motor America*, No. 8:12-cv-1963-GW-FFM | $135,152.25 | **$44,944.77** | **$1,005.11** |
| Girard Gibbs LLP | *Maharaj v. Hyundai Motor America*, No. 8:13-cv-70-GW-FFM | $1,467,131.00 | **$1,257,000.00** | **$66,000.00** |

1

**Appendix:  Agreed-Upon Attorneys' Fees and Expenses for Non-Settling Plaintiffs' Counsel**

| Firms(s) | Case(s) Represented | Alleged Lodestar Total Fees | Agreed-Upon Attorneys' Fees | Agreed-Upon Expenses |
|---|---|---|---|---|
| Glancy Binkow & Goldberg LLP | *Sutta v. Hyundai Motor America*, No. 8:13-cv-417-GW-FFM | $22,836.25 | **$5,000.00** | **$0.00** |
| Goldenberg Schneider, LPA; Minnillo & Jenkins, LPA | *Sanders v. Hyundai Motor America*, No. 2:13-cv-817-GW-FFM | $133,245.00 | **$97,209.40** | **$3,420.36** |
| Gustafson Gluek PLLC | *Weber v. Hyundai Motor America*, No. 8:13-cv-27-GW-FFM | $122,406.25 | **$33,884.00** | **$607.55** |
| Hyde & Swigart | *Bayard v. Hyundai Motor America*, No. 8:13-cv-257-GW-FFM | $8,120.50 | **$5,000.00** | **$0.00** |
| John P. Nash, Attorney, Inc. | *Graewingholt v. Hyundai Motor America*, No. 8:12-cv-1963-GW-FFM | $34,856.25 | **$7,500.00** | **$806.00** |
| Kaplan Fox & Kilsheimer LLP | *Young v. Kia Motors America*, No. 2:13-cv-167-GW-FFM | $192,757.50 | **$134,930.00** | **$8,318.84** |
| Kazerouni Law Group, APC | *Bayard v. Hyundai Motor America*, No. 8:13-cv-257-GW-FFM | $7,612.50 | **$5,000.00** | **$0.00** |
| Law Offices of Lewis G. Adler; Law Offices of Paul DePetris | *Wilson v. Kia Motors America, Inc.*, No. 2:13-cv01625-GW-FFM | $78,964.00 | **$27,494.00** | **$3,204.54** |
| Law Offices of Todd M. Friedman | *Bayard v. Hyundai Motor America*, No. 8:13-cv-257-GW-FFM | $14,041.00 | **$6,000.00** | **$1,000.00** |
| Milstein Adelman, LLP | *Figueroa v. Hyundai Motor America*, No. 8:13-cv-373-GW-FFM | $28,600.00 | **$5,500.00** | **$739.00** |
| MLG Automotive Law, APLC | *Young v. Kia Motors America*, No. 2:13-cv-167-GW-FFM | $5,932.00 | **$2,500.00** | **$0.00** |
| Shepherd, Finkelman, Miller & Shah, LLP; Pomerantz LLP | *Gordon v. Hyundai Motor America*, No. 2:13-cv-1125-GW-FFM | $226,110.00 | **$65,571.00** | **$3,001.92** |
| Simmons Hanly Conroy; McCallum, Methvin & Terrell, P.C. | *Gudgalis v. Hyundai Motor America*, No. 2:13-cv-1128-GW-FFM; *Quiroz v. Kia Motors America, Inc.*, No. 8:12-cv-2091-GW-FFM; *Woodruff v. Kia Motors America, Inc.*, No. 2:13-cv-1124-GW-FFM; *Armstrong v. Kia Motors America*, No. 2:13-cv-1122-GW-FFM; *Hoessler v. Kia Motors America*, No. 2:13-cv-1129-GW-FFM; *Leggett v. Kia Motors Corporation*, No. 2:13-cv-1134-GW-FFM; *Hammond v. Hyundai Motor America*, No. 2:13-cv-1132-GW-FFM | $297,727.50 | **$189,691.00** | **$13,021.33** |

**Appendix:  Agreed-Upon Attorneys' Fees and Expenses for Non-Settling Plaintiffs' Counsel**

| Firms(s) | Case(s) Represented | Alleged Lodestar Total Fees | Agreed-Upon Attorneys' Fees | Agreed-Upon Expenses |
|---|---|---|---|---|
| Tate Law Group, LLC;<br>Savage & Turner, P.C.;<br>Law Office of Drew McElroy<br>The Cartwright Law Firm, Inc. | *Iocovozzi v. Kia Motors America*, No. 8:13-cv-159-GW-FFM;<br>*Setser v. Kia Motors America*¸ No. 8:13-cv-387-GW-FFM;<br>*Fellers v. Kia Motors America*, No. 8:13-cv-384-GW-FFM;<br>*Bonsignore v. Kia Motors America*, No. 8:13-cv-386-GW-FFM;<br>*Brown v. Kia Motors America*, No. 8:13-cv-441-GW-FFM;<br>*Woodward v. Kia Motors America*, 8:13-cv-443-GW-FFM;<br>*Myers v. Hyundai Motor America*, No. 8:13-cv-444-GW-FFM;<br>*Cestaro v. Hyundai Motor America*, No. 8:13-cv-442-GW-FFM;<br>*Terhost v. Kia Motors America*, No. 8:13-cv-476-GW-FFM;<br>*Martyn v. Hyundai Motor America*, No. 8:13-cv-475-GW-FFM;<br>*Elliott v. Hyundai Motor America*, No. 8:13-cv-385-GW-FFM | $115,282.50 | **$40,348.00** | **$3,999.21** |

3