QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Shon Morgan (Bar No. 187736)
  shonmorgan@quinnemanuel.com
  Joseph R. Ashby (Bar No. 248579)
  josephashby@quinnemanuel.com
  John Lee (Bar No. 272229)
  johnlee@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443 3000
Facsimile:    (213) 443 3100

  Karin Kramer (Bar No. 87346)
  karinkramer@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone:   (415) 875-6600
Facsimile:    (415) 875-6700

Attorneys for Defendants Hyundai Motor America and Hyundai Motor Company

[LIST OF COUNSEL CONTINUED ON NEXT PAGE]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| IN RE: HYUNDAI AND KIA FUEL ECONOMY LITIGATION | CASE NO. 2:13-ML-02424-GW(FFMx)<br><br>**DEFENDANTS' APPLICATION TO SEAL**<br><br>Date: March 19, 2015<br>Time: 8:30 a.m.<br><br>Courtroom: 10<br>Hon. George H. Wu |

```
 1  DYKEMA GOSSETT PLLC
      James P. Feeney (Bar No. 219045)
 2    jfeeney@dykema.com
      Benjamin W. Jeffers (pro hac vice)
 3    bjeffers@dykema.com
      Dommond E. Lonnie (Bar No. 142662)
 4    dlonnie@dykema.com
    333 S. Grand Avenue, Suite 2100
 5  Los Angeles, CA 90071
    Telephone: (213) 487-1800
 6  Facsimile: (213) 487-1850

 7  Attorneys for Defendant Kia Motors
    America, Inc.
 8

 9  HOGAN LOVELLS US LLP
      Dean Hansell (Bar No. 93831)
10    dean.hansell@hoganlovells.com
    1999 Avenue of the Stars, Suite 1400
11  Los Angeles, California 90067
    Telephone: (310) 785-4665
12  Facsimile: (310) 785-4601

13    Michael L. Kidney (pro hac vice)
      michael.kidney@hoganlovells.com
14  555 Thirteenth St., NW
    Washington, DC 20004
15  Telephone: (202) 637-5883
    Facsimile: (202) 637-5910
16
    Attorneys for Defendants Hyundai Motor
17  America and Hyundai Motor Company
```

The undersigned parties submit this Application to Seal pursuant to Local Rule 79-5.1 for an order to file under seal the concurrently submitted:

    a) Defendants' Opposition to the *Krauth/Hasper* Plaintiffs' Motion for Attorneys' Fees, Reimbursement of Expenses, and Compensation of Named Plaintiffs;

    b) Declaration of Joseph R. Ashby in Opposition to the *Krauth/Hasper* Plaintiffs' Motion for Attorneys' Fees, Reimbursement of Expenses, and Compensation of Named Plaintiffs and attached Exhibits; and

    c) Declaration of Joseph R. Ashby in Opposition to the *Espinosa* Plaintiffs' Motion for Fees, Expenses, and Incentive Award and attached Exhibits.

**Application To File Documents Specified Above Under Seal**

Good cause exists to file the documents specified above under seal. The documents the parties seek to file under seal contain information subject to the Rule 408 Confidentiality Agreement under which documents and information have been provided during confirmatory discovery. (*See* Attachment A). The Rule 408 Confidentiality Agreement limits the disclosure of the documents produced during the confirmatory discovery process to only counsel for the cases included in this litigation (and their employees, agents, consultants, and other representatives). (Attachment A, at II.A (providing that the documents and information provided are "disclosed or provided to Recipient(s) solely for the purposes of settlement. Recipient(s) will not use, disclose, copy, disseminate or distribute any Settlement Discussions for any other purpose.")). The Court has previously recognized the Rule 408 Confidentiality Agreement functions here as an equivalent to a standard protective order in terms of the disclosure of documents and information subject to the agreement. (*See* Transcript of April 11, 2013 Status Conference at 5:1-3 ("it's a standard protective order here")).

1  The documents specified above contain and reference information disclosed pursuant to the confirmatory discovery and under the auspices of the Rule 408 Confidentiality Agreement. The public disclosure of this information would harm defendants and be inconsistent with the confirmatory discovery process.

The defendants are also filing public redacted versions of the documents specified above that redact the information subject to the Rule 408 Confidentiality Agreement. By also filing the public redacted versions of these documents, the parties are providing public access to their filing to the extent possible without prejudicing the confirmatory discovery and settlement process. Also, filing the public redacted versions of these documents provides public access to the filing to the extent possible without harming defendants.

For the foregoing reasons, the defendants request that the Court grant their Application to Seal. A proposed order is enclosed with this application.

DATED: February 5, 2015

QUINN EMANUEL URQUHART & SULLIVAN, LLP


By  */s/ Shon Morgan*
    Shon Morgan
    Attorneys for Defendant Hyundai Motor America

| | | |
|---|---|---|
| 1 | DATED: February 5, 2015 | DYKEMMA GOSSETT PLLC |

By /s/ *James P. Feeney*
James P. Feeney
Attorneys for Defendant Kia Motors America, Inc.

**C.D. Cal. L. R. 5-4.3.4(a)(2) Attestation**

Pursuant to Local Rule 5-4.3.4(a)(2), I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

*/s/ Shon Morgan*

# CERTIFICATE OF SERVICE

I, Shon Morgan, hereby certify that on February 5, 2015, I had manually filed the following documents with the Clerk of the Court and served copies on the below-listed counsel via email.

