Matthew Kurilich California Bar Number 30172
17321 Irvine BLVD STE 115
Tustin CA 92780
Telephone    714-734-3715
Facsimile      714-734-3716
mattkurilich@gmail.com

Attorney for Objector
Peri Fetsch

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: HYUNDAI AND KIA FUEL ECONOMY LITIGATION | Case No. MDL 2:13-ml-2424-GW(FFMx) <br><br> **NOTICE OF OBJECTION FOR OBJECTOR PERI FETSCH** |

TO THE CLERK OF THE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Class member Peri Fetsch, a class member of the above-captioned case, objects to the proposed settlement in this case known as *In Re: Hyundai and Kia Fuel Economy Litigation*, No. MDL 2:13-ml-2424-GW(FFMx) (C.D. Cal.).

The VIN of my car is 5NPDH4AE6CH071710.  My address is 1245 E. Belmont Ave., Anaheim, CA  92805 and telephone number is 714-501-3403.

1

**Class Action Notice of Objection** *In Re: Hyundai and Kia Fuel Economy Litigation*, No. MDL 2:13-ml-2424-GW(FFMx) (C.D. Cal.).

I object to the proposed settlement as follows:

*Incomplete Settlement Notice*

The settlement Notice—as well as the Settlement Agreement—excludes key information about the settlement options and class payments. First, neither the Settlement Agreement nor the Notice detail how fuel reimbursements and the lump sum payments are calculated. The purpose of a notice is to inform class members of their options and give them the necessary information to make an informed decision. The Notice provides, "The amount of the lump sum payment varies depending upon the year and model of the Hyundai vehicle that you own(ed) or lease(d), plus certain other factors." What are those "certain other factors." The Notice goes on, "The reimbursement formula is based on three factors: (1) the number of miles a Class Vehicle has been driven; (2) the difference between the original and revised combined fuel economy ratings of the vehicle, in miles per gallon; and (3) a 52-week average fuel price for the area in which the owner lives, based on U.S. Energy Information Association data." The fuel economy ratings for the class vehicles are not included in the Notice or on the Settlement Website, and there is no link to or charts for the U.S. Energy Information Association data. The Settlement Website provides a reimbursement calculator, but the calculator does not show its math or reveal how the cash value is determined. Second, neither the Settlement Agreement nor the Notice explain how the lump sum cash payment is calculated. The Notice simply provides a schedule of the payments for each class vehicle. At a minimum, the Notice should detail, step-by-step, how both the lump sum payment and the fuel reimbursement payments are calculated for each vehicle. Class members should be able to evaluate the settlement options, perform their own calculations to determine which option is best for their situation. The Notice is woefully incomplete when it comes to the most important information for Class Members—how the settlement payments are calculated.

*Inadequate Relief*

The fuel reimbursement relief is inadequate in several respects. First, the Parties decided to use data for the fuel reimbursement program that is less accurate than

**Class Action Notice of Objection** *In Re: Hyundai and Kia Fuel Economy Litigation*, No. MDL 2:13-ml-2424-GW(FFMx) (C.D. Cal.).

other trustworthy alternatives. The Parties decided to use U.S. Energy Information Association data, which is collected as follows: "Every Monday, retail prices for all three grades of gasoline are collected by telephone from a sample of approximately 800 retail gasoline outlets. The prices are published around 5:00 p.m. ET Monday, except on government holidays, when the data are released on Tuesday (but still represent Monday's price). The reported price includes all taxes and is the pump price paid by a consumer as of 8:00 A.M. Monday. This price represents the self-serve price except in areas having only full-serve. The price data are used to calculate weighted average price estimates at the city, state, regional and national levels using sales and delivery volume data from other EIA surveys and population estimates from the Bureau of Census" (see http://www.eia.gov/survey/form/eia_878/form.pdf; http://www.eia.gov/petroleum/gasdiesel/gas_proc-methods.cfm).

The U.S. Energy Information Association data represents a mere sampling of 800 retail gasoline outlets that self report. Additionally, the prices represent Monday prices alone. Based on those Monday prices, the EIA extrapolates using other EIA surveys and estimates from the Census Bureau.

A more accurate and reliable source is the AAA Daily Fuel Gauge Report, a public service of America's largest motoring and leisure travel membership organization that is updated daily by Oil Price Information Service (OPIS) with average national, state and local prices for gasoline, diesel and E-85. Every day up to 120,000 stations are surveyed in cooperation with WEX, Inc. for unmatched statistical reliability (see http://fuelgaugereport.aaa.com/about/).

The AAA Daily Fuel Gauge Report is more accurate than the EIA surveys because: (a) it includes a larger sample size and can drill down to not only the state level, but metro levels as well; (b) the data is collected using the most comprehensive retail gasoline survey available; and (c) it is updated daily to account for mid-week price fluctuations. There is no reason not to use a source that has data points that accurately represent the retail gas market. For example, to demonstrate mid-week price fluctuation, EIA lists the average price of regular gas in California for the week beginning February 9, 2015 as $2.627, and $2.798 for the week beginning February 16, 2015. AAA lists the average price of gas for in California at $2.735 for February 13, 2015, and $2.862 for February 20, 2015. Because the fuel reimbursement relief is calculated using EIA data, which does not account for mid-week price fluctuations,

**Class Action Notice of Objection** *In Re: Hyundai and Kia Fuel Economy Litigation*, No. MDL 2:13-ml-2424-GW(FFMx) (C.D. Cal.).

