QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Shon Morgan (Bar No. 187736)
  shonmorgan@quinnemanuel.com
  Joseph R. Ashby (Bar No. 248579)
  josephashby@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

  Karin Kramer (Bar No. 87346)
  karinkramer@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Attorneys for Defendant Hyundai Motor America and Hyundai Motor Company

[LIST OF COUNSEL CONTINUED ON NEXT PAGE]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| In Re:<br><br>HYUNDAI AND KIA FUEL ECONOMY LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | No. MDL 13-02424-GW (FFMx)<br><br>**DECLARATION OF MICHAEL KIDNEY IN OPPOSITION TO FEE APPLICATIONS OF CERTAIN NON-SETTLING PARTIES REPRESENTED BY BONSIGNORE LLC**<br><br>Date: March 19, 2015<br>Time: 8:30 a.m.<br><br>Courtroom: 10<br>Hon. George H. Wu |

HOGAN LOVELLS US LLP
  Dean Hansell (Bar No. 93831)
  dean.hansell@hoganlovells.com
1999 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 785-4665
Facsimile: (310) 785-4601

  Michael L. Kidney (*pro hac vice*)
  michael.kidney@hoganlovells.com
555 Thirteenth St., NW
Washington, DC 20004
Telephone: (202) 637-5883
Facsimile: (202) 637-5910

Attorneys for Defendants Hyundai Motor America and Hyundai Motor Company

-ii-
Declaration of Michael L. Kidney

\\DC - 029016/000012 - 6455531 v3

<u>DECLARATION OF MICHAEL L. KIDNEY</u>

I, Michael L. Kidney, declare as follows:

1. I am a member of the bar of the District of Columbia and am a partner with Hogan Lovells US LLP, attorneys for Defendants Hyundai Motor America and Hyundai Motor Company. I am admitted *pro hac vice* in this matter.

2. I have personal knowledge of the matters set forth herein, and I could and would testify competently to them if called as a witness.

3. I submit this declaration in response to an issue raised in the Reply Brief of Bonsignore PLLC in support of its request for attorneys' fees and expenses. (Reply of Bonsignore in Supp. of Request for Attorneys' Fees & Expenses to #399 at 6:9-28 (Dkt. No. 411)) Bonsignore PLLC argues that Defendants acted "inappropriately" by *inter alia* "Defendants' insistence and Mr. Bonsignore's refusal to sign an agreement not to object to Final Approval that terminated the exchange" regarding Mr. Bonsignore's fee claim. (Reply of Bonsignore in Supp. of Request for Attorneys' Fees & Expenses to #399 at 6:22-24 (Dkt. No. 411))

4. I am the defense counsel who initiated settlement negotiations with Robert Bonsignore, Esq. I spoke to Mr. Bonsignore by telephone on December 20, 2014.

5. In this December 20, 2014 telephone conference, I did not raise the issue of whether Mr. Bonsignore supported the proposed settlement, as a prior representation was made to this Court by Liaison Counsel that Bonsignore PLLC supported (or did not object to) the settlement. (Liaison Counsel's Rep. Listing NSP Supporting or Not Objecting to the Proposed Settlement at 3 (Dkt. No. 239).) In fact, during December 2014, I contacted a number of plaintiffs' counsel in an attempt to negotiate their claims for attorney's fees, but I only contacted plaintiffs' counsel for this purpose who previously represented to this Court that they supported (or did not

- 1 -
**Declaration of Michael L. Kidney**

\\DC - 029016/000012 - 6455531 v3

1  object to) the settlement. (Liaison Counsel's Rep. Listing NSP Supporting or Not
2  Objecting to the Proposed Settlement (Dkt. No. 239).)
3      6.    In the December 20, 2014 telephone conference, I explained to Mr.
4  Bonsignore why I thought: (a) that it would be reasonable for him to agree to a
5  substantial reduction in his fee claim; and (b) that his fee claim compared
6  unfavorably to the fee claims of other plaintiffs' counsel. Before I could finish my
7  explanation, Mr. Bonsignore interrupted me and said it sounded to him like I was
8  leading to an offer that was not even 50 percent of his fee claim. When I did not
9  disagree, he then said that he might have to look at the EPA settlement and consider
10  joining with Consumer Watchdog.
11      7.    At this point in the conversation, I told Mr. Bonsignore that I needed to
12  end the conversation as I was not willing to discuss attorney's fees now that it was
13  no longer clear that Mr. Bonsignore was either supporting or not opposing the
14  proposed settlement. To clarify the matter, I told Mr. Bonsignore that I would send
15  him an e-mail asking him to clarify in writing whether he supported the settlement.
16  Mr. Bonsignore told me that he would not respond to the e-mail.
17      8.    Subsequent to this December 20, 2014 telephone call, I sent at least
18  three e-mails to Mr. Bonsignore asking him whether he supports or does not oppose
19  the proposed settlement. Mr. Bonsignore did not respond to any of these e-mails.
20
21  Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the
22  foregoing is true and correct.
23
24  Executed on March 12, 2015, at Washington, D.C.
25
26  *[signature]*
    Michael L. Kidney
27
28

- 2 -
Declaration of Michael L. Kidney

\\DC - 029016/000012 - 6455531 v3