# EXHIBIT 2

1   HARVEY ROSENFIELD (SBN 123082)
    harvey@consumerwatchdog.org
2   PAMELA PRESSLEY (SBN 180362)
    pam@consumerwatchdog.org
3   LAURA ANTONINI (SBN 271658)
    laura@consumerwatchdog.org
4   **CONSUMER WATCHDOG**
    2701 Ocean Park Blvd., Suite 112
5   Santa Monica, CA 90405
    Tel: (310) 392-0522 / Fax: (310) 392-8874
6
    JONATHAN W. CUNEO
7   jonc@cuneolaw.com
    WILLIAM ANDERSON
8   wanderson@cuneolaw.com
    **CUNEO GILBERT & LADUCA, LLP**
9   507 C Street, NE
    Washington, DC 20002
10  Tel: (202) 789-3960 / Fax: (202) 789-1813

11  STEVE M. CAMPORA (SBN 110909)          NIALL P. McCARTHY (SBN 160175)
    scampora@dbbwlaw.com                   nmccarthy@cpmlegal.com
12  ROBERT A. BUCCOLA (SBN 112880)         ANNE MARIE MURPHY (SBN 202540)
    rbuccola@dbbwlaw.com                   amurphy@cpmlegal.com
13  CRAIG C. SHEFFER (SBN 131243)          ERIC J. BUESCHER (SBN 271323)
    csheffer@dbbwlaw.com                   ebuescher@cpmlegal.com
14  **DREYER BABICH BUCCOLA WOOD**         **COTCHETT, PITRE & McCARTHY, LLP**
    **CAMPORA, LLP**                       840 Malcolm Road
15  20 Bicentennial Circle                 Burlingame, CA 94010
    Sacramento, CA 95826                   Tel: (650) 697-6000 / Fax: (650) 692-3606
16  Tel: (916) 379-3500 / Fax: (916) 379-3599

17  *Attorneys for the Krauth and Hasper, et al. Plaintiffs*

18              **UNITED STATES DISTRICT COURT**

19              **CENTRAL DISTRICT OF CALIFORNIA**

20  | IN RE: HYUNDAI AND KIA FUEL ECONOMY LITIGATION | Case No. 2:13-ml-02424-GW-FFM |
    |---|---|
21  |  | **CORRECTED SUPPLEMENTAL DECLARATION OF LAURA ANTONINI IN SUPPORT OF *KRAUTH/HASPER* PLAINTIFFS' MOTION FOR PAYMENT OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES** |
22  |  |  |
23  |  |  |
24  |  |  |
25  |  | Date:        May 7, 2015 |
26  |  | Time:        9:30 a.m. |
    |  | Judge:       Hon. George H. Wu |
27  |  | Courtroom:   10 |

28

---

**CORRECTED SUPP. DECL. OF LAURA ANTONINI ISO *KRAUTH/HASPER* PLAINTIFFS'**
**MOTION FOR ATTORNEYS' FEES AND EXPENSES; Case No. 2:13-ml-02424-GW-FFM**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **TABLE OF CONTENTS**

I.   PRE-FILING INVESTIGATION AND PREPARATION OF COMPLAINT IN *BIRD*................................................................................................................4

   A.  Researching, Drafting, and Filing the *Bird* Complaint. ...................................4

II.  LITIGATION IN *BIRD*. ...................................................................................5

   A.  Discovery Requests and Motions............................................................5

   B.  Opposition to Hyundai's Demurrer to Complaint........................................7

   C.  Responding to Consumers.......................................................................8

   D.  First Amended Complaint........................................................................9

   E.  Oppositions to Hyundai's Motions to Stay. ..............................................10

   F.  Statements and Joint Stipulations Regarding the Status of the MDL. ..........11

   G.  Communications with Plaintiff in *Bird*.................................................12

III. *KRAUTH* COMPLAINT, MDL PETITION, *HASPER* COMPLAINT.............13

   A.  Research, Drafting, and Filing the *Krauth* Complaint. ...............................13

   B.  MDL Petition. ....................................................................................14

   C.  Research, Drafting, and Filing the *Hasper* Complaint................................16

IV. SETTLEMENT ANNOUNCEMENT AND CONFIRMATORY DISCOVERY IN THE MDL. ...................................................................................................18

   A.  February, 2013 MDL Hearings. .............................................................18

   B.  Obtaining and Reviewing Pre-Settlement Discovery. .................................20

   C.  Revising and Drafting Document Requests. ..............................................23

   D.  Reviewing and Assessing Defendants' Document Productions and Ensuring Non-Settling Plaintiffs' Participation in Interviews.........................................25

   E.  Preparing for and Participating in Hyundai and Kia Witness Interviews. ....28

   F.  Moving to Compel Document Requests and Privilege Log...........................30

V.  THE PROCESS OF IMPROVING THE SETTLEMENT .................................32

   A.  Initial Settlement Analysis and Improvements. .........................................32

   B.  Opposition to Motion for Preliminary Approval. .......................................35

   C.  Response to Settling Parties' Supplemental Brief in Support of Preliminary Approval. ...............................................................................................38

   D.  Further Notice and Claim and Settlement Improvements..............................40

**CORRECTED SUPP. DECL. OF LAURA ANTONINI ISO *KRAUTH/HASPER* PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES; Case No. 2:13-ml-02424-GW-FFM**

1

E.   Communications with Plaintiffs in *Krauth* and *Hasper*. ............................... 43

2

F.   Responding to Consumers. ............................................................................ 44

3

G.   Analyzing the Claims Rate ........................................................................... 45

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

**CORRECTED SUPP. DECL. OF LAURA ANTONINI ISO *KRAUTH/HASPER* PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES;** Case No. 2:13-ml-02424-GW-FFM

I, Laura Antonini, declare as follows:

1.     I am an attorney licensed to practice in the State of California and admitted to the United States District Court, Central District of California; staff attorney for Consumer Watchdog; and one of the attorneys of record for Plaintiffs in *Krauth*, *Hasper* and *Bird*. I have personal knowledge of the facts stated herein and, if called as a witness, I could and would competently testify to the truth thereof.

2.     I am submitting this declaration in support of the *Krauth/Hasper* Plaintiffs' Motion for Payment of Attorneys' Fees, Reimbursement of Expenses and Compensation to Named Plaintiffs (Dkt. 371) ("Motion"), filed on December 23, 2014; the *Krauth/Hasper* Plaintiffs' Reply in Support of the Motion (Dkt. 420) ("Reply"), filed on March 5, 2015; and the *Krauth/Hasper* Plaintiffs' Supplemental Brief in Support of the Motion ("Supplemental Brief"), filed concurrently herewith.

3.     Pursuant to the Court's order at the March 19, 2015 hearing, set forth below is a revised breakdown of the time spent by each Consumer Watchdog Legal Team attorney on each major "litigation event" since January, 2012.

4.     I submit this Declaration on behalf of myself and the attorneys who are counsel for the Plaintiffs in *Krauth, Hasper*, and *Bird* at Consumer Watchdog, Cuneo Gilbert & LaDuca, LLP ("CGL"), Dreyer Babich Buccola Wood Campora LLP ("DBBWC"), and Cotchett, Pitre & McCarthy, LLP ("CPM") ("Consumer Watchdog Legal Team").

5.     In preparing this Declaration, I exercised my billing judgment in categorizing the time records of Consumer Watchdog attorneys pursuant to the Court's directions at the March 9, 2015 hearing, in consultation with my colleagues Harvey Rosenfield and Pamela Pressley, who is the Litigation Director of Consumer Watchdog. I have reviewed all of Consumer Watchdog attorneys'

---

**CORRECTED SUPP. DECL. OF LAURA ANTONINI ISO *KRAUTH/HASPER* PLAINTIFFS'
MOTION FOR ATTORNEYS' FEES AND EXPENSES;** Case No. 2:13-ml-02424-GW-FFM

1  billing records in this proceeding and believe that the number of hours spent by

2  Consumer Watchdog attorneys listed for each litigation event are accurate.

3       6.    My co-counsel at CGL, DBBWC, and CPM, who have personal

4  knowledge of the facts stated herein, reviewed and categorized their own time

5  records and provided me with the number of hours each attorney and paralegal at

6  their firms spent on each litigation event. They also reviewed, edited, and approved

7  the descriptions of work for each litigation event.  I am informed by my co-counsel

8  that they exercised their billing judgment in categorizing their time records and

9  calculating the hours listed in this Declaration pursuant to the Court's March 9,

10  2015 direction.

11       7.    The previously-filed Declarations of Laura Antonini (Dkt. No. 371-2),

12  William Anderson (Dkt. 385-1), Anne Marie Murphy (Dkt. 385-2), and Steven M.

13  Campora (Dkt. 371-3) in support of the Motion, and the Declaration of Laura

14  Antonini in Support of the Reply (Dkt. 420-1), provide the Court with a detailed

15  summary of the work performed by each firm on this case between January, 2012

16  and December 18, 2014.  I incorporate those Declarations by reference.

17       8.    The Consumer Watchdog Legal Team requested in its Motion a

18  collective lodestar of $2,789,522.50 for 5,137.95 hours of legal work performed

19  between January, 2012 and December 18, 2014.[1]

20       9.    In preparing this Declaration as directed by the Court, the Consumer

21  Watchdog Legal Team attorneys reduced the actual lodestar reflected in their

22  billing records by excluding time spent on tasks that were not executed in

23

24

---

25  [1] Neither the original Motion nor this revised request seeks compensation for the
26  work performed by Consumer Watchdog investigating consumer complaints by
     Hyundai customers concerning mileage misrepresentations and communicating
27  with the Environmental Protection Agency and the White House seeking
     government action.

28  **CORRECTED SUPP. DECL. OF LAURA ANTONINI ISO *KRAUTH/HASPER* PLAINTIFFS'
    MOTION FOR ATTORNEYS' FEES AND EXPENSES;** Case No. 2:13-ml-02424-GW-FFM

connection with any of the discrete litigation events described below.[2] The Consumer Watchdog Legal team also did not include time in this revised request for the substantial time spent preparing its Motion, Reply, and this Supplemental Brief between November, 2014 and the date of this filing.

10.     This newly excluded time is roughly estimated at 634.55 hours ($342,280.00 in fees). The Consumer Watchdog Legal Team's revised lodestar for the litigation events listed below is $2,447,242.50 for 4,503.4 hours of legal work performed.

11.     As set forth in the Supplemental Brief, in order to meet the Court's directive the Consumer Watchdog Legal Team proposes an additional $1,497,242.50 reduction to the revised lodestar amount. The Consumer Watchdog Legal Team now requests an award of fees in the amount of $950,000 for 4,503.4 hours of legal work performed between January, 2012 and April 6, 2015. This revised request includes time spent since the filing of the Motion reviewing and analyzing the claims rate reports produced by Settling Parties starting on February 5, March 6, and March 31, 2015. The Consumer Watchdog Legal Team's request of $950,000 represents a 65.94% reduction from the fees sought in its original Motion.

12.     **Allocation of resources.** With respect to the litigation against the Defendants, the Consumer Watchdog Legal Team divided tasks efficiently and assigned responsibility to avoid unnecessary duplication:

- Consumer Watchdog's lawyers developed the overall strategy in consultation with our colleagues at CGL, DBBWC and CPM.

---

[2] This reduction is in addition to the $70,432.50 fee reduction attorneys for Consumer Watchdog made to their lodestar in preparing the initial Motion. (Dkt. 371-2, ¶13).

