QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Shon Morgan (Bar No. 187736)
  shonmorgan@quinnemanuel.com
  Joseph R. Ashby (Bar No. 248579)
  josephashby@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443 3000
Facsimile:    (213) 443 3100

  Karin Kramer (Bar No. 87346)
  karinkramer@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone:   (415) 875-6600
Facsimile:    (415) 875-6700

Attorneys for Defendants Hyundai Motor America and Hyundai Motor Company

[LIST OF COUNSEL CONTINUED ON NEXT PAGE]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| IN RE;  HYUNDAI AND KIA FUEL ECONOMY LITIGATION | CASE NO. 2:13-ML-02424-GW<br><br>**DEFENDANTS' REPLY TO THE *KRAUTH/HASPER* PLAINTIFFS' SUPPLEMENTAL MEMORANDUM RE: PAYMENT OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**<br><br>[Declaration of Joseph R. Ashby filed concurrently]<br><br>**Date:** May 7, 2015<br>**Time:** 9:30 a.m.<br>**Judge:** Hon. George H. Wu<br>**Courtroom:** 10, Spring Street |

| | |
|---|---|
| 1 | DYKEMA GOSSETT PLLC |
|   |   James P. Feeney (Bar No. 219045) |
| 2 |   *jfeeney@dykema.com* |
|   |   Benjamin W. Jeffers (*pro hac vice*) |
| 3 |   *bjeffers@dykema.com* |
|   |   Dommond E. Lonnie (Bar No. 142662) |
| 4 |   *dlonnie@dykema.com* |
|   | 333 S. Grand Avenue, Suite 2100 |
| 5 | Los Angeles, CA 90071 |
|   | Telephone: (213) 487-1800 |
| 6 | Facsimile: (213) 487-1850 |
| 7 | Attorneys for Defendant Kia Motors |
|   | America, Inc. |
| 8 | |
| 9 | HOGAN LOVELLS US LLP |
|   |   Dean Hansell (Bar No. 93831) |
| 10 |   dean.hansell@hoganlovells.com |
|   | 1999 Avenue of the Stars, Suite 1400 |
| 11 | Los Angeles, California 90067 |
|   | Telephone: (310) 785-4665 |
| 12 | Facsimile: (310) 785-4601 |
| 13 |   Michael L. Kidney (*pro hac vice*) |
|   |   michael.kidney@hoganlovells.com |
| 14 | 555 Thirteenth St., NW |
|   | Washington, DC 20004 |
| 15 | Telephone: (202) 637-5883 |
|   | Facsimile: (202) 637-5910 |
| 16 | |
| 17 | Attorneys for Defendants Hyundai Motor America and Hyundai Motor Company |

-i-  Case No. 2:13-ML-02424-GW

DEFENDANTS' REPLY TO THE KRAUTH/HASPER PLAINTIFFS' SUPPLEMENTAL MEMORANDUM RE PAYMENT OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

## Preliminary Statement

Faithful to their playbook, counsel in *Krauth/Hasper* again ignore the Court's instructions and contend they should be compensated for all their activity in this action (and even a different case) regardless of whether that work was requested by the Court, by the Court-appointed liaison counsel, or whether they were able to identify a discernible benefit to the class on whose behalf they purport to act. Although directed by the Court to specify tasks that added value to these proceedings, counsel obstinately maintain they should be credited for "all of it" (albeit now concede a discount should apply to this non-requested, non-beneficial, make-work).

Simply accessorizing their firm with the purported consumer-oriented "watchdog" moniker did not entitle counsel to work outside the process established by the Court—often seemingly at cross-purposes with it—and expect a hefty fee award. In inviting supplemental briefing, the Court afforded the *Krauth/Hasper* counsel a pointed opportunity to demonstrate any way in which they positively contributed to the resulting settlement. Having failed to identify how their efforts benefitted the settlement or class, nor even attempting to do so, the Court would be justified in using its discretion to deny any fees to this group.

## Argument

Counsel's submission directly contradicts the Court's specific request to detail "how much time [they] spent on particular motions . . . that [they] thought] warrant some sort of attorneys' fees." (Mar. 19, 2015 Hearing Tr. at 12:17-13:9 (Declaration of Joseph R. Ashby ("Ashby Decl."), Exh. 1)). The Court further cautioned that counsel should not include information for all their activity but only work "sufficiently warranted in some way and helpful to the settlement process." (*Id.*; *see also id.* at 14:2-9 ("[C]ertain arguments you made were also made by other plaintiff's counsel and could have been coordinated with the liaison counsel. . . . So,

therefore, I didn't need yet another brief from Consumer Watchdog that was already being addressed.")).

