# EXHIBIT 1

1          UNITED STATES DISTRICT COURT

2     CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

3              HONORABLE GEORGE WU

4        UNITED STATES DISTRICT JUDGE PRESIDING

5                  – – –

6
In Re:                        )
7  Hyundai and Kia Fuel Economy    )
   Litigation                     )
8                                 )  NO. MDL 13-2424 GW
                                  )
9                                 )
   _____)
10

11

12

13        REPORTER'S TRANSCRIPT OF PROCEEDINGS

14             LOS ANGELES, CALIFORNIA

15           THURSDAY, MARCH 19, 2015

16

17

18        _____

19           KATIE E. THIBODEAUX, CSR 9858
              U.S. Official Court Reporter
20           312 North Spring Street, #436
             Los Angeles, California 90012
21

22

23

24

25

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

Exhiibit 1,
Page 2

```
 1    APPEARANCES OF COUNSEL:

 2    Robert Carey
      Eric H. Gibbs
 3    Richard D. McCune, Jr.
      Harvey Rosenfield
 4    Shon Morgan
      Michael L. Kidney
 5    Benjamin W. Jeffers
      Dean Hansell
 6    Sara Avila
      Derek Brandt
 7    James Hail
      Kelly Tucker
 8    Michael Dell'Angelo
      Lucy Massopust
 9    Wesley Barnett
      Jeffrey Goldenberg
10    Bill Anderson
      Robert Bonsignore
11    Bryan Wood
      Joseph Ashby
12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

1   has been a misunderstanding.  On that, we have said all

2   along we are happy to turn over our billing records to

3   you.

4          THE COURT:  I don't want to see your billing

5   records.  I want you initially to itemize -- I am not

6   going to go through your billing records for you.  I want

7   you to do that for me.  I have given up on that a long

8   time ago.  I don't work for a law firm anymore.  I don't

9   care to look at billing records from attorneys.

10         I want you to have the billing records

11   available should I need to look at them, but I want you

12   first to characterize for me what, in fact, you did and

13   what you spent the hours on in particularity because a

14   lot of what you did, in fact, was not helpful in the

15   sense that it didn't change the terms of the settlement,

16   it didn't speed up the settlement process, et cetera, et

17   cetera, et cetera.

18         A lot of stuff that you argued failed, and I

19   am not going to give you attorneys' fees for that.

20   Unless it is something that I find -- there might be a

21   situation where there was some point that needed to be

22   litigated.  That, I can understand, but I first have to

23   figure out what you did specifically.  And so that is why

24   I need that.

25         But, conversely, however, I am certainly not

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

1  going to give you attorneys' fees that even approaches

2  like, for example, what I am authorizing for Mr. Gibbs

3  because Mr. Gibbs, as liaison counsel, had a more -- how

4  should I phrase it -- a structural role that required a

5  lot of time and effort and coordination.  And so what his

6  firm did, I can understand the billing.

7          So, and, in fact, actually, Mr. Gibbs, I

8  probably would have given you a little bit more, but you

9  already agreed to what you agreed to.  Don't go back to

10  your partners and say that.

11     MR. ROSENFIELD:  May I drill down in terms of what

12  the court is asking for us to do specifically.  So we

13  have voluminous declarations.  We really discussed it

14  phase by phase every single thing we did.  Now, you want

15  us to attach a -- sort of make a, explain what hours and

16  personnel?

17     THE COURT:  In other words, there are certain

18  things that I want to know how much time you spent on

19  particular motions that you made.  And, again, don't give

20  me all the motions because, again, the problem with

21  giving me all the motions is that a lot of those motions

22  I am not going to find that they did anything.

23          So pick the motions that you think warrants

24  some sort of attorneys' fees, and I will take a look at

25  those and decide whether or not in my opinion they were

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

```
 1    sufficiently warranted in some way and helpful to the

 2    settlement process.  Because there is one area that I do

 3    agree that you made a motion.  Well, there is actually

 4    more than one.  There is one situation that actually I

 5    did require that there be certain changes in the

 6    settlement that obviously I would award attorneys' fees

 7    on.  Not a lot of attorneys' fees necessarily.  But,

 8    obviously, I think it is a situation that clearly

 9    warrants attorneys' fees.

