# EXHIBIT 4

```
                    UNITED STATES OF AMERICA
                    UNITED STATES DISTRICT COURT
                   CENTRAL DISTRICT OF CALIFORNIA
                          WESTERN DIVISION

                              - - -
                   HONORABLE GEORGE H. WU,
              UNITED STATES DISTRICT JUDGE PRESIDING
                              - - -


    IN RE:  HYUNDAI and KIA       )   CERTIFIED COPY
    FUEL ECONOMY LITIGATION       )
                                  )
                                  )   MDL
                                  )   13-2424-GW(FFMx)
                                  )
                                  )
                                  )
                                  )
    _____)




             REPORTER'S TRANSCRIPT OF PROCEEDINGS
                   THURSDAY, JUNE 6, 2013
                        A.M. SESSION
                  LOS ANGELES, CALIFORNIA






              SHERI S. KLEEGER, CSR 10340
              FEDERAL OFFICIAL COURT REPORTER
            312 NORTH SPRING STREET, ROOM 402
                LOS ANGELES, CALIFORNIA 90012
                     PH:  (213)894-6604
```

```
 1
     APPEARANCES OF COUNSEL:
 2
     PLEASE REFER TO CLERK
 3   APPEARANCES NOT MADE ON RECORD
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

**Exhibit 4,
Page 25**

1  we continually interfaced with non-settling counsel and
2  asked most of their questions, then non-settling counsel
3  had a designee who asked all the questions that we
4  didn't and went until they were concluded.
5             The process really worked quite well.  And
6  from our perspective, we asked almost all of the
7  questions that were presented to us.  Those that we
8  weren't comfortable asking or didn't think were
9  relevant, then non-settling counsel designee asked.
10            So I think the impression that this process
11 was fragmented isn't correct.  I think it went forward
12 pretty smoothly.
13            THE COURT:  All right.
14            MR. BONSIGNORE:  Your Honor -- sorry.
15            THE COURT:  Let me just stop counsel.  At
16 this point in time, I do not want to resolve what
17 happened on the 4th or 5th.  That is water under the
18 bridge virtually.
19            And so I do understand, however, as I have
20 indicated, that there may be some reopening as to
21 certain areas which are of importance.
22            Again, however, you know, this is -- you
23 know, let's not waste everybody's time and money asking
24 questions which were already asked unless there's
25 something specific that is problematic.

```
 1              But I think defense counsel would also take
 2   the position that while in general you don't want
 3   questions to be re-asked, if there is something that a
 4   party wants to delve into in somewhat more detail, that
 5   is, you know, a non-settling plaintiff's counsel feels
 6   is essential in order for him or her to agree or resolve
 7   the issue whether or not they are going to reach a
 8   settlement, you would allow that to go forward, I
 9   presume.
10              MR. FEENEY:  Your Honor, Jim Feeney for Kia.
11              Not only would we do that, we would welcome
12   the opportunity to sit down with someone like Mr. Gibbs
13   and understand what it is that wants to be pursued, and
14   reach an agreement.
15              THE COURT:  Okay.  All right.  So that
16   answers that question.  So that issue has been done to
17   death now.  Even I'm bored with it.
18              All right.  What else?
19              MR. ROSENFIELD:  Your Honor, I think I have
20   two more points.  First, from what we could tell, the
21   Tuesday and Wednesday court interviews were not sworn --
22   the witnesses were not sworn under penalty of perjury.
23   That's very problematic.  The case law says it's
24   problematic for approving a settlement in this context.
25              It was references to the oath being -- an
```

```
 1  oath, but there was no oath and no raising of the hand,
 2  from what we could tell, and swearing under penalty of
 3  perjury.
 4              THE COURT:  Let me stop you.  Let me hear
 5  from counsel.
 6              MR. McCUNE:  Richard McCune for the
 7  plaintiffs.
 8              We had a recorder there who was not a court
 9  reporter, so we didn't have someone to swear in.  What
10  we did with each witness is ask them if they were
11  agreeable to providing the testimony under oath,
12  understanding that this was going to be provided to the
13  Court.  And that's what we did.
14              THE COURT:  Okay.  Let me just ask as a
15  general rule then, should these interviews be done under
16  oath and were not?
17              Let me ask defense counsel.  Is there any
18  problem with having them done under oath?
19              MR. MORGAN:  No.  But it's no different than
20  signing a declaration that says it's under penalty of
21  perjury.
22              THE COURT:  Okay.
23              MR. MORGAN:  It's the same procedure.  You
24  don't have to have a court reporter.
25              THE COURT:  Let me ask.  So, in other words,
```

```
 1  at the end of this, they did state that their statements
 2  were made were under penalty of perjury or under oath?
 3            MR. FE:  Yes, they -- Mr. McCune.  Jim
 4  Feeney for Kia, Your Honor.  Mr. McCune asked each of
 5  the interviewees if they understood that these
 6  statements were being made with the effect of being
 7  under oath subject to the penalty of perjury -- I think
 8  he said penalty of perjury.  And they all agreed.
 9            If you want a certification, we can give
10  them a certification after the fact.  That's not an
11  issue.
12            THE COURT:  Okay.  That's not an issue.
13  But, you know, let's just put it this way, you know,
14  just put them under oath.  Pretty much all they need to
15  do, as if it was a declaration, just say these
16  statements are -- I mean, at the end just say I have
17  made those statements under oath to the best of my
18  ability.  Whatever.
19            MR. McCUNE:  The only difference in that,
20  Your Honor, at the beginning they said everything I'm
21  going to say is under oath.
22            THE COURT:  Okay.  Do it at the end too.
23            MR. McCUNE:  Okay.
24            THE COURT:  All right.  That takes care of
25  that.
```

```
 1
 2
 3              CERTIFICATE OF REPORTER
 4
 5   COUNTY OF LOS ANGELES     )
 6                             )  SS.
 7   STATE OF CALIFORNIA       )
 8
 9   I, SHERI S. KLEEGER, OFFICIAL COURT REPORTER, IN AND FOR
10   THE UNITED STATES DISTRICT COURT FOR THE CENTRAL
11   DISTRICT OF CALIFORNIA, DO HEREBY CERTIFY THAT PURSUANT
12   TO SECTION 753, TITLE 28, UNITED STATES CODE, THE
13   FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF THE
14   STENOGRAPHICALLY REPORTED PROCEEDINGS HELD IN THE
15   ABOVE-ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE
16   FORMAT IS IN CONFORMANCE WITH THE REGULATIONS OF THE
17   JUDICIAL CONFERENCE OF THE UNITED STATES.
18
19
20   DATE:  JUNE 11, 2013
21
22   /S/_____
23   SHERI S. KLEEGER, CSR
24   FEDERAL OFFICIAL COURT REPORTER
25
```