# EXHIBIT 5

```
 1                UNITED STATES DISTRICT COURT

 2               CENTRAL DISTRICT OF CALIFORNIA

 3                      WESTERN DIVISION

 4

 5   THE HONORABLE GEORGE H. WU, U.S. DISTRICT JUDGE PRESIDING

 6

 7   In Re:  HYUNDAI and KIA FUEL   )
     ECONOMY LITIGATION             )
 8                                  )
                                    )   No. MDL 13-2424-GW
 9                                  )
     _____)
10

11

12

13           REPORTER'S TRANSCRIPT OF PROCEEDINGS

14                  LOS ANGELES, CALIFORNIA

15                 THURSDAY, AUGUST 15, 2013

16

17                  **SCHEDULING CONFERENCE**

18

19

20

21

22  _____

23           DEBORAH K. GACKLE, CSR, RPR
                United States Courthouse
24         312 North Spring Street, Room 402A
              Los Angeles, California 90012
25                  (213) 620-1149
```

U.S. DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
COURT REPORTER DEBORAH K. GACKLE
ROUGH ONLY

**Exhibit 5,
Page 31**

```
 1   APPEARANCES OF COUNSEL:
 2
 3
 4      For the Plaintiffs:
 5
 6
 7           RICHARD McCUNE
             TOM LOESER
 8           ERIC GIBBS
             LAURA ANTONINI
 9           HARVEY ROSENFIELD
             SCOTT GRZENCZYK
10           SUREN WEERASURIYA
11
12
13
14      For the Defendants:
15
16           BRYAN CLOBES
             DEAN HANSELL
17           BEN JEFFERS
             SHON MORGAN
18           JOSEPH ASHBY
             ROBERT BONSIGNORE
19
20
21
22
23
24
25
```

U.S. DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
COURT REPORTER DEBORAH K. GACKLE
ROUGH ONLY

```
 1  they go about complying --
 2          THE COURT:  You've already given it to the settling
 3  plaintiffs' counsel and to liaison counsel.
 4          MR. MORGAN:  With a nonwork product waiver, which
 5  they agreed to.
 6          THE COURT:  Well, of course, if the nonsettling
 7  plaintiffs want the information, they have to agree on
 8  confidentiality, et cetera, et cetera, et cetera, and limited
 9  use only to this lawsuit, of course.  I mean, I agree with you.
10  If the nonsettling plaintiffs are willing to do that, then they
11  should get copies, but if they're not, then I agree with you,
12  they didn't get copies.  Again, I don't think this is a major
13  thing.
14          You understand what I've said?
15          MR. GIBBS:  I actually -- I mean, I agreed to take it
16  in a limited scope because we needed to see it and try to work
17  through it, but I believe that in order for this process to
18  work, the other nonsettling plaintiffs, who are looking at this
19  and trying to assess whether the scope of this discovery makes
20  since, they need to see the search terms --
21          THE COURT:  And I agree with you, but like everything
22  else, they have to agree on the confidentiality aspects,
23  because, again, it seems to me that if I agree with the defense
24  counsel, how they formulate search terms based upon a request
25  for EPA is their work product.  You know, the -- these are
```

```
 1  things that the nonsettling plaintiffs or even the settling
 2  plaintiffs or the liaison counsel is not necessarily entitled
 3  to; however, to attempt to resolve the present matter and
 4  attempt to reach a settlement with everybody, you know, the
 5  counsel can waive their attorney work-product privilege to the
 6  extent that, We'll show it to you, but you have to promise not
 7  to show it to anyone else.  I think it's perfectly reasonable;
 8  I don't see a problem with that.
 9          MR. GIBBS:  And I don't think we have a dispute with
10  that, but all the nonsettling plaintiffs are on the phone, so
11  if someone does --
12          THE COURT:  Let me just put it this way:  They know
13  how I'm ruling.  In other words, I'm requiring -- not
14  requiring -- I'm allowing those items to be shown to people who
15  execute a sufficient confidentiality agreement because I agree
16  entirely this is work product.
17          MR. ROSENFIELD:  Your Honor, Harvey Rosenfield.  I
18  just want to emphasize that the defendants are refusing to use
19  the search terms that we presented to them in our discovery
20  request and --
21          THE COURT:  Let me stop.  That is not my
22  understanding.  Defense counsel has indicated insofar as
23  domestic documents are concerned, they utilized the search
24  terms that were proposed -- or are you saying it was only
25  proposed by the settling plaintiffs?
```

```
 1              MR. MORGAN:  No, no, no, no.  Those are the search
 2   terms proposed by all plaintiffs, Your Honor.
 3              THE COURT:  Okay.  I don't understand then.
 4         What are you saying?
 5              MR. ROSENFIELD:  Only for ESI, not for paper
 6   documents.
 7              THE COURT:  Well, again, you know --
 8              MR. ROSENFIELD:  File names --
 9              MR. CLOBES:  This is Bryan Clobes again.  Not for the
10   Korean documents.
11              THE COURT:  Well, I understand that insofar as the --
12   that's what we're talking about at this point in time, but
13   insofar as the Korean documents are concerned, we've resolved
14   that because I've indicated that they will be -- the defense
15   counsel will release the search terms that they utilized as
16   long as nonsettling plaintiffs' counsel, or anyone else, signs
17   off on an appropriate confidential agreement.  Now, if what
18   you're saying is that insofar as the search terms for the
19   Korean documents are concerned they did not utilize the
20   plaintiffs' -- nonsettling plaintiffs' search identification
21   requests, I don't know -- I don't know what ---
22              MR. MORGAN:  There was a logistical reason, Your
23   Honor.  First of all, the searches had already been completed
24   in connection with the EPA investigation, and, second, Korea
25   has local rules about restrictions on accessing somebody's
```

```
 1  files.  You have to get consent; it's a very cumbersome
 2  process, and to restart this and go search with plaintiffs'
 3  terms, you know, would have delayed this by months.
 4          Second, again, as I think liaison counsel and
 5  settling counsel plaintiffs will agree, for the most part that
 6  terms used in Korea were broader.  For instance, plaintiffs'
 7  search terms had no Korean words whatsoever; our search terms
 8  used in the EPA investigation used multiple Korean terms for
 9  the key words.  So there's no reason to believe that this
10  didn't capture the universe of documents.
11          THE COURT:  Let me put it this way:  I don't mind
12  addressing this as another issue insofar as the Korean
13  interviews are concerned, but for purposes of today, I want to
14  primarily focus on the disputes that evolve around the
15  interviews that are going to occur on the 29th and 30.  If
16  somebody wants to bring it to my attention insofar as the other
17  interviews in Korea, well, we'll have a similar process.  In
18  fact, probably what we want to do is set up some dates now so
19  that the parties can start gearing up on that issue as well.
20          So let me just ask:  The Korean interviews are going
21  to occur when?
22          MR. MORGAN:  The interviews themselves are on the
23  12th and 13th of September.  For purposes of preparation,
24  defendants are leaving on the 6th.
25          THE COURT:  Okay.  What I would want to do is as to
```

```
 1                     C E R T I F I C A T E
 2
 3        I hereby certify that the foregoing is a true and
 4   correct transcript from the stenographic record of
 5   the proceedings in the foregoing matter.
 6
 7                                     August 29, 2013
 8   /S/_____       _____
 9       Deborah K. Gackle                    Date
         Official Court Reporter
10       CSR No. 7106
```

U.S. DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
COURT REPORTER DEBORAH K. GACKLE
ROUGH ONLY

**Exhibit 5,
Page 37**