James B. Feinman, Esquire (VSB# 28125)
Email: jb@jfeinman.com
Law Office of James B. Feinman
1003 Church Street
P.O. Box 697
Lynchburg, Virginia 24505
Telephone: (434) 846-7603
Fax: (434) 846-0158

*Counsel for the Plaintiffs in* <u>Gentry, et al. v. Hyundai Motor America;</u>  <u>Abdurahman, et al v. Hyundai Motor America; Abdul-Mumit, et al v. Hyundai Motor America</u>

| | |
|---|---|
| **IN RE: HYUNDAI AND KIA FUEL ECONOMY LITIGATION** ) ) ) ) ) ) ) ) ) ) ) ) | **Case No. 2:13-ml-02424-GW-FFM** <br><br>**MOTION TO RECONSIDER TENTATIVE RULING ON ATTORNEY FEES FOR JAMES B. FEINMAN AND, MEMORANDUM IN SUPPORT THEREOF** <br><br>**Hearing Date: June 11, 2015, at 9:30 a.m. (or any other date preferred by the Court)** |

{2434 / 000}

Motion to Reconsider Tentative Ruling on
Attorney Fees for James B. Feinman, and
Memorandum in Support Thereof

# Table of Contents

Table Of Authorities..................................................................................2

Introduction............................................................................................3

Facts.....................................................................................................3

Argument...........................................................................................3-10

    I.    The Court's Criticism that the Virginia Litigation Began After A Nationwide Settlement was Announced is Misguided..................................................................................3-5

    II.   The Court's Belief That Virginia Counsel Did Not Initiate and Litigate The Issue of Choice-of-Law is Mistaken.........................................5-7

    III.  The Ninth Circuit's Denial of an Interlocutory Appeal is Not an Expression on the Merits........................................................................7

    IV.  Virginia Counsel Has Consistently Fought for the Right of Virginia Claims to be Heard by Virginia Courts.................................................8-9

    V.   The Work of Virginia Counsel was Solely Aimed at Benefiting the 15,000 Virginians who Purchased Elantras Based on False Advertising and Unfulfilled Warranties..........................................................9

    VI.  Virginia Counsel Attempted to Work Constructively with Other Plaintiffs Counsel, But Never Received a Response to Any Communication.....9-10

Conclusion............................................................................................10

{2434 / 000}      1

Motion to Reconsider Tentative Ruling on
Attorney Fees for James B. Feinman, and
Memorandum in Support Thereof

# Table Of Authorities

*Casey v. Merck*, 283 VA. 411, 722 S.E.2d 842 (2012)..........................................3

*Chamberlin v. Ford Motor Co.*, 402 F.3d 952, 959 (9th Cir. 2005)........................7

*Clemens v. Daimler Chrysler Corp.*, 534 F.3d 1017 (9th Cir. 2008).......................3

*Mazza v. Am. Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012..............................7

*Phillips Petroleum v. Shutts*, 472 U.S. 797, 812, 105 S.Ct. 2965, 2976,
86 L.Ed.2d 628 (1985).......................................................................................4, 9

*Prado-Steiman v. Bush*, 221 F.3d 1266, 1274 (11th Cir. 2000).............................7

*Stockwell v. City of San Francisco*, 749 F.3d 1107, 1113 (2014).........................7

*Vallario v. Vandehey*, 554 F.3d 1259, 1263 (10th Cir. 2009)................................7

{2434 / 000}

2

**Motion to Reconsider Tentative Ruling on
Attorney Fees for James B. Feinman, and
Memorandum in Support Thereof**

1   Now into Court, comes James B. Feinman and moves the Court to reconsider its
2   prior ruling disallowing any attorney fees for James B. Feinman. This motion is based
3   on the following facts and law:

**THE COURT'S CRITICISM THAT THE VIRGINIA
LITIGATION BEGAN AFTER A NATIONWIDE SETTLEMENT
WAS ANNOUNCED IS MISGUIDED**

The Court has stated several reasons why it will not award James B. Feinman attorney fees. The first reason given by the Court is "*The Virginia actions were not filed until August 2013, long after the settlement in this case had been initially announced.*" See, "*The Court's Partial Tentative Ruling*" dated March 19, 2015. This criticism is misplaced for two reasons. First, this Court has consistently refused to recognize or understand that under Virginia law cross-jurisdictional tolling of the statute of limitations is not allowed. See, Casey v. Merck, 283 VA. 411, 722 S.E.2d 842 (2012). California law is the same as Virginia law on this point. See, Clemens v. Daimler Chrysler Corp., 534 F.3d 1017 (9th Cir. 2008). For this reason, the only way to toll the statute of limitations for Virginians who want to exercise their Constitutional right to opt-out of a class is (1) by the filing and certification of a class action suit in a State other than Virginia which asserts Virginia causes of action, or (2) by filing and certification of a class action suit in Virginia which asserts Virginia causes of action. In the circumstances of this case the settlement which was announced was based on three class action suits filed in California, none of which assert Virginia causes of action. (See, Espinosa, Hunter and Brady) Unless the Gentry case filed in Virginia asserting Virginia causes of

{2434 / 000}                                          3

Motion to Reconsider Tentative Ruling on
Attorney Fees for James B. Feinman, and
Memorandum in Support Thereof

1   action was filed and certified, none of the approximately 15,000 unnamed Virginians
2   with 2011-2013 Hyundai Elantras (and many thousands more with other vehicles
3   covered by this proposed settlement) have the practical ability to opt-out of the
4   proposed settlement to pursue their own individual action because their statute of
5   limitations has not been tolled by the certification of *Hunter*, *Brady*, and *Espinosa*.
6         The Supreme Court of the United States has plainly stated that a State Court can
7   certify a nationwide class and enter binding judgment against class members in other
8   States as long as certain requirements are met.  Included in those requirements is the
9   mandate that class members are given the opportunity to opt-out of the class so they
10  can pursue their individual cases. *See*, *Phillips Petroleum v. Shutts*, 472 U.S. 797, 812,
11  105 S.Ct. 2965, 2976, 86 L.Ed.2d 628 (1985).  For the unnamed Virginians in the
12  proposed class to have the opportunity to exercise their Constitutional right, the *Gentry*
13  case had to be filed. (As did *Abdurahman* and *Abdul-Mumit*). Undersigned counsel has
14  repeatedly urged this Court not to certify the *Espinosa*, *Hunter*, and *Brady* class actions
15  and not to approve the proposed nationwide settlement, unless a Virginia sub-class is
16  certified using the *Gentry* class action filed in Virginia because this is the only way the
17  Virginians may realistically exercise their Constitutional right to opt-out.  This Court has
18  held that the lack of cross-jurisdictional tolling is a defect in Virginia law and this Court
19  need not concern itself with the fact that Virginia does not allow cross-jurisdictional
20  tolling. Based on the Full Faith and Credit Clause of the Constitution the Virginians
21  disagree.  However, if the California firms representing *Espinosa*, *Brady*, and *Hunter*
22  had protected the rights of Virginians to opt-out, the Virginians would never have to take

{2434 / 000}                                         4

Motion to Reconsider Tentative Ruling on
Attorney Fees for James B. Feinman, and
Memorandum in Support Thereof

the action they did to try and protect their own rights. Virginia counsel has merely done what is necessary under Virginia law to protect the citizens of Virginia and to fulfill the intent of the Virginia General Assembly which promotes private enforcement of Virginia consumer laws.

As shown, filing the Virginia actions was necessary to preserve the Constitutional right to opt-out of a class action without running afoul of the statute of limitations. Even more fundamentally, while it is true a proposed settlement had been "*announced*" to this Court in early 2013, shortly after the formation of MDL 2424, <u>the terms of that proposed settlement were not revealed until December, 23, 2013</u>. The Court would have us do no work on the premise that the terms of the proposed settlement, whenever they may be revealed, would automatically be acceptable. It is simply unreasonable to expect a lawyer representing a client to stop working based on a report of some settlement, the terms of which cannot be evaluated to determine if the proposed settlement is acceptable. (Unless of course, the announcement of a settlement is indeed a *fait accompli*.) This Court's criticism of Virginia counsel continuing to work on behalf of their clients from June 2013 through December 23, 2013 -- the date the terms of the proposed settlement were revealed,-- and continuing is simply not justified.

**THE COURT'S BELIEF THAT VIRGINIA COUNSEL DID NOT INITIATE AND LITIGATE THE ISSUE OF CHOICE-OF-LAW IS MISTAKEN**

At the hearing on March 19, 2015 Virginia counsel asserted to the Court in oral argument that the Court's finding that Virginia counsel's participation was insignificant was incorrect. As an example Virginia counsel asserted that the choice-of-law analysis

{2434 / 000}　　　　　　　　　　　5

Motion to Reconsider Tentative Ruling on
Attorney Fees for James B. Feinman, and
Memorandum In Support Thereof

1  was heavily litigated, was and is highly significant, and that Virginia counsel was

2  responsible for that portion of this litigation. <u>See</u>, Transcript of March 19, 2015 hearing

3  at p. 39. The Court's response was:

4  *"The choice-of-law issue was not initially raised by you."* <u>Id.</u>

6  The Court has apparently forgotten what it wrote in its Tentative Ruling dated

7  June 26, 2014:

> *"The <u>Gentry</u> plaintiffs object to class certification on the grounds that Virginia law provides a materially different remedy to Virginia consumers for the fuel economy misrepresentations. However, other than the Gentry plaintiffs, no party objects to class certification or identifies material differences between the consumer protection laws of other states and California's consumer protection laws that would preclude certification of the Settlement Class."*

17  <u>See</u>, Tentative Ruling dated June 26, 2014 p. 10.

18  Thereafter two more rounds of briefing and two more hearings were conducted

19  with the issue of choice-of-law heavily litigated. The record reflects Virginia counsel

20  pursued and litigated this issue and no other Plaintiffs' counsel did, as the Court stated

21  in its Tentative Ruling dated June 26, 2014. In the Court's later July 24, 2014 Tentative

22  Ruling the Court wrote:

> *"II. Discussion*
>   *A. Conflict of Laws*
>
> *Prior to the June 26, 2014 hearing, the <u>Gentry</u> plaintiffs raised the issue of differences between the state laws under which class members would have individual claims. The <u>Gentry</u> plaintiffs argues that Virginia law provided a substantially different remedy for Virginia consumers that precludes certification of a nationwide class, or at least one that includes Virginia claimants. As a result, the Court*

{2434 / 000}                                6

Motion to Reconsider Tentative Ruling on
Attorney Fees for James B. Feinman, and
Memorandum in Support Thereof

> *requested that the parties provide supplemental briefing on the issue of whether a conflict of laws analysis is necessary in the settlement context (as opposed to the ongoing litigation context, where such an analysis is clearly required under Mazza v. Am. Honda Motor Co., 666 F.3d 581 (9th Cir. 2012) in order to satisfy the predominance requirement for class certification."*

As shown, twice the Court wrote that it was the Virginians who initiated and litigated the choice-of-law issue. The Court is simply incorrect when it now states *"The choice-of-law issue was not initially raised by you."* This was and is a highly relevant and significant aspect of this litigation. Virginia counsel raised and litigated this aspect of the litigation, and should be compensated for it.

### THE NINTH CIRCUIT'S DENIAL OF AN INTERLOCUTORY APPEAL IS NOT AN EXPRESSION ON THE MERITS

It is well-established that interlocutory appeals are rarely granted: *"...interlocutory appeals are inherently disruptive, time-consuming, and expensive, and consequently are disfavored."* Prado-Steiman v. Bush, 221 F.3d 1266, 1274 (11th Cir. 2000) See also, Vallario v. Vandehey, 554 F.3d 1259, 1263 (10th Cir. 2009). See also, Stockwell v. City of San Francisco, 749 F.3d 1107, 1113 (2014) citing Chamberlin v. Ford Motor Co., 402 F.3d 952, 959 (9th Cir. 2005) holding that interlocutory appeals under 23(f) are *"the exception rather than the rule"*. The denial of the Petition for Appeal under FRCP 23(f) cannot be construed as a ruling on the merits and this Court should not use it as the basis to deny undersigned counsel attorney fees.

{2434 / 000}                                    7

## VIRGINIA COUNSEL HAS CONSISTENTLY FOUGHT FOR THE RIGHT OF VIRGINIA CLAIMS TO BE HEARD BY VIRGINIA COURTS

The Court has held "*Objecting counsel cannot litigate in a manner that indicates that they will totally reject a class settlement while on the other hand attempting to gain attorneys fees from that same settlement.*" See, Court's Tentative Ruling dated March 19, 2015. It is not true that undersigned counsel has litigated in a way that totally rejects a class settlement. Over a year ago undersigned counsel wrote Shon Morgan and attempted to negotiate a termination of the Virginia litigation "*if you will agree not to assert the statute of limitations as a defense to any individual Plaintiffs' claim. Are you willing to make this agreement?*" See, letter to Shon Morgan dated April 16, 2014, page 2 of 6. Hyundai and Mr. Morgan refuse to enter into this agreement. Given that Virginia does not recognize cross-jurisdictional tolling of the statute of limitations, there is no way Virginians can have their Constitutional right to opt-out unless we continue the fight for the certification of a Virginia sub-class. Without a Virginia sub-class which tolls the statute of limitations, undersigned counsel cannot agree to the settlement. The converse is true as well: if there is certification of a Virginia sub-class, and the details appurtenant to the certification of that Virginia sub-class are resolved, we can agree to the proposed settlement. Virginia counsel argued the same before the Court. See, Tentative Ruling dated August 21, 2014 at pp. 5-6. The Court's view that we have litigated in such a way that we totally reject a class settlement is simply not true. We again urge this Court, Hyundai, McCuneWright and HagensBerman to agree to the certification of a Virginia sub-class so that the non-named Virginians can exercise their

{2434 / 000}
8

Motion to Reconsider Tentative Ruling on
Attorney Fees for James B. Feinman, and
Memorandum in Support Thereof

1  right to opt-out as guaranteed by the Constitution as stated in *Phillips Petroleum v.*

2  *Shutts*, 472 U.S. 797, 812, 105 S.Ct. 2965, 2976, 86 L.Ed.2d 628 (1985).

### THE WORK OF VIRGINIA COUNSEL WAS SOLELY AIMED AT BENEFITING THE 15,000 VIRGINIANS WHO PURCHASED ELANTRAS BASED ON FALSE ADVERTISING AND FAILED WARRANTIES

The Court has suggested the work of Virginia counsel was not for the benefit of the nationwide class. It is true that counsel for the Virginia Plaintiffs never sought to represent a nationwide class. The class asserted in *Gentry* only describes those Virginians who purchased a subject Elantra in Virginia. While it can be said that Virginia counsel has not tried to benefit the nationwide class, that is not entirely true. As the Court has observed, we have vehemently objected to the nationwide settlement, but we have done so by vehemently striving for a Virginia sub-class, not by trying to stop settlement in any other State. The certification of a Virginia sub-class now actually benefits the nationwide class because it will end this litigation sooner, which is our fervent plea. Otherwise the proposed nationwide settlement will be reviewed by our appellate courts and subject to reversal because the non-named Virginians do not have the right to opt-out as guaranteed in *Phillips Petroleum v. Shutts*, *infra*.

### VIRGINIA COUNSEL ATTEMPTED TO WORK CONSTRUCTIVELY WITH OTHER PLAINTIFFS' COUNSEL, BUT NEVER RECEIVED A RESPONSE TO ANY COMMUNICATION

The Court has suggested Virginia counsel did not work constructively with other Plaintiffs' counsel. This is not correct. Virginia counsel wrote McCuneWright and HagensBerman letters in November, 2013 in an attempt to work with these lawyers.

{2434 / 000}  9

Motion to Reconsider Tentative Ruling on
Attorney Fees for James B. Feinman, and
Memorandum in Support Thereof

1  *See*, letters dated November 1, 2013 attached hereto as Exhibits One and Two.
2  Neither of these law firms ever responded. Virginia counsel wrote these law firms again
3  on April 4, 2014 seeking a dialogue on the issues. *See*, attached letter dated April 4,
4  2014 as Exhibit Three. Again, neither responded. Virginia counsel attempted to
5  communicate and coordinate with Eric Gibbs pursuant to the Court's orders. *See*, letter
6  dated April 8, 2014, and June 17, 2014 as Exhibits Four and Five. Undersigned
7  counsel also sent Mr. Gibbs another letter on June 17, 2014 attempting to have an
8  extensive discourse on the issues. *See*, letter dated June 17, 2014 attached as Exhibit
9  Six. There was no response. While it is true that McCuneWright, HagensBerman, and
10 GirardGibbs did not agree with the position of the Virginia Plaintiffs, it is not true that
11 Virginia counsel failed to work constructively. No responses were ever made to the
12 efforts of undersigned counsel as described above.

13 **CONCLUSION**

14 Based on the foregoing, James B. Feinman respectfully moves the Court to
15 reconsider its prior Tentative Ruling holding Virginia counsel was not entitled to any
16 attorney fees in this case.

17
18
19
20
21
22

{2434 / 000}                         10

Motion to Reconsider Tentative Ruling on
Attorney Fees for James B. Feinman, and
Memorandum in Support Thereof

Respectfully submitted,
John William Gentry, Linda Ruth Scott, Danielle Kay Gilleland, Joseph Bowe, Michael DeSouto; Abdurahman, et.al., Abdul-Mumit, et.al.; Individually and on behalf of all other Virginia Owners similarly situated

By:___**s/James B. Feinman**___
Of Counsel

James B. Feinman (VSB# 28125)
Law Office of James B. Feinman
P.O. Box 697
1003 Church Street. 2nd Floor
Lynchburg, Virginia 24505
(434) 846-7603 (phone)
(434) 846-0158 (fax)
Counsel for Plaintiff
jb@jfeinman.com

## CERTIFICATE OF SERVICE

I, James B. Feinman, hereby certify that on June 3, 2015, a true and correct copy of the foregoing Motion to Reconsider Ruling on Attorney Fees for James B. Feinman, and Memorandum in Support Thereof was filed electronically with the Clerk of Courts at my direction using the CM/ECF system, which will send notification of such filing to all counsel of record.

**s/ James B. Feinman**
Virginia Bar Number 28125
Attorney for the Plaintiff
Law Office of James B. Feinman
1003 Church Street
P.O. Box 697
Lynchburg, Virginia 24505
Telephone: (434) 846-7603
Fax: (434) 846-0158
jb@jfeinman.com