| | |
|---|---|
| | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

In Re:

HYUNDAI AND KIA FUEL ECONOMY LITIGATION

No. MDL 13-2424-GW(FFMx)

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

Plaintiffs and Class Representatives Nicole Marie Hunter, Kaylene Brady, Travis Brissey, Ronald Burkard, Adam Cloutier, Steven Craig, John Dixson, Erin Fanthorpe, Thomas Ganim, Eric Hadesh, Michael Keeth, Lillian E. Levoff, John Kirk MacDonald, Michael Mandahl, Nicholas McDaniel, Mary Moran-Spicuzza, Gary Pincas, Brandon Potter, Thomas Purdy, Rocco Renghini, Michelle Singleton, Ken Smiley, Gregory M. Sonstein, Roman Starno, Gayle Stephenson, Andres Villicana, and Richard Williams ("Named Plaintiffs" or "Class Representatives"), individually and as representatives of a Class defined below, and Defendants Hyundai Motor America ("HMA") and Kia Motors America, Inc. ("KMA") moved this Court for an Order finally approving their settlement and taking certain other actions. On ____, 2015, the Court held a hearing on the motion and the fairness of the settlement.

Upon considering the parties' Amended Settlement Agreement, all papers in support of the settlement filed by the parties, any objections to the settlement, the arguments of counsel, and the entire record herein, it is hereby ORDERED as follows:

1. This Court has subject matter jurisdiction over this action and personal jurisdiction over the parties in this action.

2. Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Amended Settlement Agreement.

3. The following nationwide class is certified for settlement purposes only pursuant to Federal Rule of Civil Procedure 23:

All current and former owners and lessees of a Class Vehicle (i) who were the owner or lessee, on or before November 2, 2012, of such Class Vehicle that was registered in the District of Columbia or one of the fifty (50) states of the United States, except that the following are excluded: (i) Rental Fleet Owners; (ii) government entities, except to the extent that a government entity is the owner or lessee of a Fleet Class Vehicle (in which case such government entity is not excluded from the Class); (iii) judges assigned to the MDL Litigation, including the judge or judges assigned to any lawsuit prior to the transfer of that lawsuit to the MDL Litigation; and (iv) persons who have previously executed a release of HMA or KMA that includes a claim concerning the fuel economy of such Class Vehicle (hereinafter "Class" or "Settlement Class").

4. The Court finds that certification of the Settlement Class is appropriate pursuant to Federal Rule of Civil Procedure 23 because:

    a. The Settlement Class is so numerous that joinder of all members is impracticable, satisfying the requirement of Rule 23(a)(l);

    b. There are questions of law or fact common to the Settlement Class, satisfying the requirements of Rule 23(a)(2), including: a) whether HMA and KMA violated federal law in connection with deriving or publishing the EPA fuel economy ratings of the Class Vehicles; b) whether the published fuel economy ratings of the Class Vehicles were inaccurate; and c) whether HMA and KMA engaged in an unlawful business practice by allegedly failing to disclose the accurate fuel economy ratings of the Class Vehicles.

    c. The claims of Class Representatives are typical of the claims of the members of the Settlement Class, satisfying the requirements of Rule 23(a)(3);

    d. The representative parties will fairly and adequately protect the interests of the Settlement Class, satisfying the requirements of Rule 23(a)(4);

    e. Questions of law or fact common to the members of the Settlement Class, as set forth above, predominate over questions affecting only individual members and a class action is superior to other methods available for the fair and efficient adjudication of the controversy, satisfying the requirements of Rule 23(b)(3): and

    f. The action is manageable as a class action for settlement purposes.

  5. If this Order is set aside, materially modified, or overturned by this Court or on appeal, and is not fully reinstated on further appeal, this Order certifying a Settlement Class shall be vacated *nunc pro tunc*.

  6. The Court has carefully considered and overruled any objections to the proposed settlement that have been filed.

  7. The Court concludes that the proposed settlement is a fair, reasonable and adequate compromise of the claims asserted in this action.

  8. The Court appoints Hagens Berman Sobol Shapiro LLP and McCuneWright, LLP as settlement class counsel.

  9. The Court approves the terms of the Amended Settlement Agreement as fair, reasonable, and adequate as it applies to the Class Representatives and the members of the Class under Federal Rule of Civil Procedure 23.  The Court further directs implementation of all terms and provisions of the Amended Settlement Agreement.

  10. The Class Notice was disseminated in accordance with the procedures required by the Court's August 29, 2014 Order and in accordance with applicable law.

  11. All parties are bound by this Order and by the Amended Settlement Agreement.

12. The Court dismisses, on the merits and with prejudice, all claims currently pending before it belonging to Class Members who did not request exclusion from the Class in the time and manner provided for in the Class Notice ("Settlement Class Members").

13. The Court dismisses with prejudice *Hunter, et al. v. HMA and KMA*, No. 12-1909-GW(FFM) and *Brady, et al. v. HMA and KMA*, No. 12-1930-GW(FFM). The Court dismisses without prejudice *Espinosa v. HMA, et al.*, No. 2:12-cv-00800 GW (FFMx) and all other lawsuits centralized in this MDL in which the named plaintiffs in such lawsuit(s) did not timely exclude themselves from the settlement in accordance with the procedures set forth in the Class Notice.

14. As of the Effective Date of the Amended Settlement Agreement, the Releasors (as defined in the Amended Settlement Agreement) shall be deemed to hereby fully and irrevocably release, waive, and discharge the Releasees (as defined in the Amended Settlement Agreement), whether or not specifically named herein, from any and all past, present, and future liabilities, claims, causes of action (whether in contract, tort or otherwise, including statutory, common law, property, and equitable claims), damages, costs, attorneys' fees, losses, or demands, whether known or unknown, existing or potential, or suspected or unsuspected, that (a) were asserted in the MDL Litigation (including lawsuits transferred to and centralized in the MDL Litigation) or (b) relate to (i) the fuel economy of one or more Class Vehicles (including, but not limited to, the actual or reported miles-per-gallon of fuel obtained or achieved in a Class Vehicle); (ii) the marketing or advertising of the fuel economy of such Class Vehicles and any related disclosures or alleged nondisclosures; or (iii) the disclosures, regulatory filings, transactions, actions, conduct, or events that are the subject of the MDL Litigation regarding the Class Vehicles ("Released Claims"); provided that the Released Claims shall include any unknown claims that a Settlement Class Member does not know to exist against any of the Releasees which relate to the fuel economy of one or more Class Vehicles

which, if known, might have affected his or her decision regarding the settlement of the MDL Litigation; provided further that the Class Representatives acknowledge that they and the other Settlement Class Members may hereafter discover facts in addition to or different from those that they now know or believe to be true concerning the subject matter of this release but the Released Claims shall nonetheless be deemed to include any and all Released Claims without regard to the existence of such different or additional facts concerning each of the Releasees. Notwithstanding the foregoing, no claims are released hereunder for: (i) personal injury; (ii) damage to tangible property other than a Class Vehicle; or (iii) any and all claims that pertain to anything other than the Class Vehicles.

15. All members of the Class who did not make a valid request for exclusion in the time and manner provided in the Class Notice are barred, permanently enjoined, and restrained from commencing or prosecuting any action, suit, proceeding, claim or cause of action in any jurisdiction or court against HMA, KMA, Hyundai America Technical Center, Inc. (also doing business as Hyundai-Kia America Technical Center), Hyundai Motor Company, Kia Motors Corporation, all affiliates of the Hyundai Motor Group or any other Releasee based upon, relating to, or arising out of, any of the Released Claims.

16. The Amended Settlement Agreement, acts performed in furtherance of the Amended Settlement Agreement or the settlement set forth therein, and documents executed in furtherance of the Amended Settlement Agreement or the settlement set forth therein may not be deemed or used as evidence of an admission or other statement supporting: (a) the validity of any claim made by the Class Representatives, Settlement Class Members, or Class Counsel (including the appropriateness of class certification); (b) any wrongdoing or liability of the Releasees; or (c) any fault or omission of the Releasees in any court, administrative agency, or other proceeding.

17. Neither the Settlement Agreement (nor any Addendum thereto) nor the Amended Settlement Agreement shall be offered or be admissible in evidence against HMA, KMA, Hyundai America Technical Center, Inc. (also doing business as Hyundai-Kia America Technical Center), Hyundai Motor Company, Kia Motors Corporation, all affiliates of the Hyundai Motor Group, and/or their affiliates or cited or referred to in any action or proceeding, except in an action or proceeding that is in furtherance of its terms or brought to enforce its terms.

18. If this Order is set aside, materially modified, or overturned by this Court or on appeal, and is not fully reinstated on further appeal, this Order shall be deemed vacated and shall have no force or effect whatsoever.

19. Without affecting the finality of the Order in any way, the Court reserves continuing jurisdiction over the parties regarding the enforcement of the terms of the Amended Settlement Agreement.

DATED: June 11, 2015

_____
Hon. George H. Wu
U.S. District Court Judge