UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>HYUNDAI AND KIA FUEL ECONOMY LITIGATION | Case No. 2: 13-MDL-2424-GW (FFMx)<br><br>ORDER RECOMMENDING TO JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION:<br>(1) TERMINATION OF MULTI-DISTRICT LITIGATION PROCEEDING No. 2424, and (2) REMAND OF CERTAIN TRANSFERRED CASES |

**I. Recommendation as to Termination of MDL No. 2424**

On February 6, 2013, the Judicial Panel on Multidistrict Litigation ("JPML") or the "Panel") assigned to this Court for centralized pre-trial proceedings twelve class actions pending in five federal districts, all involving "the marketing, sale and advertising of the mileage estimates" for certain Hyundai Motor America "Hyundai") and Kia Motors America, Inc. ("Kia") vehicles.  See <u>In re Hyundai and Kia Fuel Economy Litigation (MDL No. 2424)</u>, Master Transfer Order at pages 1 and 3, Docket No. 1 ("Transfer Order").[1] Eventually, 56 actions were consolidated into this MDL litigation.  See Ruling on Motion for Final Approval of Class Settlement ("Final Approval Ruling"), Docket No. 495 at pages 4-5 and 21-22 of 22.

---

[1] At that time, the Panel had been notified of 22 additional related actions pending in twelve districts, which it designated as potential tag-along actions.  See Transfer Order, footnote 1.

Following a series of hearings and tentative rulings in June and July of 2014 (see Docket Nos. 267, 290), on August 21, 2014, the Court granted the motion to certify a class for settlement purposes consisting of:

> "all current or former owners or lessees of a specified list of [2011 through 2013] Hyundai and Kia vehicles for which inaccurate statements as to fuel economy were made in advertising and/or selling the vehicles . . ., who purchased or leased their vehicles on or before . . . November 2, 2012 . . . and where the vehicle was registered in the District of Columbia or one of the fifty states of the United States."

See 8/21/14 Minute Order, Docket No. 317 at page 2 of 10; Docket No. 267 at pages 7-8 of 27. Also litigated by the parties and ruled upon by this Court were: (1) the preliminary approval of the class action settlement and notice to be given to class members, and (2) an eventual remand of that portion of the consolidated lawsuit Gentry v. Hyundai Motor America, Case No. 14-1359 ("Gentry") (plus related actions), consisting of persons who purchased 2011-2013 Hyundai Elantra vehicles in Virginia after the November 2, 2012 notice date.[2] See Docket Nos. 230, 317 in Case No. 13-MDL-2424. In a series of hearings between March and May of 2015, the Court awarded attorney's fees and costs as to certain designated Plaintiffs' counsel. See Docket Nos. 437, 475, 476.

On June 11, 2015, the Court issued an Order Granting Final Approval of Class Action Settlement which, inter alia, (1) dismissed, on the merits and with prejudice, all claims pending before the Court belonging to class members who did not request exclusion from the class action, and (2) dismissed – without prejudice – the initial case before the Court (i.e., Espinoza v. Hyundai Motor America, Case No. 2:12-cv-00800-GW-FFMx) "and all other lawsuits in this MDL in which the named plaintiffs in such lawsuit(s) did not timely exclude themselves from the settlement in accordance with the procedures set forth in the Class Notice." See Docket No. 494

---

[2] Plaintiffs' counsel in the Gentry lawsuit filed two additional actions in the Virginia state court which were eventually removed to federal court by Defendant Hyundai and consolidated into MDL No. 2424. See Docket No. 1 in Abdurahman v. Hyundai, Case No. CV-14-4366, and Docket No. 1 in Abdul-Mumit v. Hyundai, Case No. 14-4367.

at page 4 of 6. For a detailed delineation of the proceedings in this MDL, see Final Approval Ruling, Docket No. 495 at pages 2-9 of 22; and for a list of the 56 cases consolidated into this MDL, see Appendix: List of Cases by Filing Date which is attached at the end of the Final Approval Ruling. Id. at pages 21-22 of 22.

Four Notices of Appeal to the Ninth Circuit Court of Appeals have been filed by various objectors to the settlement and the concomitant award of attorney's fees. See Docket Nos. 497, 498, 500, 503. Additionally, one appeal has been brought challenging the settlement's failure to include a sub-class for residents of the state of Virginia. See Docket No. 505; see also In re: Hyundai and Kia Fuel Economy Litigation - Gentry v. Hyundai Motor America, Ninth Circuit Case No. 15-56064, Docket No. 2. There is one further appeal which challenges the failure of the Court to award any attorney's fees to Plaintiffs' counsel in the Gentry matter. See Docket No. 506 in this case; see also Docket No. 2 in Ninth Circuit Case No. 15-56067. This Court concludes that the above appeals should not preclude granting the recommendation to terminate the present multidistrict litigation.

In light of the above, this Court recommends to the JPML that the MDL case known as "In re: Hyundai and Kia Fuel Economy Litigation" (MDL No. 2424) be terminated. Should the JPML accept this Court's recommendation to terminate this proceeding, the Clerk of the United States District Court for the Central District of California shall close MDL No. 2424, and dismiss all actions consolidated into the MDL except for those cases which will, pursuant to the order of the JPML, be remanded back to their originating courts. Likewise, should the JPML accept this Court's recommendation to terminate this multidistrict litigation proceeding, and any party subsequently files in (or removes to) a United States District court any new claim related to this proceeding (or should the Ninth Circuit Court of Appeals reverse any portion of this Court's rulings which would in turn generate further litigation at the trial level), the Court would welcome the transfer of any such action to this Court for further proceedings given the Court's familiarity with this matter.

## II. Recommendation for Limited Remand of the Virginia Cases

As noted previously, this Court found that the class actions filed in Virginia by plaintiffs' counsel in Gentry (including the Abdurahman and Abdul-Mumit cases, see footnote 2, supra) consisted not only of persons who fell within the class certified in MDL No. 2424 (i.e. persons who bought or leased designated 2011-2013 Hyundai vehicles on or before November 2, 2012) but also individuals who did not (e.g. persons who purchased or leased their vehicles after November 2, 2012).[3] In light of that finding and for additional reasons articulated in the 8/21/14 Minute Order and accompanying ruling, the Court stated that it: "would suggest to the MDL Panel remanding the post-November 2, 2012 claims back to the Virginia court." See Docket No. 317 at page 8 of 10.

In light of the above, the Court recommends remanding to the Virginia courts the remaining portions of the Gentry, Abdurahman and Abdul-Mumit cases which would consist of the: (1) that portion of the class as defined in those cases which did not overlap with the class set out in MDL No. 2424 (i.e. persons who purchased 2011-2013 Hyundai Elantra vehicles in Virginia after the November 2, 2012 notice date), and (2) any class members in those cases who timely opted out of the settlement in this MDL.

IT IS SO ORDERED.

Los Angeles, California; this 18th day of August, 2015.

George H. Wu

GEORGE H. WU
United States District Judge

---

[3] The class definitions in the Gentry, Abdurahman and Abdul-Mumit cases are virtually identical and are delineated as: "all persons who purchased [or leased] a 2011-2013 Hyundai Elantra in Virginia."