- Defendants' Opposition to the *Krauth/Hasper* Plaintiffs' Motion for Attorneys' Fees, Reimbursement of Expenses, and Compensation of Named Plaintiffs;

- Declaration of Joseph R. Ashby in Opposition to the *Krauth/Hasper* Plaintiffs' Motion for Attorneys' Fees, Reimbursement of Expenses, and Compensation of Named Plaintiffs and attached Exhibits

- Declaration of Joseph R. Ashby in Opposition to the *Espinosa* Plaintiffs' Motion for Fees, Expenses, and Incentive Award and attached Exhibits

Copies of these documents will also be provided via email to Non-Settling Plaintiffs that have signed the Rule 408 Confidentiality Agreement.

/s/ Shon Morgan
Shon Morgan

Eric Gibbs
Girard Gibbs LLP
601 California St., 14th Floor
San Francisco, CA 94108

Rob Carey
Hagens Berman Sobol Shapiro LLP
2425 East Camelback Road, Suite 650
Phoenix, AZ, 85016

James P. Feeney
Dykema Gossett LLP
33 South Grand Avenue, Suite 2100
Los Angeles, CA 90071

Tom Loeser
Hagens Berman Sobol Shapiro LLP
1918 Eighth Ave., Suite 3300
Seattle, WA 98101

Benjamin Jeffers
Dykema Gossett LLP
400 Renaissance Center
Detroit, MI 48243

Richard D. McCune
McCune Wright LLP
2068 Orange Tree Labe, Suite 216
Redlands, CA 92374

Niall P. McCarthy
COTCHETT, PITRE & McCARTHY, LLP
840 Malcolm Road
Burlingame, CA 94010

Jonathan W. Cuneo
CUNEO GILBERT & LADUCA, LLP
507 C Street, N.E.
Washington, DC 20002

| | |
|---|---|
| Laura Antonini<br>CONSUMER WATCHDOG<br>2701 Ocean Park Blvd., Suite 112<br>Santa Monica, CA  90405 | Craig C. Sheffer<br>DREYER BABICH BUCCOLA<br>WOOD CAMPORA, LLP<br>20 Bicentennial Circle<br>Sacramento, CA  95826 |

Pursuant to the Court's order at the status conference on February 28, 2013, and subsequent minute order, defendants Hyundai Motor America ("HMA") and Kia Motors America, Inc. ("KMA") propose the following Federal Rule of Evidence 408 confidentiality agreement for settlement discussions with plaintiffs in the cases pending transfer to or currently included in *In re: Hyundai and Kia Fuel Economy Litigation*, C.D. Cal. Case No. 2:13-ml-02424-GW-FFM.

### Proposed Federal Rule of Evidence 408 Confidentiality Agreement

**I.   DEFINITIONS**

"**Settlement Discussions**" means any statement, conversation, communication, information, material, document, email, electronic file, or other disclosure made by HMA, KMA, or counsel participating in settlement discussions (including disclosures regarding claims, defenses, and possible terms of settlement) in cases pending transfer to or currently included in *In re: Hyundai and Kia Fuel Economy Litigation*, C.D. Cal. Case No. 2:13-ml-02424-GW-FFM, which information is not otherwise available or that has not already been publicly filed or disclosed.

"**Discloser**" means a party that discloses any of its Settlement Discussions to a Recipient under this agreement.

"**Recipient**" means a party that receives any Settlement Discussions from a Discloser under this agreement.

**II.   CONFIDENTIALITY**

**A)**   Settlement Discussions are disclosed or provided to Recipient(s) solely for the purposes of settlement. Recipient(s) will not use, disclose, copy, disseminate or distribute any Settlement Discussions for any other purpose.

**B)**   Settlement Discussions are for compromise purposes within the meaning of Federal Rules of Evidence 408, or other substantially equivalent federal or state statutes or rules. The Settlement Discussions shall not be admissible to

prove liability under the provisions of Federal Rule of Evidence 408, or any statute or rule of similar effect, as applicable. Any Settlement Discussion that is in written or other tangible form shall be marked "Rule 408 Information" by the Discloser prior to disclosure or designated in writing to be "Rule 408 Information" within 30 days after disclosure.

      **C)** Recipient(s) will protect Settlement Discussions from unauthorized use, disclosure, copying, dissemination, or distribution. Without limitation of the foregoing, Recipient(s) will: (1) make Settlement Discussions available only to its employees, agents, consultants, and other representatives who have a need to know the same for the purpose specified in paragraph II.A and counsel for plaintiffs in the cases pending transfer to or currently included in *In re: Hyundai and Kia Fuel Economy Litigation*, C.D. Cal. Case No. 2:13-ml-02424-GW-FFM, (2) ensure that any person receiving a Settlement Discussion has been informed that Settlement Discussions are subject to this agreement and has agreed or is otherwise obligated to comply with this agreement; (3) not disclose Settlement Discussions to any unauthorized third party; (4) make or copy Settlement Discussions only as reasonably required for the purpose specified in paragraph II.A; and (5) not deliver, distribute, disclose, display, demonstrate or otherwise make available Settlement Discussions to any third party except as provided in clause (1) above.