Class Members that purchase gas in the middle of the week are not fairly compensated under the settlement.

Second, if a Class Members can produce proof/receipts for fuel purchases on specific dates, that Class Member should be reimbursed a percentage of that purchase, as opposed to a 52-week average in a region where the owner lives. Gas prices fluctuate daily and, depending on the specific day a Class Member purchases gas, that Class Member could spend more money on gas than the 52-week average in the region where the Class Member lives. Additionally, a Class Member might live in one region, but have gas purchases in other regions. The current settlement does allow Claimants to submit purchase receipts, especially for out-of-region purchases, and is therefore inadequate. By permitting a Class Member to submit his or her receipts (if available), the Class Member will be fairly compensated for those purchases.

The lump sum payment relief is inadequate because it places an unreasonable expiration date on cash debit cards. The expiration restriction functions as a de facto "reverter" clause, which allow Defendants to keep unused settlement funds. The Notice provides that "The value of any Cash Debit Card, Dealer Service Debit Card, or New Car Rebate Certificate shall remain the property of the issuer, HMA, unless and until it is expended by the Settlement Class Member. Upon expiration of any Cash Debit Card, Dealer Service Debit Card, or New Car Rebate Certificate, any unexpended funds shall remain the permanent property of the issuer (HMA). There is no reason why the cash debit card should expire after one year. The debit card funds should immediately vest and become the property of the claimant/beneficiary. Because the Cash Debit Card benefits do not vest, the Settlement does not disgorge Defendants of their self-admitted MPG miscalculations and ill-gotten profits. As a result, the overall value of the settlement is greatly diminished. Any "expired" or unclaimed funds should be redistributed to the Class, or if it is not economical to do so, distributed to a cy pres recipient that will benefit absent Class Members.

The "Additional Compensation" relief is inadequate and unfair because it conditions payment on the selection of either the lump sum or reimbursement relief. The Additional Compensation should be automatically distributed to eligible Class Members in the form of a mailed Cash Debit Card. The Parties and the Settlement Administrator can determine, based on information already in their possession, the

**Class Action Notice of Objection** *In Re: Hyundai and Kia Fuel Economy Litigation*, No. MDL 2:13-ml-2424-GW(FFMx) (C.D. Cal.).

addresses for valid Class Members. The claim form requirements add an unnecessary administrative hurdle. Elantra, Accent, Veloster or Sonata Hybrid Class Members should automatically receive their "Additional Compensation" by mail, without submitting a claim form, unless they request exclusion. Doing so would enhance the value of the settlement because it would ensure that those Class Members receive their benefits. Lastly, the "Additional Compensation" notice information does not provide whether or not the Additional Compensation debit card expires after one year, like the lump sum Cash Debit Card. If it does expire, then that information should be provided. If it does not expire, then it's unfair to Class Members that elect the lump sum payment Cash Debit Card. Neither Cash Debit Cards should expire.

*Defective Release*

The release is overinclusive. The release includes all claims related to the class vehicles, even product defect claims are swept into the Release. The Release should be limited to the specific MPG claims of the lawsuit and should not function as a blanket waiver for anything and everything relating to the class vehicles. The Release should not foreclose the possibility of another lawsuit or class action alleging product defect claims or claims relating non-MPG advertisements or vehicle performance.

*Settlement Evaluation*

What cash compensation or cash equivalents did person's executing previous releases receive? How do those payouts compare to the various settlement options included here? Did they receive greater benefits than the Class or were they equal? The Court should evaluate and compare past settlement values with current

5

**Class Action Notice of Objection** *In Re: Hyundai and Kia Fuel Economy Litigation*, No. MDL 2:13-ml-2424-GW(FFMx) (C.D. Cal.).

settlement payments to determine whether the settlement benefits are fair to Class Members.

*Defective Claim Form*

The Claim Form is unnecessarily burdensome and lengthy. Why must Class Members write their full last name on each page of the Claim Form? The Parties changed the original Claim Form, which required Class Members to write their vehicle identification number on each page, to an equally burdensome requirement of writing last name and first initial on each page. Similarly, the Parties already know which Class Member is associated, or was formerly associated, with a vehicle and VIN, it's how the Parties and the Administrator mailed notices with a unique identification number. Claimants should not be forced to go through multiple pages of the Claim Form simply to provide information that is already in the Parties' and Administrator's possession. Anytime a Claimant is required to provide information that is already in the Parties' and the Administrator's possession it raises questions of fairness and reasonableness.

Respectfully,

Dated: 3-1-15

LAW OFFICES OF MATTHEW KURILICH
By: **/s/Matthew Kurilich**

_____
Matthew Kurilich, Attorney for Objector

Peri Fetsch, Objector

**Class Action Notice of Objection** *In Re: Hyundai and Kia Fuel Economy Litigation*, No. MDL 2:13-ml-2424-GW(FFMx) (C.D. Cal.).

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorneys of record for each other party through the Court's electronic filing service on   3-2-15   .

                                            /s/**Matthew Kurilich**
                                            MATTHEW KURILICH