**CORRECTED SUPP. DECL. OF LAURA ANTONINI ISO *KRAUTH/HASPER* PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES;** Case No. 2:13-ml-02424-GW-FFM

- The Sacramento firm of DBBWC assumed day to day responsibility for the *Bird* litigation in Sacramento Superior Court, but was minimally involved in the MDL.
- Individual attorneys from CGL, CPM, and Consumer Watchdog were assigned the lead in various litigation events in the confirmatory discovery process in this MDL.
- Consumer Watchdog lawyers took the lead in noting deficiencies in and seeking improvements in the proposed settlement.

13.    For each litigation event listed below, attorneys from Consumer Watchdog, CGL, DBBWC, and CPM participated in teleconferences, and, in some instances, meetings, and communicated by email or telephone, regarding strategy. Also, in connection with each litigation event listed below, Consumer Watchdog Legal Team attorneys read and/or monitored correspondence and relevant documents filed with the Court.[3]

## I.   PRE-FILING INVESTIGATION AND PREPARATION OF COMPLAINT IN *BIRD*.

### A. Researching, Drafting, and Filing the *Bird* Complaint.
### (January, 2012 - July, 2012)

14.    Between January, 2012 and July, 3, 2012, Consumer Watchdog attorney Pamela Pressley, William Anderson of CGL, and I worked on developing and filing the Class Action Complaint in *Bird v. Hyundai Motor America*, Sacramento Superior Court Case No. 34-2012-00127249.  The three of us divided tasks among ourselves, such as interviewing affected consumers, including

---

[3] Each litigation event described in this Declaration refers to a general time frame during which Consumer Watchdog Legal Team attorneys performed tasks in connection with the event. In a very small number of instances, the time listed in each category includes an attorneys' time from individual time records that reflect tasks performed in connection with a litigation event outside the general date range listed below.

CORRECTED SUPP. DECL. OF LAURA ANTONINI ISO *KRAUTH/HASPER* PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES; Case No. 2:13-ml-02424-GW-FFM

4

potential lead plaintiffs, and reviewing various documents submitted by them. I performed extensive research on Hyundai's advertisements about the fuel economy of the Elantra, as well as legal research of potential violations of California law and federal regulations governing disclosures in advertisements about fuel economy. I worked with Ms. Pressley and Mr. Anderson in drafting and reviewing portions of a demand letter pursuant to the Consumer Legal Remedies Act (California Civil Code § 1750 et seq.) and the Class Action Complaint. Harvey Rosenfield of Consumer Watchdog and Jon Cuneo of CGL reviewed final drafts of the CLRA letter and Class Action Complaint.

15. The number of hours and lodestar for each attorney for this work are as follows:

| Attorney | # of Hours | Hourly Rate | Lodestar |
|---|---|---|---|
| Harvey Rosenfield | 2.1 | $925 | $1,942.50 |
| Pamela Pressley | 49.2 | $650 | $31,980.00 |
| Laura Antonini | 171.9 | $350 | $60,165.00 |
| **CWD Total**: | 223.2 | | $94,087.50 |
| Jon Cuneo | 7 | $850 | $5,950.00 |
| William Anderson | 51.25 | $575 | $29,468.75 |
| **CGL Total**: | 58.25 | | $35,418.75 |
| **TOTAL:** | **281.45** | | **$129,506.25** |

## II. LITIGATION IN *BIRD*.

### A. Discovery Requests and Motions.

### (July 4, 2012 – May, 2013)

16. Following the filing of the initial *Bird* complaint, I drafted, and Ms. Pressley and Mr. Anderson reviewed and edited, Plaintiff's first set of Special Interrogatories and Requests for Production, served on Hyundai on August 2, 2012. After Hyundai refused to provide complete answers, attorneys at DBBWC[4] took

---

[4] In July, 2012, Consumer Watchdog and CGL recruited Sacramento-based DBBWC to act as local co-counsel in *Bird*.

**CORRECTED SUPP. DECL. OF LAURA ANTONINI ISO *KRAUTH/HASPER* PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES;** Case No. 2:13-ml-02424-GW-FFM

5

the lead in meeting and conferring with Hyundai's counsel on all discovery issues, drafting an additional set of Requests for Production of Documents, and briefing seven discovery related motions (and arguing those that went to hearing) until *Bird* was stayed on May 2, 2013. These motions included: Motion to Compel Special Interrogatories (**won**), Motion to Compel Requests for Production of Documents, Set One (**won**), Opposition to Hyundai's Motion for a Protective Order (**won** on the majority of disputed provisions), Motion to Compel Requests for Production of Documents, Set Two (**won**), Opposition to Hyundai's Motion Regarding the Opt-Out Notice, Contacts Protocol, and Scope of Recipients (**won** on the majority of contested issues), Opposition to Hyundai's Motion to Quash and Protective Order re Plaintiff's Deposition Notice (case was stayed before Court ruled), and Motion to Compel Hyundai to Comply with the Sacramento Court's orders regarding document productions (case was stayed before Court ruled).

17. Attorneys from Consumer Watchdog, CGL, DBBWC, and CPM[5] reviewed separate portions of the 11 document productions (22,200 pages) Hyundai made (or was compelled to make) during this period. During confirmatory discovery in the MDL, Hyundai produced as a set all of the documents it produced in *Bird* as a result of the Consumer Watchdog Legal Team's success in motion practice in *Bird*. These documents assisted all Plaintiffs' counsel in the MDL in assessing the adequacy of the proposed settlement. (*See* Reply at 5-7).

18. Throughout this period, attorneys from Consumer Watchdog, CGL and CPM reviewed drafts of the documents prepared by DBBWC.

---

[5] After the November 2 EPA Announcement, Consumer Watchdog, CGL and DBBWC recruited CPM to assist in the Consumer Watchdog Legal Team's federal cases and the MDL Petition, as well as *Bird*.

**CORRECTED SUPP. DECL. OF LAURA ANTONINI ISO *KRAUTH/HASPER* PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES;** Case No. 2:13-ml-02424-GW-FFM

19.     The number of hours and lodestar for each attorney for this work are as follows:

| Attorney | # of Hours | Hourly Rate | Lodestar |
|---|---|---|---|
| Harvey Rosenfield | 11 | $925 | $10,175.00 |
| Pamela Pressley | 19.9 | $650 | $12,935.00 |
| Laura Antonini | 124.1 | $350 | $43,435.00 |
| **CWD Total**: | 155 | | $66,545.00 |
| Jon Cuneo | 0 | $850 | $0 |
| William Anderson | 75.75 | $575 | $43,556.25 |
| **CGL Total**: | 75.75 | | $43,556.25 |
| Steve Campora | 90 | $600 | $54,000.00 |
| Craig Sheffer | 69.1 | $600 | $41,460.00 |
| **DBBWC Total**: | 159.1 | | $95,460.00 |
| Niall McCarthy | 2.2 | $775 | $1,705.00 |
| Anne Marie Murphy | 9 | $500 | $4,500.00 |
| Eric Buescher | 6.5 | $360 | $2,340.00 |
| Valerie De Los Santos (Paralegal) | 35.5 | $225 | $7,987.50 |
| **CPM Total**: | 53.2 | | $16,532.50 |
| **TOTAL**: | **443.05** | | **$222,093.75** |

**B. Opposition to Hyundai's Demurrer to Complaint.**

**(September, 2012 – November, 2012)**

20.     Between September 7, 2012 and October, 2012, I conducted legal research for and drafted portions of an opposition to Hyundai's Demurrer to the Class Action Complaint, along with Mr. Anderson of CGL. Ms. Pressley reviewed drafts and participated in teleconferences and emails with Mr. Anderson and me regarding research on the opposition.

21.     Prior to the deadline for filing the opposition, the EPA made its November 2012 Announcement. In response, Mr. Anderson drafted a letter to Hyundai's counsel concerning positions taken by Hyundai in its Demurrer that conflicted with Hyundai's admission that it had misstated the fuel economy of the

CORRECTED SUPP. DECL. OF LAURA ANTONINI ISO *KRAUTH/HASPER* PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES; Case No. 2:13-ml-02424-GW-FFM

7

1  Elantra. Because the new information was relevant to rebutting Hyundai's

2  arguments, the Consumer Watchdog Legal Team decided not to file the opposition,

3  and chose instead to amend the Class Action Complaint in *Bird* to reflect

4  Hyundai's admission.

5       22.   The number of hours and lodestar for each attorney for this work are

6  as follows:

| Attorney | # of Hours | Hourly Rate | Lodestar |
|---|---|---|---|
| Harvey Rosenfield | .4 | $925 | $370.00 |
| Pamela Pressley | 3.9 | $650 | $2,535.00 |
| Laura Antonini | 50.3 | $350 | $17,605.00 |
| **CWD Total**: | 54.6 | | $20,510.00 |
| Jon Cuneo | 0 | $850 | $0 |
| William Anderson | 8 | $575 | $4,600.00 |
| **CGL Total**: | 8 | | $4,600.00 |
| Steve Campora | 13.8 | $600 | $8,280.00 |
| Craig Sheffer | 3.7 | $600 | $2,220.00 |
| **DBBWC Total**: | 17.5 | | $10,500.00 |
| Niall McCarthy | 0 | $775 | $0 |
| Anne Marie Murphy | 0 | $500 | $0 |
| Eric Buescher | 0 | $360 | $0 |
| Valerie De Los Santos (Paralegal) | 1.3 | $225 | $292.50 |
| **CPM Total**: | 1.3 | | $292.50 |
| **TOTAL:** | **81.4** | | **$35,902.50** |

**C. Responding to Consumers.**

**(July 4, 2012 – November 2, 2012)**

     23.   Between the time *Bird* was filed on July 3, 2012 and the November 2012 EPA Announcement, I responded to numerous telephonic and email inquiries and complaints from consumers regarding the fuel economy of Hyundai vehicles received by Consumer Watchdog in response to the media attention generated by the *Bird* filing. Because of the large volume of complaints received during this

**CORRECTED SUPP. DECL. OF LAURA ANTONINI ISO *KRAUTH/HASPER* PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES;** Case No. 2:13-ml-02424-GW-FFM

8

1  time, I drafted a standard letter, which Ms. Pressley reviewed and edited, to send to

2  consumers inquiring about the *Bird* lawsuit. Mr. Rosenfield also received direct

3  inquiries and complaints from consumers during this time, to which he either

4  responded or forwarded to me.

5      24.    The number of hours and lodestar for each attorney for this work are

6  as follows:

| Attorney | # of Hours | Hourly Rate | Lodestar |
|---|---|---|---|
| Harvey Rosenfield | .3 | $925 | $277.50 |
| Pamela Pressley | .4 | $650 | $260.00 |
| Laura Antonini | 6.4 | $350 | $2,240.00 |
| **CWD Total**: | 7.1 | | $2,777.50 |
| **TOTAL:** | 7.1 | | $2,777.50 |

**D. First Amended Complaint.**

**(November 2, 2012 – November 27, 2012)**

25.    The Consumer Watchdog Legal Team filed a First Amended Complaint on November 27, 2012. Following the November 2012 EPA Announcement, I conducted legal research for and drafted portions of the First Amended Complaint, along with Mr. Anderson of CGL. Ms. Pressley of Consumer Watchdog reviewed and revised drafts of the First Amended Complaint.

26.    The number of hours and lodestar for each attorney for this work are as follows:

//
//
//
///
///
///
///

**CORRECTED SUPP. DECL. OF LAURA ANTONINI ISO *KRAUTH/HASPER* PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES;** Case No. 2:13-ml-02424-GW-FFM

9

| Attorney | # of Hours | Hourly Rate | Lodestar |
|---|---|---|---|
| Harvey Rosenfield | .4 | $925 | $370.00 |
| Pamela Pressley | 4.9 | $650 | $3,185.00 |
| Laura Antonini | 28.4 | $350 | $9,940.00 |
| **CWD Total**: | 33.7 | | $13,495.00 |
| Jon Cuneo | 0 | $850 | $0 |
| William Anderson | 0 | $575 | $0 |
| **CGL Total**: | 0 | | $0 |
| Steve Campora | 1.75 | $600 | $1,050.00 |
| Craig Sheffer | 7.7 | $600 | $4,620.00 |
| **DBBWC Total**: | 9.45 | | $5,670.00 |
| Niall McCarthy | 0 | $775 | $0 |
| Anne Marie Murphy | 0 | $500 | $0 |
| Eric Buescher | 0 | $360 | $0 |
| **CPM Total**: | 0 | | $0 |
| **TOTAL:** | **43.15** | | **$19,165.00** |

**E. Oppositions to Hyundai's Motions to Stay.**

**(February 15, 2013 – May 2, 2013)**

27.    On February 15, 2013 (the day after the Settling Parties announced they had settled the MDL), Hyundai moved to stay *Bird*. DBBWC attorneys took the lead in drafting and arguing the Opposition to Hyundai's Motion to Stay (**won**).

28.    On May 28, 2013, Hyundai moved to stay *Bird* a second time. DBBWC attorneys took the lead in drafting and arguing the Opposition to Hyundai's Motion for Reconsideration of the Sacramento Superior Court's ruling on its previous Motion to Stay. After multiple rounds of briefing and two hearings, the Sacramento Superior Court stayed *Bird* on May 2, 2013, pending resolution of this MDL.

29.    Attorneys from Consumer Watchdog, CGL, and CPM divided up work to assist DBBWC attorneys in reviewing, editing and performing research for the drafts of the oppositions to Hyundai's motions to stay *Bird* they prepared.

**CORRECTED SUPP. DECL. OF LAURA ANTONINI ISO *KRAUTH/HASPER* PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES;** Case No. 2:13-ml-02424-GW-FFM

10

30.     The number of hours and lodestar for each attorney for this work are as follows:

| Attorney | # of Hours | Hourly Rate | Lodestar |
|---|---|---|---|
| Harvey Rosenfield | 1.9 | $925 | $1,757.50 |
| Pamela Pressley | 1.6 | $650 | $1,040.00 |
| Laura Antonini | 20 | $350 | $7,000.00 |
| **CWD Total**: | 23.5 | | $9,797.50 |
| Jon Cuneo | 0 | $850 | $0 |
| William Anderson | 5.5 | $575 | $3,162.50 |
| **CGL Total**: | 5.5 | | $3,162.50 |
| Steve Campora | 28.5 | $600 | $17,100.00 |
| Craig Sheffer | 30.8 | $600 | $18,480.00 |
| **DBBWC Total**: | 59.3 | | $35,580.00 |
| Niall McCarthy | 0 | $775 | $0 |
| Anne Marie Murphy | 8.1 | $500 | $4,050.00 |
| Eric Buescher | 0 | $360 | $0 |
| Valerie De Los Santos (Paralegal) | 0.5 | $225 | $112.50 |
| **CPM Total**: | 8.6 | | $4,162.50 |
| **TOTAL:** | **96.9** | | **$52,702.50** |

**F. Statements and Joint Stipulations Regarding the Status of the MDL. (May 2, 2013 – December 18, 2014)**

31.     After *Bird* was stayed, I drafted, and Mr. Rosenfield reviewed and edited, a lengthy description of the process and status of the MDL, as ordered by the Sacramento Superior Court, filed on July 3, 2013. Since then, I have been the primary contact person in communicating with Hyundai's counsel regarding seven joint stipulations to continue the stay in *Bird,* which also provided the Sacramento Superior Court with updates regarding the status of the MDL. I have also worked with Hyundai's counsel regarding six joint stipulations to stay scheduled case management conferences. I reviewed and revised these joint stipulations and

**CORRECTED SUPP. DECL. OF LAURA ANTONINI ISO *KRAUTH/HASPER* PLAINTIFFS'
MOTION FOR ATTORNEYS' FEES AND EXPENSES;** Case No. 2:13-ml-02424-GW-FFM

11

statements, and attorneys from CGL, DBBWC, and CPM reviewed my edits to these documents.

32.   The number of hours and lodestar for each attorney for this work are as follows:

| Attorney | # of Hours | Hourly Rate | Lodestar |
|---|---|---|---|
| Harvey Rosenfield | 10.7 | $925 | $9,897.50 |
| Pamela Pressley | 1.9 | $650 | $1,235.00 |
| Laura Antonini | 29.9 | $350 | $10,465.00 |
| **CWD Total**: | 42.5 | | $21,597.50 |
| Jon Cuneo | 0 | $850 | $0 |
| William Anderson | 15 | $575 | $8,625.00 |
| **CGL Total**: | 15 | | $8,625.00 |
| Steve Campora | 2.25 | $600 | $1,350.00 |
| Craig Sheffer | 11.5 | $600 | $6,900.00 |
| **DBBWC Total**: | 13.75 | | $8,250.00 |
| Niall McCarthy | 0 | $775 | $0 |
| Anne Marie Murphy | 14.5 | $500 | $7,250.00 |
| Eric Buescher | 0.7 | $360 | $252.00 |
| Jon Hsieh | 2 | $360 | $720.00 |
| Valerie De Los Santos (Paralegal) | 6.5 | $225 | $1,462.50 |
| **CPM Total**: | 23.7 | | $9,684.50 |
| **TOTAL:** | **94.95** | | **$48,157.00** |

**G. Communications with Plaintiff in *Bird*.**

**(July 4, 2012 – December 18, 2014)**

33.   From July 4, 2012 to the present, I have been the primary contact person with our client in *Bird,* Louis Bird. For over three years, I have kept in routine contact with Mr. Bird by telephone and email, responding to his inquiries and updating him regarding the status of his case, the MDL and discussing the terms of the Settlement and his potential compensation under the Settlement and Voluntary Reimbursement Program.

**CORRECTED SUPP. DECL. OF LAURA ANTONINI ISO *KRAUTH/HASPER* PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES;** Case No. 2:13-ml-02424-GW-FFM

34.     The number of hours and lodestar for each attorney for this work are as follows:

| Attorney | # of Hours | Hourly Rate | Lodestar |
|---|---|---|---|
| Laura Antonini | 4.3 | $350 | $1,505.00 |
| **CWD Total**: | 4.3 | | $1,505.00 |
| Valerie De Los Santos (Paralegal) | 1.5 | $225 | $337.5 |
| **CPM Total**: | 1.5 | | $337.5 |
| **TOTAL:** | **5.8** | | **$1,842.50** |

## III.  *KRAUTH* COMPLAINT, MDL PETITION, *HASPER* COMPLAINT.

### A. Research, Drafting, and Filing the *Krauth* Complaint.

### (November 2, 2012 – November 6, 2012)

35.     After the November 2 EPA Announcement, attorneys at Consumer Watchdog, CGL and DBBWC developed and filed the Class Action Complaint in *Krauth* against Hyundai on November 6, 2012 on behalf of a national class of 2011, 2012, and 2013 Hyundai Elantra owners and lessees, alleging causes of action under the CLRA, UCL, and FAL and for unjust enrichment.

36.     Mr. Anderson of CGL and I divided up work to review the November 2012 EPA Announcement, and Hyundai and Kia's simultaneous announcement that they were adjusting the mileage of more than a dozen models of their 2011, 2012, and 2013 vehicles and instituting the Voluntary Reimbursement Program, which required affected customers to repeatedly visit dealers to obtain compensation for extra fuel costs.

37.     After reviewing this research and consulting with our client, the Consumer Watchdog Legal Team concluded that the Voluntary Reimbursement Program did not adequately compensate affected consumers across the United States.

**CORRECTED SUPP. DECL. OF LAURA ANTONINI ISO *KRAUTH/HASPER* PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES;** Case No. 2:13-ml-02424-GW-FFM

13

38.    Mr. Anderson and I drafted portions of the *Krauth* complaint. Ms. Pressley reviewed and edited drafts of the *Krauth* complaint. DBBWC attorneys reviewed the *Krauth* complaint and offered input into the substantive legal issues to include in the pleadings.

39.    The number of hours and lodestar for each attorney for this work are as follows:

| Attorney | # of Hours | Hourly Rate | Lodestar |
|---|---|---|---|
| Harvey Rosenfield | 7.1 | $925 | $6,567.50 |
| Pamela Pressley | 6.3 | $650 | $4,095.00 |
| Laura Antonini | 26.8 | $350 | $9,380.00 |
| **CWD Total**: | 40.2 | | $20,042.50 |
| Jon Cuneo | 10 | $850 | $8,500.00 |
| William Anderson | 25.25 | $575 | $14,518.75 |
| Daniel Black (Paralegal) | 1.25 | $200 | $250.00 |
| Claire Peters (Paralegal) | 2 | $200 | $400.00 |
| **CGL Total**: | 38.50 | | $23,668.75 |
| Steve Campora | 1.5 | $600 | $900.00 |
| Craig Sheffer | 2.0 | $600 | $1,200.00 |
| **DBBWC Total**: | 3.5 | | $2,100.00 |
| Niall McCarthy | 6.8 | $775 | $5,270.00 |
| Anne Marie Murphy | 13.4 | $500 | $6,700.00 |
| Eric Buescher | 0 | $360 | $0 |
| **CPM Total**: | 20.2 | | $11,970.00 |
| **TOTAL:** | **102.4** | | **$57,781.25** |

**B. MDL Petition.**

**(November, 2012 – February, 2013)**

40.    When it became apparent that the November 2012 EPA Announcement had triggered similar filings in federal courts nationwide, the Consumer Watchdog Legal Team located and reviewed the various complaints

CORRECTED SUPP. DECL. OF LAURA ANTONINI ISO *KRAUTH/HASPER* PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES; Case No. 2:13-ml-02424-GW-FFM

14

filed against Defendants. After analyzing the allegations and relief sought in these complaints, and in consultation with our client, the Consumer Watchdog Legal Team concluded that the cases warranted coordination or consolidation in one federal court. The Consumer Watchdog Legal Team prepared and filed the MDL Petition that resulted in the consolidation of all cases in this MDL on November 19, 2012 on behalf of Plaintiff Gunther Krauth. Anne Marie Murphy and Eric Buescher of CPM took the lead in drafting the MDL Petition and the Reply in support of the MDL Petition, with the assistance of Mr. Anderson of CGL. Ms. Pressley and I also reviewed and edited the MDL filings.

41.    After Consumer Watchdog attorneys filed and served the MDL Petition on all parties in the related cases on November 19, 2012, I reviewed class action complaints and documents filed in the MDL proceeding related to the over 40 additional cases that were filed, and conferred with Mr. Rosenfield and co-counsel regarding the filings and the MDL hearing. In the aftermath of the November 2 EPA Announcement, Mr. Rosenfield's role in the litigation increased significantly. Mr. Rosenfield became the lead counsel on the Consumer Watchdog Legal Team, developing strategy and overseeing the litigation.

42.    On January 31, 2013, Mr. Cuneo prepared for and attended the MDL hearing and argued the MDL Petition, which resulted in these cases being consolidated together before this Court.

43.    The number of hours and lodestar for each attorney for this work are as follows:

//

//

//

//

//

CORRECTED SUPP. DECL. OF LAURA ANTONINI ISO *KRAUTH/HASPER* PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES; Case No. 2:13-ml-02424-GW-FFM

15

| Attorney | # of Hours | Hourly Rate | Lodestar |
|---|---|---|---|
| Harvey Rosenfield | 52.3 | $925 | $48,377.50 |
| Pamela Pressley | 18 | $650 | $11,700.00 |
| Laura Antonini | 112.6 | $350 | $39,410.00 |
| **CWD Total**: | 182.9 | | $99,487.50 |
| Jon Cuneo | 32.5 | $850 | $27,625.00 |
| Sandra Cuneo | 6.25 | $725 | $4,531.25 |
| William Anderson | 23.25 | $575 | $13,368.75 |
| Claire Peters (paralegal) | 18 | $200 | $3,600.00 |
| Daniel Black (paralegal) | 2 | $200 | $400.00 |
| **CGL Total**: | 82 | | $49,525 |
| Steve Campora | 0 | $600 | $0 |
| Craig Sheffer | 20.7 | $600 | $12,420.00 |
| **DBBWC Total**: | 20.7 | | $12,420.00 |
| Niall McCarthy | 29.1 | $775 | $22,552.50 |
| Anne Marie Murphy | 69.7 | $500 | $34,850.00 |
| Eric Buescher | 17.4 | $360 | $6,264.00 |
| Antonio de Neochea (Law Clerk) | 3.1 | $150 | $465.00 |
| Valerie De Los Santos (Paralegal) | 35.2 | $225 | $7,920.00 |
| **CPM Total**: | 154.5 | | $72,051.50 |
| **TOTAL:** | **440.1** | | **$233,484.00** |

**C. Research, Drafting, and Filing the *Hasper* Complaint.**

**(November 2, 2012 – February, 2013)**

44.     Between November 2, 2012 and February 7, 2013, attorneys at Consumer Watchdog received a large volume of additional inquiries from customers of Hyundai and Kia concerning their vehicles. To address their circumstances, Consumer Watchdog attorneys, CGL, DBBWC, and CPM developed and filed the Class Action Complaint in *Hasper*, filed on February 7, 2013. Mr. Anderson and I divided up the task of reviewing and responding to the

**CORRECTED SUPP. DECL. OF LAURA ANTONINI ISO *KRAUTH/HASPER* PLAINTIFFS'
MOTION FOR ATTORNEYS' FEES AND EXPENSES;** Case No. 2:13-ml-02424-GW-FFM

16

complaints.  We independently conducted dozens of telephonic conferences with consumers, including potential lead plaintiffs, and reviewed the documents submitted by them.  Of the consumers we interviewed, we retained 12 plaintiffs from eight states who owned or leased many of the affected models of Hyundai or Kia vehicles, representing

45.     During this time period Consumer Watchdog, CGL and CPM attorneys undertook discrete factual and legal research projects pertaining to the November 2, EPA Announcement. Mr. Anderson of CGL and I conducted research regarding Hyundai's and Kia's fuel economy representations for the different 2011, 2012, and 2013 model year vehicles included in the November 2012 EPA Announcement. Ms. Murphy and Mr. Buescher of CPM took the lead in researching various states' consumer protection laws to determine whether the cases could be prosecuted on behalf of a nationwide class, defining and identifying various state law classes based upon the consumer protection laws of each state, and researching various vehicles impacted by Defendants' conduct. Consumer Watchdog counsel, CGL attorneys and CPM attorneys drafted distinct portions of the *Hasper* complaint. DBBWC attorneys reviewed the *Hasper* complaint and offered input into the substantive legal issues to include in the complaint.

46.     After the *Hasper* complaint was filed, Ms. Murphy drafted demand letters to Defendants pursuant to the CLRA and Texas law.  Ms. Pressley reviewed and edited drafts of these letters.  The letters were sent on February 27, 2013.

47.     The number of hours and lodestar for each attorney for this work are as follows:

//

//

//

//

---

**CORRECTED SUPP. DECL. OF LAURA ANTONINI ISO *KRAUTH/HASPER* PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES;** Case No. 2:13-ml-02424-GW-FFM

| Attorney | # of Hours | Hourly Rate | Lodestar |
|---|---|---|---|
| Harvey Rosenfield | 3.1 | $925 | $2,867.50 |
| Pamela Pressley | 21.1 | $650 | $13,715.00 |
| Laura Antonini | 126.4 | $350 | $44,240.00 |
| **CWD Total**: | 150.6 | | $60,822.50 |
| Jon Cuneo | 18 | $850 | $15,300.00 |
| Sandra Cuneo | 6.25 | $725 | $4,531.25 |
| William Anderson | 136.5 | $575 | $78,487.50 |
| Claire Peters (paralegal) | 2.5 | $200 | $500.00 |
| Daniel Black (paralegal) | 1.25 | $200 | $250.00 |
| **CGL Total**: | 164.50 | | $99,068.75 |
| Steve Campora | 0 | $600 | $0 |
| Craig Sheffer | 6.5 | $600 | $3,900.00 |
| **DBBWC Total**: | 6.5 | | $3,900.00 |
| Niall McCarthy | 0 | $775 | $0 |
| Anne Marie Murphy | 44.9 | $500 | $22,450.00 |
| Eric Buescher | 4.8 | $360 | $1,728.00 |
| **CPM Total**: | 49.7 | | $24,178.00 |
| **TOTAL:** | **371.3** | | **$187,969.25** |

## IV. SETTLEMENT ANNOUNCEMENT AND CONFIRMATORY DISCOVERY IN THE MDL.

### A. February, 2013 MDL Hearings.

### (February, 2013)

48.     At the initial MDL hearing in this Court on February 14, 2013, attorneys from two law firms announced that they had met privately with Hyundai and reached a settlement of the case. At the hearing, Consumer Watchdog Legal Team attorneys asked the Court to order that the terms of the settlement be provided to all plaintiffs' counsel in the MDL, and the Court agreed, requiring the Settling Parties to provide the settlement terms within one week. (*See* **Exhibit A** (a

**CORRECTED SUPP. DECL. OF LAURA ANTONINI ISO** *KRAUTH/HASPER* **PLAINTIFFS'**
**MOTION FOR ATTORNEYS' FEES AND EXPENSES;** Case No. 2:13-ml-02424-GW-FFM

18

true and correct copy of a transcript excerpt from the February 14, 2013 hearing) at 30:19 – 34:4).

49.   The Settling Plaintiffs produced a two-page settlement term sheet on February 21, 2013 to Non-Settling Plaintiffs. Consumer Watchdog Legal Team attorneys reviewed the outline and determined that much information necessary to evaluate the terms was not included, particularly, the amounts of the Lump Sum Payments that would be paid to Class Members. On February 22, 2013, the Consumer Watchdog Legal Team drafted and sent a letter to Settling Plaintiffs requesting the Lump Sum Payment values and raising concerns regarding the claims process and reversionary nature of the settlement terms.

50.   At the next MDL hearing on February 28, 2013, prompted by the concerns expressed by the Consumer Watchdog Legal Team, the Court proposed to appoint a liaison counsel to attend, but not participate in, settlement negotiations on behalf of the Non-Settling Plaintiffs.  (*See* **Exhibit B** (a true and correct copy of a transcript excerpt from the February 28, 2013 hearing) at 15:16 -19:22; 33:2-9).

51.   The number of hours and lodestar for each attorney for this work are as follows:

//
//
//
//
//
//
//
//
//
//

**CORRECTED SUPP. DECL. OF LAURA ANTONINI ISO *KRAUTH/HASPER* PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES;** Case No. 2:13-ml-02424-GW-FFM

19

| Attorney | # of Hours | Hourly Rate | Lodestar |
|---|---|---|---|
| Harvey Rosenfield | 23.2 | $925 | $21,460.00 |
| Pamela Pressley | 2.6 | $650 | $1,690.00 |
| Laura Antonini | 16.7 | $350 | $5,845.00 |
| **CWD Total**: | 42.5 | | $28,995.00 |
| Jon Cuneo | 16 | $850 | $13,600.00 |
| Sandra Cuneo | 6.5 | $725 | $4,712.50 |
| William Anderson | 14.75 | $575 | $8,481.25 |
| Claire Peters (Paralegal) | 3.25 | $200 | $650.00 |
| **CGL Total**: | 40.5 | | $27,443.75 |
| Steve Campora | 1.75 | $600 | $1,050.00 |
| Craig Sheffer | 3.1 | $600 | $1,860.00 |
| **DBBWC Total**: | 4.85 | | $2,910.00 |
| Niall McCarthy | 0 | $775 | $0 |
| Anne Marie Murphy | 0 | $500 | $0 |
| Eric Buescher | 0 | $360 | $0 |
| **CPM Total**: | 0 | | $0 |
| **TOTAL:** | **87.85** | | **$59,348.75** |

**B. Obtaining and Reviewing Pre-Settlement Discovery.**

**(March, 2013 – May, 2013)**

52.    After attorneys from each firm reviewed and executed the Rule 408 confidentiality agreement, on or around March 26, 2013, Hyundai produced a chart of the Lump Sum Payment values to the Non-Settling Plaintiffs.

53.    Ms. Murphy drafted and sent a letter to counsel for Kia on March 25, 2013, in anticipation of the status conference scheduled for March 28, 2013, requesting that Kia produce a Lump Sum Payment chart for Kia Class Vehicles. After Liaison Counsel was appointed, attorneys for the Consumer Watchdog Legal Team frequently communicated with Liaison Counsel inquiring about the Kia Lump Sum Payment values.  Kia did not produce this information until April 12, 2013.

**CORRECTED SUPP. DECL. OF LAURA ANTONINI ISO *KRAUTH/HASPER* PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES;** Case No. 2:13-ml-02424-GW-FFM

20

54.     Mr. Rosenfield and I prepared for and attended the March 28, 2013 hearing. Since it was unclear how the values in the Lump Sum Payment chart for Hyundai vehicles were determined, Mr. Rosenfield urged the Court at the hearing to require the Settling Parties to provide information about the formulas   and to produce to Non-Settling Plaintiffs' counsel all of the information they had produced to Settling Plaintiffs' counsel for their settlement discussions. The Court agreed, further requiring Settling Parties to include non-settling plaintiffs' counsel in all aspects of the confirmatory discovery process, noting that when Non-Settling Plaintiffs' counsel "make a request for reasonable information, that information should be provided." (*Id*. at 14:16-22.) The Court also agreed with Mr. Rosenfield that Defendants should produce a privilege log of withheld documents. At the conclusion of the hearing, the Court appointed Mr. Eric Gibbs as Liaison Counsel, with the support of Consumer Watchdog Legal Team and other non-settling parties. (*See* **Exhibit C** (a true and correct copy of a transcript excerpt from the March 28, 2013 hearing) at 12:23 – 15:6; 40:16 – 41:1).

55.     Ms. Murphy of CPM, Ms. Cuneo of CGL and I prepared for and attended the April 11, 2013 hearing. Having received none of the documents produced to Settling Parties for the purpose of settlement negotiations at that time, Ms. Murphy insisted to the Court at the hearing that Defendants timely produce the all documents obtained by the Settling Plaintiffs prior to settlement. The Court confirmed the documents would be timely produced and also agreed with the Consumer Watchdog Legal Team that any additional discovery documents Defendants produced to the Settling Parties and Liaison Counsel would be produced to all Non-Settling Plaintiffs simultaneously. (*See* **Exhibit D** (a true and correct copy of a transcript excerpt from the April 11, 2013 hearing) at 12:23 - 14:19.)

CORRECTED SUPP. DECL. OF LAURA ANTONINI ISO *KRAUTH/HASPER* PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES; Case No. 2:13-ml-02424-GW-FFM

21

56.    The Non-Settling Plaintiffs finally were given access to the pre-settlement discovery documents starting April 18, 2013. Consumer Watchdog, CGL, DBBWC, and CPM attorneys divided these documents for review to avoid duplication of effort. A memo prepared by Liaison Counsel summarizing the production was also reviewed.

57.    Mr. Rosenfield of Consumer Watchdog, Mr. Anderson of CGL and Ms. Murphy of CPM prepared for and attended the April 25, 2013 hearing. At the hearing, Mr. Rosenfield noted that none of the pre-settlement discovery documents revealed how the Defendants' inaccurate fuel economy data had led to the erroneous advertising campaign. In response, the Court stated, "I want the confirmatory discovery to go into that area." Liaison Counsel confirmed with the Court that Non-Settling Plaintiffs' counsel would be involved in drafting additional discovery requests. Specifically, Mr. Gibbs stated, "Mr. Rosenfield and his group have been involved in the calls, and they should weigh in on anything that goes out. Their voice ought to be heard. I agree with that." (*See* **Exhibit E** (a true and correct copy of a transcript excerpt from the April 25, 2013 hearing) at 23:5 - 24:13; 26:22-25; 31:2-12; 39:9 – 40:20).

58.    Following the hearing, Mr. Anderson, in consultation with Liaison Counsel, drafted a letter to Settling Plaintiffs' counsel, which was reviewed and sent by Consumer Watchdog on April 29, 2013, identifying in detail how the documents produced were insufficient to evaluate the settlement term sheet and demanding additional information. (The April 29, 2013 letter is attached to the Antonini Decl., ¶ 66, Exh. G (Dkt. 371-2)).

59.    Attorneys for the Consumer Watchdog Legal participated in approximately four teleconferences with Liaison Counsel and other Non-Settling Plaintiffs' counsel (March 27; April 9; April 23; and May 8) regarding the

**CORRECTED SUPP. DECL. OF LAURA ANTONINI ISO** *KRAUTH/HASPER* **PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES;** Case No. 2:13-ml-02424-GW-FFM

22

settlement terms and the discovery conducted by Settling Plaintiffs prior to reaching the settlement.

60.    The number of hours and lodestar for each attorney for this work are as follows:

| Attorney | # of Hours | Hourly Rate | Lodestar |
|---|---|---|---|
| Harvey Rosenfield | 52.6 | $925 | $48,655.00 |
| Pamela Pressley | 2.9 | $650 | $1,885.00 |
| Laura Antonini | 34.7 | $350 | $12,145.00 |
| **CWD Total**: | 90.2 | | $62,685.00 |
| Jon Cuneo | 11.25 | $850 | $9,562.50 |
| Sandra Cuneo | 33.75 | $725 | $24,468.75 |
| William Anderson | 83 | $575 | $47,725.00 |
| **CGL Total**: | 128 | | $81,756.25 |
| Steve Campora | 0 | $600 | $0 |
| Craig Sheffer | 10.5 | $600 | $6,300.00 |
| **DBBWC Total**: | 10.5 | | $6,300.00 |
| Niall McCarthy | 0 | $775 | $0 |
| Anne Marie Murphy | 47.5 | $500 | $23,750.00 |
| Eric Buescher | 0 | $360 | $0 |
| Valerie De Los Santos (Paralegal) | 26.8 | $225 | $6,030.00 |
| **CPM Total**: | 74.3 | | $29,780 |
| **TOTAL:** | **303** | | **$180,521.25** |

**C. Revising and Drafting Document Requests.**

**(May, 2013)**

61.    On or around May 16, 2013, Settling Parties provided a draft of additional document requests to Liaison Counsel and Non-Settling Plaintiffs. Mr. Anderson of CGL and I divided up tasks in reviewing and redlining the drafts prepared by Settling Plaintiffs, revising existing requests to capture additional, relevant information and adding document requests and search terms for

---

**CORRECTED SUPP. DECL. OF LAURA ANTONINI ISO *KRAUTH/HASPER* PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES;** Case No. 2:13-ml-02424-GW-FFM

1    Defendants' ESI discovery searches. Mr. Rosenfield reviewed and supplemented
2    our edits to the requests.

3         62.    Consumer   Watchdog,   CGL,   CPM   and   DBBWC   attorneys
4    communicated with Liaison Counsel, via email and during a May 22, 2013
5    teleconference with other Non-Settling Plaintiffs' counsel regarding the
6    incorporation of their redlines into the final requests served on Hyundai on May 22,
7    2013 and Kia on May 24, 2013.

8         63.    The number of hours and lodestar for each attorney for this work are
9    as follows:

| Attorney | # of Hours | Hourly Rate | Lodestar |
|---|---|---|---|
| Harvey Rosenfield | 21 | $925 | $19,425.00 |
| Pamela Pressley | 2.6 | $650 | $1,690.00 |
| Laura Antonini | 18 | $350 | $6,300.00 |
| **CWD Total**: | 41.6 | | $27,415.00 |
| Jon Cuneo | 10.75 | $850 | $9,137.50 |
| Sandra Cuneo | 2.25 | $725 | $1,631.25 |
| William Anderson | 22.5 | $575 | $12,937.50 |
| Claire Peters (paralegal) | 5 | $200 | $1,000.00 |
| **CGL Total**: | 40.5 | | $24,706.25 |
| Steve Campora | 0 | $600 | $0 |
| Craig Sheffer | 22.6 | $600 | $13,560.00 |
| **DBBWC Total**: | 22.6 | | $13,560.00 |
| Niall McCarthy | 0 | $775 | $0 |
| Anne Marie Murphy | 0.6 | $500 | $300.00 |
| Eric Buescher | 0 | $360 | $0 |
| **CPM Total**: | 0.6 | | $300.00 |
| **TOTAL:** | **105.3** | | **$65,981.25** |

**CORRECTED SUPP. DECL. OF LAURA ANTONINI ISO** *KRAUTH/HASPER* **PLAINTIFFS'
MOTION FOR ATTORNEYS' FEES AND EXPENSES;** Case No. 2:13-ml-02424-GW-FFM

24

**D. Reviewing and Assessing Defendants' Document Productions and Ensuring Non-Settling Plaintiffs' Participation in Interviews.**

**(May 24, 2013 – September, 2013)**

64.     Between May 24, 2013 and September, 2013, attorneys for the Consumer Watchdog Legal Team participated in approximately 15 teleconferences with Liaison Counsel and other Non-Settling Plaintiffs' counsel (May 31; June 2; June 3; June 12; June 18; June 25; July 29; August 7; August 12; August 13; August 14; August 16; August 21; August 27; September 23) regarding confirmatory discovery issues relating to document productions and witness interviews.[6] On these calls, and in letters and emails sent to Settling Plaintiffs and Liaison Counsel during this time, Mr. Rosenfield and I, along with Mr. Anderson of CGL and Ms. Murphy of CPM, continuously pressed to ensure: that Defendants or Settling Parties met deadlines for producing documents or written responses to inquiries from Non-Settling Plaintiffs' counsel; that all non-settling plaintiffs' counsel had enough time to coordinate and review documents prior to the interviews; and that all Non-Settling Plaintiffs' counsel had the opportunity to participate in the witness interviews.

65.     During this time, Consumer Watchdog, CGL, DBBWC and CPM attorneys reviewed multiple memos concerning discovery drafted by Liaison Counsel and other Non-Settling Plaintiffs' counsel who were assigned to review discovery documents. Consumer Watchdog counsel used these memos to help them evaluate the adequacy of the Defendants' document productions and, eventually, the fairness of the settlement.

66.     Mr. Rosenfield and I prepared for and attended the May 23, 2013 hearing. Mr. Anderson of CGL and Ms. Murphy of CPM appeared at the hearing by telephone. At this hearing, Mr. Rosenfield brought to the Court's attention the

---

[6] Time spent by the Consumer Watchdog Legal Team specifically preparing for and participating in the witness interviews is detailed in the next section.

**CORRECTED SUPP. DECL. OF LAURA ANTONINI ISO *KRAUTH/HASPER* PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES;** Case No. 2:13-ml-02424-GW-FFM

25

1   issue of whether Defendants would comply with Rule 34 of the Federal Rules of
2   Civil Procedure in producing documents. The Court agreed that discovery
3   parameters needed to be established and ordered the parties to meet and confer on
4   an approximation of Rule 34 procedures. Also at this hearing, Mr. Rosenfield
5   coordinated with Liaison Counsel to object to the Settling Parties' plan to conduct
6   interviews of Defendants' witnesses without Non-Settling Plaintiffs' counsel at the
7   hearing. Liaison Counsel urged the Court to postpone the interviews until Non-
8   Settling Plaintiffs' counsel received and had a reasonable chance to review the
9   confirmatory discovery requested from the Defendants. The Court postponed the
10  Korea interviews. (*See* **Exhibit F** (a true and correct copy of a transcript excerpt
11  from the May 23, 2013 hearing) at 9:23 – 11:23; 14:13 – 15:5).

12      67.   Following the hearing, Mr. Rosenfield, drafted a May 24, 2013 letter
13  to Liaison Counsel for transmission to the Settling Parties, urging that the Non-
14  Settling Plaintiffs be given a reasonable period of time to review and assess
15  documents produced by Defendants prior to any U.S. interviews going forward,
16  and advocating that representatives of Non-Settling Plaintiffs be given the
17  opportunity to attend and participate in the interview process. This letter also
18  insisted that Defendants comply with Rule 34 of the Federal Rules of Civil
19  Procedure in producing documents. (The May 24, 2013 letter is attached to the
20  Antonini Decl., ¶¶68, 74, Exh. G (Dkt. 371-2)).

21      68.   After the Defendants then proposed to allow only Liaison Counsel to
22  attend any interviews and ask limited questions, Mr. Rosenfield restated the
23  Consumer Watchdog Legal Team's concerns about the interview process in a
24  lengthy email to Liaison Counsel and all other Non-Settling Plaintiffs' counsel on
25  May 30, 2013. Liaison Counsel worked to ensure that  the U.S. Hyundai interviews
26  were postponed until Non-Settling Plaintiffs' counsel had time to review relevant
27  discovery. Defendants further agreed that representatives of Non-Settling Plaintiffs'
28

**CORRECTED SUPP. DECL. OF LAURA ANTONINI ISO *KRAUTH/HASPER* PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES;** Case No. 2:13-ml-02424-GW-FFM

26

1   could question the witnesses and others could listen to the interviews and suggest

2   questions for the interviewers through a live chat room.

3        69.    Mr. Rosenfield and I prepared for and attended the hearing on June 6,

4   2013. In response to a May 30, 2013 letter from Defendants indicating they would

5   not be following Rule 34, Mr. Rosenfield, in consultation with Liaison Counsel,

6   raised the Rule 34 issue with the Court. Counsel for Defendants stated that

7   "[Defendants] understand that all the other same strictures [of Rule 34, except for

8   objections] appl[ied]" to their responses. Mr. Rosenfield also ensured with the

9   Court that the U.S. interviews were taken under oath. (*See* **Exhibit G** (a true and

10  correct copy of a transcript excerpt from the June 6, 2013 hearing) at 10:12 –

11  11:24; 26:19 – 28:18).

12       70.    Mr. Rosenfield and I prepared for and attended the hearing on August

13  15, 2013.  At that hearing, in response to Mr. Rosenfield's, Liaison Counsel's and

14  other Non-Settling Plaintiffs' counsel's comments, the Court encouraged the

15  parties to meet and confer regarding outstanding discovery issues and the

16  scheduled witness interviews. As a result, the Settling Parties agreed to vacate the

17  then-pending discovery schedule and postponing further discovery efforts until

18  after the interviews took place. (*See* **Exhibit H** (a true and correct copy of a

19  transcript excerpt from the August 15, 2013 hearing) at 14:15 – 36:19; *see* Dkts.

20  129, 140). Mr. Rosenfield and Ms. Murphy also attended the hearing on September

21  26, 2013, where the Court discussed scheduling matters related to discovery and

22  the Motion for Preliminary Approval.

23       71.    The number of hours and lodestar for each attorney for this work are

24  as follows:

25  //

26  //

27  //

28

**CORRECTED SUPP. DECL. OF LAURA ANTONINI ISO *KRAUTH/HASPER* PLAINTIFFS'
MOTION FOR ATTORNEYS' FEES AND EXPENSES;** Case No. 2:13-ml-02424-GW-FFM

| Attorney | # of Hours | Hourly Rate | Lodestar |
|---|---|---|---|
| Harvey Rosenfield | 84.7 | $925 | $78,347.50 |
| Pamela Pressley | 3.9 | $650 | $2,535.00 |
| Laura Antonini | 80.6 | $350 | $28,210.00 |
| **CWD Total**: | 169.2 | | $109,092.50 |
| Jon Cuneo | 5.5 | $850 | $4,675.00 |
| Sandra Cuneo | 33.25 | $725 | $24,106.25 |
| William Anderson | 69.25 | $575 | $39,818.75 |
| **CGL Total**: | 108 | | $68,600.00 |
| Steve Campora | 0 | $600 | $0 |
| Craig Sheffer | 14.0 | $600 | $8,400.00 |
| **DBBWC Total**: | 14 | | $8,400.00 |
| Niall McCarthy | 0 | $775 | $0 |
| Anne Marie Murphy | 8.5 | $500 | $4,250.00 |
| Eric Buescher | 0 | $360 | $0 |
| **CPM Total**: | 8.5 | | $4,250.00 |
| **TOTAL:** | **299.7** | | **$190,342.50** |

**E. Preparing for and Participating in Hyundai and Kia Witness Interviews.**

**(May, 2013 – September, 2013)**

72.    On June 4, 2013, I monitored the interview of a Kia witness and participated in the chat room of Non-Settling Plaintiffs' counsel and later drafted detailed notes about the interview for the Consumer Watchdog Legal Team. Mr. Anderson did the same for other Kia witness interview on June 5, 2013.

73.    Prior to the U.S. Hyundai interviews and with Liaison Counsel's agreement, I drafted, and Mr. Rosenfield reviewed and edited, a memo for all Non-Settling Plaintiffs concerning the importance of the information sought in each of the written discovery requests in order to stimulate questioning on relevant topics at the interviews. This memo was sent to Liaison Counsel on August 24, 2013.

74.    At the direction of Liaison Counsel, the Consumer Watchdog Legal Team actively participated in each of the four U.S. interviews, where we sought

CORRECTED SUPP. DECL. OF LAURA ANTONINI ISO *KRAUTH/HASPER* PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES; Case No. 2:13-ml-02424-GW-FFM

28

and obtained information relevant to the willfulness of the Defendants' conduct. Ms. Murphy of CPM and Mr. Anderson of CGL interviewed two Hyundai witnesses, on August 29 and 30, 2013, respectively. I also participated in the chat room of Non-Settling Plaintiffs' counsel for those interviews and drafted extensive notes about the interviews for the Consumer Watchdog Legal Team.

75.   On September 12, 2013, I listened to interviews of two witnesses in Korea conducted by other Non-Settling Plaintiffs' counsel, participated in the chat room and forwarded my detailed notes about the interview to the Consumer Watchdog Legal Team.   Mr. Anderson did the same for other Kia witness interviews in Korea on September 13.

76.   The number of hours and lodestar for each attorney for this work are as follows:

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

**CORRECTED SUPP. DECL. OF LAURA ANTONINI ISO *KRAUTH/HASPER* PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES;** Case No. 2:13-ml-02424-GW-FFM

29

| Attorney | # of Hours | Hourly Rate | Lodestar |
|---|---|---|---|
| Harvey Rosenfield | 17.1 | $925 | $15,817.50 |
| Pamela Pressley | 0 | $650 | $0 |
| Laura Antonini | 65.8 | $350 | $23,030.00 |
| **CWD Total**: | 82.9 | | $38,847.50 |
| Jon Cuneo | 5 | $850 | $4,250.00 |
| Sandra Cuneo | 3.5 | $725 | $2,537.50 |
| William Anderson | 163.75 | $575 | $94,156.25 |
| **CGL Total**: | 172.25 | | $100,943.75 |
| Steve Campora | 0 | $600 | $0 |
| Craig Sheffer | 6.8 | $600 | $4,080.00 |
| **DBBWC Total**: | 6.8 | | $4,080.00 |
| Niall McCarthy | 0 | $775 | $0 |
| Anne Marie Murphy | 81.9 | $500 | $40,950.00 |
| Eric Buescher | 0 | $360 | $0 |
| Jennifer James (Paralegal) | 1.1 | $225.00 | $247.50 |
| Valerie De Los Santos (Paralegal) | 36.4 | $225.00 | $8,190.00 |
| **CPM Total**: | 119.4 | | $49,387.50 |
| **TOTAL**: | 381.35 | | $193,258.75 |

**F. Moving to Compel Document Requests and Privilege Log.**

**(September, 2013 – January, 2014)**

77.    After considerable effort by the Consumer Watchdog Legal Team through communications with Liaison Counsel, Hyundai produced a privilege log. But the log was incomplete and questionable in numerous respects. In an attempt to informally resolve the issues, and with the agreement of Liaison Counsel, Mr. Anderson of CGL drafted meet and confer correspondence directed to Defendants challenging Hyundai's privilege log. I reviewed and edited drafts of the correspondence, as well as drafted or assisted in drafting separate correspondence to Defendants pursuing two discovery requests to which Defendants had refused to

**CORRECTED SUPP. DECL. OF LAURA ANTONINI ISO** *KRAUTH/HASPER* **PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES;** Case No. 2:13-ml-02424-GW-FFM

30

respond (on October 16, 2013; November 7, 2013; December 10, 2013; and January 3, 2014).

78.     After attempts at informally resolving discovery issues with Hyundai failed, Mr. Anderson and I performed research for and drafted portions of the Joint Discovery Stipulation, filed November 21, 2013 (Dkt. 154), and a Supplemental Discovery Memorandum, filed November 25, 2013 (Dkt. 157). Mr. Anderson focused on the privilege log issues, while I focused on the two discovery requests. Mr. Rosenfield reviewed and edited our portions of the filings.

79.     Mr. Rosenfield, Mr. Anderson, and I prepared for and attended a December 9, 2013 hearing on the privilege log and document requests. Mr. Anderson argued at the hearing with respect to the privilege log challenge, and the Court required Hyundai to produce certain documents for which Hyundai claimed privilege for *in camera* review to assess the validity of Hyundai's privilege assertions.   At the hearing, the Court agreed that Mr. Anderson and Liaison Counsel would work together to select the documents listed on the privilege log for the Court to review. (*See* **Exhibit I** (a true and correct copy of a transcript excerpt from the December 9, 2013 hearing) at 9:16 – 14:8; 22:3-7).

80.     With regard to one of the document requests (concerning internal records relating to Consumer Watchdog), the Court in its Tentative Ruling (Dkt. 182, fn. 5) suggested revisions to the request, and granted at the hearing Mr. Rosenfield's request to amend the request to conform to the Court's comments. (*See* **Exhibit I** at 17:8 – 8:21). Subsequently, pursuant to the Court's comments, on December 10, 2013, I revised that document request and sent it to Defendants. Following Defendants' response, on January 3, 2014, I drafted meet and confer correspondence with Defendants regarding the request.

81.     Mr. Rosenfield, Mr. Anderson, and I prepared for and attended a January 10, 2014 scheduling conference where the privilege log and document

**CORRECTED SUPP. DECL. OF LAURA ANTONINI ISO *KRAUTH/HASPER* PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES;** Case No. 2:13-ml-02424-GW-FFM

31

requests were discussed. At that hearing, the Court ordered a further document submission with respect to the privilege log and stated it would rule on the document request by January 17, 2014. (Dkt. 201). (The Court did not issue a ruling as to either issue until the hearing on July 24, 2014.)

82.    Mr. Rosenfield, Mr. Anderson and I participated in teleconferences and email communications with Liaison Counsel and other Non-Settling Plaintiffs' counsel regarding the Joint Discovery Stipulation and Supplemental Memorandum during this time frame.

83.    The number of hours and lodestar for each attorney for this work are as follows:

| Attorney | # of Hours | Hourly Rate | Lodestar |
|---|---|---|---|
| Harvey Rosenfield | 56.9 | $925 | $52,632.50 |
| Pamela Pressley | 1.3 | $650 | $845.00 |
| Laura Antonini | 100.4 | $350 | $35,140.00 |
| **CWD Total**: | 158.6 | | $88,617.50 |
| Jon Cuneo | 1 | $850 | $850.00 |
| William Anderson | 58.75 | $575 | $33,781.25 |
| **CGL Total**: | 59.75 | | $34,631.25 |
| Steve Campora | 0 | $600 | $0 |
| Craig Sheffer | 2.5 | $600 | $1,500.00 |
| **DBBWC Total**: | 2.5 | | $1,500.00 |
| Niall McCarthy | 0 | $775 | $0 |
| Anne Marie Murphy | 1.3 | $500 | $650.00 |
| Eric Buescher | 0 | $360 | $0 |
| Valerie De Los Santos (Paralegal) | 2.2 | $225 | $495.00 |
| **CPM Total**: | 3.5 | | $1,145.00 |
| **TOTAL:** | **224.35** | | **$125,893.75** |

## V.  THE PROCESS OF IMPROVING THE SETTLEMENT

### A. Initial Settlement Analysis and Improvements.

### (December 23, 2013 – May, 2014)

CORRECTED SUPP. DECL. OF LAURA ANTONINI ISO *KRAUTH/HASPER* PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES; Case No. 2:13-ml-02424-GW-FFM

32

84.    Defendants finally provided their Settlement Agreement on December 23, 2013. The Consumer Watchdog Legal Team divided up the task of assessing the Settlement Agreement. In developing our analysis of the monetary compensation available under the Settlement Agreement, I collected mileage information from our 14 named Plaintiffs in *Bird*, *Krauth*, and *Hasper* and undertook a detailed examination of the compensation each Plaintiff would receive under the Settlement and Voluntary Reimbursement Program. Mr. Anderson of CGL conducted an intensive and focused analysis of the proposed financial terms insofar as they concerned compensation for fuel. DBBWC attorneys assisted in reviewing the proposed settlement documents and evaluating the evidence discovered to date to propose changes in the terms of the settlement agreement that would better notify and compensate class members. CPM attorneys worked on the value of the settlement generally, consulting with various potential consulting experts on the diminution of value of the class members' vehicles, compared the settlement to Hyundai's "Voluntary Reimbursement Program" and analyzed other provisions of the settlement agreement.

85.    Pursuant to the Court's order to Non-Settling Plaintiffs, Consumer Watchdog, CPM and CGL attorneys divided up drafting sections of a detailed and lengthy analysis of the Settlement Agreement, which was transmitted to Liaison Counsel and all other Non-Settling Plaintiffs' counsel on January 22, 2014 and filed with the Court on January 30, 2014 by Liaison Counsel. (Dkt. 211-3).

86.    The Consumer Watchdog Legal Team's analysis raised serious issues regarding the notice and claims process, the amount of monetary compensation that would be available to Class Members, the provision permitting Hyundai and Kia to administer the settlement and keep unclaimed and expired funds, and myriad problems with the notice and claims forms. (Dkt. 211-3).

**CORRECTED SUPP. DECL. OF LAURA ANTONINI ISO *KRAUTH/HASPER* PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES;** Case No. 2:13-ml-02424-GW-FFM

87.     Between January and May 2014, attorneys for Consumer Watchdog, CGL, DBBWC and CPM (like all other Non-Settling Plaintiffs' Counsel) reviewed meet and confer letters, memoranda, and emails between Liaison Counsel and Settling Plaintiffs and Defendants regarding many of the issues raised in Consumer Watchdog's January 22, 2014 analysis, and by other Non-Settling Plaintiffs. During this time, Consumer Watchdog counsel participated in five teleconferences with Liaison Counsel.

88.     The Settlement was amended twice during this period. First, on January 16, 2014, the Settlement Agreement was amended to extend the additional "4 x 40" compensation to certain qualified former owners. (Dkt. 206). Again, on May 2, 2014, the Settlement Agreement was amended to provide that Hyundai and Kia would send Class Members a postcard notice in lieu of the long form notice and claim form. (Dkt. 226-1, Exh. A). The second amendment also provided that Hyundai and Kia would establish an online claim form website so Class Members could electronically submit claims, as had been suggested in Consumer Watchdog's January 22, 2014 analysis. (*Id.* At § 1.2).

89.     Shortly after the second amendment to the Settlement Agreement in May, 2014, all but two of the other Non-Settling Plaintiffs' firms supported, no longer objected to, or did not state their position regarding, the Settlement.

90.     The number of hours and lodestar for each attorney for this work are as follows:

//

//

//

//

//

//

**CORRECTED SUPP. DECL. OF LAURA ANTONINI ISO *KRAUTH/HASPER* PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES;** Case No. 2:13-ml-02424-GW-FFM

| Attorney | # of Hours | Hourly Rate | Lodestar |
|---|---|---|---|
| Harvey Rosenfield | 86.8 | $925 | $80,290.00 |
| Pamela Pressley | 1.4 | $650 | $910.00 |
| Laura Antonini | 160.9 | $350 | $56,315.00 |
| **CWD Total**: | 249.1 | | $137,515.00 |
| Jon Cuneo | 3.5 | $850 | $2,975.00 |
| Sandra Cuneo | 2.75 | $725 | $1,993.75 |
| William Anderson | 37.5 | $575 | $21,562.50 |
| **CGL Total**: | 43.75 | | $26,531.25 |
| Steve Campora | 1.25 | $600 | $750.00 |
| Craig Sheffer | 3.7 | $600 | $2,220.00 |
| **DBBWC Total**: | 4.95 | | $2,970.00 |
| Niall McCarthy | 0 | $775 | $0 |
| Frank Pitre | 1.5 | $775 | $1,162.50 |
| Steve Williams | 1 | $700 | $700.00 |
| Anne Marie Murphy | 116.8 | $500 | $58,400.00 |
| Eric Buescher | 7.6 | $360 | $2,736.00 |
| Emanuel Townsend (Paralegal) | 14.5 | $225 | $3,262.50 |
| Valerie De Los Santos (Paralegal) | 6.8 | $225 | $1,530.00 |
| **CPM Total**: | 148.2 | | $67,791.00 |
| **TOTAL:** | **446** | | **$234,807.25** |

**B. Opposition to Motion for Preliminary Approval.**

**(April, 2014 – June, 2014)**

91.     Attorneys at Consumer Watchdog, CGL, DBBWC and CPM carefully reviewed the proposed settlement and, after consultations with our clients, concluded that the proposed settlement was not fair, reasonable, or adequate.

92.     In or about early May, Liaison Counsel informed Non-Settling Plaintiffs that he intended to support preliminary approval of the Settlement. Consumer Watchdog counsel informed Liaison Counsel and other Non-Settling Plaintiffs' counsel that the *Krauth/Hasper* Plaintiffs intended to oppose the motion

**CORRECTED SUPP. DECL. OF LAURA ANTONINI ISO *KRAUTH/HASPER* PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES;** Case No. 2:13-ml-02424-GW-FFM

35

1    and, as requested by the Court in its April 7, 2014 minute order, offered to

2    coordinate with any counsel whose clients felt accordingly.

3         93.     I performed factual and legal research, and drafted, with the assistance

4    of Mr. Anderson of CGL, a 24-page Opposition to the Motion for Preliminary

5    Approval. (Dkt. 236). Mr. Rosenfield reviewed and edited drafts of the Opposition,

6    which was filed on May 30, 2014. CPM and DBBWC attorneys also reviewed final

7    documents. Of the 58 other firms not originally involved in the settlement, only the

8    Consumer Watchdog Legal Team and two others filed oppositions.[7]

9         94.     In response to issues raised in the *Krauth/Hasper* Plaintiffs'

10    Opposition, on June 24, 2014, Hyundai and Kia filed a second set of notice and

11    claim forms. (Dkt. 264). Defendants replaced their proposed postcard notice with a

12    short-form letter with larger font (Dkt. 264-2) as suggested by the Consumer

13    Watchdog Legal Team. On June 25, 2014, I drafted, and Mr. Rosenfield reviewed

14    and edited, a response, highlighting the problems with the revised short-form

15    mailer and providing a mocked-up example of a short-form mailer that would cure

16    the deficiencies. (Dkt. 266).

17         95.     Mr. Rosenfield and I prepared for and attended the hearing on the

18    Motion for Preliminary Approval on June 26, 2014. At the hearing, the Court

19    agreed with the Consumer Watchdog Legal Team that there were "major problems"

20    with the Settling Parties' proposed notice. The Court continued its ruling on the

21    Motion for Preliminary Approval, emphasizing the concerns raised by Consumer

22    Watchdog counsel that the notice documents did not contain relevant facts and

23

24    [7] Plaintiff in *Wilson v. Kia Motors America*, Case No. 2:13-cv-01625-GW-FFM (C.D. Cal.), represented by the law firm of Lewis G. Adler, Esquire, is the only

25    other plaintiff that joined in opposition to the settlement terms. (Dkt. 238.)

26    Plaintiffs in *Gentry, et al. v. Hyundai Motor America*, Case No. 2:14-cv-01359-GW-FFM (C.D. Cal.) also filed an opposition to the Settlement on behalf of a class

27    of Hyundai Elantra owners in Virginia, largely on the grounds that it improperly denied their rights. (Dkt. 234.)

28

**CORRECTED SUPP. DECL. OF LAURA ANTONINI ISO *KRAUTH/HASPER* PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES;** Case No. 2:13-ml-02424-GW-FFM

were not calculated to catch the attention of Class Members. (*See* Dkt. 267, June
26, 2014 Tentative Ruling, at 21). The Court ordered the Settling Parties to revise
the format and content of the notice documents (and invited input from Non-
Settling Plaintiffs on the revised documents). The Court specifically directed the
Settling Parties to fix the misleading language in the "Table of Rights" on the first
page of the long-form notice, a problem pointed out by the Consumer Watchdog
Legal Team, to properly inform Class Members of their rights under the Settlement.
The Court also ordered the Settling Parties to provide email notice to Class
Members, an issue raised in the Consumer Watchdog Legal Team's January, 2014
analysis.(*See* **Exhibit J** (a true and correct copy of a transcript excerpt from the
June 26, 2014 hearing) at 11:7-8, 20:17 – 22:9, 39:13-15, 50:23-25, 60:3-11; *see*
Dkt. 211-3 at 8; Dkt. 266 at 3:24 – 5:2; Dkt. 267 at 22, fn. 26).

96.    The number of hours and lodestar for each attorney for this work are
as follows:

//
//
//
//
//
//
//
//
//
//
//
//
//

**CORRECTED SUPP. DECL. OF LAURA ANTONINI ISO *KRAUTH/HASPER* PLAINTIFFS'
MOTION FOR ATTORNEYS' FEES AND EXPENSES;** Case No. 2:13-ml-02424-GW-FFM

37

| Attorney | # of Hours | Hourly Rate | Lodestar |
|---|---|---|---|
| Harvey Rosenfield | 158.3 | $925 | $146,427.50 |
| Pamela Pressley | 5.2 | $650 | $3,380.00 |
| Laura Antonini | 150.2 | $350 | $52,570.00 |
| **CWD Total**: | 313.7 | | $202,377.50 |
| Jon Cuneo | 2.5 | $850 | $2,125.00 |
| William Anderson | 31 | $575 | $17,825.00 |
| **CGL Total**: | 33.5 | | $19,950.00 |
| Steve Campora | 0 | $600 | $0 |
| Craig Sheffer | 4 | $600 | $2,400.00 |
| **DBBWC Total**: | 4 | | $2,400.00 |
| Niall McCarthy | 0 | $775 | $0 |
| Anne Marie Murphy | 0 | $500 | $0 |
| Eric Buescher | 0 | $360 | $0 |
| Valerie De Los Santos (Paralegal) | 2.4 | $225 | $540.00 |
| **CPM Total**: | 2.4 | | $540.00 |
| **TOTAL**: | **353.6** | | **$225,267.50** |

**C. Response to Settling Parties' Supplemental Brief in Support of Preliminary Approval.**

**(July, 2014)**

97.     At the June 26, 2014 hearing, the Court ordered Settling Parties to file a supplemental brief addressing the issues raised by the Consumer Watchdog Legal Team in their Opposition to Motion for Preliminary Approval. In response to the Court's order at that hearing, I drafted, and Mr. Rosenfield reviewed and edited, a Response to Settling Parties' supplemental brief. (Dkt. 277). The Response explained how the Settling Parties' revised short-form mailer failed to include relevant information and was not calculated to catch the attention of the recipient. It also pointed out that Settling Parties had not provided information about how the Lump Sum Payments were calculated, which was required to evaluate the

CORRECTED SUPP. DECL. OF LAURA ANTONINI ISO *KRAUTH/HASPER* PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES; Case No. 2:13-ml-02424-GW-FFM

38

monetary compensation under the Settlement. Counsel for CGL, CPM and DBBWC reviewed and edited drafts of the response.

98. Mr. Rosenfield and I prepared for and attended the July 24, 2014 hearing, at which the Court issued a tentative ruling stating that it "agree[d] with the *Krauth* and *Hasper* plaintiffs that there are ways in which the notice forms and claims website could be improved further." (July 24, 2104 Tentative Ruling at 4). The Court addressed *each* of the issues raised by Consumer Watchdog counsel in the Response brief and Mr. Rosenfield's comments at the hearing:

- • ordered the Settling Parties to revise their notice and claim forms so they are not "overly complicated in their explanation of settlement options" and they properly explain "how prior participation in the Reimbursement Program affects a class member's options" (July 24, 2104 Tentative Ruling at 4, fn. 1);
- • ordered the Settling Parties to provide a detailed explanation about how they calculated the Lump Sum Payments (*see* Dkt. 297);
- • ordered the Settling Parties to submit reports on Class Member participation after the claims process begins, and stated that the Court would require a secondary notice if the claims rates were low (*see* July 24, 2104 Tentative Ruling at 4, fn. 1);
- • directed the Settling Parties to include specific dollar amounts of compensation potentially available under the Settlement to the short-form mailer (*see* Dkt. No. 277);
- • directed Settling Parties to add language to the short-form mailer explaining how the settlement affects Class Members' rights (*id.*).

(*See* **Exhibit K** (a true and correct copy of a transcript excerpt from the July 24, 2014 hearing) at 16:2-10, 17:10-22).

---

**CORRECTED SUPP. DECL. OF LAURA ANTONINI ISO *KRAUTH/HASPER* PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES;** Case No. 2:13-ml-02424-GW-FFM

99.    The number of hours and lodestar for each attorney for this work are as follows:

| Attorney | # of Hours | Hourly Rate | Lodestar |
|---|---|---|---|
| Harvey Rosenfield | 63.3 | $925 | $58,552.50 |
| Pamela Pressley | 4.6 | $650 | $2,990.00 |
| Laura Antonini | 81.2 | $350 | $28,420.00 |
| **CWD Total**: | 149.1 | | $89,962.50 |
| Jon Cuneo | 1.75 | $850 | $1,487.50 |
| William Anderson | 11.5 | $575 | $6,612.50 |
| **CGL Total**: | 13.25 | | $8,100.00 |
| Steve Campora | 0 | $600 | $0 |
| Craig Sheffer | 2 | $600 | $1,200.00 |
| **DBBWC Total**: | 2 | | $1,200.00 |
| Niall McCarthy | 0 | $775 | $0 |
| Anne Marie Murphy | 3.4 | $500 | $1,700.00 |
| Eric Buescher | 3.5 | $360 | $1,260.00 |
| Mallory Barr (Paralegal) | 0.3 | $225 | $67.50 |
| **CPM Total**: | 7.2 | | $3,027.50 |
| **TOTAL:** | **171.55** | | **$102,290.00** |

**D. Further Notice and Claim and Settlement Improvements.**

**(August, 2014 – November, 2014)**

100.    Even after the Court's June and July 2014 orders, the Consumer Watchdog Legal team identified deficiencies and proposed improvements to the notice and claim forms and process. As a result, the Court required multiple further rounds of revisions in order to ensure that the notice and claim documents were understandable and in an acceptable format. Between August and September 2014, I reviewed three additional sets of notice and claim forms (August 1; August 15; and September 12) and drafted four sets of line-by-line, word-for-word, redlined edits and comments on the revised notice and claim forms (August 11; August 18; August 25; and September 19), each time pointing out unnecessary, burdensome

**CORRECTED SUPP. DECL. OF LAURA ANTONINI ISO *KRAUTH/HASPER* PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES;** Case No. 2:13-ml-02424-GW-FFM

40

steps; problems with the text that made the compensation options unclear; and typos and formatting issues. Mr. Rosenfield reviewed and edited drafts of comments and redlines to the notice and claim form documents. At the Court's direction, we submitted our comments and input through Liaison Counsel.

101.    Mr. Rosenfield and I prepared for and attended the August 21, 2013 hearing; I attended the September 10, 2014 hearing; and Mr. Rosenfield and I prepared for and attended the September 29, 2014 hearing. At these hearings, the Court and parties dedicated significant time to Consumer Watchdog's detailed comments about the confusing language in the notice and claim forms.

102.    At each of the hearings, the Court ordered the Settling Parties to revise the specific language in the notice and claim forms pursuant to Consumer Watchdog counsel's comments and suggestions. Some of the changes the Settling Parties made to the notice and claim forms and process during this time were in response to arguments in our comments forwarded by Liaison Counsel or made directly to the Court, including:

- Revising the short-form mailer so that crucial information appear in noticeable, bold text, such as the website address, where Class Members can learn about the Settlement and submit claims, as well as opt-out and objection deadlines (*see* Antonini Reply Decl., ¶14, Exhibit H (Dkt. 420-1));
- Eliminating unnecessary steps and clarifying compensation options in the paper and online claim form (*see, e.g.*, Dkt. 330 at 7:5-15);
- Clarifying for the Court and revising language in the long-form notice and paper claim form describing the compensation to which former owners and lessees are entitled (*see, e.g.,* Dkt. Nos. 277 at 24:13-27 and 311-1); and

**CORRECTED SUPP. DECL. OF LAURA ANTONINI ISO *KRAUTH/HASPER* PLAINTIFFS'
MOTION FOR ATTORNEYS' FEES AND EXPENSES;** Case No. 2:13-ml-02424-GW-FFM

1
2
3
4
5

- Clarifying substantive Settlement terms and notice and claim form provisions regarding the difference between the Voluntary Program instituted by Defendants in conjunction with the EPA Announcement and the Lump Sum Payments offered by the settlement (*see, e.g.*, Dkt. 330 at 7:1-5).

6
7
8
9
10

(*See* **Exhibit L** (a true and correct copy of a transcript excerpt from the August 21, 2014 hearing) at 48:11 – 49:5; **Exhibit M** (a true and correct copy of a transcript excerpt from the September 10, 2014 hearing) at 16:12 – 17:16, 26:10-20; **Exhibit N** (a true and correct copy of a transcript excerpt from the September 29, 2014 hearing) at 16:4-11, 24:10-16, 26:11 – 35:9, 44:15 – 45:8).

11
12
13
14
15
16
17

103.   In response to Consumer Watchdog's filings and comments at hearings during this period, the Court also ordered the Defendants to submit a declaration on whether they could obtain vehicle registration information that would negate the need for a claim form for former owners, and a report ensuring they had informed their call center representatives to provide a telephone number for Settling Plaintiffs' counsel, since the information was not contained in the notice.  Defendants did so. (*See* Dkts. 320, 363).

18
19
20
21
22

104.   At the hearings between August and October, 2014, the Court either independently asked for the Consumer Watchdog Legal Team's input or readily granted our requests to submit input. (*See, e.g.,* **Exhibit L** at 51:17-24; **Exhibit M** at 36:1-17; **Exhibit N** at 46:21 – 47:3; **Exhibit O** (a true and correct copy of a transcript excerpt from the September 3, 2014 hearing) at 75:10-12).

23
24
25
26
27

105.   I also spent time reviewing the Defendants' online claim website based on sets of login credentials provided by Defendants for various prototypical Class Members. The Court readily granted my requests at multiple hearings for such credentials in order to test the site. (*See, e.g.,* **Exhibit L** at 29:3-10; Antonini Reply Decl., ¶16, Exhibit O (Dkt. 420-1)).

28

**CORRECTED SUPP. DECL. OF LAURA ANTONINI ISO** *KRAUTH/HASPER* **PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES;** Case No. 2:13-ml-02424-GW-FFM

106.   This pain-staking, but extremely important, process finally concluded on October 3, 2014, when the Court approved the notice and claim documents.

107.   The number of hours and lodestar for each attorney for this work are as follows:

| Attorney | # of Hours | Hourly Rate | Lodestar |
|---|---|---|---|
| Harvey Rosenfield | 31.3 | $925 | $28,952.50 |
| Pamela Pressley | 1.2 | $650 | $780.00 |
| Laura Antonini | 85.8 | $350 | $30,030.00 |
| **CWD Total**: | 118.3 | | $59,762.50 |
| Jon Cuneo | 0 | $850 | |
| William Anderson | 1.75 | $575 | $1,006.25 |
| **CGL Total**: | 1.75 | | $1,006.25 |
| Steve Campora | 0 | $600 | $0 |
| Craig Sheffer | 1.2 | $600 | $720.00 |
| **DBBWC Total**: | 1.2 | | $720.00 |
| Niall McCarthy | 0 | $775 | $0 |
| Anne Marie Murphy | 0 | $500 | $0 |
| Eric Buescher | 0 | $360 | $0 |
| **CPM Total**: | 0 | | $0 |
| **TOTAL:** | **121.25** | | **$61,488.75** |

**E. Communications with Plaintiffs in *Krauth* and *Hasper*.**

**(November 2, 2012 – December 18, 2014)**

108.   From November 2, 2012 to the present, I have been the primary contact person with our 13 clients in *Krauth* and *Hasper*. For over two years, I have kept in routine contact with them by telephone and email, responding to their inquiries and updating them regarding the status of the MDL and discussing the terms of the Settlement and their potential compensation under the Settlement and Voluntary Reimbursement Program. Mr. Rosenfield and Mr. Anderson of CGL reviewed email updates I would send to clients during this period.

CORRECTED SUPP. DECL. OF LAURA ANTONINI ISO *KRAUTH/HASPER* PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES; Case No. 2:13-ml-02424-GW-FFM

43

109.   The number of hours and lodestar for each attorney for this work are as follows:

| Attorney | # of Hours | Hourly Rate | Lodestar |
|---|---|---|---|
| Harvey Rosenfield | .6 | $925 | $555.00 |
| Pamela Pressley | 0 | $650 | $0 |
| Laura Antonini | 21.4 | $350 | $7,490.00 |
| **CWD Total**: | 22 | | $8,045.00 |
| Jon Cuneo | 0 | $850 | $0 |
| William Anderson | 3.25 | $575 | $1,868.75 |
| **CGL Total**: | 3.25 | | $1,868.75 |
| **TOTAL:** | **25.25** | | **$9,913.75** |

**F. Responding to Consumers.**

**(February 7, 2013 – December 18, 2014)**

110.   Between the time *Hasper* was filed on February 7, 2013, and December 18, 2014, I responded to telephonic and email inquiries and complaints from Class Members complaining about the fuel economy of their vehicles and inquiring about the MDL. I continue to receive telephone calls and emails from consumers regarding the Settlement. Mr. Rosenfield also received a number of direct inquiries and complaints, to which he either responded or forwarded to me.

111.   The number of hours and lodestar for each attorney for this work are as follows:

///

///

///

///

///

///

///

///

CORRECTED SUPP. DECL. OF LAURA ANTONINI ISO *KRAUTH/HASPER* PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES; Case No. 2:13-ml-02424-GW-FFM

44

| Attorney | # of Hours | Hourly Rate | Lodestar |
|---|---|---|---|
| Harvey Rosenfield | .3 | $925 | $277.50 |
| Pamela Pressley | .5 | $650 | $325.00 |
| Laura Antonini | 4.6 | $350 | $1,610.00 |
| **CWD Total**: | 5.4 | | $2,212.50 |
| Jon Cuneo | 0 | $850 | $0 |
| William Anderson | 2 | $575 | $1,150.00 |
| **CGL Total**: | 2 | | $1,150.00 |
| Valerie De Los Santos (Paralegal) | 1.5 | $225 | $337.50 |
| **CPM Total**: | 1.5 | | $337.50 |
| **TOTAL:** | **8.9** | | **$3,700.00** |

**G. Analyzing the Claims Rate.**

**(February, 2015 – April, 2015)**

112.   The Court ordered the Settling Parties to submit reports on Class Member participation after the claims process begins. The Court stated that it would hold a status conference after Settling Parties had submitted all three reports. If the participation rates are low, the Court has suggested that it may require measures such as additional notice and extending the claims submission deadline in order to improve participation. (*See* July 24, 2104 Tentative Ruling at 4, fn. 1; Dkt. 353; Antonini Reply Decl., ¶20 (420-1)).

113.   As of March 31, 2015, Settling Parties have provided the three required claims rate reports to Plaintiffs' counsel.

114.   I reviewed all three reports and prepared an analysis of the claims rate, which I sent to the Consumer Watchdog Legal Team attorneys. Attorneys at Consumer Watchdog, CGL, DBBWC and CGL reviewed the analysis and communicated by telephone and email regarding the claims rate.

115.   The number of hours and lodestar for each attorney for this work are as follows:

CORRECTED SUPP. DECL. OF LAURA ANTONINI ISO *KRAUTH/HASPER* PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES; Case No. 2:13-ml-02424-GW-FFM

45

| Attorney | # of Hours | Hourly Rate | Lodestar |
|---|---|---|---|
| Harvey Rosenfield | 0.4 | $925 | $370.00 |
| Pamela Pressley | 0 | $650 | $0 |
| Laura Antonini | 6.8 | $350 | $2,380.00 |
| **CWD Total**: | 7.2 | | $2,750.00 |
| Jon Cuneo | 0 | $850 | $0 |
| William Anderson | 0.5 | $575 | $287.50 |
| **CGL Total**: | 0.5 | | $287.50 |
| Steve Campora | 0 | $600 | $0 |
| Craig Sheffer | 0 | $600 | $0 |
| **DBBWC Total**: | 0 | | $0 |
| Niall McCarthy | 0 | $775 | $0 |
| Anne Marie Murphy | 0 | $500 | $0 |
| Eric Buescher | 0 | $360 | $0 |
| **CPM Total**: | 0 | | $0 |
| **TOTAL:** | **7.7** | | **$3,037.50** |

I declare under penalty of perjury that the foregoing is true and correct. Executed this 20th day of April, 2015 at Santa Monica, California.

By: _____

Laura Antonini

**CORRECTED SUPP. DECL. OF LAURA ANTONINI ISO *KRAUTH/HASPER* PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES;** Case No. 2:13-ml-02424-GW-FFM

46