Instead of identifying any purported value-added contribution, counsel again try to justify their entire case conduct, which the Court already deemed largely duplicative, unsuccessful, and of little benefit to the class. The only departure is to now fire-sale their charred fee request from $2.8 million to $950,000. Regardless of the reduction, because counsel did not identify any work that benefitted the class, as the Court asked, even this lower request cannot be justified by counsel's fee submissions.[1] On a similar record, this Court already found *Gentry* counsel's work—which also "did not seem to be directed at conferring benefit to the class"— did not warrant any attorneys' fees. (Dkt. No. 436-1, at 7).

In considering whether to award fees, HMA believes it is appropriate for the Court to consider the extent to which *Krauth/Hasper* counsel, throughout this matter, worked counter to the procedures the Court enacted to streamline proceedings while ensuring all parties had appropriate channels to provide input. Very soon after the Court appointed liaison counsel, *Krauth/Hasper* counsel began operating outside that structure, raising perceived "problems" directly with the Court rather than through liaison counsel. (*See, e.g.*, Apr. 25, 2013 Tr. at 22:2-13 (Ashby Decl., Exh 2) ("I would like to bring a problem to the court's attention now. I want to ask the court to consider what the discovery so far has not provided.")).

---

[1] Rather than repeat arguments here, HMA provides citations to its prior briefing. (*See, e.g.*, Dkt. No. 397, at 7-10, 20-22 (addressing why *Krauth/Hasper* are not prevailing parties but instead more akin to objectors not yet entitled to compensation); *id.* at 10-15 (explaining that *Krauth/Hasper* counsel cannot be awarded fees for *Bird* on a catalyst theory and that the work in *Bird* provided no benefit to the MDL); *id.* at 17-19 (arguing that *Krauth/Hasper* counsel only contributed minor and cosmetic changes to the settlement and their efforts were duplicative of other counsel)).

They continued this approach throughout. (*See, e.g.*, May 23, 2013 Tr. at 5:12-24 (Ashby Decl., Exh 3) ("call[ing] to the court's attention" an issue regarding discovery, which they "had not really had a chance to confer with [liaison counsel] about"); June 6, 2013 Tr. at 26:19-27:3 (Ashby Decl., Exh 4) (raising "point[]" that witnesses had not been sworn under penalty of perjury); Aug. 15, 2013 Tr. at 34:17-20 (Ashby Decl., Exh. 5) ("I just want to emphasize that the defendants are refusing to use the search terms that we presented to them in our discovery request . . . .")). They filed their own briefs on issues addressed by liaison counsel. (*See* Dkt. Nos. 157-1 and 157-3). And they duplicated the work of liaison counsel, for example, by preparing their own 14-page single-spaced report setting forth issues with the settlement, work which the Court specifically assigned to liaison counsel and which liaison counsel also did. (*See* Jan. 9, 2014 Tr. at 6:22-8:13 (Ashby Decl., Exh. 6) ("[W]hat I wanted from the liaison counsel . . . would be a list as to all of the current cases that have been incorporated into this MDL . . . ."); Dkt. No. 211-3). This unauthorized conduct not only unnecessarily diverted Court resources, but also increased total billings by all MDL counsel in reviewing, assessing, and responding to these unsolicited filings that appeared calculated only to grandstand the "Consumer Watchdog" name in the press. It did not provide any benefit to the class.

From the outset of the MDL, the Court implemented a thoughtful, inclusive process designed to ensure a fair settlement. Counsel for *Krauth/Hasper* cannot now expect compensation simply because they assumed a self-appointed role as "watcher of the watchers." Any fee award for such piling-on represents the type of windfall for which the class action process has been criticized. Dozens of prominent plaintiffs' firms have recognized the fairness of the settlement and agreed to modest fee awards commensurate with their limited shared roles. Counsel for *Krauth/Hasper*—the only firm that holds itself out as ostensibly a consumer-based

1  public interest group—requests fees to enrich their firm in massive disproportion to
2  their contribution.
3      In the absence of an effort by counsel for *Krauth/Hasper* to justify their fees,
4  it should not fall upon the Court or defendants to do so for them.  HMA therefore
5  respectfully requests that the Court deny the fees motion in its entirety.

DATED: April 23, 2015           QUINN EMANUEL URQUHART &
                                SULLIVAN, LLP


                                By  */s/ Shon Morgan*
                                    Shon Morgan
                                    Attorneys for Defendant Hyundai Motor
                                    America


DATED:  April 23, 2015          DYKEMMA GOSSETT PLLC



                                By  */s/ James P. Feeney*
                                    James P. Feeney
                                    Attorneys for Defendant Kia Motors
                                    America, Inc.

-4-                             Case No. 2:13-ML-02424-GW
DEFENDANTS' REPLY TO THE KRAUTH/HASPER PLAINTIFFS' SUPPLEMENTAL MEMORANDUM RE
PAYMENT OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

1 **C.D. Cal. L. R. 5-4.3.4(a)(2) Attestation**

2 Pursuant to Local Rule 5-4.3.4(a)(2), I attest that all other signatories listed,
3 and on whose behalf the filing is submitted, concur in the filing's content and have
4 authorized the filing.

   /s/ Shon Morgan