10            And there was another area, and I am not going

11    to play 20 questions, you are not going to get it out of

12    me, that I do think that even though your side lost on

13    it, it was helpful to have aired it.

14            That being said, however, I am not going to be

15    approaching what I have been awarding to the other major

16    players in this matter.

17        MR. ROSENFIELD:  So, your Honor, I would like to

18    go back to the statement that the court made about, well,

19    we objected a lot of the time and then you sort of

20    footnoted that by saying we failed a lot of the time.

21            I would say our record here -- or let me say

22    it this way, I think the record reflects that our success

23    rate here was pretty good.  There were some things that

24    you did not agree with, some really important issues to

25    us like, for example, the fact that the money that is not
```

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

1   claimed --

2        THE COURT:  Let me stop you.  But the problem is

3   that I appointed liaison counsel.  The liaison counsel

4   was not to preclude individual plaintiffs from making

5   certain arguments.  But certain arguments you made were

6   also made by other plaintiff's counsel and could have

7   been coordinated with the liaison counsel.  So,

8   therefore, I didn't need yet another brief from Consumer

9   Watchdog that was already being addressed.

10            This is why I want you -- I am saying I want

11  you to give to me a revised attorneys' fees application.

12  I will give the opportunity for the defense to respond to

13  it, and I will make a determination based on that.

14       MR. ROSENFIELD:  May I?

15       THE COURT:  No.  I pretty much heard -- because I

16  am giving you an opportunity, and, again, don't make an

17  argument now because you know between now and then I will

18  have forgotten your argument.

19       MR. ROSENFIELD:  I appreciate that.  With respect

20  to those lodestar issues, sorry, the hourly rate.  Do you

21  want to discuss that now?

22       THE COURT:  You can discuss it later because,

23  again, I pointed out the insufficiencies of what you have

24  presented me so far.  And, again, I understand that, you

25  know, that attorneys get paid a lot.  But what can I say.

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

1    MR. ROSENFIELD:  All I can say, your Honor, the

2    law says that public interest lawyers who bring these

3    kinds of cases --

4    THE COURT:  I am saying I agree with you.  I am

5    not going to discount it because you are public interest

6    lawyers.  I understand what law firms charge, but I don't

7    pay what the top earner in Los Angeles gets and give that

8    as the attorneys' fee hourly rate for everyone because it

9    doesn't work like that.

10              And, again, I would note that one of the

11   problems that you will have is that the hourly rates that

12   have been accepted by most of the plaintiff's counsel

13   nowhere approaches the amounts that you are seeking.

14   MR. ROSENFIELD:  You mean the total amounts that

15   we are seeking?

16   THE COURT:  No.  I am talking about the hourly

17   amounts you are asking for.  Let me ask defense counsel,

18   does any plaintiff's counsel get $925 an hour?

19   MR. MORGAN:  I can't say as I sit here that nobody

20   requested that.

21   THE COURT:  Let me put it this way, they may have

22   requested it, but, certainly, the reduction in the

23   overall amount reduces -- one could say we reduced the

24   hours or we reduced the hourly rates, but there was a

25   substantial reduction.

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

```
 1                        CERTIFICATE

 2

 3

 4    I hereby certify that pursuant to Section 753, Title 28,

 5    United States Code, the foregoing is a true and correct

 6    transcript of the stenographically reported proceedings held

 7    in the above-entitled matter and that the transcript page

 8    format is in conformance with the regulations of the

 9    Judicial Conference of the United States.

10    Date:  March 25, 2015

11

12     /s/ Katie Thibodeaux, CSR No. 9858, RPR, CRR

13

14

15

16

17

18

19

20

21

22

23

24

25
```

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA